IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION, : | |
| : | **CONFIDENTIAL** |
| Plaintiff, : | **FILED UNDER SEAL** |
| : | |
| v. : | C. A. NO.: 06-515-JJF |
| : | |
| RATIONAL COOKING SYSTEMS, INC., : | |
| : | |
| Defendant. : | **PUBLIC VERSION** |
| : | |

**RATIONAL COOKING SYSTEMS, INC.'S ANSWERING BRIEF
IN OPPOSITION TO TECHNOLOGY LICENSING
CORPORATION'S MOTION FOR AN EXPEDITED SCHEDULE**

OF COUNSEL:
Edgar H. Haug
Porter F. Fleming
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Dated: September 22, 2006

Frederick L. Cottrell, III (# 2555)
cottrell@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Cottrell@rlf.com
Tel: (302) 651-7509
Fax: (302) 651-7701

*Attorneys for Defendant
Rational Cooking Systems, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

I.      INTRODUCTION ........................................................................... 1

II      NATURE AND STAGE OF THE PROCEEDINGS ....................................... 1

III.    SUMMARY OF THE ARGUMENT ....................................................... 2

IV      FACTS RELATING TO THIS MOTION ................................................. 7

        A.      The Patent-in-Suit ............................................................ 7

                                                                                ..... 7

                **REDACTED**                                                    .. ..
                                                                                . 8

        D       TLC Delayed in Filing Suit and Did Not Move for a Preliminary
                Injunction, But Now Seeks an Expedited Schedule and an Early
                Trial Date ..................................................................... 9

        E.      This Is a Complicated Case with a History Between the Parties and
                Third Parties Requiring Extensive Discovery in the United States
                and Europe ..................................................................... 10

        F.      Possible Claims against FAST, Bernard Koether and George
                Koether ......................................................................... 14

V.      ARGUMENT ................................................................................. 16

        A.      No Case Law Supports TLC's Request for an Expedited Schedule
                and Trial Date ................................................................. 16

                1.      *Semitool* Does Not Support an Expedited Schedule and
                        Trial Date ............................................................ 16

                2       *BAE* - - Expedited Discovery Request Denied ..................... 17

                3       *Notaro* - - TLC Does Not Satisfy All Four Required Factors ..... 18

        B.      TLC's Request for Expedited Schedule and Trial Date Should be
                Denied .......................................................................... 21

VI      CONCLUSION .............................................................................. 23

RLF1-3061179-1

## TABLE OF AUTHORITIES

<u>Cases</u>

*BAE Systems Aircraft Controls Inc., v. Eclipse Aviation Corp.,*
    224 F.R.D. 581 (D. Del. 2004) ...................................................3, 16, 17, 18

*Better Packages, Inc. v. Zheng,*
    2006 WL 1373055 (D.N.J. May 17, 2006) .................................................. 22, 23

*Notaro v. Koch,*
    95 F.R.D. 403 (S.D.N.Y. 1982) ....................................................... *passim*

*Semitool, Inc. v. Tokyo Electron America, Inc.,*
    208 F.R.D. 273 (N.D. Cal. 2002) ...............................................3, 16, 17, 22

<u>Statutes</u>

35 U.S.C. § 102 ................................................................................. 5, 18

35 U.S.C. § 103 ................................................................................. 5, 18

35 U.S.C. § 112 ....................................................................................... 8

## I.    INTRODUCTION

Defendant Rational Cooking Systems, Inc ("RCSI") files this answering brief in opposition to plaintiff Technology Licensing Corporation's ("TLC") motion for an expedited schedule of fact discovery, expert discovery and an early jury trial date

TLC has not moved for a preliminary injunction, is not entitled to a preliminary injunction, and fails to meet any applicable legal standard to expedite the pretrial schedule and trial date in this case.

