IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>RATIONAL COOKING SYSTEMS, INC.,<br><br>    Defendant. | C. A. No.: 06-515-JJF<br><br>DEMAND FOR JURY TRIAL |

## RATIONAL COOKING SYSTEMS, INC'S ANSWER AND COUNTERCLAIMS

Defendant, Rational Cooking Systems, Inc. ("Rational"), by its attorneys, answers the averments made in the numbered paragraphs of the Amended Complaint filed by Plaintiff, Technology Licensing Corporation ("TLC"), as follows:

## PARTIES

1.     With respect to paragraph 1 of the Amended Complaint, Rational is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations in paragraph 1.

2.     With respect to paragraph 2 of the Amended Complaint, Rational admits that it is a Delaware Corporation with a principal place of business at 455 East State Parkway, Schaumberg, IL 60173. Rational also admits that Rational Aktiengesellschaft ("Rational AG") is a German Corporation with headquarters in Landsberg am Lech, Germany. Rational denies the remaining allegations in paragraph 2.

## BACKGROUND

3.  With respect to paragraph 3 of the Amended Complaint, Rational admits that the '948 patent is entitled "Parameter Control System for an Oven." Rational is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies the remaining allegations in paragraph 3.

4.  With respect to paragraph 4 of the Amended Complaint, Rational admits that the '948 patent was issued on May 1, 1990 by the United States Patent and Trademark Office ("Patent Office"), that Bernard G. Koether is listed as an inventor in the '948 patent, and that what appears to be a copy of the '948 patent was attached to the Amended Complaint as Exhibit A. Rational is without knowledge or information sufficient to form a belief as to the truth of remaining allegations and, on that basis, denies the remaining allegations in paragraph 4.

5.  With respect to paragraph 5 of the Amended Complaint, Rational is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations in paragraph 5.

6.  With respect to paragraph 6 of the Amended Complaint, Rational is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations in paragraph 6.

7.  Rational denies the allegations in paragraph 7.

## JURISDICTION AND VENUE

8.  With respect to paragraph 8 of the Amended Complaint, Rational admits that TLC purports to assert a claim under Title 35 of the U.S. Code. Rational also admits that TLC purports to base subject-matter jurisdiction on 28 U.S.C. §§ 1331, 1338(a). Rational denies the remaining allegations in paragraph 8.

9. With respect to paragraph 9 of the Amended Complaint, Rational admits that it is incorporated under the laws of Delaware. The remaining allegations in paragraph 9 are legal conclusions to which no response is required.

10. With respect to paragraph 10 of the Amended Complaint, venue is a conclusion of law to which no response is required.

## CLAIM FOR RELIEF

11. Rational incorporates by reference its responses of 1 through 10 as though fully set forth herein.

12. Rational denies the allegations in paragraph 12.

13. Rational denies the allegations in paragraph 13.

14. Rational denies the allegations in paragraph 14.

## PRAYER FOR RELIEF

15. Rational denies that TLC is entitled to any of the relief averred in the Prayer for Relief.

## DEFENSES AND COUNTERCLAIMS

### FIRST DEFENSE
(FAILURE TO STATE A CLAIM)

16. Each purported claim for relief in the Amended Complaint is barred for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE
(NONINFRINGEMENT)

17. Rational has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '948 patent.

## THIRD DEFENSE
### (PATENT INVALIDITY)

18. The '948 patent and all the claims thereof are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH DEFENSE
### (UNENFORCEABILITY)

19. The '948 patent and all claims thereof are unenforceable under, *inter alia*, 37 C.F.R. § 1.56 for inequitable conduct in connection with its procurement.

20. Patent applicants are required to prosecute patent applications in the Patent Office with candor, good faith, and honesty.

21. The duty of candor and disclosure extends to each inventor named in the application, each attorney or agent who prepares or prosecutes the application, each person who executes a declaration for submission to the Patent Office during prosecution of the application, and every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, the assignee or with anyone to whom there is an obligation to assign the application.

22. The duty of candor and good faith dealing includes a duty to disclose to the Patent Office all information known to such individuals which is material to the patentability of the claimed invention. *See* 37 C.F.R. § 1.56 (1987) (stating that "[s]uch information is material where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent."). Breach of that duty constitutes inequitable conduct.

23. Inequitable conduct includes an affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false information, coupled with intent to

deceive.

24. Upon information and belief, the inventors, the prosecuting attorney, and/or other persons involved in the preparation and/or prosecution of the application that ultimately issued as the '948 patent withheld material prior art, i.e. U.S. Patent No. 4,742,455 ("the '455 patent"), from the Patent Office during the prosecution of the '948 patent. This failure to disclose the '455 patent constitutes inequitable conduct negating the enforceability of the '948 patent.

25. Upon information and belief, Attorney Charles A. Blank of the Felfe & Lynch law firm prepared and filed the application for the '455 patent on behalf of inventor William M. Schreyer and assignee Food Automation Service Techniques, Inc. ("FAST"). The '455 patent, entitled "Control System for Cooking Apparatus," was filed on March 17, 1986 and ultimately issued on May 3, 1988.

26. Upon information and belief, the same attorney, Charles A. Blank, prepared and prosecuted the '948 patent application. This application was filed on October 29, 1987 and ultimately issued on May 1, 1990. The co-inventors listed in the '948 patent, Bernard G. Koether and Mario Pasquini, assigned their rights to '948 patent application to FAST on January 8, 1988 and December 17, 1987, respectively. This assignment was made of record in the Patent Office on January 19, 1988.

