IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-515 (JJF) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| RATIONAL COOKING SYSTEMS, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | |

**TECHNOLOGY LICENSING CORPORATION'S REPLY TO
RATIONAL COOKING SYSTEMS, INC.'S COUNTERCLAIMS**

Plaintiff Technology Licensing Corporation ("TLC"), by and through its attorneys, hereby replies to the allegations of the Counterclaims of Defendant and Counterclaim Plaintiff, Rational Cooking Systems, Inc. ("Rational"). (D.I. 14).

**COUNTERCLAIMS**

In its Counterclaims, Rational repeats and realleges paragraphs 16-52 of its Answer and Counterclaims. Thus, TLC replies below to each of those paragraphs.

1.   TLC denies the allegations contained in paragraph 16 of Rational's Answer and Counterclaims.

2.   TLC denies the allegations contained in paragraph 17 of Rational's Answer and Counterclaims.

3.   TLC denies the allegations contained in paragraph 18 of Rational's Answer and Counterclaims.

4.   TLC denies the allegations contained in paragraph 19 of Rational's Answer and Counterclaims.

5. The allegations contained in paragraph 20 of Rational's Answer and Counterclaims purport to state legal conclusion, therefore, no response is required.

6. The allegations contained in paragraph 21 of Rational's Answer and Counterclaims purport to state legal conclusion, therefore, no response is required.

7. The allegations contained in paragraph 22 of Rational's Answer and Counterclaims purport to state legal conclusion, therefore, no response is required.

8. The allegations contained in paragraph 23 of Rational's Answer and Counterclaims purport to state legal conclusion, therefore, no response is required.

9. TLC denies the allegations contained in paragraph 24 of Rational's Answer and Counterclaims.

10. TLC admits that Charles A. Blank signed the prosecution documents in connection with the application that resulted in the '455 patent; that the assignee of said application is Food Automation Service Techniques, Inc. ("FAST"); that the inventor of the '455 patent is William M. Schreyer; that the '455 patent, entitled "Control System for Cooking Apparatus," was filed on March 17, 1986 and ultimately issued on May 3, 1988. TLC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 25 of Rational's Answer and Counterclaims, and on that basis, denies the same.

11. TLC admits that Charles A. Blank signed the prosecution documents in connection with the application that resulted in the '948 patent; that said application was filed on October 29, 1987 and ultimately issued as the '948 patent on May 1, 1990; that the co-inventors of the '948 patent, Bernard G. Koether and Mario Pasquini, assigned their rights to the application that resulted in the '948 patent to FAST on January 8, 1988 and December 17, 1987,

respectively; and that said assignments were recorded in the Patent Office on January 19, 1988. TLC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 26 of Rational's Answer and Counterclaims, and on that basis, denies the same.

12. TLC admits that different primary and assistant examiners were involved in the prosecution of the applications that resulted in '455 Patent and the '948 Patent. TLC further admits that the application that resulted in the '455 Patent was examined by Primary Examiner Charles E. Atkinson and Assistant Examiner Gail O. Hayes, and that the application that resulted in the '948 Patent was examined by Primary Examiner Martin P. Schwadron and Assistant Examiner Allen J. Flanigan. TLC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 27 of Rational's Answer and Counterclaims, and on that basis, denies the same.

13. TLC admits that with respect to the prosecution of the '948 Patent, Bernard G. Koether is subject to the duty of candor set forth in 37 C.F.R. §1.56. TLC denies the remaining allegations contained in paragraph 28 of Rational's Answer and Counterclaims.

14. TLC denies the allegations contained in paragraph 29 of Rational's Answer and Counterclaims.

15. TLC denies the allegations contained in paragraph 30 of Rational's Answer and Counterclaims.

16. TLC admits that on March 9, 1988, FAST filed a European patent application that claimed priority to the patent application that resulted in the '948 patent and ultimately issued as European Patent No. 0 313 768. TLC further admits that Bernard G. Koether and Mario Pasquini are listed as the co-inventors of European Patent No. 0 313 768.

