IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

TECHNOLOGY LICENSING
CORPORATION,

      Plaintiff,

      v.

RATIONAL COOKING SYSTEMS, INC.,

      Defendant.

---

:
:
:
:
:
:
:
:
:
:
:
:
:

C. A. No.: 06-515-JJF

## <u>NOTICE OF SUBPOENAS</u>

PLEASE TAKE NOTICE that the subpoenas *duces tecum* attached hereto as Exhibits 1 through 3 were served on the third parties listed below in accordance with Rule 45 of the Federal Rules of Civil Procedure.

The subpoenas command each third party identified below to produce documents and things identified in Exhibit A to each subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Mario G. Ceste (Ex. 1)
Law Offices of Mario G. Ceste
4 Turnberry Rd.
Wallingford, CT  06492

Rory J. Radding (Ex. 2)
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104-0050

Morrison & Foerster (Ex. 3)
1290 Avenue of the Americas
New York, NY  10104-0050

Of Counsel

Edgar H. Haug, Esq.
Porter F. Fleming, Esq.
FROMMER LAWRENCE & HAUG
LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Frederick L. Cottrell, III (# 2555)
Cottrell@rlf.com
Gregory E. Stuhlman (# 4765)
Stuhlman@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Tel: (302) 651-7509
Fax: (302) 651-7701

*Attorneys for Rational Cooking Systems, Inc.*

Dated: January 9, 2007

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### HAND DELIVERY

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19801

I further certify that on January 9, 2007, the foregoing document was sent to the following non-registered participants in the manner indicated:

### FEDERAL EXPRESS

Rory J. Radding
Colette A. Reiner
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Gregory E. Stuhlman (#4765)
Stuhlman@rlf.com

RLF1-3067316-1

# EXHIBIT 1

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF

Rational Cooking Systems, Inc.
Defendant.

Case pending in the District of Delaware

TO:    Mario G. Ceste
       Law Offices of Mario G. Ceste
       4 Turnberry Rd.
       Wallingford, CT 06492

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 2, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | December 13, 2006 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D.

(c) **Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00415040.DOC

or cost  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.    The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.    The phrases "SelfCooking Center®" or "SCC®" shall mean the product sold by Rational under the federally registered trademarks SelfCooking Center® and SCC®.

3.    The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

4.    The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

5.    The terms "you," and "your," shall mean and refer to Mario G. Ceste.

6.    The terms "all," "each," and "any" shall be construed as all and each and any.

7.    The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Mario G. Ceste,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed.

2

R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

8.      The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

9.      The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

10.     The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

11.     The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

12.     The term "person" shall mean any natural person.

13.     The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

14.     The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

15.     The term "third party" shall mean any person, any organization, or any other

3

business entity not a party to this litigation.

    16.    Any third party specifically referred to shall also include that third party's successors and predecessors.

    17.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

    18.    If Mario G. Ceste objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Mario G. Ceste provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

        (a)    Its date of creation;

        (b)    The identity of all persons who prepared and/or signed the document or thing;

        (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

        (d)    A summary of its contents, or the general subject matter of the document or thing;

        (e)    Its present location and the identity of its current custodian;

        (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

        (g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Mario G.

4

Ceste's assertion thereof.

19.    If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

20.    Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

21.    In responding to Rational's requests for documents and things, if Mario G. Ceste claims any ambiguity in interpreting either a request, a definition, or an instruction, Mario G. Ceste shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Mario G. Ceste shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

**Production Request No. 1**

Each document or thing concerning the preparation and maintenance of the '948 patent.

5

**Production Request No. 2**

Each document or thing concerning your participation in inventing any subject matter claimed in the '948 patent.

**Production Request No. 3**

Each document or thing concerning any assertion of or threat of infringement of the '948 patent against any third party.

**Production Request No. 4**

Each document or thing concerning any FAST decision to assert or threaten infringement of the '948 patent against any third party.

**Production Request No. 5**

Each document or thing concerning any FAST decision to not assert infringement of the '948 patent against any third party.

**Production Request No. 6**

Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to not sue Rational Cooking Systems, Inc. ("Rational") or Rational AG following the May 1998 meeting with Rational AG in Germany.

**Production Request No. 7**

Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to file a complaint against Rational on August 18, 2006.

6

**Production Request No. 8**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 9**

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 10**

Each document or correspondence received by or sent to you concerning the '948 patent.

**Production Request No. 11**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, FAST, or TLC regarding the '948 patent or U.S. patent application serial number 07/114,563.

**Production Request No. 12**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, FAST, or TLC regarding asserting the '948 patent against any third party.

