IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-515 (JJF) |
| v. | ) ) | |
| RATIONAL COOKING SYSTEMS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**NOTICE OF SERVICE OF SUBPOENA**

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1 is being served upon Henny Penny Corporation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Karen Jacobs Louden*
_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
  Attorneys for plaintiff

OF COUNSEL:

Rory J. Radding
Colette A. Reiner
MORRISON& FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
(212) 468-8000

Mario G. Ceste
The Law Offices Of Mario G. Ceste, LLC
P.O. Box 82
Wallingford, CT  06492
(203) 678-6418

January 26, 2007

711836.1

**CERTIFICATE OF SERVICE**

I, Karen Jacobs Louden, hereby certify that on January 26, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell, III
> Richards, Layton & Finger

I also certify that copies were caused to be served on January 26, 2007 upon the following in the manner indicated:

**BY HAND**

> Frederick L. Cottrell, III
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899

**BY FEDERAL EXPRESS**

> Edgar H. Haug
> Porter F. Fleming
> **Frommer Lawrence & Haug LLP**
> 745 Fifth Avenue
> New York, NY   10151

> */s  Karen Jacobs Louden*
> klouden@mnat.com

# EXHIBIT 1

AO (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

Technology Licensing Corporation

              Plaintiff

v.

Rational Cooking Systems, Inc.

              Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 06-515-JJF (pending in the United States District Court, District of Delaware)

TO: Henny Penny Corporation
1219 U.S. Route 35 W.
Eaton, OH 45320

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: see attachment A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP<br>1290 Avenue of Americas<br>New York, NY 10104 | Monday, February 12, 2007<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff *[signature]* | DATE<br>1/26/07 |
|---|---|
| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER<br>Rory J. Radding, Esq. | Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104<br>Tel: (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

ATTACHMENT A

**DEFINITIONS**

1.  **"Henny Penny"** shall mean Henny Penny Corporation.

2.  **"TLC"** shall mean Technology Licensing Corporation.

3.  **"FAST"** shall mean Food Automation Service Techniques, Inc.

4.  **"'948 Patent"** shall mean United States Patent No. 4,920,948, entitled "Parameter Control System for an Oven."

5.  **"Rational"** shall mean the Delaware corporation Rational Cooking Systems, Inc. and/or the German corporation Rational AG.

6.  **"The Lawsuit"** shall mean *Technology Licensing Corp. v. Rational Cooking Systems, Inc.*, Civ. No. 06-515-JJF, which is currently pending in the District of Delaware.

7.  **"SCC"** shall mean the products marketed by Rational under the name "SelfCooking Center®", including but not limited to the SelfCooking Center® model lines 61, 62, 101, 102, 201, 202, and any products or accessories designed or marketed to function with any SelfCooking Center®.

8.  **"SCS"** shall mean the products marketed by Henny Penny under the name "SmartCooking System™", and any products or accessories designed or marketed to function with any SmartCooking System™.

9.  **"Document"** or **"Documents"** are used herein in their customary broad sense, and mean any form of recording a form of communication or representation upon any tangible

thing, including letters, words, pictures, sounds or symbols, or combinations thereof, including without limitation any kind of printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received or not, including originals, copies, drafts and both sides thereof, and including electronic mail, papers, books, charts, graphs, photographs, drawings, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, books, charts, graphs, photographs, drawings, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, routing slips, intra- and inter-office communications, affidavits, statements, opinions, court pleadings, reports, indices, studies, analyses, forecasts, evaluations, contracts, computer printouts, data processing input and output, computer programs, data compilations, stored data, microfilms, microfiche, all other records kept by electronic, magnetic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, or any kind, and all other tangible things that come within the meaning of writing contained in Rule 1001 of the Federal Rules of evidence, or within the meaning of "document: or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure. Every draft or non-identical copy of a "document" is a separate "document" as that term is used herein.

10.  **"Communication"** shall mean any transmission or exchange of information between two or more persons, whether orally or in writing including without limitation any telephone telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

11.  **"Prior Art"** shall be construed in accordance with the meaning given that term in Title 35 of the United States Code, and interpretations thereof provided by federal judiciary.

ny-733524

**12.** Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these interrogatories any information that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

## REQUESTS

**REQUEST NO. 1:** All correspondence between Henny Penny and Rational regarding The Lawsuit.

**REQUEST NO. 2:** All documents concerning the '948 Patent.

**REQUEST NO. 3:** All correspondence between Henny Penny and Rational regarding the '948 Patent.

**REQUEST NO. 4:** All correspondence between Henny Penny and Rational regarding the SCS, including but not limited to, any agreements, purchase orders, or licenses.

**REQUEST NO. 5:** All correspondence between Henny Penny and Rational regarding the SCC, including but not limited to, any agreements, purchase orders, or licenses.

**REQUEST NO. 6:** All documents, including but not limited to, training manuals, repair manuals, software or schematics regarding maintenance and/or operation of the SCS.

**REQUEST NO. 7:** All documents, including but not limited to, training manuals, repair manuals, software or schematics regarding maintenance and/or operation of the SCC.

ny-733524

**REQUEST NO. 8:** All documents regarding marketing and sale of the SCS, including but not limited to correspondence between Henny Penny and Rational regarding marketing of the SCS.

**REQUEST NO. 9:** Documents sufficient to describe the differences between the SCS and SCC, including but not limited to, correspondence between Henny Penny and Rational regarding any difference between the SCS and SCC.

**REQUEST NO. 10:** All documents concerning correspondence between Hill and Simpson and Henny Penny regarding the '948 Patent, including but not limited to correspondence between Henny Penny and Rational.

**REQUEST NO. 11:** Documents sufficient to describe the gross sales of the SCS.

**REQUEST NO. 12:** Documents sufficient to describe the marginal cost of the SCS.

**REQUEST NO. 13:** Documents sufficient to show the amount paid to Rational by Henny Penny on account of the SCS.