IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION,   )
a Florida corporation,              )
                                    )
                    Plaintiff,      )       C.A. No. 06-515 (JJF)
                                    )
        v.                          )
                                    )
RATIONAL COOKING SYSTEMS, INC., a   )
Delaware corporation,               )
                                    )
                    Defendant.      )

## PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Technology Licensing Corporation ("TLC") moves for entry of a Protective Order in the form of Exhibit A hereto that permits counsel of record to have access to confidential information and one client representative to have access to summaries of confidential information.  TLC further seeks the entry of a protective order pursuant to Fed. R. Civ. P. 26(c) in the form of Exhibit B hereto limiting the scope of the Subpoenas served upon Rory J. Radding, Morrison & Foerster LLP and Mario G. Ceste to documents generated before April, 2006.  The grounds for this motion are set forth in TLC's opening brief and supporting declarations, filed herewith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/  *Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
   Attorneys for plaintiff

OF COUNSEL:

Rory J. Radding
James E. Hough
Colette A. Reiner
MORRISON& FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
(212) 468-8000

Mario G. Ceste
The Law Offices Of Mario G. Ceste, LLC
P.O. Box 82
Wallingford, CT  06492
(203) 678-6418

February 6, 2007

730000.1

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that February 6, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell, III
> Richards, Layton & Finger

I also certify that copies were caused to be served on February 6, 2007 upon the following in the manner indicated:

### BY HAND

> Frederick L. Cottrell, III
> **Richards, Layton & Finger**
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899

### BY FEDERAL EXPRESS

> Edgar H. Haug
> Porter F. Fleming
> **Frommer Lawrence & Haug LLP**
> 745 Fifth Avenue
> New York, NY   10151

> */s  Karen Jacobs Louden*
> klouden@mnat.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION, )
a Florida corporation, )
 )
　　　　　　　　　Plaintiff, )　　　　C.A. No. 06-515(JJF)
 )
RATIONAL COOKING SYSTEMS, INC., )
a Delaware corporation, )
　　　　　　　　　Defendant. )

## [PROPOSED] PROTECTIVE ORDER REGARDING
## CONFIDENTIALITY OF DISCOVERY MATERIAL

Whereas discovery in the above-captioned action (the "Action") may involve the disclosure of certain documents, things and information in the possession, custody, or control of plaintiff Technology Licensing Corporation ("TLC") and defendant Rational Cooking Systems, Inc. ("Rational") that constitute or contain trade secrets or other confidential research, development, or commercial information with the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Accordingly, it is hereby ORDERED:

### SCOPE

1.　　This Order shall apply to all information and things exchanged by any party, regardless of the medium or manner generated, stored or maintained, including, but not limited to, all documents and things produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents and things, and all deposition testimony and deposition exhibits, and any other papers or electronically stored information produced, filed, generated or served by a party in this litigation ("Discovery Material").

1

## DESIGNATION

2.     Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL" in accordance with this Order. The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined herein shall be on the Producing Party. The designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

3.     Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) sensitive technical information that is not publicly available and that is not expressly contained in public information; and (ii) sensitive business or financial information that is not publicly available and that is not expressly contained in public information.

4.     Discovery Material falling into one or more of the following categories may be designated as HIGHLY CONFIDENTIAL if disclosure would create a substantial risk of serious injury: (i) proprietary research and development and/or extremely sensitive technical information that is not publicly available; (ii) highly sensitive business-related financial or commercial information that is not publicly available and that is not expressly contained in public information; (iii) trade secrets; and (iv) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office.

5.     The Producing Party may designate documents or other Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing either of the following legends or similar legends on the document or thing: CONFIDENTIAL – SUBJECT TO PROTECTIVE

ny-735454

ORDER or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. In the event

that CONFIDENTIAL or HIGHLY CONFIDENTIAL material is produced for inspection at

a party's facility, such CONFIDENTIAL or HIGHLY CONFIDENTIAL material may be

produced for inspection before being marked confidential. Once specific CONFIDENTIAL

or HIGHLY CONFIDENTIAL material has been designated for copying, any

CONFIDENTIAL or HIGHLY CONFIDENTIAL material will then be marked confidential

after copying but before delivery to the Receiving Party. There will be no waiver of

confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL

material before it is copied and marked confidential pursuant to this Order.

6.    Any party or non-party may designate discovery requests or responses (and the

information contained therein) as CONFIDENTIAL or as HIGHLY CONFIDENTIAL by

placing either of the following legends or similar legends on the face of any such document:

> "Contains CONFIDENTIAL information. Designated parts not to
> be used, copied or disclosed except as authorized by Court Order
> or the party or parties whose CONFIDENTIAL information is
> included"; or

> "Contains HIGHLY CONFIDENTIAL information. Designated
> parts not to be used, copied or disclosed except as authorized by
> Court Order or the party or parties whose HIGHLY
> CONFIDENTIAL information is included."

