IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION,  )
a Florida corporation,                                      )
                                                                        )
                                    Plaintiff,                    )          C.A. No. 06-515 (JJF)
                                                                        )
                  v.                                                  )
                                                                        )
RATIONAL COOKING SYSTEMS, INC., a             )
Delaware corporation,                                      )
                                                                        )
                                    Defendant.                 )

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Plaintiff

OF COUNSEL:
Rory J. Radding
James E. Hough
Colette A. Reiner
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
(212) 468-8000

Mario G. Ceste
The Law Offices Of Mario G. Ceste, LLC
P.O. Box 82
Wallingford, CT  06492
(203) 678-6418

February 6, 2007

TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                          iii

INTRODUCTION                                                1

NATURE AND STAGE OF PROCEEDINGS                             1

SUMMARY OF ARGUMENT                                         4

STATEMENT OF FACTS                                          5

    A.    TLC and The Koethers                         5

    B.    Mario Ceste                                 5

    C.    Rory J. Radding                             7

    D.    Rational's Subpoenas                         8

ARGUMENT                                                    8

I.    THERE IS NO BASIS FOR RATIONAL TO   WITHHOLD
    CONFIDENTIAL INFORMATION  FROM RORY RADDING      8

    A.    Radding Is Not Involved In Competitive Decision Making      8

    B.    Radding's Possible Role As A Fact Witness Has No
        Bearing On His Ability To Assist TLC In Pre-Trial Matters      10

II.    THERE IS NO BASIS TO WITHHOLD CONFIDENTIAL
    INFORMATION FROM MARIO CESTE                    12

    A.    Ceste Is Not Involved In Competitive Decision Making      12

    B.    Any Possible Role By Ceste As A Fact Witness Has No
        Bearing On His Ability To Assist TLC In Pre-Trial
        Matters, Including His Ability To Review Confidential
        Information                                  13

III.    BERNARD KOETHER SHOULD BE PERMITTED LIMITED
    ACCESS TO SUMMARIES OF CONFIDENTIAL
    INFORMATION                                     13

## TABLE OF CONTENTS (continued)

Page

IV.  A PROTECTIVE ORDER SHOULD BE ENTERED PROHIBITING ONGOING RESTRICTIONS ON TRIAL COUNSEL ARISING FROM SUBPOENAS ISSUED TO RORY J. RADDING, MORRISON & FOERSTER LLP AND MARIO CESTE ..... 15

A.  The Subpoenas Obstruct TLC's Access To Proper Representation In The Litigation ..... 15

B.  The Subpoenas Are Premature ..... 16

C.  The Subpoenas Are Unduly Burdensome On Their Face ..... 16

CONCLUSION ..... 18

## TABLE OF CITATIONS

Page(s)

**CASES**

*Affymetrix, Inc. v. Illumina, Inc.,*
  2005 U.S. Dist. LEXIS 15482 (D. Del. July 28, 2005) ............................................9

*Allergan Inc. v. Pharmacia Corp.,*
  No. Civ. A 01-141-SLR, 2002 WL 1268047 (D. Del. May 17, 2002) ............................. 10-11

*Cannon Airways, Inc. v. Franklin Holdings Corp.,*
  669 F. Supp. 96 (D. Del 1986).............................................................................10

*Culebras Enterprises Corp. v. Rivera-Rios,*
  846 F.2d 94 (1st Cir. 1998)..................................................................................11

*Funai Elec. Co. v. Orion Elec. Co.,*
  2002 U.S. Dist. LEXIS 20509 (S.D.N.Y. 2002)......................................................17

*Harris v. Wells,*
  1990 U.S. Dist. LEXIS 13215 (D. Conn. 1990) ....................................................16

*In re Sibia Neurosciences,*
  1997 U.S. App. LEXIS 31828 (Fed. Cir. 1997) ......................................................9

*Leonard v. University of Delaware,*
  1997 U.S. Dist. LEXIS 4196 (D. Del. March 20, 1997)..........................................10

*Matsushita Elec. Indus. Co., Ltd. v. United States,*
  929 F.2d 1577 (Fed. Cir. 1991)..............................................................................9

*Medtronic Sofamor Danek, Inc. v. Michelson,*
  No. 01-2373-GV, 2002 U.S. Dist. LEXIS 27981 (D. Tenn. 2002) .........................................14

*O.S. deBraak, Ltd. v. Weymouth Equip. Corp.,*
  1987 U.S. Dist. LEXIS 9966 (D.Del. 1987) ..........................................................10

*Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v.*
  *Friedman (In re Friedman),*
  350 F.3d 65 (2d Cir. 2003)....................................................................................15

*Pitney Bowes, Inc. v. Stamps.com, Inc.,*
  C.A. No. 99-381 (JJF) (D. Del. Apr. 24, 2000) ......................................................9

*R.R. Donnelley & Sons Co. v. Quark, Inc.,*
  C.A. No. 06-032-JJF, 2007 U.S. Dist. LEXIS 424 (D. Del. 2007)...........................................12

*Shelton v. American Motors Corp.*,
   805 F.2d 1323 (8th Cir. 1986) .........................................................................11, 15

*THK Am. v. Nippon Seiko K.K..*,
   141 F.R.D. 461 (N.D. Ill. 1991).................................................................................14

*Uniroyal Chem. Co. v. Syngenta Crop Protection*,
   224 F.R.D. 53 (D. Conn. 2004)..................................................................................14

*U.S. Steel Corp. v. United States*,
   730 F.2d 1465 (Fed. Cir. 1984) .............................................................................. 8-9

## OTHER AUTHORITIES

Fed. R. Civ. P. 16.........................................................................................................1

Fed. R. Civ. P. 26.........................................................................................................1

Fed. R. Civ. P. 26(c)...................................................................................................15

D. Del. L.R. 26.2..................................................................................................1, 5, 9

ABA Model Rule 3.7(a)..............................................................................................11

## INTRODUCTION

In violation of Local Rule 26.2, Defendant Rational Cooking Systems, Inc. ("Rational") refuses to produce confidential information because it objects to providing such information to two counsel of record of Plaintiff Technology Licensing Corporation ("TLC"). Rational's reasons have shifted over time, and in any event, do not justify withholding responsive documents from TLC's counsel. TLC has moved, pursuant to Fed.R.Civ.P. 26, for entry of a Protective Order that expressly permits all counsel of record access to confidential materials and puts reasonable limits on the Subpoenas Rational has served on TLC's counsel. This is TLC's opening brief in support of that motion.

## NATURE AND STAGE OF PROCEEDINGS

This is a patent case involving a single patent owned by TLC, and a single accused Rational product. The patent (U.S. Patent No. 4,920,948 or the "'948 patent") covers a parameter control system used in commercials ovens, and was the subject of two earlier lawsuits against different infringers.[1]   The Complaint in this action was filed on August 18, 2006 (D.I. 1) and an Amended Complaint was filed on August 31, 2006. (D.I. 8.) Rational answered the Amended Complaint on September 29, 2007. (D.I. 14.) On December 29, 2007, the Court entered an agreed Rule 16 Scheduling Order. (D.I.

---

[1]   *Food Automation—Service Techniques, inc. v. United Electric Controls Co.* No. 95-12663 (D.Mass. filed Dec. 8, 1995); *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. Filed Aug. 8, 2005). Both earlier lawsuits were settled before trial.

30.)  On January 23, 2007, the Court entered a further Scheduling Order setting a final pre-trial conference for June 5, 2008.  (D.I. 35.)

Discovery is underway.  The parties exchanged Initial Disclosures on December 22, 2006 (D.I. 27 and 28), and both parties served requests for production and interrogatories in December.  (D.I. 20 and 22)  The parties began to discuss terms for a protective order in December 2006, and most terms were agreed upon by December 18, 2006.

The parties were not able to agree, however, on whether one of TLC's outside counsel, Mario Ceste, should be permitted access to Rational's confidential information.  TLC has attempted to cooperate with Rational in an effort to resolve its concerns about Mr. Ceste, either by agreement, or by order of the Court.  To this end, TLC voluntarily agreed not to disclose confidential information to Mr. Ceste pending resolution of this issue.  (Radding Decl. ¶14, Ex. C.)

Plaintiff's lead counsel in this action is Rory Radding of Morrison & Foerster LLP.  At no time during the December discussions did Rational's counsel ever raise a concern about Mr. Radding having access to confidential information.  Rational's counsel indicated only that they viewed Mr. Radding as a potential fact witness, and stated they might seek his deposition at some point during discovery on that basis.  Rational did not state an intention to withhold any information from Mr. Radding.  (Radding Decl. ¶15.)