TLC's motion should be denied in its entirety    There are still many pending preliminary issues in this case that need to be resolved, such as who the correct plaintiff(s) should be, what claims and counterclaims will be asserted, and whether additional counterclaim defendants need to be added    This case is far from the simple and straightforward patent infringement action depicted by TLC in its motion

This case should proceed in accordance with the applicable Federal Rules and this Court's normal practices to enable all parties, including RCSI, the opportunity to adequately and fairly prepare its claims and defenses.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On August 18, 2006, plaintiffs TLC and Food Automation Service Techniques, Inc. ("FAST") filed suit (D.I. 1) against RCSI for infringement of U.S Patent No 4,920,948 ("the '948 patent") (Exhibit 1) [1]  On August 31st, shortly before the filing of the present motion and without explanation, an amended complaint was filed deleting FAST as a plaintiff.  (D.I 8) TLC's motion for an expedited pretrial schedule and early jury trial date was filed on September 8th.

---

[1] The Exhibits referenced in this Memorandum as "Exhibit ___" are attached to the contemporaneously filed Declaration of Porter F Fleming, Esq

### III.    SUMMARY OF THE ARGUMENT

For at least any one of the following ten reasons, TLC's motion for an expedited pretrial schedule and an early jury trial date should be denied in its entirety:

- TLC did not move for a preliminary injunction;

- TLC does not practice the alleged invention of the '948 patent;

- TLC cites no case law to support its requested relief;

- TLC's interrogatories and document requests are overly broad and objectionable;

- TLC ignores the past history between the parties, third parties and its present litigation counsel;

- There will be a serious validity challenge to the '948 patent (20 references are identified below);

- Anticipated discovery in this case will be complex and considerable;

- Additional and necessary third parties may be added;

- RCSI will be prejudiced should the case proceed under TLC's expedited schedule; and

- TLC's proposed schedule is so abbreviated that it prevents RCSI from fully and fairly developing its defenses, claims and counterclaims

This action should proceed according to a normal schedule for patent cases, as regularly followed by this Court and pursuant to applicable Federal Rules of Civil Procedure.

1.    TLC did not move for a preliminary injunction  There will be no irreparable harm to TLC if the case proceeds on a normal schedule  The expedited pretrial schedule proposed by TLC <u>will</u> prejudice RCSI's rights and ability to discover, prepare and defend the infringement allegations made by TLC  The expedited schedule will further prejudice RCSI's ability to discover, raise and assert claims and counterclaims against TLC and possible third

2

parties. Under any legal standard, TLC cannot demonstrate irreparable harm or that its request for an expedited schedule is reasonable under the present circumstances

2.    TLC does not manufacture ovens, oven components or parameter control systems. Likewise, TLC does not practice the alleged invention of the '948 patent. It appears that TLC merely collects royalty payments from alleged licensees of the '948 patent. Discovery will uncover the licenses, their terms and any payments TLC has received. Any arguments by TLC concerning alleged injuries to licensees and unidentified potential licensees are hypothetical, non-actionable and appear to be nothing more than speculation. Certainly such claims are an inappropriate basis for this Court to set an unreasonable expedited schedule.

3.    TLC cites only three cases to support its requested relief.[2] The three cases do not support TLC's position that this Court, at this early stage of the proceedings, should order expedited fact discovery on all issues, claims, counterclaims or expert discovery, nor do they support expediting Markman proceedings, summary judgment, pretrial submissions or trial.

4.    The interrogatories and document requests attached to TLC's motion are clearly objectionable on numerous grounds. Unlike cases that have permitted limited expedited discovery in anticipation of a preliminary injunction, TLC's requests are not "narrowly tailored" and clearly do not pertain to any preliminary injunction proceeding. There is no justifiable reason that RCSI should be required to answer TLC's discovery requests on an

---

[2] TLC cites three cases in its brief: (i) *BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581 (D. Del. 2004) ("*BAE*"); (ii) *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982) ("*Notaro*"); and (iii) *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) ("*Semitool*"). In the *BAE* case, the only cited Delaware case, Judge Robinson denied the request for expedited discovery. In *Notaro*, expedited discovery was also denied. Finally, in *Semitool*, limited discovery of documents and an inspection was permitted. None of these decisions provide support for TLC's requested expedited fact, expert, pretrial and trial date schedule.