27. Upon information and belief, Charles A. Blank was primarily responsible for the prosecution of the '455 and '948 patent applications before the Patent Office. Different primary and assistant examiners were involved in the two applications. The '455 patent application was examined by Primary Examiner Charles E. Atkinson and Assistant Examiner Gail O. Hayes, while the '948 patent application was examined by Primary Examiner Martin P. Schwadron and Assistant Examiner Allen J. Flanigan.

RLF1-3065337-1

28. Upon information and belief, Bernard G. Koether, as a co-inventor of the '948 patent and a founder and chairman of FAST, owed a duty of candor and a good faith obligation to disclose the existence of the '455 patent application and the issued '455 patent to the examiners involved in the '948 patent application process.

29. The '455 patent application and the issued '455 patent are prior art to the '948 patent.

30. The withheld application for the '455 patent and the issued '455 patent would have been material to a reasonable patent examiner in determining whether to allow the '948 patent application to issue.

31. On March 9, 1988, FAST filed a European patent application that claimed priority to the '948 patent application and ultimately issued as European Patent No. 0 313 768. On January 12, 1989, the European Patent Examiner, in his European Search Report, identified the '455 patent as a document considered by the Examiner to be relevant to the patentability of European Patent No. 0 313 768. Bernard G. Koether and Mario Pasquini are listed as the co-inventors of European Patent No. 0 313 768.

32. The '948 patent is unenforceable because Bernard G. Koether, Charles A. Blank, Mario Pasquini, FAST, and/or other persons involved in the preparation or prosecution of the application for the '948 patent committed inequitable conduct by withholding and not disclosing the application for the '455 patent or the issued '455 patent to the patent examiners who were responsible for examining the '948 patent. The withholding and failure to disclose this information was knowing, willful, and done with an intent to deceive the Patent Office into issuing the '948 patent.

## FIFTH DEFENSE
### (UNCLEAN HANDS)

33. TLC's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH DEFENSE
### (ESTOPPEL AND LACHES)

34. TLC's claims are barred, in whole or in part, by the doctrines of estoppel and laches.

## COUNTERCLAIMS

Counterclaim Plaintiff, Rational Cooking Systems, Inc. ("Rational"), by its attorneys, pleads the following counterclaims against Counterclaim Defendant, Technology Licensing Corporation ("TLC"):

### THE PARTIES

35. Rational is a Delaware corporation with its principal place of business at 455 East State Parkway, Schaumberg, IL 60173.

36. Upon information and belief, TLC is a Florida corporation with its principal place of business at 757 SE 17th Street, Suite 1074, Fort Lauderdale, FL 33316.

### JURISDICTION AND VENUE

37. This claim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Rational seeks declaratory relief, i.e., a declaration that U.S. Patent No. 4,920,948 ("the '948 patent") is not infringed, is invalid, and is unenforceable.

38. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

39. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

RLF1-3065337-1

## FIRST COUNT
### (DECLARATION OF NONINFRINGEMENT)

40. Rational repeats and realleges paragraphs 16-39 of the defenses and counterclaims.

41. The '948 patent, entitled "Parameter Control System for an Oven," issued on May 1, 1990.

42. There is an actual, substantial, and continuing justiciable controversy between Rational and TLC regarding the infringement of the '948 patent.

43. Rational has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '948 patent.

44. Rational is entitled to a declaration that it has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '948 patent.

## SECOND COUNT
### (DECLARATION OF INVALIDITY)

45. Rational repeats and realleges paragraphs 16-44 of the defenses and counterclaims.

46. There is an actual, substantial, and continuing justiciable controversy between Rational and TLC regarding the validity of the '948 patent.

47. The '948 patent and all the claims thereof are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

48. Rational is entitled to a declaration that the '948 patent is invalid.

## THIRD COUNT
### (DECLARATION OF UNENFORCEABILITY)

49. Rational repeats and realleges paragraphs 16-48 of the defenses and counterclaims.

50. There is an actual, substantial, and continuing justiciable controversy between Rational and TLC regarding the enforceability of the '948 patent.

51. For the reasons stated in paragraphs 19-32 above, the '948 patent and all the claims thereof are unenforceable under, *inter alia*, 37 C.F.R. § 1.56.

52. Rational is entitled to a declaration that the '948 patent is unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Rational respectfully requests that this Court enter judgment in its favor and against TLC as follows:

(a) Dismissing the Complaint with prejudice and denying each request for relief made by TLC;

(b) Declaring that Rational has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '948 patent;

(c) Declaring that each claim of the '948 patent is invalid;

(d) Declaring the '948 patent unenforceable;

(e) Adjudging this to be an exceptional case under 35 U.S.C. § 285 and awarding Rational its attorneys' fees;

(f) Awarding Rational its costs and expenses; and

(g) Awarding Rational such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Rational hereby demands a trial by jury of all issues so triable in this action.

*/s/ Frederick L. Cottrell, III*

Of Counsel

Edgar H. Haug, Esq.
Porter F. Fleming, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Frederick L. Cottrell, III (# 2555)
Cottrell@rlf.com
Gregory E. Stuhlman (# 4756)
Stuhlman@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Tel: (302) 651-7700
Fax: (302) 651-7701

Attorneys for Rational Cooking Systems, Inc.

Dated: September 29, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**HAND DELIVERY**

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19801

I hereby certify that on September 29, 2006, the foregoing document was sent to the following non-registered participants in the manner indicated:

**FEDERAL EXPRESS**

Rory J. Radding
Colette A. Reiner
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

**FIRST CLASS MAIL**
Mario G. Ceste
The Law Offices of Mario G. Ceste, LLC
P. O. Box 82
Wallingford, CT 06492

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

RLF1-3061183-1