TLC is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 31 of Rational's Answer and Counterclaims, and on that basis, denies the same.

17. TLC denies the allegations contained in paragraph 32 of Rational's Answer and Counterclaims.

18. TLC denies the allegations contained in paragraph 33 of Rational's Answer and Counterclaims.

19. TLC denies the allegations contained in paragraph 34 of Rational's Answer and Counterclaims.

20. TLC admits the allegations contained in paragraph 35 of Rational's Answer and Counterclaims, on information and belief.

21. TLC admits the allegations contained in paragraph 36 of Rational's Answer and Counterclaims.

22. TLC admits that Rational alleges in paragraph 37 of Rational's Answer and Counterclaims that the Counterclaims arise under the patent laws of the United States, 35 U.S.C. §1 *et seq*, and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and admits that Rational purports to seek declaratory relief regarding the '948 patent. Denied that Rational is entitled to the relief it seeks.

23. TLC admits the allegations contained in paragraph 38 of Rational's Answer and Counterclaims.

24. TLC admits the allegations contained in paragraph 39 of Rational's Answer and Counterclaims.

## FIRST COUNT

25. TLC refers to and incorporates its responses to paragraphs 16-39 above.

26. TLC admits the allegations contained in paragraph 41 of Rational's Answer and Counterclaims.

27. TLC admits that it has charged Rational with infringement of the '948 Patent, and denies the remainder of the allegations contained in paragraph 42 of Rational's Answer and Counterclaims.

28. TLC denies the allegations contained in paragraph 43 of Rational's Answer and Counterclaims.

29. TLC denies the allegations contained in paragraph 44 of Rational's Answer and Counterclaims.

## SECOND COUNT

30. TLC refers to and incorporates its responses to paragraphs 16-44 above.

31. TLC admits that it has charged Rational with infringement of the '948 Patent, and denies the remainder of the allegations contained in paragraph 46 of Rational's Answer and Counterclaims.

32. TLC denies the allegations contained in paragraph 47 of Rational's Answer and Counterclaims.

33. TLC denies the allegations contained in paragraph 48 of Rational's Answer and Counterclaims.

## THIRD COUNT

34. TLC refers to and incorporates its responses to paragraphs 16-48 above.

35. TLC admits that it has charged Rational with infringement of the '948 Patent, and denies the remainder of the allegations contained in paragraph 50 of Rational's Answer and Counterclaims.

36. TLC denies the allegations contained in paragraph 51 of Rational's Answer and Counterclaims.

37. TLC denies the allegations contained in paragraph 52 of Rational's Answer and Counterclaims.

## **PRAYER FOR RELIEF**

WHEREFORE, in addition to the relief sought in the Amended Complaint and in response to Rational's Answer and Counterclaims, TLC prays for relief as follows:

A. That the Counterclaims and any amendments thereto, be dismissed with prejudice, that judgment be entered in TLC's favor, and against Rational, on the Counterclaims, and that Rational take nothing by reason of its Counterclaims or otherwise;

B. For a declaration that Rational infringes United States Patent No.4,920,948, and that Rational's infringement is willful;

C. For a declaration that United States Patent No. 4,920,948 is valid and enforceable;

D. That this case be declared exceptional pursuant to 35 U.S.C. §285 and that TLC be awarded its attorneys' fees and costs; and

E. An award of such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

TLC hereby demands a trial by jury on any issue so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
  Attorneys for plaintiff Technology Licensing
  Corporation

OF COUNSEL:

Rory J. Radding
Colette A. Reiner
MORRISON& FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
(212) 468-8000

Mario G. Ceste
THE LAW OFFICES OF MARIO G. CESTE, LLC
P.O. Box 82
Wallingford, CT  06492
(203) 678-6418

October 13, 2006
541182

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on October 13, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell, III
>Richards, Layton & Finger

I also certify that copies were caused to be served on October 2, 2006 upon the following in the manner indicated:

**BY HAND**

>Frederick L. Cottrell, III
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE  19899

>*/s/ Karen Jacobs Louden*
>klouden@mnat.com