**Production Request No. 13**

Each document or thing concerning any communication between you and any third party regarding asserting the '948 patent.

**Production Request No. 14**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational.

**Production Request No. 15**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational AG (and its predecessors).

**Production Request No. 16**

Each document or thing concerning the '948 patent.

**Production Request No. 17**

Each document or thing concerning Rational.

**Production Request No. 18**

Each document or thing concerning Rational AG (and its predecessors).

**Production Request No. 19**

Each document or thing concerning your participation in the preparation and maintenance of the U.S. Patent No. 4,742,455 ("the '455 patent).

**Production Request No. 20**

Each document or thing concerning the '455 patent.

**Production Request No. 21**

Each document or thing concerning any meeting between FAST and Rational AG (and its predecessors) including, but not limited to, the May 1998 meeting in Germany.

**Production Request No. 22**

Each document or thing concerning your involvement in any license negotiation involving the '948 patent including, but not limited to, negotiations with TLC, United Electric Controls Company, TurboChef Technologies Incorporated, Rational, Rational AG (and its predecessors) or other third parties.

**Production Request No. 23**

Each document or thing concerning any analysis of Rational's SelfCooking Center®.

**Production Request No. 24**

Each document or thing concerning your past and present relationship with FAST including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 25**

Each document or thing concerning your past and present relationship with TLC including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 26**

Each document or thing concerning your financial interest in the '948 patent.

**Production Request No. 27**

Each document or thing concerning your financial interest in the case *Technology Licensing Corporation v. Rational Cooking Systems, Inc.*, No. 06-515-JJF (D.Del.).

**Production Request No. 28**

Each document or thing concerning your financial interest in any third party licenses regarding the '948 patent.

**Production Request No. 29**

Each document or thing concerning the determination of a reasonable royalty for licensing the '948 patent.

**Production Request No. 30**

Each document or thing concerning opinions regarding the validity or invalidity of any claim of the '948 patent.

**Production Request No. 31**

Each document or thing concerning opinions regarding the enforceability or unenforceability of the '948 patent.

**Production Request No. 32**

Each document or thing concerning the licensing of the '948 patent.

**Production Request No. 33**

Each document or thing concerning the licensing of any FAST patent including, but not limited to, the actual license agreements.

**Production Request No. 34**

Each document or thing concerning the licensing of any TLC patent including, but not limited to, the actual license agreements.

**Production Request No. 35**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of the '948 patent.

**Production Request No. 36**

      Each document or thing concerning any royalties, payments or other compensation you have received as a result of any FAST patent.

**Production Request No. 37**

      Each document or thing concerning any royalties, payments or other compensation you have received as a result of any TLC patent or TLC's licenses of any FAST patent.

# EXHIBIT 2

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER**: 06-515-JJF
Case pending in the District of Delaware

Rational Cooking Systems, Inc.
Defendant.

TO:     Rory J. Radding
        Morrison & Foerster LLP
        1290 Avenue of the Americas
        New York, NY 10104-0050

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 23, 2007 |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | January 9, 2007 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00417925.DOC

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00417925.DOC

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.      The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

3.      The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

4.      The term "Rational AG" shall mean and include Rational AG, as well as any present or former officers, directors, predecessors or successors in interest, general partners, limited partners, employees, agents and representatives of Rational AG.

5.      The terms "you," and "your," shall mean and refer to Rory J. Radding.

6.      The terms "all," "each," and "any" shall be construed as all and each and any.

00417924

7.    The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Rory J. Radding,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

2

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

8.      The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

9.      The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

10.     The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

11.     The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

12.     The term "person" shall mean any natural person.

13.     The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

14.     The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

3

15.    The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

16.    Any third party specifically referred to shall also include that third party's successors and predecessors.

17.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

18.    If Rory J. Radding objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Rory J. Radding provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

      (a)    Its date of creation;

      (b)    The identity of all persons who prepared and/or signed the document or thing;

      (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

      (d)    A summary of its contents, or the general subject matter of the document or thing;

      (e)    Its present location and the identity of its current custodian;

      (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

4

      (g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Rory J. Radding's assertion thereof.

19.    If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

20.    Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

21.    In responding to Rational's requests for documents and things, if Rory J. Radding claims any ambiguity in interpreting either a request, a definition, or an instruction, Rory J. Radding shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Rory J. Radding shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

### Production Request No. 1

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding the '948 patent.

### Production Request No. 2

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding any Rational AG product.

### Production Request No. 3

Each document or thing concerning any meeting that you attended with Rational AG (including its predecessors) including, but not limited to, the May 1998 meeting in Germany with Rational AG.