In the case of discovery requests or responses, a statement may also be included within the

document specifying the portion(s) thereof designated as CONFIDENTIAL or as HIGHLY

CONFIDENTIAL.

7.    Any party or non-party may designate depositions and other testimony (including

exhibits) as CONFIDENTIAL or as HIGHLY CONFIDENTIAL by stating on the record at the

time the testimony is given that the entire testimony or portions thereof shall be designated as

CONFIDENTIAL or as HIGHLY CONFIDENTIAL, or designate as such within five (5)

business days after receipt of the transcript. If no such designation is made on the record at the time of the testimony, the testimony will be treated as HIGHLY CONFIDENTIAL up until the five (5) day period for designation has expired. The following legends or similar legends shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information:

> "Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included"; or

> "Contains HIGHLY CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose HIGHLY CONFIDENTIAL information is included."

8.      Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL or HIGHLY CONFIDENTIAL material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action; (ii) the w ords "CONFIDENTIAL – Restricted Access According to Court Order" or "HIGHLY CONFIDENTIAL – Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties."

The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL or as HIGHLY CONFIDENTIAL and filed in accordance with this Paragraph.  The sealed material shall not be

ny-735454

opened or released from the custody of the Clerk of Court except by order of the Court and except that outside counsel of record for any party may have access thereto by request to the Clerk of Court at any time during Court hours.

9.    Designation in conformity to this Order for information produced in electronic form or in any form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the media (*e.g.*, diskette, CD-ROM or DVD), container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

## USE

10.    Any and all material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraphs 12-16 below for any purposes whatsoever other than preparing for and conducting this Action (including appeals).

11.    Except as provided in Paragraphs 13-16 below, counsel for the parties shall keep all material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

12.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order or any portion thereof, shall be immediately affixed with the

words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if those words do not already appear.

## DISCLOSURE OF CONFIDENTIAL MATERIALS

13.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

a.     any outside attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

b.     support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

c.     any outside expert or consultant who is expressly retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work and subject to the requirements of Paragraphs 15-16 below;

d.     One (1) in-house person for TLC who will be agreed upon by Rational may receive summaries of CONFIDENTIAL materials upon signing the Acknowledgment and Agreement to be Bound (Exhibit A). The agreed upon individual may only review summaries of the CONFIDENTIAL materials for the sole purpose of case strategy or settlement;

e.     One (1) in-house person for Rational who will be agreed upon by TLC may receive summaries of CONFIDENTIAL materials upon signing the Acknowledgment and

6

Agreement to be Bound (Exhibit A). The agreed upon individual may only review summaries of the CONFIDENTIAL materials for the sole purpose of case strategy or settlement;

      f.     any interpreter, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony;

      g.     service contractors (such as document copy services), jury consultants and graphic artists;

      h.     any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

      i.     personnel of the Court and all appropriate courts of appellate jurisdiction; and

      j.     any other person agreed to by the Producing Party in writing. CONFIDENTIAL material shall not be disclosed to persons described in Paragraphs 13 (d), (e) or (i) unless and until such person has executed the affidavit in the form attached as Exhibit A.

### DISCLOSURE OF HIGHLY CONFIDENTIAL MATERIALS

      14.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

      a.     any outside attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

7

b.      support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, and clerical staff employed by any outside attorney identified in sub-paragraph (a) and assisting in connection with this Action;

c.      any outside expert or consultant who is expressly retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work and subject to the requirements of Paragraphs 15-16 below;

d.      any interpreter, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony;

e.      service contractors (such as document copy services), jury consultants and graphic artists;

f.      any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL material sought to be disclosed to that deponent;

g.      personnel of the Court and all appropriate courts of appellate jurisdiction; and

h.      any other person agreed to by the Producing Party in writing. HIGHLY CONFIDENTIAL material shall not be disclosed to persons described in Paragraphs 14 (e) or (h) unless and until such person has executed the affidavit in the form attached as Exhibit A.

ny-735454

## DISCLOSURE OF CONFIDENTIAL OR HIGHLY
## CONFIDENTIAL MATERIAL TO AN INDEPENDENT EXPERT

15.    Before any disclosure of material designated as CONFIDENTIAL or HIGHLY

CONFIDENTIAL under this Order is made to an expert pursuant to Paragraphs 13(c) and 14(c)

by the Receiving Party, outside counsel for the Receiving Party shall:  provide the expert with a

copy of this Order; explain its terms; and obtain the expert's written agreement, in the form of

Exhibit A hereto, to comply with and be bound by its terms.