Following entry of the agreed Rule 16 Scheduling Order, Rational served a slew of subpoenas.  Many of the subpoenas were duplicative and of the same scope as the document requests directed to TLC.  Three of the subpoenas were directed to TLC's

counsel (Mario G. Ceste, Rory J. Radding, and Morrison & Foerster LLP), one to TLC's

sole proprietor, Bernard Koether, one to FAST, and one to George Koether. (Radding

Decl. ¶16, Ex. D.) None of these subpoenas were necessary, because they are largely

duplicative of the document requests served on TLC, and because they were served on

people and institutions with whom TLC has good working relationships, and who would

have been willing to voluntarily produce documents in response to properly framed

requests of reasonable scope.[2]

TLC offered to make Mr. Ceste available for a limited deposition to

permit Rational to explore the boundaries of Mr. Ceste's current involvement with TLC

and FAST in an effort to demonstrate that Rational's concerns about sharing confidential

information with Mr. Ceste were groundless. (Radding Decl. ¶17.) Rational did not

accept that offer. (*Id.*)

On January 19, 2007, Rational served responses and objections to TLC's

discovery requests. (D.I. 34.) Rational refused to produce confidential documents, and

refused to disclose confidential information in its interrogatory responses. (Radding

Decl. Exs. E and F.) Rational's explanation for these failures was that "[t]here are

ongoing disputes concerning the ability of Mario Ceste to represent TLC and have access

to confidential information in this action." For the first time, Rational also purported to

identify "an additional issue concerning Rory J. Radding's involvement and access to

---

[2]      Rational's subpoenas were overbroad and included, in the case of FAST, 150
requests, which if read literally purport to reach documents since the formation of
FAST in the late 1960s. (E.g., Request no. 43 to FAST requests: "Each document
or thing concerning Bernard G. Koether's role(s) at FAST since its formation to
date.") (Radding Decl. Ex. D.) Nevertheless, FAST is working diligently to
perform a reasonable search of its files, and will produce documents to Rational.

confidential documents in this case."[3]   The "additional issue" Rational identified is "whether Rory J. Radding will be a necessary fact witness at trial pursuant to The Delaware Lawyers' Rule of Professional Conduct 3.7."[4]

Counsel for the parties spoke on January 9 and January 18 in an effort to address Rational's concerns.  When it became clear that the parties could not resolve the issues consensually, they scheduled a telephone conference for January 24, 2007, to discuss, among other topics, the best manner in which to raise the issues with the Court. Counsel for Rational cancelled the January 24 call, however, and has refused to schedule another call to discuss the subject.  (Radding Decl. ¶19, Ex. G.)

On February 2, 2007, counsel for TLC provided counsel for Rational a revised draft Protective Order that adopted the draft Protective Order Rational proposed except for: (i) paragraph 13(a), which makes clear that any counsel of record, including Messers. Ceste and Radding, may have access to confidential information; and (ii) paragraphs 15 and 19, which permit both parties to identify one person to receive summaries of Confidential Information for the limited purpose of participating in case strategy and settlement.

## SUMMARY OF ARGUMENT

Rational has refused to disclose confidential information to lead counsel for TLC and co-counsel for TLC.  Rational attempts to justify its refusal to comply with

---

[3]   Rational's Responses to TLC's First Set of Interrogatories, p. 13 (Radding Decl. Ex. E).

[4]   Rational's Responses to TLC's First Set of Interrogatories, p. 3 (Radding Decl. Ex. E).

D. Del. LR 26.2 by arguing that each attorney will be a necessary witness at trial. The facts, however, do not support Rational's conclusion that either of these attorneys will be a "necessary witness." Further, assuming arguendo that the attorneys were necessary witnesses, the case law does not support Rational's theory that a party may withhold confidential information from counsel of record on that basis.

## STATEMENT OF FACTS

### A.     TLC and The Koethers

Bernard Koether, owner of TLC, is a pioneering entrepreneur in the field of automated food preparation. He founded Food Automation Service Techniques, Inc. ("FAST") in the late 1960s to manufacture and sell controllers for commercial food preparation equipment. FAST is a small company run by Mr. Koether's son, George Koether. Bernard Koether, who is 70 years old, remains Chairman of FAST, but the day-to-day decisions involved in running the business are made by others, including his son George. FAST is not a party to this action, but it has received a subpoena. Collection, review and production of its responsive, non-privileged documents is underway.