expedited basis and proceed according to the unreasonable schedule proposed by TLC. The Court should reject TLC's attempts to circumvent and prejudice RCSI's rights

Virtually every interrogatory and document request is overly broad, unduly burdensome, oppressive and not reasonably tailored to lead to the discovery of admissible evidence. These requests also improperly treat Rational AG as a party. Rational AG is not a party. As a German company located in Landsberg, Germany, it may be necessary for TLC to proceed with its discovery requests under the Hague Convention. It should also be appreciated that Rational AG conducts its business in German and many responsive documents to proper discovery demands will necessitate English translations. Reasonable discovery and pretrial dates should be set by the Court following an appropriate Rule 16 scheduling conference.

5. TLC ignores the past meetings, correspondence, dealings, history and interactions among and between RCSI, Rational AG, FAST, Bernard Koether, Rory J. Radding, Esq. and Mario G. Ceste, Esq. Fact discovery relating to these parties and individuals, including their knowledge of the '948 patent, will be necessary to prepare the claims and defenses involved in this case.

**REDACTED**

**REDACTED**

6 |                                                                        It will be challenged

for the first time in a U.S. district court in this litigation  As discussed below, 20 prior art

references are identified (undoubtedly more will be discovered during the case) that were not

before the U.S. Patent Office during prosecution and will call into question the validity of the

'948 patent under 35 U.S.C. §§ 102 and/or 103  RCSI will also challenge TLC's claims that

the accused products infringe any claim of the '948 patent.

     7.     The anticipated discovery in this case will be complex and anything but ordinary.

In addition to standard discovery of the parties and their knowledgeable individuals, RCSI

anticipates further and necessary discovery of third parties: FAST; FAST's and Bernard

Koether's German consultant Hilmar Messerschmidt; Charles A. Blank, Esq. (the attorney who

prosecuted the '948 patent); Mario Pasquini (alleged co-inventor); Mario G. Ceste, Esq. (at one

time Vice President of Business Development for FAST and presently identified in the

pleadings as co-counsel for TLC and FAST); Rory J. Radding, Esq.; yet unidentified third-

party licensees to the '948 patent; individuals at TurboChef Technology; individuals at United

Electric Controls; prior art inventors; and yet unidentified technical, damage and patent

experts.  It is anticipated that additional individuals may be identified as discovery proceeds.

     8.     Further complicating discovery is whether additional parties and claims will be

brought against FAST, Bernard Koether and George Koether  FAST was a plaintiff in the

August 18th Complaint. FAST was dropped as a party in the August 31st Amended Complaint.

## REDACTED

9     There is no prejudice to TLC should this case proceed under a reasonable schedule permitted by the this Court and the Federal Rules. TLC and its Chairman and co-inventor, Bernard Koether have clearly been aware of the upcoming expiration of the '948 patent - - namely October 2007. It is Bernard Koether, TLC and FAST that have sat on their rights and waited until August 2006 to file this case. The accused SelfCooking Center[®] ("SCC") product was introduced in 2004. The Court should not reward TLC for its delay by ordering an expedited schedule at the expense of RCSI's rights to properly prepare, discover, defend and assert its claims, defenses and counterclaims.

10    TLC's proposed schedule, besides being unwarranted, is unrealistic and prejudicial. Under TLC's schedule, initial fact discovery would be completed in less than six weeks, i.e., by November 3, 2006. Expert discovery is unnecessarily abbreviated with an early expert report exchange date. Depositions of experts, according to TLC's schedule, would have to be completed in only ten days after a report is submitted. In view of the numerous issues between the parties, questions as to who the parties should be, the technology involved, expected challenges to validity and infringement, possible additional counterclaims and

6

necessary third-party discovery in the United States and Europe, TLC's proposed scheduled is wholly unworkable.

For any of these reasons, TLC's requested May 2007 trial date is unrealistic and unreasonable. TLC's motion for an expedited schedule should be denied. This Court should set an appropriate pretrial schedule as dictated by the facts and the issues in this case.