### Production Request No. 4

Each document or thing concerning any communication between you and any third party including, but not limited to, your communications with Brett A. Valiquet, John Foskett, Lawrence M. Green, attorneys for United Electric Controls Company, attorneys for TurboChef Technologies, Inc., attorneys for Athena Controls, Inc., attorneys for Blodgett Corporation and Hilmar Messerschmidt regarding enforceability, validity, infringement, claim construction, settlement or licensing of the '948 patent.

6

**Production Request No. 5**

Each document or thing concerning any assertion of or threat of infringement of the '948 patent to any third party.

**Production Request No. 6**

Each document or thing concerning the decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 7**

Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 8**

Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 9**

Each document or thing concerning the decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 10**

Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 11**

Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational AG.

7

**Production Request No. 12**

Each document or thing concerning any communication or public disclosure describing or discussing the lawsuit, *Technology Licensing Corp. v. Rational Cooking Systems, Inc.*, Civil Action No.: 1:06-00515-JJF, with any third party.

**Production Request No. 13**

Each document or thing concerning any offer of license or attempt to license the '948 patent to any third party.

**Production Request No. 14**

Each document or thing concerning your involvement in the prosecution and/or maintenance of the '948 patent, including any internal copies of the '948 patent file history.

**Production Request No. 15**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, communications with any mediator, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, any judgments, and any documents, files, work papers, United Electric Control Company's work product, and prior art received from counsel for United Electric Controls Company.

**Production Request No. 16**

Each document or thing concerning the reason(s) why you insisted that counsel for United Electric Controls Company ("UEC") turn over to you all of their files, including UEC's work product, attorneys' files and prior art regarding the case *Food Automation-Service*

*Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

## Production Request No. 17

All documents and things that you received from UEC or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, "all documents possessed by UEC or by its counsel in that case ([John Foskett] and Lawrence M. Green) which related to UEC's defenses to FAST's claim, including work product and privileged documents…." *See* letter from J. Foskett to W. Kuhne dated Jan. 5, 2007.

## Production Request No. 18

All documents and things that you received from Athena Controls, Inc. or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

## Production Request No. 19

All documents and things that you received from Blodgett Corporation or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

## Production Request No. 20

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, any judgments, and any documents that you received from counsel for TurboChef Technologies, Inc.

**Production Request No. 21**

Each document or thing concerning your practice, policy, or procedure for the retention of documents.

**Production Request No. 22**

Each document or thing concerning your effort to comply with your duty to preserve documents and data when litigation was pending or reasonably foreseeable with respect to the '948 patent.

**Production Request No. 23**

Each document or thing concerning prior art brought to your attention by any third party that may bear on the validity, invalidity, enforceability or unenforceability of the '948 patent.

**Production Request No. 24**

To the extent any documents called for by Production Request Nos. 1 – 23 were destroyed, provide each document or thing concerning their destruction including the time, location, individuals involved and the associated requests to have them destroyed.

# EXHIBIT 3

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF

Rational Cooking Systems, Inc.
Defendant.

Case pending in the District of Delaware

TO:     Morrison & Foerster LLP
        1290 Avenue of the Americas
        New York, NY 10104-0050

☐       YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in
the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐       YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒       YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time
specified below (list documents or objects): See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 23, 2007 |

☐       YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person
will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if Attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | January 9, 2007 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) Protection of Persons Subject to Subpoenas.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.
    (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.    The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.    The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

3.    The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

4.    The term "Rational AG" shall mean and include Rational AG, as well as any present or former officers, directors, predecessors or successors in interest, general partners, limited partners, employees, agents and representatives of Rational AG.

5.    The term "Morrison & Foerster LLP" or "Morrison & Foerster" shall mean and include the law firm of Morrison & Foerster LLP, as well as any present or former partners,

00421287

limited partners, associates, counsel, employees, agents and representatives of Morrison &
Foerster. Morrison & Foerster shall also mean and include the law firm previously known as
Pennie & Edmonds LLP, as well as any former partners, limited partners, associates, counsel,
employees, agents and representatives of Pennie & Edmonds LLP.

6.      The terms "you," and "your," shall mean and refer to Morrison & Foerster LLP
("Morrison & Foerster").

7.      The terms "all," "each," and "any" shall be construed as all and each and any.

8.      The term "document" shall have the comprehensive meaning, in the broadest
sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include
each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of
an original bearing any notation or marking not appearing on the original (including but not
limited to notes and underscoring), in the possession, custody, or control of Morrison & Foerster,
including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,
inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,
pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,
advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price
lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,
sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;
printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically
stored information, and other information from computers or other data storage and retrieval
systems; trademark registrations, copyright registrations, and registration applications; patents
and patent applications; assignments, deeds, contracts, agreements, licenses, and other official
documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or reports of meetings of owners or directors or executive boards or committees; summaries of negotiations or meetings; quality control, operating, service, repair, or maintenance manuals; technical specifications or requirements; advertising and promotional material as well as sales literature; labels and packaging; press releases and new product releases; engineering notebooks and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files; address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits, declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

9.     The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

10.    The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

11.    The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

12.    The terms "possession," "custody," and "control" are used in a comprehensive

3

sense and refer to possession, custody, or control.