16.    No CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall be shown to

an expert pursuant to Paragraphs 13(c) and 14(c) until five (5) business days after said expert is

identified in writing, and a current biographical sketch and a written commitment in the form of

Exhibit A is provided, to the Producing Party. The biographical sketch shall include a curriculum

vitae or equivalent resume setting forth such person's present residence and business address(es),

current employer and job title, any company or companies by which that individual was

employed during the past ten (10) years, and a list of all consulting agreements or arrangements

that said individual may have entered into during the past ten (10) years that involved or related

to ovens and oven controls. The list should disclose the name and address of each such entity for

which consulting work is being, or has been, performed, and the general subject matter of that

consulting work. If disclosure of either the identity of the entity for which the work is being

performed or the subject matter of that work, or both, is deemed proprietary by the Receiving

Party, then the fact that certain information is being withheld on the basis that it is proprietary

shall be disclosed by the Receiving Party, and any such information that is not deemed

proprietary shall be disclosed. In the event that said individual enters into any subsequent

consulting agreements or arrangements, the Receiving Party shall promptly notify the Producing

Party of such agreements or arrangements. A party's consent to permitting disclosure of its

9

confidential information by a retained expert of the other party shall not be unreasonably withheld. If a party objects, within five (5) business days of receipt of written notice, biographical sketch and written commitment, to such expert having access to any CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the expert shall be barred from such access for a twenty (20) calendar day period running from the date the expert was identified in writing to the Producing Party (together with the expert's biographical sketch a nd written commitment). If within that twenty (20) calendar day period (1) the parties are unable to resolve their differences and (2) the opposing party moves for a further protective order, then the CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall not be provided to said expert until the Court rules on the motion for further protective order.

## INADVERTENT PRODUCTION/DESIGNATION

17.    The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.

a.    Immediately upon receiving notice from the Producing Party that documents or materials subject to the attorney-client privilege or work-product immunity have been inadvertently produced, the Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.  In addition, the Receiving Party shall return the documents or materials and all copies within five (5) days from receiving notice.

b.    If the Receiving Party believes it has a good-faith basis for challenging the privilege claim, outside counsel for the Receiving Party shall provide the outside counsel for the

10

Producing Party with a written explanation of the good-faith basis for its belief that the inadvertently produced documents or information are not privileged within fourteen 914) days after receipt of the Producing Party's request for return.

        c.      Outside counsel for the Producing Party shall respond in writing to Receiving Party's outside counsel's timely challenge to the privilege or immunity claim within seven (7) days from receipt of the challenge.

        d.      In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the Receiving Party has fourteen (14) days from receipt of the Producing Party's written response to the privilege challenge to file a motion seeking an order compelling production of the inadvertently produced documents or information. The Receiving Party shall not use the substantive content of the inadvertently produced documents or information to challenge the privilege or immunity status of such material. In the event that a motion is made, the Producing Party shall have the burden of proving that the produced documents or information are privileged.

        e.      Within five (5) days of the Receiving Party's timely filing of a motion seeking an order compelling production of the inadvertently produced documents or information, the Producing Party shall file under seal with the Court a copy of the inadvertently produced documents or information for in camera inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court shall be provided to the moving party.

        18.      Inadvertent disclosure of material without designating the same as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed a waiver of confidentiality with regard to similar or related information, nor shall it be deemed a waiver of

confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the Receiving Party who shall make every effort to retrieve the inadvertently disclosed information and prevent disclosure by each unauthorized recipient. If information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Order is inadvertently disclosed to a person not authorized by this Order, the party who becomes aware of the disclosure shall immediately inform the other party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the inadvertently disclosed information and prevent disclosure by each unauthorized recipient. The Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Order.

## PARTY SEEKING GREATER PROTECTION MUST OBTAIN FURTHER ORDER

19.    No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

## CHALLENGING DESIGNATION OF CONFIDENTIALITY

20.    Any party through its counsel may assert that particular information designated by the other party as CONFIDENTIAL or HIGHLY CONFIDENTIAL is in fact publicly known or is otherwise not CONFIDENTIAL or HIGHLY CONFIDENTIAL and hence should not be subject to the designated protection hereunder. Such assertion, if made, will be discussed between counsel. If agreement cannot be reached, the designation of confidentiality in dispute

ny-735454

may be challenged upon motion and the confidentiality of the information shall be maintained

unless the Court orders otherwise. The burden of proving the confidentiality of designated

information remains with the party asserting such confidentiality.