### B.     Mario Ceste

Mario Ceste, a former FAST employee, is currently counsel of record to TLC in this litigation. (Declaration of Mario G. Ceste in Support of TLC's Motion for Entry of Protective Order, dated February 5, 2007 ("Ceste Decl.") ¶1.) He was employed by FAST from January 1979 to November 1988. He held various positions at FAST during this period, including manager of quality control and head of OEM. When he left FAST in November 1988, his title was Vice President of Operations, and he was considered part of senior management. (Ceste Decl. ¶2.) Mr. Ceste returned to FAST in

May 1996, as Director of Business Development. His duties included managing FAST's relationships with outside counsel. (Ceste Decl. ¶3.)

In August 1996, Mr. Ceste enrolled at Quinnipiac University School of Law. He was admitted to practice as a patent agent in 1999. He earned his J.D. in May 2000 and was admitted to the Connecticut bar in 2001. (Ceste Decl. ¶4.) After his admission to the bar, Mr. Ceste functioned as FAST's in-house counsel and also began practicing part-time as a solo practitioner. (Ceste Decl. ¶5.) From approximately 2002 until November 2004, Mr. Ceste ran a separate business unit of FAST, SCK, Inc., a networking communications company also founded by Bernard Koether. During that time, he did not participate in management decisions relating to FAST. (Ceste Decl. ¶6.)

In November 2004, Mr. Ceste left FAST's employment. He had no business contact with FAST until April 2005, when he was retained as outside counsel to assist in one of the earlier litigations involving the '948 patent in suit. (Ceste Decl. ¶7.) Beginning in the spring of 2005, Mr. Ceste has primarily represented FAST in connection with litigation on the '948 patent. His representation also includes liaising with specialized counsel for FAST on patent, insurance, and product liability issues. (Ceste Decl. ¶8.) In April 2006, Mr. Ceste was also retained by TLC as outside counsel to assist with potential litigation involving the '948 patent. (Ceste Decl. ¶9.) Mr. Ceste also advises TLC on license and non-disclosure agreements. (Ceste Decl. ¶10.)

As outside counsel, Mr. Ceste has no role in competitive decision making at FAST or TLC, including having no role in product design or development, manufacturing, pricing, or marketing. (Ceste Decl. ¶11.)

C.    Rory J. Radding

Rory J. Radding has represented Rational, FAST and TLC on several matters, beginning in 1992. (Radding Decl. ¶4.) Mr. Radding was a senior partner in the Pennie & Edmonds firm until December 31, 2003, when that firm ceased the practice of law. (Radding Decl. ¶2.) Mr. Radding joined the Jones Day firm on January 1, 2004, and left that firm to join Morrison & Foerster LLP on November 1, 2004. (Radding Decl. ¶¶ 2 and 3.) FAST did not follow Mr. Radding to Morrison & Foerster, but rather chose to transfer its files to Edwards Angell Palmer & Dodge LLP. (Radding Decl. ¶9.) Morrison & Foerster was retained by FAST and TLC in April 2006 in connection with possible enforcement of the '948 Patent. (Radding Decl. ¶10.)

Rational has never made clear to TLC the basis for its objection to Mr. Radding having access to Rational's confidential information. Mr. Radding authored a letter dated September 24, 1998 that Rational may assert supports some of its defenses. (*See* Rational's Answering Brief in Opposition to TLC's Motion for an Expedited Schedule (D.I. 10, at 8-9).) Mr. Radding sent this letter in response to an August 24, 1998 letter from Rational's counsel to Bernard Koether, which consisted primarily of a non-infringement analysis for a product not at issue in this case. (Radding Decl. ¶7.) Copies of the relevant correspondence are attached to the Declaration of Rory Radding submitted herewith. (Radding Decl. Ex. A.) Rational has also raised Mr. Radding's representation of FAST in the *United Electric* case as a reason he should be denied access to confidential information.

D.    Rational's Subpoenas

On January 9, 2007, Rational served a subpoena on Mr. Ceste. (Ceste Decl. ¶12.)  On the same day, Rational served subpoenas on Rory J. Radding and Morrison & Foerster LLP.  Since receipt of these subpoenas, Morrison & Foerster has imposed a litigation hold on documents that are potentially responsive to the subpoena. Any attorneys and/or staff who have ever worked on this litigation have been admonished not to "discard, alter, or destroy any paper or electronic document that relates in any way to the above matter."  Broadly interpreted, this requires all of these people to retain all internal e-mail correspondence, internal notes and drafts, among other documents.  As a result, for example, an associate who assists in this litigation must retain all attorney work product, including all drafts, notes of privileged communications, and case law printouts. (Radding Decl. ¶21.)