## IV.    FACTS RELATING TO THIS MOTION

### A.    The Patent-in-Suit

On October 29, 1987 the application that would become the '948 patent was filed. Bernard Koether and Mario Pasquini were named as co-inventors. On May 1, 1990, the '948 patent issued with thirteen claims which are generally related to parameter control systems for controlling temperature, volumetric flow rate and/or humidity in an oven.

The '948 patent application was originally assigned by the co-inventors to FAST and later assigned by FAST to Micro-Technology Licensing Corporation ("MTLC") of Florida. The patent prosecution was handled by Charles A. Blank, Esq. of the firm Felfe & Lynch. In 1991, ownership of the patent was again transferred from MTLC to TLC. At the same time Mr. Blank was prosecuting the '948 case, he was also handling a number of related patent applications for both Bernard Koether, MTLC, TLC and FAST in the field of ovens and temperature control systems. In 1993, a new power of attorney request was submitted to the Patent Office revoking Mr. Blank's prior powers and appointing Rory J. Radding and his firm as the new attorneys of record.

### B.                     REDACTED

C.                              **REDACTED**

8

**REDACTED**

D.    **TLC Delayed in Filing Suit and Did Not Move for a Preliminary**
      **Injunction, But Now Seeks an Expedited Schedule and an Early Trial Date**

TLC did not seek a preliminary injunction, and it has no grounds for obtaining injunctive

relief  TLC does not make or sell ovens, oven components or parameter control systems  TLC,

by its own admission, "does not practice" the alleged invention of the '948 patent  TLC appears

to be in the business of only licensing intellectual property and collecting royalties - - entities

such as this are sometimes referred to as "patent trolls "

TLC has not and is not being irreparably harmed by RCSI's alleged infringement

**REDACTED**

9

**REDACTED**

TLC seeks to avoid these issues and the past history and correspondence between these companies and individuals by moving for an expedited pretrial schedule and early jury trial date, instead of attempting to meet the stringent standards required for a preliminary injunction

TLC's infringement allegations are limited to the SCC machine, which it claims to have learned of in November 2005. This lack of knowledge claim is strange, as the SCC machine was introduced in the United States in May 2004 and was the subject of media coverage, including magazine articles. *See* Exhibit 6, photographs from a Chicago trade show, and Exhibit 7, a related magazine article. Besides TLC's unsupported arguments that RCSI "jumped the gun," there are no facts or record evidence to support the proposition that development and introduction of the SCC ovens had anything whatsoever to do with the approaching expiration date of the '948 patent

E.    **This Is a Complicated Case with a History Between the Parties and Third Parties Requiring Extensive Discovery in the United States and Europe**

Despite TLC's arguments that this is a simple "one product" / "one patent" case, it is anything but that. As reflected throughout this brief, there is significant history between not only the parties, but also FAST, Bernard Koether, Rory Radding and Mario Ceste  Discovery of the parties, knowledgeable individuals, known third parties and yet unknown third parties will be extensive and time consuming. At a minimum, it is anticipated that RCSI will seek written discovery and depositions from the following:

10

- TLC;

- Bernard Koether (co-inventor, Chairman of TLC, Chairman of FAST);

- Mario Pasquini (co-inventor);

- Charles A. Blank;

- Rory J. Radding;

- Mario G. Ceste;

- Hilmar Messerschmidt;

- George F. Koether;

- William M. Schreyer;

- Allan E. Witt;

- Michael J. Barnes;

- FAST;

- Steven Lupien;

- Turbo Chef Technology;

- United Electric Controls;

- yet unidentified licensees of the '948 patent;

- third parties relating to applicable prior art;

- yet unidentified technical experts;

- yet unidentified damage experts; and

- yet unidentified patent experts

It is also fully anticipated that as discovery proceeds and documents are produced, additional depositions will be necessary. This is not the simple, straightforward case that TLC

11

portrays it to be. As with most patent cases, validity, infringement and possible inequitable conduct issues will be investigated and pursued. If anything, this case appears to be more complex, due to the past history of the parties and the factual participation by TLC's and FAST's attorneys, than the normal patent case.