13.    The term "person" shall mean any natural person.

14.    The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

15.    The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

16.    The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

17.    Any third party specifically referred to shall also include that third party's successors and predecessors.

18.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

19.    If Morrison & Foerster objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Morrison & Foerster provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

(a)    Its date of creation;

(b)    The identity of all persons who prepared and/or signed the

4

document or thing;

(c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

(d)    A summary of its contents, or the general subject matter of the document or thing;

(e)    Its present location and the identity of its current custodian;

(f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

(g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Morrison & Foerster's assertion thereof.

20.    If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

21.    Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

22.    In responding to Rational's requests for documents and things, if Morrison & Foerster claims any ambiguity in interpreting either a request, a definition, or an instruction, Morrison & Foerster shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Morrison & Foerster shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

### Production Request No. 1

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding the '948 patent.

### Production Request No. 2

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding any Rational AG product.

### Production Request No. 3

Each document or thing concerning any meeting that you attended with Rational AG (including its predecessors) including, but not limited to, the May 1998 meeting in Germany with Rational AG.

### Production Request No. 4

Each document or thing concerning any communication between you and any third party including, but not limited to, your communications with Brett A. Valiquet, John Foskett, Lawrence M. Green, attorneys for United Electric Controls Company, attorneys for TurboChef Technologies, Inc., attorneys for Athena Controls, Inc., attorneys for Blodgett Corporation and Hilmar Messerschmidt regarding enforceability, validity, infringement, claim construction, settlement or licensing of the '948 patent.

**Production Request No. 5**

Each document or thing concerning any assertion of or threat of infringement of the '948 patent to any third party.

**Production Request No. 6**

Each document or thing concerning the decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 7**

Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 8**

Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 9**

Each document or thing concerning the decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 10**

Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 11**

Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 12**

Each document or thing concerning any communication or public disclosure describing

or discussing the lawsuit, *Technology Licensing Corp. v. Rational Cooking Systems, Inc.*, Civil

Action No.: 1:06-00515-JJF, with any third party.

**Production Request No. 13**

Each document or thing concerning any offer of license or attempt to license the '948

patent to any third party.

**Production Request No. 14**

Each document or thing concerning your involvement in the prosecution and/or

maintenance of the '948 patent, including any internal copies of the '948 patent file history.

**Production Request No. 15**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v.

United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not

limited to, interrogatory answers, document production responses, pleadings, deposition

transcripts, expert reports, Markman briefs, correspondence with the court, communications with

any mediator, hearing transcripts, court orders, all documents concerning the settlement, all

agreements between the parties, any judgments, and any documents, files, work papers, United

Electric Control Company's work product, and prior art received from counsel for United

Electric Controls Company.

**Production Request No. 16**

Each document or thing concerning the reason(s) why you insisted that counsel for

United Electric Controls Company ("UEC") turn over to you all of their files, including UEC's

work product, attorneys' files and prior art regarding the case *Food Automation-Service*

*Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 17**

All documents and things that you received from UEC or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, "all documents possessed by UEC or by its counsel in that case ([John Foskett] and Lawrence M. Green) which related to UEC's defenses to FAST's claim, including work product and privileged documents...." *See* letter from J. Foskett to W. Kuhne dated Jan. 5, 2007.

**Production Request No. 18**

All documents and things that you received from Athena Controls, Inc. or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 19**

All documents and things that you received from Blodgett Corporation or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 20**

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, any judgments, and any documents that you received from counsel for TurboChef Technologies, Inc.

**Production Request No. 21**

Each document or thing concerning your practice, policy, or procedure for the retention of documents.

**Production Request No. 22**

Each document or thing concerning your effort to comply with your duty to preserve documents and data when litigation was pending or reasonably foreseeable with respect to the '948 patent.

**Production Request No. 23**

Each document or thing concerning prior art brought to your attention by any third party that may bear on the validity, invalidity, enforceability or unenforceability of the '948 patent.

**Production Request No. 24**

To the extent any documents called for by Production Request Nos. 1 – 23 were destroyed, provide each document or thing concerning their destruction including the time, location, individuals involved and the associated requests to have them destroyed.