21.    The restrictions placed by this Order on a Receiving Party shall not apply to any

information that, in its entirety:

a.    is at the time of disclosure hereunder, or thereafter becomes, a part of the

public domain through no act or omission by the Receiving Party, its counsel or its employees;

b.    is subsequently independently developed by the Receiving Party;

c.    is lawfully in the possession of a person who is not subject to an obligation

to maintain it in confidence; and/or

d.    is hereafter lawfully disclosed to the Receiving Party by a third party

which did not acquire the information under an obligation of confidentiality from or through the

Producing Party.

## THIRD-PARTY DISCOVERY MATERIALS

22.    It is expressly contemplated and agreed that the terms of this Order are applicable

to CONFIDENTIAL or HIGHLY CONFIDENTIAL material submitted by a *non*-party, and/or

produced by a non-party in connection with this Action, and that the parties will treat all

CONFIDENTIAL or HIGHLY CONFIDENTIAL material of a non-party in accordance with the

terms of this Order.

## USE IN COURTROOM PROCEEDINGS

23.    Any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL

hereunder and produced to another party during discovery herein, if otherwise admissible, may

be offered in evidence or otherwise used at the trial of this case, by either party, subject to such further order as the Court may enter to protect such information.

### RETURN / DESTRUCTION OF MATERIALS

24.    Within sixty (60) calendar days of the conclusion of the above-captioned case (including all appeals), all material treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order and not received in evidence shall be returned to the Producing Party or destroyed with affidavit to such effect, except that each parties' outside counsel may maintain all papers filed with the Court, transcripts of testimony and their own memoranda containing confidential information for archival purposes. The party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall certify in writing that all such material, including CONFIDENTIAL or HIGHLY CONFIDENTIAL material disclosed hereunder, has been returned or destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

### MISCELLANEOUS PROVISIONS

25.    Nothing in this Order shall be deemed a waiver of any party's rights, if any, to oppose production of any information or documents, for example, because of lack of timeliness, relevance or materiality, because the party asserts an obligation not to disclose information received from third parties, and/or because privileged or work product information is sought.

26.    Prompt written notice shall be given to any party who produced CONFIDENTIAL or HIGHLY CONFIDENTIAL material hereunder, in the event that party's CONFIDENTIAL or HIGHLY CONFIDENTIAL material is sought by any person not a party to this litigation, by subpoena in another action, or by service with any legal process. Any person seeking such CONFIDENTIAL or HIGHLY CONFIDENTIAL material who takes action to

14

enforce such subpoena or other legal process shall be apprised of this Order. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring productions of CONFIDENTIAL or HIGHLY CONFIDENTIAL material covered by this Order, or to subject itself to penalties for noncompliance with any legal process or order.

27.    This Order may be changed only by the written agreement of the parties or further order of the Court, and is without prejudice to the rights of a party to seek relief from or variation of any of its provisions.

28.    Subject to Paragraphs 26 and 27 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the termination of this Action and continue in full force and effect.

29.    Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to the above-captioned case (including all appeals) and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced by any other party or non-party.

DATED:    February _____, 2007


_____
Hon. Joseph J. Farnan, Jr.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ *[print or type full name]*, of _____

_____ *[print or type full address]*, declare under penalty of perjury that I have read in its entirety

and understand the Protective Order that was issued by the United States District Court for the

District of Delaware on _____ *[date]* in the case of *Technology Licensing Corporation, a*

*Florida corporation v. Rational Cooking Systems, Inc., a Delaware corporation*, C.A. No. 06-

515(JJF).  I agree to comply with and to be bound by all the terms of this Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.  I hereby appoint Jack B.

Blumenfeld, Esq. of Morris, Nichols, Arsht & Tunnell, 1201 N. Market Street, P.O. Box 1347,

Wilmington, DE 19801, telephone number (302) 658-9200 [or Frederick L. Cottrell III, Esq. of

Richards, Layton & Finger, One Rodney Square, Wilmington, DE 19899, (302) 651-7509] as

my Delaware agent for service of process in connection with this action or any proceedings

related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                                           [printed name]
Signature: _____
                                       [signature]

17

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION,  )
a Florida corporation,             )
                                   )
                    Plaintiff,     )      C.A. No. 06-515 (JJF)
                                   )
              v.                   )
                                   )
RATIONAL COOKING SYSTEMS, INC., a  )
Delaware corporation,              )
                                   )
                    Defendant.     )

## ORDER

The Court having considered plaintiff's Motion For Entry Of Protective Order, IT

IS HEREBY ORDERED this _____ day of _____, 2007 that:

1.     Plaintiff's Motion is GRANTED; and

2.     The Subpoenas directed to Rory J. Radding, Morrison & Foerster LLP and

Mario G. Ceste are hereby limited in scope to documents generated before April, 2006.

_____
                                                J.

730607.1