## ARGUMENT

I.    THERE IS NO BASIS FOR RATIONAL TO WITHHOLD CONFIDENTIAL INFORMATION FROM RORY RADDING

A.    Radding Is Not Involved In Competitive Decision Making

This Court and others frequently address concerns about providing confidential information to counsel for opposing parties.  The leading case on the subject is *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), in which the Federal Circuit vacated and remanded an order that denied in-house counsel access to confidential information.  The Federal Circuit reasoned that whether counsel should be allowed access to confidential information under a protective order "is governed by the factual circumstances surrounding each individual counsel's activities, association and

relationship with a party[.]" *Affymetrix, Inc. v. Illumina, Inc.*, 2005 U.S. Dist. LEXIS 15482, at *6 (D. Del. July 28, 2005). The touchstone of this factual inquiry is whether counsel participates in "competitive decision making" on matter such as "pricing, product design, etc." for the opposing party. *U.S Steel,* 730 F.2d at 1468-69. Participation in "competitive decision making" cannot be inferred from regular contact with decision makers. Instead, the key inquiry is whether counsel advises on, and participates in, the decisions themselves. *Matsushita Elec. Indus. Co., Ltd. v. United States*, 929 F.2d 1577, 1580 (Fed. Cir. 1991).

Rational has not provided TLC with any purported basis for withholding Rational's confidential information from Rory Radding, nor could it possibly do so. Mr. Radding has never had a relationship other than as outside counsel with TLC or FAST, and he has never participated in competitive decisions TLC or FAST makes, including those regarding pricing and product design. Accordingly, there is no factual basis on which to preclude Mr. Radding from receiving confidential information, and denying him access to such materials would cause serious and unnecessary hardship to the client, TLC. *See In re Sibia Neurosciences*, 1997 U.S. App. LEXIS 31828, *9-10 (Fed. Cir. 1997) ("denying access to [defendant]'s outside counsel would pose a serious and unnecessary hardship"). There is no basis for Rational's failure to comply with D. Del. LR 26.2. *See Pitney Bowes, Inc. v. Stamps.com, Inc.,* C.A. No. 99-381 (JJF) (D. Del. Apr. 24, 2000) (Ex. A) (ordering defendant to comply with Local Rule 26.2, notwithstanding that defendant was not satisfied with the proposed protective order).

B.    Radding's Possible Role As A Fact Witness Has No
       Bearing On His Ability To Assist TLC In Pre-Trial
       Matters

Rational appears to base its objection to Mr. Radding having access to confidential information on his involvement in limited pre-litigation correspondence with counsel for Rational. This correspondence has no bearing on Mr. Radding's ability to assist TLC in pre-trial matters.

First, Mr. Radding is highly unlikely to be a necessary witness at trial.[5] His September 24, 1998 letter speaks for itself, and to the extent relevant, any non-privileged information Mr. Radding may have is cumulative of the information in the possession of the other parties involved. *See Leonard v, University of Delaware*, 1997 U.S. Dist. LEXIS 4196 (D. Del. March 20, 1997). Second, even if the Court were to find him a necessary witness at trial, this would not preclude him from reviewing confidential information during discovery. *See* Section IA. Indeed, it is hard to imagine that Rational will ever be able to show cause to take Mr. Radding's deposition about this meeting, given that there are other readily available sources for any arguably relevant information of which Mr. Radding might have knowledge.[6]

---

[5]    In arguably analogous situations, this Court has repeatedly held that a lawyer is not a necessary witness merely because one party claims that oral representations were made during meetings attended by counsel. *See e.g.*, *O.S. deBraak, Ltd. v. Weymouth Equip. Corp.*, 1987 U.S. Dist. LEXIS 9966 (D. Del. 1987); *Cannon Airways, Inc. v. Franklin Holdings Corp.*, 669 F. Supp. 96 (D. Del. 1986). *See also Leonard v. University of Delaware*, 1997 U.S. Dist. LEXIS 4196 (D. Del. March 20, 1997) (denying motion to disqualify where lawyer's testimony would be merely cumulative.)

[6]    Taking discovery of opposing counsel is disfavored. There is a three part test that must be met before opposing counsel can be deposed. *Id.* at 1327. *Allergan Inc. v. Pharmacia Corp.*, No. Civ. A 01-141-SLR, 2002 WL 1268047, at *1 (D. Del May 17, 2002) (rejecting a request to depose trial counsel because the 3 part test
(continued . . .)