Likewise, we do not yet know what discovery of third parties TLC will undertake. However, if TLC's discovery requests to date are any indication, TLC seeks extensive documents, written responses and information from numerous companies and individuals spanning the last twenty (20) years.

TLC's interrogatories and document requests are clearly objectionable on numerous grounds. They are not tailored to narrow any issues and certainly do not necessitate expedited treatment. Instead, TLC's overly broad interrogatories and document requests are of the type that can be found in virtually every patent case and will most likely be the subject of numerous objections and possible discovery disputes between the parties. For example, illustrative objectionable TLC interrogatories nos. 6-9 are reprinted below:

> **Interrogatory No. 6**
> Identify each person within Rational or Rational AG who has participated in the design, development, engineering, manufacture, testing, marketing, and/or sale of any of the SCC products, and describe the role of each identified person in connection with the design, development, engineering, manufacture, testing marketing and/or sales.
>
> **Interrogatory No. 7**
> Identify each Third Party who contributed technology or components, or participated in any other way in the design, development, engineering, manufacture, testing, marketing, and/or sales of any of the SCC products, and describe the role of each identified person in connection with the design, development, engineering, manufacture, testing, marketing, and/or sales.

12

Interrogatory No. 8
    Identify every customer or potential customer, dealer, distributor, or sales representative who has purchased, licensed, or leased, or inquired about purchasing, licensing, or leasing, the SCC products

Interrogatory No. 9
    Identify all Communications with any Third Party relating to TLC or FAST, this litigation, or the '948 Patent or any of its foreign counterpart patents.

In addition to these interrogatories being objectionable as overly broad, unduly burdensome, oppressive and not reasonably tailored to lead to the discovery of admissible evidence, TLC seeks to improperly obtain discovery from Rational AG, a German company that is not a party to this action.

TLC's document requests are similarly objectionable  Representative examples are reprinted below:

Request No. 2
    All documents relating to the '948 Patent.

Request No. 10
    All documents, including correspondence and memoranda, Relating To the validity or invalidity of the '948 patent

Request No. 11
    All documents related to the manufacture, use, sale, offer to sell or importation of the SCC products in the United States

Request No. 13
    All documents referring to TLC, FAST, FAST, technology, FAST products, TLC officers, directors, or employees, or FAST officers, directors, or employees

Request No. 31
    All documents relating to communications between Rational and actual or potential customers or suppliers to SCC products

Request No. 32
    All documents relating to communications between Rational and actual or potential customers or suppliers relating to the '948 Patent or this litigation.

13

Request No. 34
    All marketing and promotions materials used in the marketing, promotion, or sale of the SCC products.

Request No. 35
    All documents relating to Rational's decision to develop, manufactures, market, and sell the SCC products.

Request No. 43
    All sales reports relating to the SCC products.

Request No. 44
    All documents relating to the establishment and setting of prices for the sale of the SCC products.

Request No. 46
    All business plans relating to SCC products, including strategic plans, operating plans, marketing plans, financial plans, production plans and capital or investment plans.

These requests are so broad and seek virtually every document, whether relevant or irrelevant, that may be in the possession of RCSI. Accordingly, TLC's requested schedule is totally unrealistic. Should RCSI respond to each of these requests and attempt to provide every document called for, there is no way this effort could be completed by the unduly restrictive and arbitrary deadlines in TLC's proposed expedited schedule.

F.    **Possible Claims against FAST, Bernard Koether and George Koether**

As of this date, FAST, Bernard Koether and George Koether are not parties to this litigation. In the original complaint filed August 18th, FAST was identified along with TLC as a co-plaintiff in this action. The FAST website, at least since August 24th and every day to date, contains a Press Release which asserts that FAST has filed suit in Delaware against RCSI for patent infringement. As discussed above, an amended complaint was filed on August 31st whereby FAST was dropped as a plaintiff.     **REDACTED**