Even assuming *arguendo* that Rational could demonstrate that Mr. Radding will be a *necessary* witness at trial, the result would only be to disqualify him from representing TLC *at the trial*. ABA Model Rule 3.7(a) merely prohibits a lawyer from acting as an advocate at a trial where he or she will be a necessary witness. *See Culebras Enterprises Corp. v. Rivera-Rios,* 846 F.2d 94, 99 (1st Cir. 1998). Paticipation in pre-trial proceedings is not prohibited. *Id.* This rule has no bearing on whether the lawyer may participate in pre-trial preparations, including having access to confidential documents produced in discovery.

Because nothing in the ethical rules prohibits even a necessary witness from participating in pre-trial proceedings, there is no basis to withhold confidential information from Mr. Radding during pre-trial discovery. This is especially true where, as here, the confidential information at issue most likely has nothing to do with the subject matter of the lawyer/witness' expected testimony. Rational's confidential information is likely to fall into two general categories: (1) technical information about the operation of the accused product, and (2) financial and commercial information about product sales. Mr. Radding has no personal knowledge of, and thus could not be expected to testify about, either of these subjects.

Concerning Rational's purported basis for making Mr. Radding a necessary witness, Rational's February 2 letter says that "Mr. Radding will be a necessary fact witness as to the existence of [documents produced by an opposing party in a prior litigation], the prior art raised [in the prior litigation], the invalidity positions

---

(. . . continued)
set out in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), was not met.)

taken [in the prior litigation], as well as the events dictating that the materials be sent to him." (Radding Decl. ¶20, Ex. G). If Rational's articulated basis were sufficient to cause litigation counsel to be a "necessary fact witness," no attorney could represent a party with respect to the same patent twice. Rational's position simply finds no basis in the case law.

## II.    THERE IS NO BASIS TO WITHHOLD CONFIDENTIAL INFORMATION FROM MARIO CESTE

### A.    Ceste Is Not Involved In Competitive Decision Making

Mr. Ceste does not participate in competitive decision making at FAST (Ceste Decl. ¶11), and, thus, there is no basis to withhold Rational's confidential information from him. *See* Section IA. Mr. Ceste has not been employed by FAST since November 2004. (Ceste Decl. ¶7.) His current relationship with FAST and TLC is solely as outside counsel, and as such he has no role in decisions regarding product design or development, manufacturing, pricing, or marketing. (Ceste Decl. ¶11.) Mr. Ceste is "isolated from competitive decisionmaking," and, accordingly, he should be permitted to review confidential information as necessary to represent TLC in this lawsuit. *R.R. Donnelley & Sons Co. v. Quark, Inc.*, C.A. No. 06-032-JJF, 2007 U.S. Dist. LEXIS 424, *5 (D. Del. 2007) (quoting *Intel Corp. v. VIA Tech., Inc.*, 198 F.R.D. 525, 529 (N.D. Ca. 2000)).

B.    Any Possible Role By Ceste As A Fact Witness Has No Bearing On His Ability To Assist TLC In Pre-Trial Matters, Including His Ability To Review Confidential Information

Rational contends Mr. Ceste will be an important fact witness, apparently because he attended a meeting in 1998 while employed by FAST, during which the '948 patent and possible business arrangements between FAST and Rational were discussed.[7] (D.I. 10 at 7-8.) The other attendees at that meeting include Bernard Koether, Hilmar Messerschmidt (a past consultant to FAST), and several Rational representatives. It is hard to imagine that participation at this one meeting could render Mr. Ceste a necessary witness at trial. *See* Section IB. Even if the Court were to find him a necessary witness at trial, however, this would not preclude him from reviewing confidential information during the early stages of discovery. *Id.*

III.    BERNARD KOETHER SHOULD BE PERMITTED LIMITED ACCESS TO SUMMARIES OF CONFIDENTIAL INFORMATION

TLC has proposed a two tiered protective order in this case, in which one designee from each party would have access to summaries of the other party's confidential information for the limited purpose of participating in case strategy and settlement. Rational has refused to agree to this proposal, and would deny Bernard Koether, founder and sole owner of TLC, access to information necessary to provide assistance to TLC's counsel in this litigation.

---

[7]    Rational's Answering Brief in Opposition to TLC's Motion for an Expedited Schedule contains Rational's description of the meeting. (D.I. 10 at 7-8.)