14

**REDACTED**

A copy is attached as Exhibit 8, downloaded September 20, 2006

The FAST press release quotes George Koether, President and CEO of FAST, as stating "[i]t is vital that [FAST] protect our customers and the advantages the technology brings them in the market, particularly in the case of this ['948] patent " Additional quoted statements are attributed to FAST's Chairman, Bernard Koether He states "[w]e will vigorously assert our patents against those who compete by willfully infringing our proprietary rights " The press release continues by alleging that RCSI is a willful infringer, that FAST seeks treble damages, and that FAST has been "repeatedly successful" in asserting the '948 patent against others (Exhibit 8)

**REDACTED**

15

TLC's proposed expedited schedule would prejudice and limit RCSI's ability to investigate, uncover and assert any of these claims against the appropriate parties and individuals

## V.    ARGUMENT

### A.    No Case Law Supports TLC's Request for an Expedited Schedule and Trial Date

TLC cites three cases -- *Semitool, BAE and Notaro* -- for the proposition that its expedited schedule is appropriate under the facts of this case. However, a review of these three decisions quickly confirms that there is no basis, support or legal precedent for the expedited and unreasonable schedule TLC proffers to this Court.

#### 1.    *Semitool* Does Not Support an Expedited Schedule and Trial Date

*Semitool*, the first case cited by TLC, is from the Northern District of California and involved <u>only</u> a request for expedited production of <u>specific</u> documents and a physical inspection. The Court was clear that a "finding of good cause for expediting discovery under the circumstances of this case does not, of course, imply that expedited discovery is appropriate under Rule 26(d) in every infringement case . " *Semitool*, 208 F R D. at 277.

Unlike *Semitool*, TLC's requests are <u>not</u> narrowly tailored. As discussed above, TLC seeks to undertake and complete discovery of an entire patent case, including validity, infringement and unenforceability issues, by November 3, 2006. Such an abbreviated schedule is totally unreasonable and prejudicial to RCSI's rights to properly prepare and defend itself against the allegations set forth in the complaint and prepare and assert its defenses, claims and counterclaims.

Further, the *Semitool* case did not address, and certainly did not expedite, <u>all</u> discovery, pretrial dates and the actual trial date, unlike TLC's proposed schedule. The present facts here do not even support limited expedited document production, as TLC's requests are overly broad

16

and objectionable. TLC has not met the requirements of *Semitool*. The motion for an expedited schedule should be denied in its entirety.

### 2.    *BAE* - - Expedited Discovery Request Denied

The *BAE* case is the only case cited by TLC from the District of Delaware. Unlike TLC's request to expedite the <u>entire</u> case, BAE's motion and the resulting decision were directed to a request to expedite five (5) depositions and the production of eleven (11) documents. 224 F.R.D. at 587-88. Even with these limited matters, Judge Robinson <u>denied</u> the movant's request for expedited discovery. *Id.* at 588. She found that BAE's request failed to meet either the injunctive relief or reasonableness standards. *Id.* This Court should come to the same conclusion with respect to TLC's request. Instead of adopting TLC's proposed schedule, this Court should set an appropriate and fair schedule reflecting the complexities of this case.

As Judge Robinson recognized, to succeed under the "reasonableness" standard, which is less demanding, a preliminary injunction motion and the nature of expedited discovery are factors to be considered. *Id.* at 587. Here, TLC has <u>not</u> moved for a preliminary injunction and the interrogatories and document requests are <u>not</u> tailored, are overly broad and certainly do not relate to any preliminary injunction proceeding. Judge Robinson held that where discovery requests are "overly broad, leave should be denied." *Id.*

Judge Robinson denied BAE's request for a preliminary injunction hearing and enforced an arbitration clause in the parties' contract. *Id.* at 588. Thus in *BAE*, where there was no preliminary injunction proceeding (as here), and where there was no preliminary injunction motion (as here), Judge Robinson's conclusion that "if there is no preliminary injunction hearing to prepare for, the reasonableness test also fails" is a further basis for this Court to deny TLC's motion. *Id.*

17

3.    *Notaro* - - **TLC Does Not Satisfy All Four Required Factors**

The third and final case cited by TLC is *Notaro*, which sets forth four factors which must be met to justify expedited discovery. 95 F.R.D. at 405  *Notaro* does not stand for or support TLC's request to expedite the entire pretrial schedule and set an early jury trial date  *Notaro*, which was limited to expedited <u>discovery</u>, confirms that TLC has failed to meet each of the necessary four factors

*Notaro* Factor 1.  There is no irreparable harm as TLC does not practice the invention, did not move for a preliminary injunction and has offered and licensed the '948 patent to others

*Notaro* Factor 2.  TLC's claim to a "high probability of success on the merits" is specious at best.  The two previous litigations involving the '948 patent were settled  There has been <u>no</u> full adjudication before the bench or a jury of the infringement/validity/enforceability issues surrounding the '948 patent.