Courts permit access to confidential information by employees of a competitive company, where the access given is incomplete or the burden of using an outside expert on a small company outweighs the risk of competitive harm. For example, in *Uniroyal Chem. Co. v. Syngenta Crop Protection*, the court entered a protective order with three levels of confidentiality, one of which allowed access to three designated employees of each party. 224 F.R.D. 53, 57-58 (D. Conn. 2004). The Court entered the protective order based on the argument that the party requesting access to confidential information did not have experts and could not otherwise mount its defense. *Id.* at 57. In *THK Am. v. Nippon Seiko K.K.*, the court permitted access to the president of "a company with fewer than 40 employees," because the small company lacked sufficient in-house resources to litigate without its president's full assistance. 141 F.R.D. 461, 462 (N.D. Ill. 1991); *see also Medtronic Sofamor Danek, Inc. v. Michelson*, No. 01-2373-GV, 2002 U.S. Dist. LEXIS 27981, *15-16 (D. Tenn. 2002) (allowing access to confidential materials to owner of defendant based on the small risk of abusing the information compared with the impact of prohibiting access).

The Court should enter TLC's proposed protective order based on the same principles. First, TLC's proposed order is narrowly crafted to prevent competitive harm. TLC is not seeking complete access for all of TLC's employees; rather, it simply seeks to have a single designee receive summaries of confidential information. In addition, the designee could only use the summaries for the limited purpose of participating in case strategy and settlement. Second, the burden on TLC if it is denied access outweighs any risk of competitive harm. TLC is a small company and hiring an expert would be onerous. Thus, Rational's proposed protective order would "unduly

'hamstring'" TLC's efforts in this litigation and TLC's proposed protective order should be entered. *THK*, 141 F.R.D. at 462.

IV.    A PROTECTIVE ORDER SHOULD BE ENTERED PROHIBITING ONGOING RESTRICTIONS ON TRIAL COUNSEL ARISING FROM SUBPOENAS ISSUED TO RORY J. RADDING, MORRISON & FOERSTER LLP AND MARIO CESTE

Rational has chosen to issue three subpoenas (the "Subpoenas") to TLC's current litigation counsel:  Rory Radding, and Morrison & Foerster LLP, the law firm of which Mr. Radding is currently a partner, and Mario Ceste.[8]  The Subpoenas create an undue burden on Messrs. Ceste and Radding and Morrison & Foerster.  Accordingly, the Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) limiting the scope of the Subpoenas to documents created prior to April, 2006, when counsel were retained.

A.    The Subpoenas Obstruct TLC's Access To Proper Representation In The Litigation

The Subpoenas are an improper attempt by Rational to interfere with TLC's legal representation.  Courts have long discouraged discovery of opposing counsel for numerous reasons, including disruption to the adversarial nature of the justice system, the increase in the time and cost of litigation, and detraction from the quality of client representation. *See Shelton*, 805 F.2d at 1327.

---

[8]    Rational has also stated that it plans to seek the depositions of such counsel, although Rational has not indicated how such depositions would be proper under *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Friedman)*, 350 F.3d 65, 72 (2d Cir. 2003) or *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

The Subpoena requests here are unlimited to *any* time period. They, thus presumably would require TLC's attorneys to log virtually each privileged communication that they have had with TLC, irrespective of when such communication occurred. And, on their face, the requests would require TLC's attorneys to continue to do so. Such a requirement would have a silencing effect on communications between TLC and its attorneys, and would hamper the ability of TLC's attorneys to provide effective representation to their client.

> B.    The Subpoenas Are Premature

A protective order also should be issued because the subpoenas are premature. Courts have held that party discovery should be attempted before discovery of non-parties is allowed. *See Harris v. Wells*, 1990 U.S. Dist. LEXIS 13215, at *12 (D. Conn. 1990) (staying discovery against non-parties until it could be determined whether discovery could be obtained from a party). Rational cannot make such a showing. Discovery on the parties has only just begun and it is simply too early in this litigation for Rational to demonstrate that no other means exist to obtain the information it seeks. Indeed, given the nature of the discovery sought, it is highly likely that it can be obtained from other sources. Until Rational exhausts the ordinary methods available for party discovery, Rational cannot know whether there is any necessary information that cannot be obtained from TLC.