Despite TLC's claims that the '948 patent is of a "seminal nature," RCSI will assert a significant invalidity and/or unenforceability case  The following prior art references either individually and/or in combination will raise significant questions as to the validity under 35 U.S.C. §§ 102 and/or 103 of the asserted claims of the '948 patent:

- U.S. Patent No. 4,162,381;
- U.S. Patent No. 4,181,744;
- U.S. Patent No. 4,281,022;
- U.S. Patent No. 4,351,999;
- U.S. Patent No. 4,376,131;
- U.S. Patent No. 4,379,964;
- U.S. Patent No. 4,392,038;

- U S  Patent No  4,426,923;

- U.S  Patent No  4,506,598;

- U S  Patent No. 4,688,475;

- U S  Patent No  4,692,597;

- U.S  Patent No  4,742,455;

- U S  Patent No  4,835,351;

- German Patent No  27 33 362;

- European Patent No  0 233 535 A2;

- Patent Abstracts of Japan No  56-165836;

- Patent Abstracts of Japan No  61-265427;

- Publication entitled: Prospekt der Firma H  Mauer + Söhne, Rauch-und Wärmetechnik GmbH & Co  KG, D-78749 Reichenau ALLROUND-SYSTEM;

- Publication entitled: Das BASTRAMAT-System mit neuen zukunftsweisenden Räuchertechnologien; and

- Publication entitled: Juno Air - O- Steam Electronic Handbuch

None of these references were cited by the patent examiner during the U S  prosecution that resulted in the '948 patent  Accordingly, none of these references were considered by the patent examiner  Similarly, certain of these references were never considered during either the European application phase or opposition proceedings.  At a minimum, these 20 references will bear on whether the claims of the '948 patent, as issued, should have been allowed  To the extent that any patent claim is held to be invalid in view of any of these references, there can be no infringement liability under that claim.

It is fully anticipated that additional references will be uncovered during discovery and asserted during this litigation  An expedited schedule is unwarranted and will prejudice RCSI's

19

efforts to challenge TLC's allegations of infringement and the validity of the asserted patent claims   TLC's efforts to undermine and limit reasonable and customary discovery periods should be rejected.

*Notaro* Factor 3.  RCSI will be prejudiced by an expedited pretrial schedule.  Besides the fact that TLC is not entitled to, nor has it demonstrated a compelling basis or legal support for, the expedited schedule it seeks, RCSI's defenses to infringement and claims of invalidity and unenforceability should not be expedited to its detriment.  RCSI should be permitted to fully develop, discover and assert these defenses, claims and counterclaims   TLC's attempts to short circuit and improperly limit RCSI's rights by seeking unreasonable time constraints should be rejected

TLC's attorneys' arguments that RCSI "tried to 'game' the system" and "jump the gun" prior to '948 patent expiration are unfounded   TLC has no support for these baseless allegations

**REDACTED**

As there is no irreparable injury to TLC, this case should proceed under a reasonable schedule.  TLC fails to meet the third *Notaro* factor of the *Notaro* standard

*Notaro* Factor 4.  The final factor involves whether there is "some evidence that the injury [to TLC] will result without expedited discovery looms greater than the injury that [RCSI]

will suffer if the expedited relief is granted " *See Notaro*, 95 F.R.D. at 405. TLC fails on this point. Even if RCSI is found to infringe - - which RCSI will certainly contest - - - damages will be limited to royalty calculations. On the other hand, RCSI is entitled to its day in court to challenge TLC's allegations of infringement and assert its own claims and counterclaims for invalidity, unenforceability and other appropriate claims/counterclaims.