> C.    The Subpoenas Are Unduly Burdensome On Their Face

The requests are unduly burdensome in that they are not limited in time and literally would require counsel to log ongoing communications with their client. In

addition, the Subpoenas are unduly broad in that they include 37 document requests to Mr. Ceste and 24 requests to Mr. Radding and Morrison & Foerster.[9]  For example, as written, the Subpoenas purport to require Morrison & Foerster to review the files of over 1000 Morrison & Foerster attorneys located in 18 offices throughout the world.

The Subpoenas are particularly overbroad in that information responsive to the requests can be found in responses to the 132 document requests that Rational served on TLC.  TLC is a party to this litigation; Mr. Ceste, Mr. Radding and Morrison & Foerster are not.  As non-parties, they are subject to a lesser burden than the parties.  See *Funai Elec. Co. v. Orion Elec. Co.*, 2002 U.S. Dist. LEXIS 20509, *4 (S.D.N.Y. 2002). Rational has not made any showing that the information it has requested is not available from TLC.

---

[9]    Moreover, the requests to Mr. Radding and Morrison & Foerster are entirely identical, to the point where numerous of the requests are meaningless.  For example, request no. 16 states:  Each document or thing concerning the reason(s) why you insisted that counsel for United Electric Controls Company ("UEC") turn over to you all of their files, including UEC's work product, attorneys' files and prior art regarding the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).  As Rational is aware, Mr. Radding's representation of TLC began long before he joined Morrison & Foerster, and Morrison & Foerster had absolutely no role in the referenced litigation.

CONCLUSION

For the foregoing reasons, TLC respectfully requests that the Court enter a protective order permitting TLC's counsel of record access to confidential information and one client representative to have access to summaries of confidential information, and limiting the scope of the subpoenas on Rory J. Radding, Morrison & Foerster and Mario G. Ceste to documents generated before April, 2006, when counsel was engaged by TLC for this litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Karen Jacobs Louden*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
    Attorneys for plaintiff

OF COUNSEL:

Rory J. Radding
James E. Hough
Colette A. Reiner
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
(212) 468-8000

Mario G. Ceste
The Law Offices Of Mario G. Ceste, LLC
P.O. Box 82
Wallingford, CT  06492
(203) 678-6418

February 6, 2007
730470.1

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that February 6, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Frederick L. Cottrell, III
Richards, Layton & Finger

I also certify that copies were caused to be served on February 6, 2007 upon the following in the manner indicated:

**BY HAND**
Frederick L. Cottrell, III
**Richards, Layton & Finger**
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

**BY FEDERAL EXPRESS**

Edgar H. Haug
Porter F. Fleming
**Frommer Lawrence & Haug LLP**
745 Fifth Avenue
New York, NY 10151

*/s Karen Jacobs Louden*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF DELAWARE

PITNEY BOWES, INC.,                  :
                                     :        APR 24    4 55 PM '00
            Plaintiff,               :
                                     :
     v.                              :        Civil Action No. 99-381-JJF
                                     :                CLERK
STAMPS.COM, INC.,                    :         U.S. DISTRICT COURT
                                     :         DISTRICT OF DELAWARE
            Defendant.               :

## MEMORANDUM ORDER

WHEREAS, presently before the Court is Pitney Bowes' letter request for the Court's assistance in compelling Stamps.com's responses to Pitney Bowes' discovery requests (D.I. 36);

WHEREAS, by way of its letter, Pitney Bowes alleges that in the absence of a protective order, discovery has stalled based on Stamps.com's refusal to produce documents pursuant to D. Del. R. 26.2 ("Local Rule 26.2") (D.I. 36);

WHEREAS, in response, Stamps.com has advised the Court that it is optimistic that the parties would be able to reach agreement on a protective order and that document production would begin shortly (D.I. 37);

WHEREAS, Stamps.com also argues that Local Rule 26.2 does not provide sufficient protection because it would permit outside counsel for Pitney Bowes who are involved in the prosecution of Internet patent applications access to Stamps.com's confidential documents (D.I. 37 at 2);

WHEREAS, Pitney Bowes maintains that its outside litigation counsel of record in this action, are not involved in the prosecution of Internet patent applications (D.I. 38);

WHEREAS, the parties have represented to the Court that they will continue to work to seek to reach agreement with respect to a protective order;

NOW, THEREFORE, IT IS HEREBY ORDERED this 24 day of April, 2000 that Stamps.com shall comply with Local Rule 26.2 and produce the requested discovery no later than April 28, 2000, unless otherwise resolved by the parties prior to April 28, 2000.

UNITED STATES DISTRICT JUDGE

2