The expedited relief sought by TLC will prejudice RCSI's ability to prepare its defenses and counterclaims. There is no justification for such an expedited schedule. TLC has waited eight years to bring this case. TLC should not be rewarded for its delay. RCSI will suffer a greater harm and prejudice than TLC will. The motion should be denied in its entirety. A reasonable and realistic schedule should be set by the Court.

**B.    TLC's Request for An Expedited Schedule and Trial Date Should be Denied**

TLC did not cite a single case supporting its position that it is entitled to an expedited schedule for the entire patent case and an early jury trial date. Similarly, RCSI was unable to find any case that would support such a drastic and unreasonable schedule.

A recent case that analyzed the applicable standards for expedited discovery - - not an expedited entire pretrial schedule - - is *Better Packages, Inc. v. Zheng*, 2006 WL 1373055 (D.N.J. May 17, 2006). Again, like the previous cases that involved requests for expedited discovery, a preliminary injunction was involved. TLC has not moved for a preliminary injunction, and such a difference could make this case and all of the cases cited by TLC inapplicable.

That said, *Better Packages* does provide further insight regarding (i) Rule 26; (ii) the *Notaro* standard; (iii) the reasonableness or good cause test of *Semitool*; and (iv) the scope of discovery at an early stage of litigation. Under each of these rules, standards and related

21

determinations, TLC fails to make a case for expedited discovery, let alone an expedited schedule for the entire case

The *Notaro* standards are similar to a preliminary injunction. These stringent standards are meant to protect a defendant at an early stage of litigation. As discussed throughout, TLC fails to meet the necessary standards. As for the reasonableness or good cause standard, TLC has not filed a preliminary injunction and its discovery requests are not tailored to fit the needs of a preliminary injunction hearing. TLC also fails to meet this standard. Having failed both the stringent and lenient standards, TLC's motion should be denied in all respects.

As discussed above, TLC's requests are an obvious attempt to plow through an entire patent case in an expedited and improper fashion. Such an approach was specifically rejected in *Better Packages*

> The scope of the requested discovery and Defendants likely discovery in response would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery.

*Id* at *5.

In *Better Packages*, the Court denied the movant's request for expedited discovery. *Id* There is no basis for this Court to order expedited discovery here. Nor is there any basis or justification for this Court to order an entire expedited pretrial schedule and an early jury trial date. This case should proceed as other complex patent cases normally do in the District of Delaware

22

## VI.   <u>CONCLUSION</u>

For the reasons set forth above, this Court should deny TLC's motion for an expedited schedule in its entirety   The Court should follow its customary practices and conduct a Rule 16 scheduling conference, permit initial disclosures and set a reasonable schedule that allows all parties to fully and fairly discover and prepare their respective cases in advance of the jury trial in this matter.

<u>Of Counsel</u>

Edgar H. Haug, Esq.
Porter F  Fleming, Esq
Frommer Lawrence & Haug l LP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Frederick L. Cottrell, III (# 2555)
cottrell@rlf com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger
One Rodney Square
P O. Box 551
Wilmington, DE 19899
Tel: (302) 651-7509
Fax: (302) 651-7701

*Attorneys for Defendant
Rational Cooking Systems, Inc*

23

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### HAND DELIVERY

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19801

I hereby certify that on September 22, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Rory J. Radding
Colette A. Reiner
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

### FIRST CLASS MAIL

Mario G. Ceste
The Law Offices of Mario G. Ceste, LLC
P. O. Box 82
Wallingford, CT 06492

Gregory E. Stuhlman (#4765)
stuhlman@rlf.com

RLF1-3061183-1

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### HAND DELIVERY

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19801

I hereby certify that on September 29, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Rory J. Radding
Colette A. Reiner
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

### FIRST CLASS MAIL

Mario G. Ceste
The Law Offices of Mario G. Ceste, LLC
P. O. Box 82
Wallingford, CT 06492

Matthew W. King(#4566)
king@rlf.com