IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION,  )
a Florida corporation,                             )
                                                           )
                              Plaintiff,              )        C.A. No. 06-515(JJF)
                                                           )
RATIONAL COOKING SYSTEMS, INC.,      )
  a Delaware corporation,                        )
                                                           )        **REDACTED VERSION**
                                                           )
                              Defendant.           )
                                                           )


**DECLARATION OF RORY J. RADDING IN SUPPORT OF TLC'S
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

ny-734368

I, RORY J. RADDING, hereby declare as follows:

1.    I am a member of the law firm of Morrison & Foerster LLP and lead trial counsel for plaintiff, Technology Licensing Corporation ("TLC"), in the above captioned matter. I have been admitted *pro hac vice* in this matter. I submit this declaration in support of TLC's motion for entry of a protective order. If called to testify, I could and would attest to the matters set forth herein from my own personal knowledge.

2.    Beginning in 1975, I was an associate, partner and finally senior partner at Pennie & Edmonds LLP, until Pennie & Edmonds LLP ceased the practice of law on December 31, 2003. From January 1, 2004 until October 31, 2004, I was a partner at Jones Day.

3.    I joined the firm of Morrison & Foerster LLP as a partner and head of the Intellectual Property Group in the New York office on November 1, 2004, and continue in that capacity at the firm.

4.    In 1992, I began to represent Food Automation Service Techniques, Inc. ("FAST") in all its intellectual property matters including patent prosecution, licensing and litigation. I took over all matters handled by its prior counsel as well as began working on new matters. Files were transferred to Pennie & Edmonds LLP from FAST's prior IP counsel, Felfe & Lynch. Felfe & Lynch prosecuted U.S. Patent No. 4,920,948 ("'948 Patent") which issued on May 1, 1990, two years before I became counsel to FAST.

5.    In 1995, I filed an action on FAST's behalf against United Electric Corporation in the District of Massachusetts for infringement of the '948 patent. In the summer of 1997, I represented FAST in a mediation before Magistrate Judge Zachary Karol and, in my capacity as counsel, assisted in negotiation of the settlement of the litigation. As part of that

settlement, United Electric entered a consent judgment that the '948 patent was valid and infringed. United Electric also went out of the business related to the subject matter of the '948 patent and provided FAST with all documents, files and information related to that business including its attorney's files involving the litigation. The files were to be sent to Pennie & Edmonds LLP.

6.     Also, during the mid-1990's, I assisted European counsel for FAST in connection with an Opposition proceeding in the European Patent Office brought by the predecessor in interest to Rational A.G., parent of defendant Rational Cooking Systems, Inc., in which it raised prior art and challenged the patentability of the European counterpart application to the '948 Patent. Rational A.G.'s predecessor lost the Opposition in 1998.

7.     Thereafter in late August or early September 1998, the Chairman of FAST, Bernard G. Koether, asked me to respond to a letter dated August 24, 1998 he received from Rational's Counsel, Brett Valiquet of Hill & Simpson. Mr. Valiquet's letter primarily asserted non-infringement theories concerning the '948 Patent vis-à-vis a product not at issue in this action and also raised an issue under 35 U.S.C. § 112. I responded to Mr. Valiquet by letter dated September 24, 1998, and suggested that instead of attorney letters, it may be best to have the businessmen contact each other to further licensing negotiations. He sent me a reply letter dated October 12, 1998, repeating the previously articulated non-infringement theories. (True and correct copies of the three letters are attached as Exhibit A). To the best of my knowledge, I did not respond to the October 12 letter.

8.     On January 1, 2004, when I joined Jones Day, FAST transferred from Pennie & Edmonds LLP and became a client of Jones Day.

9.     On October 27, 2004, FAST changed counsel for all the matters I was handling and requested that Jones Day transfer all of FAST's files to the law firm of Edwards Angell Palmer & Dodge LLP. My last day with Jones Day was October 31, 2004, and I am unaware of what specific files were transferred from Jones Day to Edwards Angell Palmer & Dodge LLP.

10.     As noted above, on November 1, 2004, I joined the law firm of Morrison & Foerster LLP. FAST was not, and did not become, a client Morrison & Foerster LLP at that time. Thereafter, in April 2006, FAST engaged Morrison & Foerster LLP for the first time in connection with possible patent infringement litigation involving the '948 patent.

11.     On August 18, 2006, FAST and Technology Licensing Corporation ("TLC") filed a complaint against Rational Cooking Systems, Inc. ("Rational") for infringement of the '948 patent in connection with Rational's new product, the Self Cooking Center oven. On August 31, 2006 an Amended Complaint was filed removing FAST as a plaintiff.

12.     The parties to this action held a Rule 26(f) conference on December 1, 2006. At that time, counsel for Rational raised a concern about my co-counsel Mario Ceste having access to confidential information. Rational's counsel also stated that they intended to seek discovery from me concerning the exchange of correspondence I had with Mr. Valiquet of Hill & Simpson in 1998. I told them that I did not understand how an exchange of letters between counsel made me a necessary fact witness. Rational's counsel did not elaborate further at that time regarding any basis for seeking discovery from me.

13.     On December 18, 2006, counsel for the parties conferred on the schedule and a protective order but were not able to agree on one primary issue: whether Mario Ceste should be permitted access to Rational's confidential information.

14.    TLC has attempted to cooperate with Rational in an effort to resolve its concerns about Mr. Ceste, either by agreement, or by order of the Court. TLC voluntarily agreed not to disclose confidential information to Mr. Ceste pending resolution of the issue. (Exhibit B is a true and correct copy of my January 8, 2007 letter in which TLC's voluntary agreement is set forth).

15.    At no time during these discussions did Rational's counsel ever raise a concern about my access to confidential information. Rational's counsel indicated only that they viewed me as a potential fact witness, and on that basis stated they may seek my deposition. They did not state an intention to withhold information from me, however.

16.    Early in December 2006, Rational served document requests and interrogatories on TLC. Following entry of the agreed Rule 16 Scheduling Order, Rational served a large number of subpoenas. Many of the subpoenas were duplicative and of the same scope as the TLC document request. Three of the subpoenas were directed to TLC's counsel (Mario G. Ceste, Rory J. Radding, and Morrison & Foerster LLP), one to TLC's sole proprietor, Bernard Koether, one to FAST, and one to George Koether. (True and correct copies of all six subpoenas are attached as Exhibit C).

17.    TLC offered to make Mr. Ceste available for a limited deposition to permit Rational to explore the boundaries of Mr. Ceste's current involvement with TLC and its related company FAST. Rational did not accept that offer.

18.    On January 19, 2007, Rational served responses and objections to TLC's discovery requests. Rational refused to provide confidential documents, and refused to disclose confidential information in its interrogatory responses. (A true and correct copy of Rational's responses to TLC's first set of interrogatories is attached as Exhibit D. A true and correct copy

of Rational's responses to TLC's first set of requests for the production of documents is attached

as Exhibit E). Rational stated that "there are on-going disputes concerning the ability of Mario

Ceste to represent TLC and have access to confidential information in this action." For the first

time, Rational also purported to identify "an additional issue concerning Rory J. Radding's

involvement and access to confidential documents in this case." The "additional issue" Rational

identified is "whether Rory J. Radding will be a necessary fact witness at trial pursuant to The

Delaware Lawyers' Rule of Professional Conduct 3.7."

19. Counsel for the parties spoke on January 9 and 18 in an effort to address

Rational's concerns. When it became clear that the parties could not resolve the issues

consensually, they scheduled a telephone conference for January 24, 2007, to discuss, among

other topics, the best manner in which to raise the issues with the Court. Counsel for Rational

cancelled the January 24 call, however, and refused to take or schedule another call to discuss the

subject. (True and correct copies of the correspondence (without exhibits) between TLC's

counsel and Rational's counsel regarding these issues are attached as Exhibit F.)

20. In a letter to TLC's counsel dated February 2, 2007 (a true and correct

copy of which is part of the set of correspondence attached as Exhibit F), Rational purported to

articulate reasons for why I am a necessary fact witness:

> As you know, Mr. Radding was an author, recipient and participant
> in significant events involving TLC, FAST, Rational and the
> '948 patent. Mr. Radding also received key documents from a
> previous litigation concerning the '948 patent, *Food Automation-
> Service Techniques, Inc. v. United Electric Controls Co.*,
> No. 95,12663. As a noteworthy example how additional issues <u>do</u>
> arise when documents are produced, the production from United
> Electric Controls Co. ("UEC") included an agreement stating that
> the UEC documents from the case, including documents relating to
> UEC's defenses (e.g., invalidity), were <u>required</u> as part of the
> settlement to be sent directly to Rory Radding. Mr. Radding will
> be a necessary fact witness as to the existence of these documents,

> the prior art raised, the invalidity positions taken, as well as, the
> events dictating that the materials be sent to him. These types of
> participation and factual involvement call into question
> Mr. Radding's ability to act as trial counsel in this case.
> Accordingly, Mr. Radding should not be on the protective order as
> counsel with access to our client's confidential information.
>
>                              * * *
>
> Similarly, Mr. Radding was clearly the key individual with respect
> to communications relating directly to certain of our defenses and
> counterclaims. Moreover, the unusual circumstances whereby
> Mr. Radding required UEC to turn over all of its documents,
> including UEC's attorneys' work product files to him, as part of
> the FAST/UEC settlement is further evidence that he has unique
> information on this topic and likely others.

However, none of the reasons set forth by Rational would make me a necessary witness.
Assuming the information Rational believes I have is even relevant to Rational's defenses, there
are certainly other people who could testify to the same information. Moreover, none of
Rational's reasons provide any basis for precluding me from seeing Rational's confidential
information, since what may have been done in a lawsuit against a third party ten years ago
should have no bearing on Rational's current technology and business.

       21.      Since receipt of the subpoena directed to Rory Radding and Morrison &
Foerster LLP, the firm has had a litigation hold on documents. The attorneys and staff who have
worked on this litigation have been admonished not to "discard, alter, or destroy any paper or
electronic document that relates in any way to the above matter." Broadly interpreted, this
requires all of us to retain all internal e-mail correspondence, internal notes and drafts, among
other documents. As a result, for example, an associate who assists in this litigation must retain
all attorney work product, including all drafts, notes of privileged communications, and case law
printouts. I consider this to be an unnecessary, unreasonable, and undue burden and impediment
for litigation counsel in an active ongoing case.

ny-734368                                                 7

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

6th day of February, 2007, in New York, New York.

Rory J. Radding

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that February 7, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell, III
> Richards, Layton & Finger

I also certify that copies were caused to be served on February 7, 2007 upon the following in the manner indicated:

### BY HAND

Frederick L. Cottrell, III
**Richards, Layton & Finger**
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Edgar H. Haug
Porter F. Fleming
**Frommer Lawrence & Haug LLP**
745 Fifth Avenue
New York, NY   10151

*/s  Karen Jacobs Louden*
klouden@mnat.com

# EXHIBIT A

# HILL & SIMPSON

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
CHICAGO, ILLINOIS 60606

JOHN D. SIMPSON *
LEWIS V. NYKAMMAR
JAMES A. HOERLING
DENNIS A. CROSS
ROBERT H. BAGGOTT
STEVEN H. NOLL
KEVIN W. GUTEN
SCOTT W. PETERSEN
ROBERT H. WARD
BETTE A. VALIGNCY
R. DENNIS CLASSZKKE
LEWIS T. STEADMAN, JR.
BERNARD A. LEHMAN
DAVID R. METZGER
TODD R. RAROHURST
JOHN R. NYWEIDE
JAMES D. HOSART
MELVIN A. ROBINSON
JOHN G. DAUGHEY
O. GRANT McDONNELL

BRUE H. MATTSON
PAULA J. KELLY
JOHN W. CORNELL

ROBERT J. DEPKE
PATRICIA A. KANE
JOSEPH B. READEN
MICHAEL A. KIEL
MICHAEL R. LEONARD
BRYAN J. LEMPIA
WILLIAM Z. VAUGHAN

JAMES VAN SANTEN
WILLIAM D. STUDERE
J. ARTHUR GROSS
MARVIN MCCOY

DOLORES K. HANNA
SPECIAL FENNSHANE COUNSEL

CHICAGO OFFICE
85TH FLOOR SEARS TOWER
CHICAGO, ILLINOIS 60606
TELEPHONE (312) 876-0200
FACSIMILE (312) 876-0800
INTERNET: DONDSSI@hillhsn.com

WASHINGTON OFFICE
SUITE 1004-BLDG. I
2001 JEFFERSON DAVIS HIGHWAY
CRYSTAL CITY
ARLINGTON, VIRGINIA 22202
TELEPHONE (703) 413-1018

* MUNICH OFFICE
FRANKJOSEPH R STRASSE 36
D80801 MUNICH, GERMANY
49-89-347080

August 24, 1998

VIA TELEFAX
CONFIRMATION VIA MAIL

Mr. Bernard G. Koether
Chairman
FOOD AUTOMATION SERVICE TECHNIQUES, INC.
905 Honeyspot Road
Stratford, CT 06497

RE:    FAST U.S. Patent No.4,920,948 - Our Case No. R90.2966

Dear Mr. Koether:

Your letter of June 17, 1998 advising of U. S. Patent No. 4,920,948 to Henny Penny Corporation, has recently been forwarded to us for response.

We represent Rational, manufacturer of the ics ClimaPlus Sure Chef Combi. They have asked that we respond to your letter of June 17 since Rational supplies that Combi product to Henny Penny.

Our specialty is intellectual property matters. We have studied your patent and the file wrapper thereof together with cited prosecution prior art. It is our opinion, that the claims are clearly not infringed by the ClimaPlus Combi, and the claims are invalid at least under 35 U.S.C. §112, paragraph 1.

## Non-Infringement

Claims 1-13 (and particularly independent claims 1, 11 and 12), all contain "means-plus-function" clauses which, in accordance with recent significant Federal Circuit decisions, and particularly *Chiuminatta Concrete Concepts, Inc. v. Cardinal Industries, Inc.,* 46 USPQ 2d 1752 (Fed. Cir. 1998) (copy enclosed), are to be interpreted in a very well-defined and limited way both for literal infringement and for doctrine of equivalents

Mr. Bernard G. Koether
Page 2

infringement pursuant to 35 U.S.C. §112, paragraph 6. As stated in paragraph 6, an element in a claim may be expressed as a means for performing a specified function and the claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof. For exemplary purposes, we will discuss claim 11 hereafter, although the same reasoning can be applied to the other independent claims 1 and 12. Of course, if the independent claims are not infringed the dependent claims are not infringed.

Claim 11 contains many means-plus-function elements. For a literal infringement analysis, it is first necessary to determine the structure referred to in the specification which performs the function of each means-plus-function element. For simplicity, we will confine our analysis at this time in claim 11 to the last means-plus-function clause - namely "the programmed means for controlling a plurality of time intervals for predetermined values of the temperature and predetermined values of the humidity, per product key, of the heating medium in the oven". Although it is our opinion that there is no literal or doctrine of equivalents infringement of the other means-plus-function elements of this claim, for simplicity at this time we will describe reasons why in our opinion the last means-plus-function element is not found literally or under the doctrine of equivalents in the ClimaPlus Combi.

The specification of the '948 patent, shows for example, in Figures 5, 6 and 7, a system by which the time intervals are shortened or lengthened by use of lookup table values per product. Although Figures 5, 6 and 7 are somewhat vague, as are the corresponding descriptive portions of the specification, it appears at this time to us that the time interval is either shortened or lengthened based on lookup table values whereby a temperature is entered along with a specific time for a cooking time interval at 80 in Figure 7, and the cooking time interval is modified based on look-up table values relating to temperature deviations. We can find no disclosure in the specification as to how humidity (or for that matter flow rate) would control the time interval. As to these points, we will discuss invalidity under Section 112, paragraph 1 later, below.

In the ClimaPlus Combi in the fixed temperature mode, the operator defines the time length of the time interval. In this mode, of course, the ClimaPlus Combi could never infringe since claim 11 refers to controlling the time interval for predetermined values of the temperature and humidity for product key of the heating medium in the oven.

When the ClimaPlus Combi is in the core temperature mode, the time interval stops when the core temperature is reached and the operator does not enter a time duration. Thus, it is the core temperature probe and the core temperature which controls the length of the time interval in this mode and not the temperature of the heating medium or the humidity setting. Therefore, there is no literal infringement. In accordance with the means-plus-function legal requirements, to determine whether or not there is literal infringement,

Mr. Bernard G. Koether
Page 3

not only must there be identify of functions, but also one must compare the Figures 5, 6 and 7 specification structural disclosures coupled with the corresponding written portions of the specification describing structure relating to control of time intervals to the ClimaPlus Combi structure. Clearly, structure for terminating a cooking step with a meat probe is a very different structure than the complicated lookup table system described in the '948 patent of the specification, and under the Chuiminatta decision, any equivalent under 35 U.S.C. §112, paragraph 6, must perform the identical function and have structure which is either identical or only changed insubstantially from the disclosed specification structure. Clearly, the meat probe structure and its related hardware and software is clearly a very different structure than the look-up table structure disclosed.

With respect to the doctrine of equivalents, from the Chuiminatta decision it is clear that absent a very limited exception for after-developed technology (even for after-developed technology the "insubstantial differences" test still applies), if there is no equivalents for literal infringement under Section 112, paragraph 8, there is no equivalents under the doctrine of equivalents, since the same "insubstantial differences" test is applied for both analyses. Measuring core temperature is much different than using lookup tables per product. The use of core temperature achieves different results than lookup table values per product. Moreover, in the '948 patent, a defined time interval having a defined time is entered and then that defined time is modified by the cooking curve lookup table. In the ClimaPlus Combi, there is no defined time for a time interval which is then shortened or lengthened. When the meat probe is used, time duration is never defined as is clearly set forth in ClimaPlus Combi brochures, when core temperature is being used in a cooking time interval, and the operator does not input a time duration.

In summary, there is clearly no infringement of claim 11 under either literal infringement or the doctrine of equivalents of at least the last claim element in claim 11. A similar analysis under means-plus-function doctrine could be given for each of the preceding means-plus-function elements in the claim showing why there is no infringement of those elements either. Of course, no infringement of even one element of a claim precludes infringement of the entire claim.

The same analysis is applicable for independent claims 1 and 12 except in claim 1, instead of humidity it is flow rate which is involved in addition to temperature for controlling the time intervals, or in claim 12 it is temperature, flow rate, and humidity which are all involved in controlling the time intervals. These claims are also clearly not infringed based on a similar type of analysis indicated for claim 11. Of course, the dependent claims 2-10 and 13 are not infringed at least for the reasons the independent claims are not infringed.

Mr. Bernard G. Koether
Page 4

## Claims 1-13 Are Invalid In View Of Inadequate Disclosure Under 35 U.S.C. §112, Paragraph 1

The last paragraph of each of claims 1, 11 and 12 recites programmed means: for controlling the time interval for predetermined values of humidity (claim 11); for predetermined values of flow rate (claim 1), and for predetermined values of humidity and flow rate (claim 13) - in addition to temperature in each case. The specification discloses in Figures 5, 6 and 7 in some vague way the use of a lookup table to modify the time based on temperature variation, but there is no disclosure of modifying the time interval based on humidity or flow rate. 35 U.S.C. §112, paragraph 1 requires that the specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention. It is our opinion that the specification does not accomplish this statutory requirement at least with respect to disclosing a program means for controlling the time intervals for flow rate and/or humidity. We also believe there are other inadequate specification disclosures, but the above is exemplary. Also, for the reasons indicated above, in our opinion the best mode requirement of Section 112, paragraph 1 is also violated, and the claims are all invalid for that independent reason as well.

## CONCLUSIONS

In our opinion, claims 1-13 are invalid and are not infringed by the ClimaPlus Combi of Rational, or any other similar equipment of Rational.

We would be pleased to entertain any comments you may have concerning the above analysis. However, we believe that the above analysis puts this matter to rest and we demand that you have no further contact with customers of Rational in which you allege any possible infringement of this patent by the Rational ClimaPlus Combi equipment or any other related equipment of Rational.

Sincerely,

Brett A. Valiquet

Brett A. Valiquet
FOR THE FIRM

491/844-Valiquet/849
cc: Kathryn Goos - Executive Vice President - Henny Penny
    Dorothee Weber-Bruls - Boehmert & Boehmert
    Mr. Peter Huber - Rational

*File*

# PENNIE & EDMONDS LLP

WASHINGTON OFFICE
1667 K STREET, N.W.
WASHINGTON, DC 20006
(202) 496-4400
FACSIMILE: (202) 496-4444

1155 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-2711
(212) 790-9090
FACSIMILE: (212) 869-9741/8864
MCI MAIL: 561-3768

CALIFORNIA OFFICE
3300 HILLVIEW AVENUE
PALO ALTO, CALIFORNIA 94304
(650) 493-4935
FACSIMILE: (650) 493-5556

RORY J. RADDING
DIRECT DIAL: (212) 790-6511

INTERNET ADDRESS:
RJRADDING@PENNIE.COM

September 24, 1998

## VIA TELEFACSIMILE

Our Ref.: 7556-111
Your Ref.: R90,2966

Brett A. Valiquet
Hill, Steadman & Simpson
233 South Wacker Drive
Chicago, Illinois 60606

Re:    ClimaPlus Sure Chef Combi

Dear Mr. Valiquet:

Mr. Bernard Koether of Food Automation-Service Techniques Inc. ("FAST") has referred your letter dated August 24, 1998 to us. In that letter, you provide your analysis of the scope and validity of claims 1-13 of United States Patent No. 4,920,948 ("Combi Patent"), basing your analysis on a single claim limitation: "programmed means for controlling a plurality of time intervals for predetermined values of the temperature and predetermined values of the humidity, per product key, of the heating medium in the oven." Your letter refers throughout to the disclosure in the Combi Patent specification directed to shortening or lengthening of the cooking time intervals as the support for this claim limitation.

The disclosure concerning parameter-dependency of cooking time to which you limit your analysis is related to the aspects of the Combi Patent invention which are covered only by dependent claims 5 and 6, which depend from claim 1. None of the other claims of the Combi Patent, claims 1-4 and 7-13 recite or require parameter-dependent cooking time and, cannot be interpreted under the law as so limited.

PENNIE & EDMONDS LLP

Brett A. Valiquet, Esq.
September 24, 1998
Page 2


        Consequently, at this time, my client is prepared to offer Rational a license under the Combi Patent for its ClimaPlus Combi equipment.  Also, at this time, FAST will continue to make available to Henny Penny a separate license in accordance with Mr. Koether's letter dated August 10, 1998.

        Rather than attorneys corresponding with each other, it would likely move the licensing negotiations along to have Rational's principals and those at Henny Penny contact FAST directly.

                                        Very truly yours,

                                        Rory J. Radding

cc:    Mr. Bernard G. Koether

# HILL & SIMPSON

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW
CHICAGO, ILLINOIS 60606

7556 HI

JOHN D. SIMPSON *
LEWIS T. STEADMAN
JAMES A. MOEHLING
DENNIS A. GROSS
ROBERT M. BARRETT
STEVEN H. NOLL
KEVIN W. GUYNN
SCOTT W. PETERSEN
ROBERT M. WARD
BRETT A. VALIQUET
GEORGE C. SUMMERFIELD
LEWIS T. STEADMAN, JR.
EDWARD A. LEHMAN
DAVID R. METZGER
TODD S. PARKHURST
JOHN R. NYWEIDE
JAMES D. HOBART
MELVIN A. ROBINSON
JOHN R. GARRETT
C. GRANT McCORKHILL

PAULA J. KELLY
JOHN W. CORNELL
——
ROBERT J. DEPKE
PATRICIA A. KANE
JOSEPH P. REAGEN
MICHAEL R. HULL
MICHAEL S. LEONARD
WILLIAM E. VAUGHAN

JAMES VAN SANTEN
WILLIAM C. STUEBER
J. ARTHUR GROSS
MARVIN MOODY

——
DOLORES K. HANNA
SPECIAL TRADEMARK COUNSEL

CHICAGO OFFICE
85TH FLOOR SEARS TOWER
CHICAGO, ILLINOIS 60606
TELEPHONE (312) 876-0200
FACSIMILE (312) 876-0898
INTERNET: counsel@hillfirm.com
——
WASHINGTON OFFICE
SUITE 1004-BLDG. 1
2001 JEFFERSON DAVIS HIGHWAY
CRYSTAL CITY
ARLINGTON, VIRGINIA 22202
TELEPHONE (703) 415-1515

* MUNICH OFFICE
FRANZ-JOSEPH STRASSE 38
D-80801 MUNICH, GERMANY
49-89-3840720

October 12, 1998

**VIA TELEFAX
CONFIRMATION VIA MAIL**

Mr. Rory J. Radding
PENNIE & EDMONDS LLP
1155 Avenue Of The Americas
New York, NY 10036-2711

RE:    U. S. Patent 4,920,948 - Our Case No. R90,2966

Dear Mr. Radding:

We are in receipt of your September 24, 1998 telefax in which you briefly indicate how you interpret the scope of the "means for controlling a plurality of time intervals" element in claim 1.

More specifically, in our August 24 letter, we indicated that there was, in our opinion, no infringement since at least the claim limitation "programmed means for controlling a plurality of time intervals for predetermined values of the temperature and for predetermined values of the volumetric flow rate, per product key, of the heating medium in the oven" was not present either literally or under the doctrine of equivalents in the Rational ClimaPlus Combi.

You disagreed and contend in your September 24 telefax:

"The disclosure concerning parameter-dependency of cooking time to which you limit your analysis is related to the aspects of the Combi patent invention which are covered only by dependent claims 5 and 6, which depend from claim 1. None of the other claims of the Combi patent, claims 1-4 and 7-13 recite or require parameter-dependent cooking time and, cannot be interpreted under the law as so limited."

Mr. Rory J. Radding
October 12, 1998
Page 2

It is our opinion that your conclusion is clearly incorrect for the following reasons.

In the patent application as originally filed, claim 1 recited a "programmed means for controlling as a first parameter the temperature of the heating medium" and recited as a separate element "programmed means for controlling one or more time intervals for predetermined values of the temperature and volumetric flow rate of the heating medium in the oven."

In the Amendment dated September 7, 1989, Applicants amended claim 1, *inter alia* to recite:

"First digitally programmed means, having temperature sensing means....for controlling as a first parameter the temperature of the heating medium";

and

"Said first digitally programmed means including digitally programmed means for controlling [one or more] a plurality of time intervals for predetermined values of the temperature and for predetermined values of the volumetric flow rate, per product key, of the heating medium in the oven."

Thus this Amendment included the programmed means for controlling a plurality of time intervals as part of the first digitally programmed means for controlling the temperature of the heating medium.

Of course, this programmed means for controlling time intervals is shown in the specification at Figure 5 where the countdown timer 70 is connected with the timer set point temperature 71, the oven temperature sensor circuit 15, and the linear or parameter-dependent time input 73. Figure 4 shows the first digitally programmed means including the temperature control algorithm 50, oven temperature sensor circuit 15, and temperature set point register 55. Note the block 15 is present in both Figure 4 and Figure 5, thus showing the inclusion of the programmed means for controlling a plurality of time intervals as part of the first digitally programmed means for controlling the temperature of the heating medium. Of course, as explained in our August 24 letter, under the law relating to means-plus-function claim analysis for literal and doctrine of equivalence infringement, one must first look to the specification to determine the structure corresponding to each of the means-plus-function elements.

In the September 7, 1989 Amendment, the above claim limitations were argued as distinguishing over the prior art - see the bottom of page 9 and top of page 10 arguing that claim 1 recites that the first digitally programmed means controls a plurality of time

Mr. Rory J. Radding
October 12, 1998
Page 3

intervals. It is then argued that Tanaka does not have such a means. Of course, the first digitally programmed means is the means which controls the heating medium temperature. Thus, both from a standpoint of claim interpretation and file history estoppel for purposes of limiting doctrine of equivalents infringement, these claim amendments are important, and such a claim amendment making the means for controlling the time intervals part of the first digitally program means for controlling the temperature of the heating medium prevents reading this claim limitation out of the claim through an erroneous claim interpretation or giving an overly broad scope to this limitation through an impermissible doctrine of equivalents analysis.

In comparing the means-plus-function specification structure in the '948 patent for claim 1 to the ClimaPlus Sure Chef Combi structure, the following very significant structural differences are apparent. First, in the Rational unit, the programming structure for the time interval in the core temperature mode is controlled by core temperature programming structure and not by programming structure for controlling temperature of the heating medium. Figure 5 of the '948 patent shows in block 15 the oven temperature sensor circuit which measures the heating medium and not the core temperature as an input to the countdown timer.

Furthermore, the '948 patent Figure 5 and Figures 6 and 7 disclosures of the programmed means for controlling a plurality of time intervals shows that for parameter-dependent time, a cooking time interval is still entered as shown by 81 at Figure 7. This cooking time interval is then fed to the clock 87 which is decremented by the cooking curve counter 85 where that cooking curve counter 85 decrementing is modified by temperature deviation from a desired set point temperature. This is considerably different than the Rational unit in the core temperature mode, where the cooking time interval is not entered at all, since the length of time interval is solely determined by the core temperature.

At least for the above reasons, it is clear there is no literal infringement.

There is also no doctrine of equivalents infringement since in the Rational unit, associating control of the time interval with core temperature is completely different than associating control of the time interval with the temperature of the heating medium. Many factors influence core temperature during cooking. Thus, core temperature is very much different than the temperature of the heating medium. The structure is not equivalent under 35 U.S.C. §112, paragraph 6.

Additionally, there is no doctrine of equivalents infringement because in the Rational unit in the core temperature mode no cooking time interval is entered and then modified as in the case of the complicated Figures 5, 6 and 7 means for controlling time intervals of the '948 patent. In the Rational unit, lookup tables are not employed nor is there any

Mr. Rory J. Radding
October 12, 1998
Page 4

modification of a cooking curve counter based on cooking curve lookup tables so as to modify decrementing of a clock relative to a cooking time interval input.

As you have pointed out in your September 24 letter, dependent claims 5 and 6 recite that time intervals are dependent on the measured value of at least one of said parameters. You then conclude that because of the presence of these dependent claims, that none of the other claims of the Combi patent require a parameter-dependent cooking time. However, this analysis is incorrect for two reason. First, it is clear from claim 1 that the means for controlling the plurality of time intervals is included in the first digitally programmed means which controls the temperature of the heating medium. Your letter never addresses that critical claim language of claim 1. Moreover, the Federal Circuit has specifically held that the judicially developed guide to claim interpretation known as "claim differentiation" cannot override 35 U.S.C. §112, paragraph 6. A means-plus-function limitation is not made open-ended by the presence of another claim specifically claiming the disclosed structure which underlies the means clause or an equivalent of that structure. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991). See also *Motorola, Inc. v. Interdigital Technology Corporation*, 930 F. Supp. 952, 966 (D. Del. 1996). Moreover, the concept of claim differentiation states that claims should be presumed to cover different inventions. This means that an interpretation of the claim should be avoided if it would make the claim read like another one. The claim differentiation is a guide, not a rigid rule. If a claim will bear only one interpretation, similarity will have to be tolerated. *Laitram*, supra p. 1538.

Significantly, Applicant in the '948 patent voluntarily narrowed his claim to recite that the programmed means for controlling the plurality of time intervals is included in the first programmed means for controlling the temperature of the heating medium. Applicants are therefore estopped from now interpreting claim 1 as excluding parameter-dependent cooking time as being part of the structure for the means for controlling the time intervals. Therefore, your statement at the first page, last three lines of your September 24 letter that none of the claims other than claims 5 and 6 require parameter-dependent cooking time is incorrect.

Of course, independent claims 11 and 12 also recite that the means for controlling a plurality of time intervals is included in the first programmed means for controlling temperature of the heating medium. Therefore, claims 11 and 12 are not infringed at least for the reasons above stated.

Furthermore, since the dependent claims 2-10 and 13 all depend from claim 1, since claim 1 is not infringed, the dependent claims are not infringed at least for the reasons noted with respect to claim 1.

Mr. Rory J. Radding
October 12, 1998
Page 5


Since the Rational ClimaPlus Combi equipment does not infringe the '948 patent, Rational does not have an interest in any license.

Sincerely,

Brett A. Valiquet
FOR THE FIRM


491/844-Valiquet/849
cc: Kathryn Goos - Executive Vice President - Henny Penny
    Dorothee Weber-Bruls - Boehmert & Boehmert
    Mr. Peter Huber - Rational

# EXHIBIT B

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 8, 2007

Writer's Direct Contact
212.468.8146
RRadding@mofo.com

Via E-Mail & U.S. Mail

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:   Technology Licensing Corp. v. Rational Cooking Systems, Inc., Civ. No. 1:06-cv-00515-JJF

Dear Porter:

I refer to your January 5, 2007 letter.

First, we will accept service of the subpoena duces tecum on behalf of Mr. Ceste with a January 22, 2007 return date as proposed in your letter and subject to any objection that Mr. Ceste may have to the subpoena. We also agree not to provide to Mr. Ceste any confidential information produced by Rational or Rational A.G. until the parties or the Court resolve whether Mr. Ceste can receive such information. We would like to have this issue resolved as soon as possible so we propose that Mr. Ceste's deposition on the limited issue relating to confidentiality be taken on February 1 or 2. The issue of whether Mr. Ceste is a "necessary witness" is not appropriate at this time and can be deferred until after you can demonstrate that Mr. Ceste has unique knowledge not available through other means. Second, we will also accept service of the subpoenae duces tecum on FAST, Mr. Ben Koether and Mr. George Koether provided you agree to a return date of February 9, 2007 or later for these subpoenas.

I respectfully disagree with your characterization of the events in your January 5 letter concerning your discovery attempts. Your actions have lead to an unfortunate waste of time, effort and money in a letter writing campaign and needlessly harassed Messrs. Ceste, Koethers and FAST. The following sets the record straight.

ny-730814

MORRISON | FOERSTER

Porter F. Fleming, Esq.
January 8, 2007
Page Two


1.    **Mario Ceste**

    a.    **Deposition**

Mr. Ceste, as you know, is co-counsel in this case.  It is correct that we had discussed the
taking of his deposition during our conversations in December 2006 in connection with the
Rule 16 Scheduling Order.  As a result, the language we both drafted, accepted and which
was entered by the Court in the Rule 16 Scheduling Order clearly states that Rational has the
"right to seek" to take the deposition of Mr. Ceste before the end of initial discovery.  There
was no agreement that a deposition was either necessary or assured.  Also, your
December 20 correspondence appeared to change the reasons you seek to take Mr. Ceste's
deposition from a concern that he would somehow use Rational confidential information on
TLC's or FAST's behalf (outside of the litigation) to his supposed status as a "fact witness"
apparently in view of his prior employment by FAST.  These are two different issues.
Mr. Kuhne properly requested clarification of the basis for your need to depose Mr. Ceste
since deposing Mr. Ceste as a fact witness is not necessary nor appropriate at this stage of the
case and prior to completion of initial discovery, and was not what we discussed in agreeing
that you could seek to take his deposition prior to the completion of initial discovery.  Also,
whether Mr. Ceste has knowledge of facts does not make him a "necessary witness" as there
are others at FAST, TLC or other third parties who likely would have knowledge of the same
facts.  Thus, we did not , and do not, see any need for his fact deposition as a purported fact
witness at this time.

In your January 5, 2007 letter you expand on what facts you believe Mr. Ceste "is likely to
be a necessary witness" for — "factual information regarding FAST, prior art, and prior
dealings with Rational AG."  Your letter ignores the fact that others at FAST, TLC,
Rational AG and possibly other third parties would have the same, if not more knowledge of
these fact issues.  Clearly, Mr. Ceste is not "a necessary witness " under the law and rules
when his knowledge of the relevant facts can be obtained from other sources.  Moreover, I
can represent to you that Mr. Ceste is not still "involved in the oven/control business" other
than his capacity as outside counsel.  He is involved in the oven/control business as much as
you are.

Also, during the December 18, 2006 discussion you refer to, we believe the parties agreed
that the filing of the motion to admit Mr. Ceste *pro hac vice* would be the best route to tee up
the confidentiality issue for decision by the Court.  In fact, during that conference call, I
believe Ed Haug asked how are we going to resolve the confidentiality issue about Mr. Ceste
and Jack Blumenfeld responded that the issue could be raised when we file our *pro hac*
motion.  No one disagreed.  It should have not come as any surprise to you that we acted
quickly to file the motion so we could get this issue resolved as soon as possible.  You,
however, surprised us by raising an issue not addressed in any of our December discussions,

ny-730814

MORRISON | FOERSTER

Porter F. Fleming, Esq.
January 8, 2007
Page Three

that is, you changed your position from concern about confidentiality to attempting to
disqualify Mr. Ceste as counsel due to his supposed status as a fact witness.

      **b.**    **Subpoena Duces Tecum**

There has been no attempt to delay, no deliberate, self-serving conditions and certainly no
attempt to avoid service concerning your subpoena for Mr. Ceste's documents. As
previously explained in my e-mail dated January 4, 2007, Mr. Ceste never refused service
and believed, correctly, that we were (and are) representing him. Thus, he had no need to
respond to you and correctly advised the process server that his lawyers were taking care of
service. See January 4, 2007 e-mail and prior letters dated December 28, 2006 and
January 3, 2007. On the other hand, you have wasted everyone's time, money and effort and
needlessly harassed a co-counsel. We thought it was clear that we, and specifically
Mr. Kuhne, would be representing Mr. Ceste and, in view of the holiday period, we agreed to
accept service of the subpoena, if you agreed to extend the return date to provide reasonable
time for objection and response. Only in your January 5, 2007 letter did you offer the
January 22, 2007 return date, which we accept. Also, for the record, we were surprised to
learn that you previously had attempted service on Mr. Ceste in mid-December, 2006
without any prior notice to me or TLC's counsel in clear violation of Rule 45 of the Federal
Rules of Civil Procedure.

**2.**    **FAST and Koethers**

Concerning the subpoenas duces tecum on FAST and the Koethers, I was surprised to learn
that you had been attempting to serve FAST and the Koethers in mid-December (and had
served United Electric and TurboChef), again long before I received any prior notice from
you in clear contravention of Rule 45 F.R.Civ.P. As explained in my e-mail dated January 4,
2007, to my knowledge FAST employees have never refused to accept service. To the
contrary, I now have been informed that FAST employees said they would accept service,
but they were told by the process server that he had to serve the Koethers personally. Also
the process server was told that in view of the holidays, the Koethers were not available until
after the new year. As noted above, we will accept service on FAST and the Koethers'
behalf as long as the return date is February 9, 2007 or later.

**3.**    **Rational A.G.**

Concerning Rational AG, we will send you our discovery requests tomorrow. We are not
attempting to avoid The Hague Convention but rather attempting to avoid an unnecessary,
time-consuming and costly discovery dispute.

Finally, it is ironic that in the same paragraph of your letter in which you pontificate that
discovery is not a series of *quid pro quos*, you state that you will only consider our request

**MORRISON | FOERSTER**

Porter F. Fleming, Esq.
January 8, 2007
Page Four

that you accept service of a subpoena on behalf of Rational AG if we negotiate the document
requests to Rational AG with you. Suffice it to say, if you want our cooperation in this
litigation, you will have to give some cooperation. Here, you have asked us to accept service
voluntarily on behalf of FAST, Bernard Koether, and George Koether, and our request to you
to accept service voluntarily on behalf of Rational AG is based on the reasonable view that
if one party asks another to accept service voluntarily for an affiliated non-party the
requesting party should be willing to act in a similar manner with respect to a similar request.

Yours truly,

Rory J. Radding

cc:    William Kuhne, Esq.
        Jack Blumenfeld, Esq.
        Frederick Cottrell, III, Esq.
        Mario Ceste, Esq.

ny-730814

# EXHIBIT C

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF

Rational Cooking Systems, Inc.
Defendant.

Case pending in the District of Delaware

TO:    Mario G. Ceste
       Law Offices of Mario G. Ceste
       4 Turnberry Rd.
       Wallingford, CT 06492

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 2, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) ATTORNEY FOR DEFENDANT:   *[signature]* | Date: December 13, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00415040.DOC

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
  DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00415040.DOC

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

00415040.DOC

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.    The phrases "the '948 patent" or "patent in suit" shall mean United States Patent

No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.    The phrases "SelfCooking Center®" or "SCC®" shall mean the product sold by

Rational under the federally registered trademarks SelfCooking Center® and SCC®.

3.    The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean

and include Technology Licensing Corporation, any predecessor or successor company or

individual, and any corporation or other business entity (whether or not a separate legal entity)

subsidiary to, or affiliated with TLC, as well as all present and former principals, partners,

directors, owners, officers, members, employees, agents, representatives, consultants, and

attorneys of TLC or any affiliated corporation or business entity and any other persons under the

control of TLC.

4.    The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and

include Food Automation-Service Techniques, Inc., any predecessor or successor company or

individual, and any corporation or other business entity (whether or not a separate legal entity)

subsidiary to, or affiliated with FAST, as well as all present and former principals, partners,

directors, owners, officers, members, employees, agents, representatives, consultants, and

attorneys of FAST or any affiliated corporation or business entity and any other persons under

the control of FAST.

5.    The terms "you," and "your," shall mean and refer to Mario G. Ceste.

6.    The terms "all," "each," and "any" shall be construed as all and each and any.

7.    The term "document" shall have the comprehensive meaning, in the broadest

00414978.DOC

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Mario G. Ceste,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed.

R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

8.  The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

9.  The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

10. The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

11. The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

12. The term "person" shall mean any natural person.

13. The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

14. The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

15. The term "third party" shall mean any person, any organization, or any other

3

business entity not a party to this litigation.

16.    Any third party specifically referred to shall also include that third party's successors and predecessors.

17.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

18.    If Mario G. Ceste objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Mario G. Ceste provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

       (a)    Its date of creation;

       (b)    The identity of all persons who prepared and/or signed the document or thing;

       (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

       (d)    A summary of its contents, or the general subject matter of the document or thing;

       (e)    Its present location and the identity of its current custodian;

       (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

       (g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Mario G.

4

Ceste's assertion thereof.

19.     If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

20.     Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

21.     In responding to Rational's requests for documents and things, if Mario G. Ceste claims any ambiguity in interpreting either a request, a definition, or an instruction, Mario G. Ceste shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Mario G. Ceste shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

### Production Request No. 1

Each document or thing concerning the preparation and maintenance of the '948 patent.

5

**Production Request No. 2**

  Each document or thing concerning your participation in inventing any subject matter claimed in the '948 patent.

**Production Request No. 3**

  Each document or thing concerning any assertion of or threat of infringement of the '948 patent against any third party.

**Production Request No. 4**

  Each document or thing concerning any FAST decision to assert or threaten infringement of the '948 patent against any third party.

**Production Request No. 5**

  Each document or thing concerning any FAST decision to not assert infringement of the '948 patent against any third party.

**Production Request No. 6**

  Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to not sue Rational Cooking Systems, Inc. ("Rational") or Rational AG following the May 1998 meeting with Rational AG in Germany.

**Production Request No. 7**

  Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to file a complaint against Rational on August 18, 2006.

6

**Production Request No. 8**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 9**

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 10**

Each document or correspondence received by or sent to you concerning the '948 patent.

**Production Request No. 11**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, FAST, or TLC regarding the '948 patent or U.S. patent application serial number 07/114,563.

**Production Request No. 12**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, FAST, or TLC regarding asserting the '948 patent against any third party.

**Production Request No. 13**

Each document or thing concerning any communication between you and any third party regarding asserting the '948 patent.

**Production Request No. 14**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational.

**Production Request No. 15**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational AG (and its predecessors).

**Production Request No. 16**

Each document or thing concerning the '948 patent.

**Production Request No. 17**

Each document or thing concerning Rational.

**Production Request No. 18**

Each document or thing concerning Rational AG (and its predecessors).

**Production Request No. 19**

Each document or thing concerning your participation in the preparation and maintenance of the U.S. Patent No. 4,742,455 ("the '455 patent).

**Production Request No. 20**

Each document or thing concerning the '455 patent.

8

**Production Request No. 21**

Each document or thing concerning any meeting between FAST and Rational AG (and its predecessors) including, but not limited to, the May 1998 meeting in Germany.

**Production Request No. 22**

Each document or thing concerning your involvement in any license negotiation involving the '948 patent including, but not limited to, negotiations with TLC, United Electric Controls Company, TurboChef Technologies Incorporated, Rational, Rational AG (and its predecessors) or other third parties.

**Production Request No. 23**

Each document or thing concerning any analysis of Rational's SelfCooking Center®.

**Production Request No. 24**

Each document or thing concerning your past and present relationship with FAST including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 25**

Each document or thing concerning your past and present relationship with TLC including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 26**

Each document or thing concerning your financial interest in the '948 patent.

**Production Request No. 27**

Each document or thing concerning your financial interest in the case *Technology Licensing Corporation v. Rational Cooking Systems, Inc.*, No. 06-515-JJF (D.Del.).

9

**Production Request No. 28**

Each document or thing concerning your financial interest in any third party licenses regarding the '948 patent.

**Production Request No. 29**

Each document or thing concerning the determination of a reasonable royalty for licensing the '948 patent.

**Production Request No. 30**

Each document or thing concerning opinions regarding the validity or invalidity of any claim of the '948 patent.

**Production Request No. 31**

Each document or thing concerning opinions regarding the enforceability or unenforceability of the '948 patent.

**Production Request No. 32**

Each document or thing concerning the licensing of the '948 patent.

**Production Request No. 33**

Each document or thing concerning the licensing of any FAST patent including, but not limited to, the actual license agreements.

**Production Request No. 34**

Each document or thing concerning the licensing of any TLC patent including, but not limited to, the actual license agreements.

**Production Request No. 35**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of the '948 patent.

**Production Request No. 36**

     Each document or thing concerning any royalties, payments or other compensation you have received as a result of any FAST patent.

**Production Request No. 37**

     Each document or thing concerning any royalties, payments or other compensation you have received as a result of any TLC patent or TLC's licenses of any FAST patent.

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF
Case pending in the District of Delaware

Rational Cooking Systems, Inc.
Defendant.

TO:    Rory J. Radding
       Morrison & Foerster LLP
       1290 Avenue of the Americas
       New York, NY 10104-0050

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|
|  |  |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 23, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | January 9, 2007 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00417925.DOC

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00417925.DOC

01/09/2007 13:50 FAX  2125880500 5          FROMMER LAWRENCE HAUG                    ☑005/028

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

00417925.DOC

01/09/2007 TUE 13:51  [TX/RX NO 9409] ☑005

01/09/2007 13:51 FAX  2125880500 5        FROMMER LAWRENCE HAUG                @0067028

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.     The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.     The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

3.     The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

4.     The term "Rational AG" shall mean and include Rational AG, as well as any present or former officers, directors, predecessors or successors in interest, general partners, limited partners, employees, agents and representatives of Rational AG.

5.     The terms "you," and "your," shall mean and refer to Rory J. Radding.

6.     The terms "all," "each," and "any" shall be construed as all and each and any.

00417924

7.    The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Rory J. Radding,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

2

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

8.    The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

9.    The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

10.    The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

11.    The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

12.    The term "person" shall mean any natural person.

13.    The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

14.    The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

3

15.    The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

16.    Any third party specifically referred to shall also include that third party's successors and predecessors.

17.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

18.    If Rory J. Radding objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Rory J. Radding provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

    (a)    Its date of creation;

    (b)    The identity of all persons who prepared and/or signed the document or thing;

    (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

    (d)    A summary of its contents, or the general subject matter of the document or thing;

    (e)    Its present location and the identity of its current custodian;

    (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

4

(g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Rory J. Radding's assertion thereof.

19.    If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

20.    Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

21.    In responding to Rational's requests for documents and things, if Rory J. Radding claims any ambiguity in interpreting either a request, a definition, or an instruction, Rory J. Radding shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

5

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Rory J. Radding shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

### Production Request No. 1

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding the '948 patent.

### Production Request No. 2

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding any Rational AG product.

### Production Request No. 3

Each document or thing concerning any meeting that you attended with Rational AG (including its predecessors) including, but not limited to, the May 1998 meeting in Germany with Rational AG.

### Production Request No. 4

Each document or thing concerning any communication between you and any third party including, but not limited to, your communications with Brett A. Valiquet, John Foskett, Lawrence M. Green, attorneys for United Electric Controls Company, attorneys for TurboChef Technologies, Inc., attorneys for Athena Controls, Inc., attorneys for Blodgett Corporation and Hilmar Messerschmidt regarding enforceability, validity, infringement, claim construction, settlement or licensing of the '948 patent.

6

**Production Request No. 5**

Each document or thing concerning any assertion of or threat of infringement of the '948

patent to any third party.

**Production Request No. 6**

Each document or thing concerning the decision not to pursue a patent infringement

action against Rational from 1998 through 2005.

**Production Request No. 7**

Each document or thing concerning FAST's decision not to pursue a patent infringement

action against Rational from 1998 through 2005.

**Production Request No. 8**

Each document or thing concerning TLC's decision not to pursue a patent infringement

action against Rational from 1998 through 2005.

**Production Request No. 9**

Each document or thing concerning the decision not to pursue a patent infringement

action against Rational AG.

**Production Request No. 10**

Each document or thing concerning FAST's decision not to pursue a patent infringement

action against Rational AG.

**Production Request No. 11**

Each document or thing concerning TLC's decision not to pursue a patent infringement

action against Rational AG.

7

**Production Request No. 12**

Each document or thing concerning any communication or public disclosure describing

or discussing the lawsuit, *Technology Licensing Corp. v. Rational Cooking Systems, Inc.*, Civil

Action No.: 1:06-00515-JJF, with any third party.

**Production Request No. 13**

Each document or thing concerning any offer of license or attempt to license the '948

patent to any third party.

**Production Request No. 14**

Each document or thing concerning your involvement in the prosecution and/or

maintenance of the '948 patent, including any internal copies of the '948 patent file history.

**Production Request No. 15**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v.*

*United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not

limited to, interrogatory answers, document production responses, pleadings, deposition

transcripts, expert reports, Markman briefs, correspondence with the court, communications with

any mediator, hearing transcripts, court orders, all documents concerning the settlement, all

agreements between the parties, any judgments, and any documents, files, work papers, United

Electric Control Company's work product, and prior art received from counsel for United

Electric Controls Company.

**Production Request No. 16**

Each document or thing concerning the reason(s) why you insisted that counsel for

United Electric Controls Company ("UEC") turn over to you all of their files, including UEC's

work product, attorneys' files and prior art regarding the case *Food Automation-Service*

8

*Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 17**

All documents and things that you received from UEC or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, "all documents possessed by UEC or by its counsel in that case ([John Foskett] and Lawrence M. Green) which related to UEC's defenses to FAST's claim, including work product and privileged documents...." *See* letter from J. Foskett to W. Kuhne dated Jan. 5, 2007.

**Production Request No. 18**

All documents and things that you received from Athena Controls, Inc. or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 19**

All documents and things that you received from Blodgett Corporation or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 20**

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, any judgments, and any documents that you received from counsel for TurboChef Technologies, Inc.

9

**Production Request No. 21**

      Each document or thing concerning your practice, policy, or procedure for the retention of documents.

**Production Request No. 22**

      Each document or thing concerning your effort to comply with your duty to preserve documents and data when litigation was pending or reasonably foreseeable with respect to the '948 patent.

**Production Request No. 23**

      Each document or thing concerning prior art brought to your attention by any third party that may bear on the validity, invalidity, enforceability or unenforceability of the '948 patent.

**Production Request No. 24**

      To the extent any documents called for by Production Request Nos. 1 – 23 were destroyed, provide each document or thing concerning their destruction including the time, location, individuals involved and the associated requests to have them destroyed.

10

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

   v.

Rational Cooking Systems, Inc.
Defendant.

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER: 06-515-JJF**
Case pending in the District of Delaware

TO: Morrison & Foerster LLP
   1290 Avenue of the Americas
   New York, NY 10104-0050

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A, attached hereto.

| PLACE OF PRODUCTION<br>Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | DATE AND TIME:<br>10:00 a.m., January 23, 2007 |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>ATTORNEY FOR DEFENDANT: | Date:<br>January 9, 2007 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00421348.DOC

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00421348.DOC

01/09/2007 13:52 FAX  2125880500 5    FROMMER LAWRENCE HAUG    ☒018/028

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

01/09/2007 TUE 13:51  [TX/RX NO 9409]  ☒018

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.    The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.    The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

3.    The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

4.    The term "Rational AG" shall mean and include Rational AG, as well as any present or former officers, directors, predecessors or successors in interest, general partners, limited partners, employees, agents and representatives of Rational AG.

5.    The term "Morrison & Foerster LLP" or "Morrison & Foerster" shall mean and include the law firm of Morrison & Foerster LLP, as well as any present or former partners,

limited partners, associates, counsel, employees, agents and representatives of Morrison & Foerster. Morrison & Foerster shall also mean and include the law firm previously known as Pennie & Edmonds LLP, as well as any former partners, limited partners, associates, counsel, employees, agents and representatives of Pennie & Edmonds LLP.

6. The terms "you," and "your," shall mean and refer to Morrison & Foerster LLP ("Morrison & Foerster").

7. The terms "all," "each," and "any" shall be construed as all and each and any.

8. The term "document" shall have the comprehensive meaning, in the broadest sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of an original bearing any notation or marking not appearing on the original (including but not limited to notes and underscoring), in the possession, custody, or control of Morrison & Foerster, including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda, inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars, pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals, advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans, sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures; printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically stored information, and other information from computers or other data storage and retrieval systems; trademark registrations, copyright registrations, and registration applications; patents and patent applications; assignments, deeds, contracts, agreements, licenses, and other official documents and legal instruments; newspapers, magazines, books, periodicals, and other

2

published material of any kind; annual reports, reports to shareholders or owners, and minutes or reports of meetings of owners or directors or executive boards or committees; summaries of negotiations or meetings; quality control, operating, service, repair, or maintenance manuals; technical specifications or requirements; advertising and promotional material as well as sales literature; labels and packaging; press releases and new product releases; engineering notebooks and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files; address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits, declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

9. The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

10. The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

11. The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

12. The terms "possession," "custody," and "control" are used in a comprehensive

3

sense and refer to possession, custody, or control.

13. The term "person" shall mean any natural person.

14. The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

15. The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

16. The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

17. Any third party specifically referred to shall also include that third party's successors and predecessors.

18. The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

19. If Morrison & Foerster objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Morrison & Foerster provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

    (a)    Its date of creation;

    (b)    The identity of all persons who prepared and/or signed the

4

document or thing;

(c)  The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

(d)  A summary of its contents, or the general subject matter of the document or thing;

(e)  Its present location and the identity of its current custodian;

(f)  A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

(g)  The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Morrison & Foerster's assertion thereof.

20.  If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

21.  Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

22.  In responding to Rational's requests for documents and things, if Morrison & Foerster claims any ambiguity in interpreting either a request, a definition, or an instruction, Morrison & Foerster shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

5

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Morrison & Foerster

shall produce and permit inspection and copying of the following documents (including but not

limited to electronic information or data contained on hard drives, diskettes, or tapes or in other

storage media) and things:

### Production Request No. 1

Each document or thing concerning any communication between you and Rational AG

(including its predecessors) regarding the '948 patent.

### Production Request No. 2

Each document or thing concerning any communication between you and Rational AG

(including its predecessors) regarding any Rational AG product.

### Production Request No. 3

Each document or thing concerning any meeting that you attended with Rational AG

(including its predecessors) including, but not limited to, the May 1998 meeting in Germany with

Rational AG.

### Production Request No. 4

Each document or thing concerning any communication between you and any third party

including, but not limited to, your communications with Brett A. Valiquet, John Foskett,

Lawrence M. Green, attorneys for United Electric Controls Company, attorneys for TurboChef

Technologies, Inc., attorneys for Athena Controls, Inc., attorneys for Blodgett Corporation and

Hilmar Messerschmidt regarding enforceability, validity, infringement, claim construction,

settlement or licensing of the '948 patent.

6

**Production Request No. 5**

Each document or thing concerning any assertion of or threat of infringement of the '948

patent to any third party.

**Production Request No. 6**

Each document or thing concerning the decision not to pursue a patent infringement

action against Rational from 1998 through 2005.

**Production Request No. 7**

Each document or thing concerning FAST's decision not to pursue a patent infringement

action against Rational from 1998 through 2005.

**Production Request No. 8**

Each document or thing concerning TLC's decision not to pursue a patent infringement

action against Rational from 1998 through 2005.

**Production Request No. 9**

Each document or thing concerning the decision not to pursue a patent infringement

action against Rational AG.

**Production Request No. 10**

Each document or thing concerning FAST's decision not to pursue a patent infringement

action against Rational AG.

**Production Request No. 11**

Each document or thing concerning TLC's decision not to pursue a patent infringement

action against Rational AG.

7

**Production Request No. 12**

    Each document or thing concerning any communication or public disclosure describing or discussing the lawsuit, *Technology Licensing Corp. v. Rational Cooking Systems, Inc.*, Civil Action No.: 1:06-00515-JJF, with any third party.

**Production Request No. 13**

    Each document or thing concerning any offer of license or attempt to license the '948 patent to any third party.

**Production Request No. 14**

    Each document or thing concerning your involvement in the prosecution and/or maintenance of the '948 patent, including any internal copies of the '948 patent file history.

**Production Request No. 15**

    Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, communications with any mediator, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, any judgments, and any documents, files, work papers, United Electric Control Company's work product, and prior art received from counsel for United Electric Controls Company.

**Production Request No. 16**

    Each document or thing concerning the reason(s) why you insisted that counsel for United Electric Controls Company ("UEC") turn over to you all of their files, including UEC's work product, attorneys' files and prior art regarding the case *Food Automation-Service*

8

*Techniques, Inc. v. United Electric Controls Co.,* No. 95-12663 (D. Mass. filed Dec. 8, 1995).

## Production Request No. 17

All documents and things that you received from UEC or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.,* No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, "all documents possessed by UEC or by its counsel in that case ([John Foskett] and Lawrence M. Green) which related to UEC's defenses to FAST's claim, including work product and privileged documents...." *See* letter from J. Foskett to W. Kuhne dated Jan. 5, 2007.

## Production Request No. 18

All documents and things that you received from Athena Controls, Inc. or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.,* No. 95-12663 (D. Mass. filed Dec. 8, 1995).

## Production Request No. 19

All documents and things that you received from Blodgett Corporation or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.,* No. 95-12663 (D. Mass. filed Dec. 8, 1995).

## Production Request No. 20

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.,* No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, any judgments, and any documents that you received from counsel for TurboChef Technologies, Inc.

01/09/2007 13:53 FAX  2125880500 5          FROMMER LAWRENCE HAUG                    ☑028/028

## Production Request No. 21

Each document or thing concerning your practice, policy, or procedure for the retention of documents.

## Production Request No. 22

Each document or thing concerning your effort to comply with your duty to preserve documents and data when litigation was pending or reasonably foreseeable with respect to the '948 patent.

## Production Request No. 23

Each document or thing concerning prior art brought to your attention by any third party that may bear on the validity, invalidity, enforceability or unenforceability of the '948 patent.

## Production Request No. 24

To the extent any documents called for by Production Request Nos. 1 – 23 were destroyed, provide each document or thing concerning their destruction including the time, location, individuals involved and the associated requests to have them destroyed.

10

01/09/2007 TUE 13:51  [TX/RX NO 9409] ☑028

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF
Case pending in the District of Delaware

Rational Cooking Systems, Inc.
Defendant.

TO:    Bernard G. Koether
       Food Automation – Service Techniques, Inc.
       905 Honeyspot Road
       Stratford, CT 06615

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
| | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 22, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | January 4, 2007 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00416566

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
DATE                          SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00416566

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.  The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.  The phrases "SelfCooking Center®" or "SCC®" shall mean the product sold by Rational under the federally registered trademarks SelfCooking Center® and SCC®.

3.  The term "PTO" shall mean the United States Patent and Trademark Office.

4.  The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

5.  The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

6.  The terms "you," and "your," shall mean and refer to Bernard G. Koether.

7.  The terms "all," "each," and "any" shall be construed as all and each and any.

8.    The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Bernard G. Koether,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

2

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

9.    The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

10.    The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

11.    The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

12.    The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

13.    The term "person" shall mean any natural person.

14.    The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

15.    The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

3

16.    The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

17.    Any third party specifically referred to shall also include that third party's successors and predecessors.

18.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

19.    If Bernard G. Koether objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Bernard G. Koether provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

      (a)    Its date of creation;

      (b)    The identity of all persons who prepared and/or signed the document or thing;

      (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

      (d)    A summary of its contents, or the general subject matter of the document or thing;

      (e)    Its present location and the identity of its current custodian;

      (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

4

(g) The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Bernard G. Koether's assertion thereof.

20. If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

21. Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

22. In responding to Rational's requests for documents and things, if Bernard G. Koether claims any ambiguity in interpreting either a request, a definition, or an instruction, Bernard G. Koether shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of its response to the request the language deemed to be ambiguous and the interpretation that it has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Bernard G. Koether shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

5

**Production Request No. 1**

Each document or thing concerning a conception of any alleged invention claimed in the '948 patent.

**Production Request No. 2**

Each document or thing concerning an initial disclosure of any alleged invention claimed in the '948 patent.

**Production Request No. 3**

Each document or thing concerning a reduction to practice of any alleged invention claimed in the '948 patent.

**Production Request No. 4**

Each document or thing concerning the research, development, or testing of any alleged invention claimed in the '948 patent.

**Production Request No. 5**

Each document or thing concerning the first use, sale, or offer for sale of any alleged invention claimed in the '948 patent.

**Production Request No. 6**

Each document or thing concerning the first use of a control system that embodies the subject matter claimed in the '948 patent.

**Production Request No. 7**

Each document or thing concerning a novelty, patentability, validity, infringement, state-of-the-art, or right-to-use search or study that pertains to the '948 patent or to application serial number 07/114,563.

6

**Production Request No. 8**

Each document or thing including, but not limited to, patents and publications, found or discovered as a result of a novelty, patentability, validity, infringement, state-of-the-art, or right-to-use search or study pertaining to the '948 patent or to application serial number 07/114,563.

**Production Request No. 9**

Each document or thing concerning the preparation and maintenance of the '948 patent.

**Production Request No. 10**

Each document or thing concerning the assertion of or threat of infringement of the '948 patent against any third party.

**Production Request No. 11**

Each document or thing concerning any FAST or TLC decision to assert or threaten infringement of the '948 patent against any third party.

**Production Request No. 12**

Each document or thing concerning any FAST or TLC decision to not assert infringement of the '948 patent against any third party.

**Production Request No. 13**

Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to not sue Rational Cooking Systems, Inc. ("Rational") or Rational AG following the May 1998 meeting with Rational AG in Germany.

7

**Production Request No. 14**

  Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's and TLC's decision to file a complaint against Rational on August 18, 2006.

**Production Request No. 15**

  Each document or thing concerning FAST's decision to withdraw itself from this lawsuit.

**Production Request No. 16**

  Each document or thing concerning your participation in the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 17**

  Each document or thing concerning your participation in the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 18**

  Each document or correspondence received by or sent to you concerning the '948 patent.

**Production Request No. 19**

  Each document or thing concerning any communication between you and George F. Koether, Mario G. Ceste, Mario Pasquini, FAST, TLC, Rational or Rational AG regarding the '948 patent or U.S. patent application serial number 07/114,563.

**Production Request No. 20**

  Each document or thing concerning any communication between you and George F. Koether, Mario G. Ceste, Mario Pasquini, FAST, TLC, Rational or Rational AG regarding asserting the '948 patent against any third party.

**Production Request No. 21**

  Each document or thing concerning any communication between you and any third party regarding asserting the '948 patent.

**Production Request No. 22**

  Each document or thing concerning any communication between you and George F. Koether, Mario Ceste, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational.

**Production Request No. 23**

  Each document or thing concerning any communication between you and George F. Koether, Mario Ceste, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational AG (and its predecessors).

**Production Request No. 24**

  Each document or thing concerning the '948 patent.

**Production Request No. 25**

  Each document or thing concerning Rational.

9

**Production Request No. 26**

Each document or thing concerning Rational AG (and its predecessors).

**Production Request No. 27**

Each document or thing concerning your participation in the preparation and maintenance of the U.S. Patent No. 4,742,455 ("the '455 patent").

**Production Request No. 28**

Each document or thing concerning the '455 patent.

**Production Request No. 29**

Each document or thing concerning any meeting between you and Rational AG (and its predecessors) including, but not limited to, the May 1998 meeting in Germany.

**Production Request No. 30**

Each document or thing from any meeting attended by TLC, FAST or Rational AG (including predecessors), concerning any possible future business relationship between any of these companies.

**Production Request No. 31**

Each document or thing concerning communications between FAST and Rational AG to enter into business relations including, but not limited to, email communications from or to Hilmar Messerschmidt regarding Rational AG.

**Production Request No. 32**

Each document or thing concerning any communication with any third party concerning this lawsuit, including, but not limited to, communications with TurboChef Technologies, Inc., Henny Penny Corporation, The Middleby Corporation, Barbecue King Industries or any other manufacturer, distributor or supplier.

10

**Production Request No. 33**

Each document or thing concerning your involvement in any license negotiation involving the '948 patent including, but not limited to, negotiations with TLC, United Electric Controls Company, TurboChef Technologies Incorporated, Rational AG (and its predecessors) or other third parties.

**Production Request No. 34**

Each document or thing concerning any analysis of Rational's SelfCooking Center®.

**Production Request No. 35**

Each document or thing concerning your past and present relationship with FAST including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 36**

Each document or thing concerning your past and present relationship with TLC including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 37**

Each document or thing concerning your role(s) at FAST since its formation to date.

**Production Request No. 38**

Each document or thing concerning your role as Chairman of FAST.

**Production Request No. 39**

Each document or thing concerning your ownership interest in FAST.

**Production Request No. 40**

Each document or thing concerning your financial interest in FAST.

11

**Production Request No. 41**

Each document or thing concerning your role(s) at TLC since its formation to date.

**Production Request No. 42**

Each document or thing concerning your ownership interest in TLC.

**Production Request No. 43**

Each document or thing concerning your financial interest in TLC.

**Production Request No. 44**

Each document or thing concerning your financial interest in the '948 patent.

**Production Request No. 45**

Each document or thing concerning your financial interest in this litigation.

**Production Request No. 46**

Each document or thing concerning your financial interest in any third party licenses regarding the '948 patent.

**Production Request No. 47**

Each document or thing concerning the determination of a reasonable royalty for licensing the '948 patent.

**Production Request No. 48**

Each document or thing concerning the licensing of the '948 patent.

**Production Request No. 49**

Each document or thing concerning the licensing of any FAST patent including, but not limited to, the actual license agreements.

12

**Production Request No. 50**

Each document or thing concerning the licensing of any TLC patent including, but not limited to, the actual license agreements.

**Production Request No. 51**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of the '948 patent.

**Production Request No. 52**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of any FAST patent.

**Production Request No. 53**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of any TLC patent or patent licensed by TLC.

**Production Request No. 54**

Each document or thing concerning any valuation or appraisal of the '948 patent.

**Production Request No. 55**

Each document or thing concerning any press release concerning this lawsuit.

**Production Request No. 56**

Each document or thing concerning any press release concerning the '948 patent.

**Production Request No. 57**

Each document or thing concerning any press release concerning any lawsuit in which infringement of the '948 patent was alleged.

**Production Request No. 58**

Each document or thing concerning the press release entitled "FAST Sues Rational

13

Cooking Systems, Inc. for Patent Infringement" dated August 22, 2006, which was posted on FAST's website.

**Production Request No. 59**

Each document or thing concerning FAST's decision to remove the press release entitled "FAST Sues Rational Cooking Systems, Inc. for Patent Infringement" dated August 22, 2006 from its website.

**Production Request No. 60**

Each document or thing concerning any prior art search concerning the '948 patent.

**Production Request No. 61**

Each document or thing concerning any prior art search concerning U.S. patent application serial no. 07/114,563.

**Production Request No. 62**

All drafts of any declarations or other documents submitted to the PTO during the prosecution of U.S. patent application serial no. 07/114,563.

**Production Request No. 63**

Any patent, publication, or other prior art that was cited, referred to, or relied upon during the prosecution of U.S. patent application serial no. 07/114,563.

**Production Request No. 64**

Each document or thing concerning any pending or abandoned U.S. patent application related to or claiming priority to U.S. patent application serial no. 07/114,563 including, but not limited to, any divisional, continuation, or continuation-in-part application.

14

**Production Request No. 65**

      Each document or thing concerning any pending or abandoned foreign patent application

or issued patent related to or claiming priority based on U.S. patent application serial no.

07/114,563.

**Production Request No. 66**

      Each document or thing reflecting your knowledge as to your duty of candor and good

faith pursuant to 37 C.F.R. § 1.56 during the prosecution of U.S. patent application serial no.

07/114,563.

**Production Request No. 67**

      Each document or thing concerning any agreement between you and FAST regarding the

'948 patent.

**Production Request No. 68**

      Each document or thing concerning the scope of any claim in the '948 patent.

**Production Request No. 69**

      Each document or thing concerning the meaning of any term or phrase in any claim in the

'948 patent.

**Production Request No. 70**

      Each document or thing concerning the validity or invalidity of any claim in the

'948 patent.

**Production Request No. 71**

      Each document or thing concerning the enforceability or unenforceability of any claim in

the '948 patent.

15

**Production Request No. 72**

Each document or thing concerning the best mode known as of October 29, 1987, for practicing any alleged invention claimed in the '948 patent.

**Production Request No. 73**

Each document or thing concerning the level of ordinary skill in the art to which the '948 patent pertains including, but not limited to, patents and publications.

**Production Request No. 74**

Any document evidencing, bearing upon, or establishing the relevant technical field to which the '948 patent pertains including, but not limited to, patents and publications.

**Production Request No. 75**

Each document or thing concerning any communication between you and Hilmar Messerschmidt concerning the '948 patent.

**Production Request No. 76**

Each document or thing concerning any communication between you and Hilmar Messerschmidt concerning Rational.

**Production Request No. 77**

Each document or thing concerning any communication between you and Hilmar Messerschmidt concerning Rational AG (and its predecessors).

**Production Request No. 78**

Each document or thing concerning any communication between you and Brett A. Valiquet concerning the '948 patent.

16

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF

Rational Cooking Systems, Inc.
Defendant.

Case pending in the District of Delaware

TO:     Food Automation – Service Techniques, Inc.
        905 Honeyspot Road
        Stratford, CT 06615

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
| | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 22, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | January 4, 2007 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00414517

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) **Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) **Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00414517

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

00414517

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.    The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.    The phrases "SelfCooking Center®" or "SCC®" shall mean the product sold by Rational under the federally registered trademarks SelfCooking Center® and SCC®.

3.    The term "PTO" shall mean the United States Patent and Trademark Office.

4.    The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

5.    The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

6.    The terms "you," and "your," shall mean and refer to FAST.

7.    The terms "all," "each," and "any" shall be construed as all and each and any.

00408192.DOC

8.    The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of FAST, including but

not limited to letters, cables, wires, messages, telexes, telecopies, memoranda, inter-office and

intra-corporate communications, reports, notes, minutes, bulletins, circulars, pamphlets,

instructions, work assignments, notebooks, drafts, work sheets, appraisals, advertisements,

catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price lists, proposals,

quotations, solicitations, and bids; drawings, diagrams, blueprints, plans, sketches, charts, graphs,

tracings, photographs, audio tapes, videotapes, and motion pictures; printouts, recordings, tapes,

disks, ROMs, PROMs, EPROMs, data compilations, electronically stored information, and other

information from computers or other data storage and retrieval systems; trademark registrations,

copyright registrations, and registration applications; patents and patent applications;

assignments, deeds, contracts, agreements, licenses, and other official documents and legal

instruments; newspapers, magazines, books, periodicals, and other published material of any

kind; annual reports, reports to shareholders or owners, and minutes or reports of meetings of

owners or directors or executive boards or committees; summaries of negotiations or meetings;

quality control, operating, service, repair, or maintenance manuals; technical specifications or

requirements; advertising and promotional material as well as sales literature; labels and

packaging; press releases and new product releases; engineering notebooks and data; ledgers,

journals, bills, checks, receipts, vouchers, statements, orders, records and files; address books,

appointment books, telephone logs, calendars, diaries, and desk pads; affidavits, declarations,

2

and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

9.    The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

10.    The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

11.    The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

12.    The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control by any one or a combination of the following persons or organizations:

(a)    FAST;

(b)    Any corporation or other entity controlled by or affiliated with FAST or controlling FAST as its wholly owned subsidiary;

(c)    Any principal, officer, employee, agent, representative, or consultant of or for FAST or any such controlled or affiliated corporation or entity; and

(d)    Counsel for FAST or any such controlled or affiliated corporation or entity.

3

13.     The term "person" shall mean any natural person.

14.     The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

15.     The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

16.     The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

17.     Any third party specifically referred to shall also include that third party's successors and predecessors.

18.     The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

19.     If FAST objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that FAST provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

      (a)     Its date of creation;

      (b)     The identity of all persons who prepared and/or signed the document or thing;

4

    (c)     The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

    (d)     A summary of its contents, or the general subject matter of the document or thing;

    (e)     Its present location and the identity of its current custodian;

    (f)     A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

    (g)     The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting FAST's assertion thereof.

20.     If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

21.     Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

22.     In responding to Rational's requests for documents and things, if FAST claims any ambiguity in interpreting either a request, a definition, or an instruction, FAST shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of its response to the request the language deemed to be ambiguous and the interpretation that it has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, FAST shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

### Production Request No. 1

Each document or thing concerning a conception of any alleged invention claimed in U.S. Patent No. 4,920,948 ("the '948 patent").

### Production Request No. 2

Each document or thing concerning an initial disclosure of any alleged invention claimed in the '948 patent.

### Production Request No. 3

Each document or thing concerning a reduction to practice of any alleged invention claimed in the '948 patent.

### Production Request No. 4

Each document or thing concerning the research, development, or testing of any alleged invention claimed in the '948 patent.

### Production Request No. 5

Each document or thing concerning the first use, sale, or offer for sale of any alleged invention claimed in the '948 patent.

6

**Production Request No. 6**

Each document or thing concerning the first use of a control system that FAST contends embodies the subject matter claimed in the '948 patent.

**Production Request No. 7**

Each document or thing concerning a novelty, patentability, validity, infringement, state-of-the-art, or right-to-use search or study that pertains to the '948 patent or to application serial number 07/114,563.

**Production Request No. 8**

Each document or thing including, but not limited to, patents and publications, found or discovered as a result of a novelty, patentability, validity, infringement, state-of-the-art, or right-to-use search or study pertaining to the '948 patent or to application serial number 07/114,563.

**Production Request No. 9**

Each document or thing concerning a validity opinion obtained by FAST concerning the '948 patent.

**Production Request No. 10**

Each document or thing concerning an infringement opinion obtained by FAST concerning any Rational product that FAST alleges/alleged infringes the '948 patent.

**Production Request No. 11**

Each document or thing concerning a sale, transfer, grant, conveyance, assignment, or license of any right under the '948 patent.

**Production Request No. 12**

Each document or thing concerning a license, release, covenant not to sue, or immunity from suit under the '948 patent.

**Production Request No. 13**

      Each document or thing concerning any attempt(s) by FAST to license the '948 patent.

**Production Request No. 14**

      Each document or thing concerning a threat to sue or a charge of infringement under the '948 patent.

**Production Request No. 15**

      Each document or thing concerning the decision to sue Rational Cooking Systems, Inc. ("Rational") or any other person or organization for infringement of the '948 patent.

**Production Request No. 16**

      Each document or thing concerning the decision to not sue a person or organization for infringement of the '948 patent.

**Production Request No. 17**

      Each document or thing concerning a Rational product including, but not limited to, any brochure, manual, magazine, description, investigation, analysis, notes, and the decision to sue Rational.

**Production Request No. 18**

      Each document or thing concerning the introduction of any Rational's SCC® product including, but not limited to, any brochure, journal, or magazine received by FAST.

**Production Request No. 19**

      Each document or thing concerning any magazine, trade journal, or brochure regarding the oven industry for which FAST subscribes to or receives on a regular basis.

**Production Request No. 20**

Each document or thing concerning FAST's decision to file, with TLC, the initial Complaint dated August 18, 2006 against Rational.

**Production Request No. 21**

Each document or thing concerning FAST's decision to withdraw itself from this lawsuit.

**Production Request No. 22**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 23**

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, documents produced by TLC, documents produced by FAST, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 24**

Each document or thing from any meeting attended by FAST concerning the '948 patent.

**Production Request No. 25**

Each document or thing concerning U.S. Patent No. 4,742,455 ("the '455 patent").

**Production Request No. 26**

      Each document or thing concerning the preparation and maintenance of the '455 patent.

**Production Request No. 27**

      Each document or thing from any meeting attended by FAST concerning the '455 patent.

**Production Request No. 28**

      Each document or thing from any meeting attended by FAST and Rational AG (including predecessors) concerning the '948 patent including, but not limited to, any meetings held in Germany in May 1998.

**Production Request No. 29**

      Each document or thing from any meeting attended by TLC or FAST and Rational AG (including predecessors), concerning any possible future business relationship between any of these companies.

**Production Request No. 30**

      Each document or thing concerning communications between FAST and Rational AG to enter into business relations including, but not limited to, email communications from Hilmar Messerschmidt and Bernard Koether to Rational AG in 2002.

**Production Request No. 31**

      Each document or thing concerning any communication with any third party concerning this lawsuit, including, but not limited to, communications with TurboChef Technologies, Inc., Henny Penny Corporation, The Middleby Corporation, Barbecue King Industries or any other manufacturer, distributor or supplier.

**Production Request No. 32**

      Each document or thing concerning any press release concerning the case *Technology*

10

*Licensing Corporation v. Rational Cooking Systems, Inc.*, No. 06-515-JJF (D.Del.) ("this lawsuit").

## Production Request No. 33

Each document or thing concerning any press release concerning the '948 patent.

## Production Request No. 34

Each document or thing concerning any press release concerning any lawsuit in which infringement of the '948 patent was alleged.

## Production Request No. 35

Each document or thing concerning any press release by FAST concerning TLC.

## Production Request No. 36

Each document or thing concerning any press release by FAST concerning Morrison & Foerster LLP.

## Production Request No. 37

Each document or thing concerning the press release entitled "FAST Sues Rational Cooking Systems, Inc. for Patent Infringement" dated August 22, 2006, which was posted on FAST's website.

## Production Request No. 38

Each document or thing concerning FAST's decision to remove the press release entitled "FAST Sues Rational Cooking Systems, Inc. for Patent Infringement" dated August 22, 2006 from its website.

## Production Request No. 39

Each document or thing concerning the relationship between TLC and FAST.

11

**Production Request No. 40**

      Each document or thing concerning FAST's organizational structure.

**Production Request No. 41**

      Each document or thing concerning the ownership of FAST including, but not limited to, identification of the owners and the percentage of the company owned by each owner.

**Production Request No. 42**

      Each document or thing concerning any ownership interest by TLC of FAST including, but not limited to, identification of the owners and the percentage of the company owned by each owner.

**Production Request No. 43**

      Each document or thing concerning Bernard G. Koether's role(s) at FAST since its formation to date.

**Production Request No. 44**

      Each document or thing concerning Bernard G. Koether's role as Chairman of FAST.

**Production Request No. 45**

      Each document or thing concerning Bernard G. Koether's ownership interest in FAST.

**Production Request No. 46**

      Each document or thing concerning George Koether's role(s) at FAST.

**Production Request No. 47**

      Each document or thing concerning George Koether's ownership interest in FAST.

**Production Request No. 48**

      Each document or thing concerning any TLC employee's ownership interest in FAST.

**Production Request No. 49**

 Each document or thing concerning Mario G. Ceste's role(s) at FAST.

**Production Request No. 50**

 Each document or thing concerning Mario G. Ceste's financial interest in FAST.

**Production Request No. 51**

 Each document or thing concerning Mario G. Ceste's financial interest in the '948 patent.

**Production Request No. 52**

 Each document or thing concerning Bernard G. Koether's financial interest in FAST.

**Production Request No. 53**

 Each document or thing concerning Bernard G. Koether's financial interest in the '948 patent.

**Production Request No. 54**

 Each document or thing concerning Mario Pasquini's financial interest in the '948 patent.

**Production Request No. 55**

 Each document or thing concerning the '948 patent.

**Production Request No. 56**

 Each document or thing concerning U.S. patent application serial no. 07/114,563.

**Production Request No. 57**

 Each document or thing concerning the preparation or prosecution of U.S. patent application serial no. 07/114,563.

**Production Request No. 58**

Any drafts, working copies, or marked versions of any paper concerning the patent application that was filed with the PTO on October 29, 1987, and assigned application serial no. 07/114,563 including, but not limited to, any draft of any portion of the specification or claims.

**Production Request No. 59**

Each document or thing concerning any prior art search concerning the '948 patent.

**Production Request No. 60**

Each document or thing concerning any prior art search concerning U.S. patent application serial no. 07/114,563.

**Production Request No. 61**

All drafts of any declarations or other documents submitted to the PTO during the prosecution of U.S. patent application serial no. 07/114,563.

**Production Request No. 62**

Any patent, publication, or other prior art that was cited, referred to, or relied upon during the prosecution of U.S. patent application serial no. 07/114,563.

**Production Request No. 63**

Each document or thing concerning any pending or abandoned U.S. patent application related to or claiming priority to U.S. patent application serial no. 07/114,563 including, but not limited to, any divisional, continuation, or continuation-in-part application.

**Production Request No. 64**

Each document or thing concerning any pending or abandoned foreign patent application or issued patent related to or claiming priority based on U.S. patent application serial no. 07/114,563.

14

**Production Request No. 65**

Each document or thing reflecting Bernard G. Koether's and Mario Pasquini's knowledge as to their duty of candor and good faith pursuant to 37 C.F.R. § 1.56 during the prosecution of U.S. patent application serial no. 07/114,563.

**Production Request No. 66**

Each document or thing reflecting the knowledge of those involved in the prosecution of U.S. patent application serial no. 07/114,563 as to their duty of candor and good faith pursuant to 37 C.F.R. § 1.56.

**Production Request No. 67**

Each document or thing concerning any example or embodiment appearing in the '948 patent including, but not limited to, research notebooks, laboratory notebooks, and any documents relating to the preparation, testing, analysis, evaluation, performance, or use of any control system.

**Production Request No. 68**

Any patent, publication, or other prior art that was cited, referred to, or relied upon in any opposition, cancellation, nullity, or other adversarial proceeding involving any foreign counterpart of U.S. patent application serial no. 07/114,563 or any foreign patent based upon any such foreign application.

**Production Request No. 69**

Each document or thing concerning any opposition, nullity, infringement, or other inter-partes proceeding in the United States or any foreign country concerning the '948 patent or any foreign counterpart patent or application including, but not limited to, all pleadings, exhibits,

affidavits, declarations, attachments, supporting data, discovery materials, trial testimony, and any decision by the respective tribunal.

**Production Request No. 70**

Each document or thing concerning any litigation or adversarial proceeding concerning the '948 patent or any foreign counterpart patent or application including, but not limited to, court or agency filings and orders.

**Production Request No. 71**

All transcripts and exhibits from each deposition or other sworn statement provided by a FAST employee, FAST witness, third party, or nonparty witness in connection with any litigation or adversarial proceeding concerning the '948 patent or any foreign counterpart patent or application.

**Production Request No. 72**

Each document or thing concerning a control system that embodies the subject matter claimed in the '948 patent.

**Production Request No. 73**

Each document or thing concerning any trade show that FAST or anyone on FAST's behalf attended including, but not limited to, the 85th National Restaurant Association Hotel-Motel Show in 2004, in which any product was shown, demonstrated or made public that FAST alleges embodies the subject matter claimed in the '948 patent.

**Production Request No. 74**

Each document or thing concerning the manufacture, marketing, or sale of any product that embodies the subject matter claimed in the '948 patent.

16

**Production Request No. 75**

Each document or thing concerning any analysis, investigation, inspection, examination, measurement, or test of any control system that embodies the subject matter claimed in the '948 patent.

**Production Request No. 76**

Each document or thing concerning any product that FAST has accused of infringing the '948 patent.

**Production Request No. 77**

Each document or thing concerning any analysis, investigation, inspection, examination, measurement, or test of any SelfCooking Center® machine.

**Production Request No. 78**

All documents concerning Rational's alleged infringement of the '948 patent.

**Production Request No. 79**

All documents concerning Rational AG, its predecessors, and the '948 patent.

**Production Request No. 80**

All documents concerning the SelfCooking Center® machine.

**Production Request No. 81**

Each document or thing showing when FAST first became aware of the SelfCooking Center® machine.

**Production Request No. 82**

Any patent, publication, or other document identified by any third party as prior art that questioned, challenged, or disputed the validity or the enforceability of the '948 patent or any foreign counterpart.

17

**Production Request No. 83**

Each document or thing concerning communications or agreements between FAST and any third party regarding the validity, infringement, or enforceability of the '948 patent.

**Production Request No. 84**

Each document or correspondence received by or sent to Bernard G. Koether concerning the '948 patent.

**Production Request No. 85**

Each document or correspondence received by or sent to Mario Pasquini concerning the '948 patent.

**Production Request No. 86**

Each document or correspondence received by or sent to Mario G. Ceste concerning the '948 patent.

**Production Request No. 87**

Each document or thing concerning any communication with Bernard G. Koether, Mario Pasquini, or Mario G. Ceste regarding the '948 patent, U.S. patent application serial number 07/114,563, or enforcement of the '948 patent.

**Production Request No. 88**

Each document or thing concerning any agreement between FAST and any third party including, but not limited to, the inventors regarding the '948 patent.

**Production Request No. 89**

Each document or thing concerning the payment of any maintenance fee for the '948 patent or any foreign equivalent.

18

**Production Request No. 90**

Each document concerning the decision to file, continue prosecution, maintenance of, or abandon, corresponding, continuation, continuation-in-part or divisional applications and any patents relying on the '948 patent or its priority date.

**Production Request No. 91**

Each document or thing concerning a license under or an assignment of the '948 patent to or from TLC, FAST, Bernard G. Koether, or Mario Pasquini.

**Production Request No. 92**

Each document or thing concerning the scope of any claim in the '948 patent.

**Production Request No. 93**

Each document or thing concerning the meaning of any term or phrase in any claim in the '948 patent.

**Production Request No. 94**

Each document or thing concerning the infringement or noninfringement of any claim in the '948 patent.

**Production Request No. 95**

Each document or thing concerning the validity or invalidity of any claim in the '948 patent.

**Production Request No. 96**

Each document or thing concerning the enforceability or unenforceability of any claim in the '948 patent.

**Production Request No. 97**

Each document or thing concerning the best mode known to the inventors as of October 29, 1987, for practicing any alleged invention claimed in the '948 patent.

**Production Request No. 98**

Each document or thing concerning the level of ordinary skill in the art to which the '948 patent pertains including, but not limited to, patents and publications.

**Production Request No. 99**

Any document evidencing, bearing upon, or establishing the relevant technical field to which the '948 patent pertains including, but not limited to, patents and publications.

**Production Request No. 100**

Any document concerning any license negotiation involving the '948 patent.

**Production Request No. 101**

Each document or thing concerning the licensing of any FAST patent including, but not limited to, the actual license agreements.

**Production Request No. 102**

Any document concerning any royalty paid by FAST under the '948 patent.

**Production Request No. 103**

Any document concerning any royalty received by FAST, TLC or other third party under the '948 patent.

**Production Request No. 104**

Any document concerning a reasonable royalty for the '948 patent.

**Production Request No. 105**

Any document concerning the applicability or inapplicability of any of the fifteen factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), for determining the amount of a reasonable royalty for the '948 patent.

**Production Request No. 106**

Any document concerning an established royalty for the '948 patent.

**Production Request No. 107**

Each license or agreement concerning any patent alleged to be comparable to the '948 patent for purposes of determining the amount of a reasonable royalty.

**Production Request No. 108**

Each document or thing concerning a license agreement under which TLC received from FAST any rights under a patent including, but not limited to, any royalties and any other economic consideration supplied by TLC.

**Production Request No. 109**

Each document or thing concerning a license or agreement under which TLC granted any rights under a patent to FAST including, but not limited to, any royalties and any other economic consideration paid by FAST to TLC.

**Production Request No. 110**

Each document or thing concerning a license, sublicense, or agreement under which FAST granted any rights under a patent to any third party including, but not limited to, any royalties and any other economic consideration received by FAST.

**Production Request No. 111**

Each document or thing concerning any royalties paid by FAST to TLC for any patent license including, but not limited to, any royalty reports or summaries of any royalty payments.

**Production Request No. 112**

Each document or thing concerning any royalties received by FAST from any third party for any license, sublicense, or agreement concerning the '948 patent including, but not limited to, any royalty reports or summaries of any royalty payments.

**Production Request No. 113**

Each document or thing concerning any payments received by FAST from any third party for any license, sublicense, or agreement concerning the '948 patent.

**Production Request No. 114**

Each document or thing concerning any valuation or appraisal of the '948 patent.

**Production Request No. 115**

Each document or thing concerning FAST's records regarding any royalty payments made to TLC.

**Production Request No. 116**

Each document or thing concerning any agreement between TLC and FAST concerning the '948 patent.

**Production Request No. 117**

Each document or thing concerning any agreement between TLC and FAST concerning any patent.

**Production Request No. 118**

Each document or thing concerning FAST's records reflecting compensation paid to TLC other than royalties concerning the '948 patent.

**Production Request No. 119**

Each document or thing concerning any patent marking, patent pending designation, or notice under 35 U.S.C. § 287 for any product, service, method, or combination thereof that FAST contends embodies the subject matter claimed in the '948 patent.

**Production Request No. 120**

Each document or thing from Bernard G. Koether's files concerning the '948 patent.

**Production Request No. 121**

Each document or thing from Mario Pasquini's files concerning the '948 patent.

**Production Request No. 122**

Each document or thing from William Schreyer's files concerning the '948 patent.

**Production Request No. 123**

Each document or thing from Mario G. Ceste's files concerning the '948 patent.

**Production Request No. 124**

Each document or thing from Bernard G. Koether's files concerning the '455 patent.

**Production Request No. 125**

Each document or thing from Mario Pasquini's files concerning the '455 patent.

**Production Request No. 126**

Each document or thing from William Schreyer's files concerning the '455 patent.

**Production Request No. 127**

Each document or thing from Mario G. Ceste's files concerning the '455 patent.

23

**Production Request No. 128**

      Each document or thing concerning Rory Radding's, Pennie & Edmonds', or Morrison & Foerster's participation in the preparation and maintenance of the '948 patent.

**Production Request No. 129**

      Each document or thing concerning Rory Radding's, Pennie & Edmonds', or Morrison & Foerster's participation in the preparation and maintenance of the '455 patent.

**Production Request No. 130**

      Each document or thing concerning Mario G. Ceste's participation in the preparation and maintenance of the '948 patent.

**Production Request No. 131**

      Each document or thing concerning Mario G. Ceste's participation in the preparation and maintenance of the '455 patent.

**Production Request No. 132**

      Each document or thing concerning Mario G. Ceste's relationship with FAST.

**Production Request No. 133**

      Each document or thing concerning Hilmar Messerschmidt's relationship with FAST.

**Production Request No. 134**

      Each document or thing concerning any communication between any person at FAST and Hilmar Messerschmidt concerning the '948 patent.

**Production Request No. 135**

      Each document or thing concerning any communication between any person at FAST and Hilmar Messerschmidt concerning Rational.

**Production Request No. 136**

Each document or thing concerning any communication between any person at FAST and Hilmar Messerschmidt concerning Rational AG (and its predecessors).

**Production Request No. 137**

Each document or thing concerning any communication between Bernard G. Koether and Hilmar Messerschmidt concerning the '948 patent.

**Production Request No. 138**

Each document or thing concerning Hilmar Messerschmidt's participation in meetings or discussions concerning '948 patent.

**Production Request No. 139**

Each document or thing concerning Hilmar Messerschmidt's consultations with FAST concerning the '948 patent.

**Production Request No. 140**

Each document or thing concerning any reports or memoranda prepared by Hilmar Messerschmidt concerning the '948 patent.

**Production Request No. 141**

Each document or thing concerning Hilmar Messerschmidt's involvement in discussions or meetings with Rational AG (and its predecessors).

**Production Request No. 142**

Each document or thing concerning Charles A. Blank's invoices for time and services concerning the '948 patent and related meetings and discussions.

**Production Request No. 143**

Each document or thing concerning Charles A. Blank's invoices for time and services

25

concerning the '455 patent and related meetings and discussions.

**Production Request No. 144**

Each document or thing concerning any communication with Brett A. Valiquet concerning the '948 patent.

**Production Request No. 145**

Each document or thing concerning Brett A. Valiquet's letter to Bernard Koether dated August 24, 1998 concerning the '948 patent.

**Production Request No. 146**

Each document or thing concerning Brett A. Valiquet's letter to Rory Radding dated October 12, 1998.

**Production Request No. 147**

Each document or thing concerning any communication with the law firm Hill & Simpson.

**Production Request No. 148**

Each document or thing concerning any communication with Rational regarding the '948 patent.

**Production Request No. 149**

Each document or thing concerning any communication with Rational AG (and its predecessors) regarding the '948 patent.

**Production Request No. 150**

Each document or thing concerning FAST's practice, policy, or procedure for the retention of documents and/or classes or categories of documents including, but not limited to, email communications, spreadsheets, presentations, and word-processing materials.

26

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF

Rational Cooking Systems, Inc.
Defendant.

Case pending in the District of Delaware

TO:    George F. Koether
       Food Automation – Service Techniques, Inc.
       905 Honeyspot Road
       Stratford, CT 06615

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 22, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | January 4, 2007 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00416567

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
DATE                                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00416567

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      The phrases "the '948 patent" or "patent in suit" shall mean United States Patent

No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.      The phrases "SelfCooking Center®" or "SCC®" shall mean the product sold by

Rational under the federally registered trademarks SelfCooking Center® and SCC®.

3.      The term "PTO" shall mean the United States Patent and Trademark Office.

4.      The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean

and include Technology Licensing Corporation, any predecessor or successor company or

individual, and any corporation or other business entity (whether or not a separate legal entity)

subsidiary to, or affiliated with TLC, as well as all present and former principals, partners,

directors, owners, officers, members, employees, agents, representatives, consultants, and

attorneys of TLC or any affiliated corporation or business entity and any other persons under the

control of TLC.

5.      The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and

include Food Automation-Service Techniques, Inc., any predecessor or successor company or

individual, and any corporation or other business entity (whether or not a separate legal entity)

subsidiary to, or affiliated with FAST, as well as all present and former principals, partners,

directors, owners, officers, members, employees, agents, representatives, consultants, and

attorneys of FAST or any affiliated corporation or business entity and any other persons under

the control of FAST.

6.      The terms "you," and "your," shall mean and refer to George F. Koether.

7.      The terms "all," "each," and "any" shall be construed as all and each and any.

00416597.DOC

8.    The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of George F. Koether,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

2

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

9.      The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

10.     The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

11.     The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

12.     The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

13.     The term "person" shall mean any natural person.

14.     The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

15.     The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

3

16.     The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

17.     Any third party specifically referred to shall also include that third party's successors and predecessors.

18.     The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

19.     If George F. Koether objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that George F. Koether provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

    (a)     Its date of creation;

    (b)     The identity of all persons who prepared and/or signed the document or thing;

    (c)     The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

    (d)     A summary of its contents, or the general subject matter of the document or thing;

    (e)     Its present location and the identity of its current custodian;

    (f)     A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

(g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting George F. Koether's assertion thereof.

20.    If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

21.    Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

22.    In responding to Rational's requests for documents and things, if George F. Koether claims any ambiguity in interpreting either a request, a definition, or an instruction, George F. Koether shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of its response to the request the language deemed to be ambiguous and the interpretation that it has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, George F. Koether shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

5

**Production Request No. 1**

  Each document or thing concerning any assertion of or threat of infringement of the '948 patent against any third party.

**Production Request No. 2**

  Each document or thing concerning FAST's decision to assert or threaten infringement of the '948 patent against any third party.

**Production Request No. 3**

  Each document or thing concerning FAST's decision to not assert infringement of the '948 patent against any third party.

**Production Request No. 4**

  Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to not sue Rational Cooking Systems, Inc. ("Rational") or Rational AG following the May 1998 meeting with Rational AG in Germany.

**Production Request No. 5**

  Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to file a complaint against Rational on August 18, 2006.

**Production Request No. 6**

  Each document or thing concerning FAST's decision to withdraw itself from this lawsuit.

**Production Request No. 7**

  Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not

limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

### Production Request No. 8

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

### Production Request No. 9

Each document or correspondence received by or sent to you concerning the '948 patent.

### Production Request No. 10

Each document or thing concerning any communication between you and Bernard G. Koether, Mario Ceste, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding the '948 patent or U.S. patent application serial number 07/114,563.

### Production Request No. 11

Each document or thing concerning any communication between you and Bernard G. Koether, Mario Ceste, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding asserting the '948 patent against any third party.

### Production Request No. 12

Each document or thing concerning any communication between you and any third party regarding asserting the '948 patent.

7

**Production Request No. 13**

Each document or thing concerning any communication between you and Bernard G. Koether, Mario Ceste, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational.

**Production Request No. 14**

Each document or thing concerning any communication between you and Bernard G. Koether, Mario Ceste, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational AG (and its predecessors).

**Production Request No. 15**

Each document or thing concerning the '948 patent.

**Production Request No. 16**

Each document or thing concerning Rational.

**Production Request No. 17**

Each document or thing concerning Rational AG (and its predecessors).

**Production Request No. 18**

Each document or thing concerning your participation in the preparation and maintenance of U.S. Patent No. 4,742,455 ("the '455 patent").

**Production Request No. 19**

Each document or thing concerning the '455 patent.

**Production Request No. 20**

Each document or thing concerning any meeting between FAST and Rational AG (and its predecessors) including, but not limited to, the May 1998 meeting in Germany.

8

**Production Request No. 21**

      Each document or thing concerning any license negotiation involving the '948 patent including, but not limited to, negotiations with TLC, United Electric Controls Company, TurboChef Technologies Incorporated, Rational AG (and its predecessors) or other third parties.

**Production Request No. 22**

      Each document or thing concerning any analysis of Rational's SelfCooking Center®.

**Production Request No. 23**

      Each document or thing concerning your past and present relationship with FAST including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 24**

      Each document or thing concerning your past and present relationship with TLC including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 25**

      Each document or thing concerning your financial interest in the '948 patent.

**Production Request No. 26**

      Each document or thing concerning your financial interest in the case *Technology Licensing Corporation v. Rational Cooking Systems, Inc.*, No. 06-515-JJF (D.Del.) ("this lawsuit").

**Production Request No. 27**

      Each document or thing concerning your financial interest in any third party licenses regarding the '948 patent.

9

**Production Request No. 28**

Each document or thing concerning the determination of a reasonable royalty for licensing the '948 patent.

**Production Request No. 29**

Each document or thing concerning opinions regarding the validity or invalidity of any claim of the '948 patent.

**Production Request No. 30**

Each document or thing concerning opinions regarding the enforceability or unenforceability of the '948 patent.

**Production Request No. 31**

Each document or thing concerning the licensing of the '948 patent.

**Production Request No. 32**

Each document or thing concerning the licensing of any FAST patent including, but not limited to, the actual license agreements.

**Production Request No. 33**

Each document or thing concerning the licensing of any TLC patent including, but not limited to, the actual license agreements.

**Production Request No. 34**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of the '948 patent.

**Production Request No. 35**

  Each document or thing concerning any royalties, payments or other compensation you have received as a result of any FAST patent.

**Production Request No. 36**

  Each document or thing concerning the determination of a reasonable royalty for licensing the '948 patent.

**Production Request No. 37**

  Each document or thing concerning any valuation or appraisal of the '948 patent.

**Production Request No. 38**

  Each document or thing concerning any communication between you and Hilmar Messerschmidt concerning the '948 patent.

**Production Request No. 39**

  Each document or thing concerning any communication between you and Hilmar Messerschmidt concerning Rational.

**Production Request No. 40**

  Each document or thing concerning any communication between you and Hilmar Messerschmidt concerning Rational AG (and its predecessors).

**Production Request No. 41**

  Each document or thing concerning any press release concerning this lawsuit.

**Production Request No. 42**

  Each document or thing concerning any press release concerning the '948 patent.

**Production Request No. 43**

  Each document or thing concerning any press release concerning any lawsuit in which

infringement of the '948 patent was alleged.

**Production Request No. 44**

Each document or thing concerning the press release entitled "FAST Sues Rational

Cooking Systems, Inc. for Patent Infringement" dated August 22, 2006, which was posted on

FAST's website.

**Production Request No. 45**

Each document or thing concerning FAST's decision to remove the press release entitled

"FAST Sues Rational Cooking Systems, Inc. for Patent Infringement" dated August 22, 2006

from its website.

# Exhibit D

REDACTED

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION,<br>a Florida corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>RATIONAL COOKING SYSTEMS, INC.,<br>a Delaware corporation,<br><br>    Defendant. | C.A. No. 06-515-JJF |

RATIONAL COOKING SYSTEMS, INC.'S RESPONSES
TO TECHNOLOGY LICENSING CORPORATION'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Rule 34 of the Federal Rules of Civil Procedure, defendant Rational

Cooking Systems, Inc. ("Rational") responds as follows to the production requests in plaintiff

Technology Licensing Corporation's ("TLC") First Set of Requests for Production of

Documents.

<u>Comments and General Objections</u>

A.    By offering to produce a document, Rational does not waive its right to withhold

any portion of the document that is privileged or immune from discovery.

B.    By offering to produce a document or by producing a document, Rational does

not admit that the document is relevant or admissible at a hearing or trial of this action, e.g., as

coming within an exception to the hearsay rule, Federal Rule of Evidence 802.

C.    Where Rational states in a specific response that it will produce documents or

things, that response should be construed to mean that Rational will produce properly

discoverable responsive documents or things if they are found to exist after a search in logical

repositories. Rational's statement that it will produce documents or things should not be construed as a representation that any such documents or things exist or are within Rational's possession, custody, or control.

D.    Rational objects to the definitions and instructions to the extent they purport to impose discovery obligations that are inconsistent with, not found in, or exceed the requirements of (a) the Federal Rules of Civil Procedure, (b) the Local Civil Rules of the United States District Court for the District of Delaware, or (c) any court order or directive.

E.    Rational objects to the time and place specified for production. Rational will produce documents and things at mutually agreeable times and places.

F.    Rational objects to any production request to the extent it seeks a document that is protected from discovery by the attorney-client privilege, or by work-product immunity, or which is otherwise privileged or immune from discovery.

G.    Rational objects to any production request to the extent it seeks a document or thing that is not in Rational's possession, custody, or control. Rational's responses are limited to documents and things in its possession, custody, or control.

H.    Rational objects to any production request to the extent it seeks a document or thing that is not reasonably accessible to Rational. Rational's responses are limited to documents and things reasonably accessible to Rational.

I.    Rational objects to any production request to the extent that it does not specify a time period relevant to this litigation and thereby seeks documents and things that are irrelevant to the subject matter of this lawsuit and thus not reasonably likely to lead to the discovery of admissible evidence.

2

J.     Rational objects to any production request to the extent it seeks a document or thing that is available in the public domain and, therefore, equally accessible to TLC on the ground that any such request subjects Rational to unreasonable burden and undue expense.

K.     Rational objects to any production request calling for a document that relates or refers to the exploratory efforts of Rational's counsel in investigating the issues in this case and preparing this case for trial. *See Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 592-93 (3d Cir. 1984); *see also Mass. v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 153 (D. Mass. 1986); *Besly-Welles Corp v. Balax, Inc.*, 43 F.R.D. 368, 370-71 (E.D. Wis. 1968). Such materials would tend to reveal counsel's mental impressions, conclusions, opinions, or legal theories. Consequently, such materials are beyond the ambit of discovery. *See* Fed. R. Civ. P. 26(b)(3).

L.     Rational objects to any production request calling for a document or thing that contains a nonparty's proprietary or confidential information, e.g., a document supplied by a nonparty to Rational under a nondisclosure or confidentiality agreement, unless the nonparty agrees to a suitable protective order or consents to disclosure to TLC.

M.     Rational objects to any production request to the extent it seeks a document or thing that contains both discoverable and nondiscoverable or objectionable material, and Rational reserves the right to redact any nonresponsive matter or any matter that Rational has objected to disclosing.

N.     Rational objects to any production request calling for "[a]ll documents" as overly broad, unduly burdensome, oppressive, and not reasonably tailored to lead to the discovery of admissible evidence.

O.     Rational objects to any production request calling for confidential information because no protective order has been entered or even agreed upon since there is an ongoing

3

dispute over provisions concerning (i) the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action and (ii) whether Rory J. Radding will be a necessary fact witness at trial pursuant to The Delaware Lawyers' Rule of Professional Conduct 3.7.

P.     Rational reserves the right to supplement, amend, or modify its responses as it obtains information and becomes aware of additional documents or things.

Q.     Rational has responded to TLC's production requests insofar as it now understands them. If TLC later asserts an interpretation of any production request that differs from Rational's understanding, Rational reserves the right to supplement, amend, or modify its responses, including the right to interpose additional objections.

R.     The general objections above and the objections in the specific responses below are made as to matters that are clearly objectionable on the face of the production requests. Rational makes these objections without prejudice to and without waiver of its right to object on any other grounds to any of the production requests.

4

## Responses to Requests for Production

**Request No. 1.**

Documents sufficient to identify the structure, operation, and management of Rational, including, without limitation, Documents Relating To the relationship between Rational and Rational AG.

**Response to Request No. 1.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "structure, operation, and management" is undefined and unclear. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 2.**

All documents Relating To the '948 Patent.

**Response to Request No. 2.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All documents." Rational also objects to this production

5

request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 3.**

All Documents Relating To the date(s) on which and the circumstances under which Rational first became aware of or received copies of the '948 Patent.

**Response to Request No. 3.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrases "circumstances under" and "first became aware" are undefined and unclear. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not

6

reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to

Delaware Local Rule 26.2, Rational further objects to this production request as it requests the

disclosure of confidential information and the parties have not yet agreed on a protective order.

There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have

access to confidential information in this action. Rational further identifies an additional issue

concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

agreeable time and location responsive, relevant, non-privileged documents, to the extent any

exist.

**Request No. 4.**

All Documents Relating To any investigation, search, analysis, opinion or request for opinion regarding the scope, validity or invalidity, enforceability or unenforceability, or infringement or noninfringement of the '948 Patent, or any foreign patent application or patent that corresponds in whole or in part to the '948 Patent, including but not limited to any search that uncovered the alleged Prior Art cited by Rational in its answering brief in opposition to TLC's motion for an expedited schedule, dated September 22, 2006.

**Response to Request No. 4.**

See the general objections. Rational objects to this production request as vague and

ambiguous because the phrase "any investigation, search, analysis, opinion or request for

opinion" is undefined and unclear. Rational objects to this request as overly broad and unduly

burdensome to the extent it seeks "All Documents." Rational also objects to this production

request as calling for documents protected from discovery by the attorney-client privilege, work-

product immunity, or both. Rational further objects to this production request insofar as it

exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4).

Rational additionally objects to this production request as calling for documents that are irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and

7

subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 5.**

All opinions of counsel obtained with respect to infringement, validity or enforceability of the '948 Patent that You intend to rely upon at trial to defend against TLC's claim of willful infringement.

**Response to Request No. 5.**

See the general objections.  Rational objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4).  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.  Rational may supplement this response at a later date.

**Request No. 6.**

All Documents that were considered by Rational and its attorneys to form an opinion as to the infringement, validity or enforceability of the '948 Patent.

**Response to Request No. 6.**

See the general objections.  Rational objects to this production request as vague and ambiguous because the phrase "considered by" is undefined and unclear.  Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents."  Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4).  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.  Rational may supplement this response at a later date.

**Request No. 7.**

All Documents that support, contradict or relate to any contention by Rational that it has not been and is not now willfully infringing the '948 Patent.

**Response to Request No. 7.**

See the general objections.  Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All documents."  Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-

9

product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 8.**

All Documents, including correspondence and memoranda, Relating To the validity or invalidity of the '948 Patent.

**Response to Request No. 8.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational

10

RLF1-3106381-1

further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 9.**

All Documents Related To the manufacture, use, sale, offer to sell or importation of the SCC products in the United States.

**Response to Request No. 9.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

RLF1-3106381-1

**Request No. 10.**

All Documents Related To any lawsuit, interference, arbitration, or other adversarial legal proceeding involving the SCC products.

**Response to Request No. 10.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 11.**

All Documents referring to TLC, FAST, FAST technology, FAST products, TLC officers, directors, or employees, or FAST officers, directors, or employees.

**Response to Request No. 11.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "FAST technology" is undefined and unclear. Rational objects to

12

this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Rational further objects to this production request because the discovery sought is unreasonably cumulative or duplicative, or is obtainable from a source other than Rational that is more convenient, less burdensome, or less expensive. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 12.**

Documents sufficient to describe fully the design and operation of the SCC products.

**Response to Request No. 12.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "design and operation" is undefined and unclear. Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production

13

request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 13.**

All computer source code comprising, operating, or Relating To the SCC products, in both machine readable electronic form and printed hard copy.

**Response to Request No. 13.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All computer source code." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

14

agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 14.**

Documents sufficient to identify each model or version of the SCC products.

**Response to Request No. 14.**

Subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 15.**

Documents sufficient to fully describe the specifications and design of the SCC products, including but not limited to any work done by or involving Third Parties.

**Response to Request No. 15.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "any work done by or involving Third Parties" is undefined and unclear. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a

15

protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to

represent TLC and have access to confidential information in this action.  Rational further

identifies an additional issue concerning Rory J. Radding's involvement and access to

confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

agreeable time and location responsive, relevant, non-privileged documents, to the extent any

exist.

**Request No. 16.**

Documents sufficient to fully describe all steps in the manufacture of the SCC products,
including but not limited to any steps done by or involving Third Parties.

**Response to Request No. 16.**

See the general objections.  Rational objects to this production request as vague and

ambiguous because the phrases "steps in the manufacture" and "any steps done by or involving

Third Parties" are undefined and unclear.  Rational additionally objects to this production request as

calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.  Moreover and subject to Delaware Local Rule 26.2, Rational further objects

to this production request as it requests the disclosure of confidential information and the parties

have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of

Mario G. Ceste to represent TLC and have access to confidential information in this action.

Rational further identifies an additional issue concerning Rory J. Radding's involvement and

access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

agreeable time and location responsive, relevant, non-privileged documents, to the extent any

exist.

RLF1-3106381-1

**Request No. 17.**

Documents sufficient to fully describe the marketing of the SCC products, including but not limited to any steps done by or involving Third Parties.

**Response to Request No. 17.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrases "the marketing of" and "any steps done by or involving Third Parties" are undefined and unclear. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 18.**

All Documents Relating To the names and/or functions of departments, teams, or persons within Rational involved in the conception, research, development, design, engineering, implementation, testing, manufacturing, marketing, sales or use of the SCC products.

**Response to Request No. 18.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "functions of" is undefined and unclear. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational

17

additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 19.**

Documents sufficient to identify each person within Rational who has been involved with or participated in the research, development, design, engineering, implementation, testing, manufacturing, sales or marketing of the SCC products, and the nature of each such person's duties.

**Response to Request No. 19.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrases "involved with or participated in" and "nature of" are undefined and unclear. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks identification of "each person." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this

18

action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 20.**

All Documents Relating To any searches performed by or on behalf of Rational of patents or other prior art regarding the SCC products, including, but not limited to, right-to-use or product clearance searches.

**Response to Request No. 20.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 21.**

All Documents Relating To patents or patent applications owned, controlled, or exclusively licensed to You that relate to the SCC products.

19

**Response to Request No. 21.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 22.**

All brochures, advertisements, press releases, customer manuals, service manuals, and other marketing and promotional materials Relating To the SCC products.

**Response to Request No. 22.**

Subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to

20

confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 23.**

All user guides, user manuals, technical reference manuals, or other user-related documentation, including but not limited to repair or maintenance manuals, whether or not formally or officially released, Relating To the SCC products.

**Response to Request No. 23.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 24.**

All functional specifications, design specifications, operational specifications, other specifications, or similar Documents Relating To the conception, design, development, testing, implementation, manufacturing or operation of the SCC products.

21

**Response to Request No. 24.**

See the general objections.  Rational objects to this request as overly broad and unduly burdensome.  Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 25.**

All technical papers, white papers, articles, or other similar Documents, whether published or unpublished, written at any time by or for Rational, or Rational personnel, concerning the SCC products.

**Response to Request No. 25.**

See the general objections.  Rational objects to this request as overly broad and unduly burdensome.  Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet

22

agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 26.**

All research files, notebooks or records Relating To the SCC products.

**Response to Request No. 26.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 27.**

Documents sufficient to identify each of Your customers.

23

**Response to Request No. 27.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks identification of "each" customer. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

With respect to SCC® customers, subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 28.**

Documents sufficient to identify all customers who use or have purchased, or have communicated to Rational an interest in using or purchasing the SCC products.

**Response to Request No. 28.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks identification of "all customers." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to

24

confidential information in this action. Rational further identifies an additional issue concerning

Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

agreeable time and location responsive, relevant, non-privileged documents, to the extent any

exist.

**Request No. 29.**

All Documents Relating To Communications between Rational and actual or potential
customers or suppliers SCC products.

**Response to Request No. 29.**

See the general objections. Rational objects to this request as overly broad and unduly

burdensome to the extent it seeks "All Documents." Rational additionally objects to this

production request as calling for documents that are irrelevant and not reasonably calculated to lead

to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2,

Rational further objects to this production request as it requests the disclosure of confidential

information and the parties have not yet agreed on a protective order. There are ongoing

disputes concerning the ability of Mario G. Ceste to represent TLC and have access to

confidential information in this action. Rational further identifies an additional issue concerning

Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

agreeable time and location responsive, relevant, non-privileged documents, to the extent any

exist.

**Request No. 30.**

All Documents Relating To Communications between Rational and actual or potential
customers or suppliers Relating To the '948 Patent or this litigation.

RLF1-3106381-1

**Response to Request No. 30.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 31.**

All articles, speeches, presentations, or interviews written or given by any employee, officer, director, or other representative of Rational Relating To the SCC products.

**Response to Request No. 31.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational

26

further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 32.**

All marketing and promotions materials used in the marketing, promotion, or sale of the SCC products.

**Response to Request No. 32.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 33.**

All Documents Relating To Rational's decision to develop, manufacture, market, and sell the SCC products.

27

**Response to Request No. 33.**

See the general objections.  Rational objects to this production request as vague and ambiguous because the phrase "decision to" is undefined and unclear.  Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents."  Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 34.**

All Documents Relating To analysis of, studies of, or reports on, the market for the SCC products, including all Documents Related To market shares in that market.

**Response to Request No. 34.**

See the general objections.  Rational objects to this production request as vague and ambiguous because the phrase "market for the SCC products" is undefined and unclear.  Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents."  Rational also objects to this production request as calling for documents protected

28

from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 35.**

Any marketing studies or marketing reports Relating To Rational's share and/or projected share of the markets relevant to the SCC products.

**Response to Request No. 35.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "markets relevant to the SCC products" is undefined and unclear. Rational objects to this request as overly broad and unduly burdensome. Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects

29

to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 36.**

All Documents Relating To Rational's unit sales for SCC products, including, but not limited to monthly, quarterly, and annual reports of such unit sales.

**Response to Request No. 36.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 37.**

All Documents Relating To Rational's costs for the SCC products, including, but not limited to monthly, quarterly, and annual reports of such costs.

**Response to Request No. 37.**

See the general objections. Rational objects to this production request as vague and ambiguous because the term "costs" is undefined and unclear. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 38.**

All Documents Relating To Rational's profits for the SCC products, including, but not limited to monthly, quarterly, and annual reports of such profits.

**Response to Request No. 38.**

See the general objections. Rational objects to this production request as vague and ambiguous because the term "profits" is undefined and unclear. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 39.**

Documents sufficient to show the margins or other indications of profitability of making and selling the SCC products, including, without limitation, indirect and direct labor, material, factory overhead, and selling, general and administrative expenses, and the allocation and allocation method for each of these costs.

**Response to Request No. 39.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "margins or other indications of profitability" is undefined and

31

unclear. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 40.**

All Documents Relating To the gross dollar sales, allowances, discounts or net dollar sales of the SCC products, including but not limited to Documents providing such information on a monthly, quarterly, annual and/or cumulative basis.

**Response to Request No. 40.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 41.**

All sales reports Relating To the SCC products.

**Response to Request No. 41.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All sales reports." Rational additionally objects to this

32

RLF1-3106381-1

production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.   There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 42.**

All Documents Relating To the establishment and setting of prices for the sale of the SCC products.

**Response to Request No. 42.**

See the general objections.   Rational objects to this production request as vague and ambiguous because the phrase "establishment and setting of" is undefined and unclear.  Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents."  Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 43.**

All Documents Relating To forecasts or projections concerning the importing, exporting, offering for sale, and sale of the SCC products.

33

**Response to Request No. 43.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "forecasts or projections" is undefined and unclear. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 44.**

All business plans Relating To SCC products, including strategic plans, operating plans, marketing plans, financial plans, production plans and capital or investment plans.

**Response to Request No. 44.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All business plans." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible

34

evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 45.**

All licenses between Rational and anyone regarding any technology or component used in the SCC products.

**Response to Request No. 45.**

Subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

RLF1-3106381-1

**Request No. 46.**

Documents sufficient to identify all of Your corporate partners in connection with SCC products.

**Response to Request No. 46.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "corporate partners" is undefined and unclear. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 47.**

Documents sufficient to identify Your corporate organizational structure, including but not limited to Your relationship with Rational AG, and/or any other parent company to which You are related.

**Response to Request No. 47.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "corporate organizational structure" is undefined and unclear. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

36

See the Response to Request No. 1. Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 48.**

Organizational charts or other Documents sufficient to identify the organizational structure and reporting relationships within the executive, marketing, research and development, manufacturing, and sales departments of Rational and the identities of the persons holding the positions in those departments, from 2000 until the present.

**Response to Request No. 48.**

Subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 49.**

All Documents Relating To Your document retention or destruction policies.

**Response to Request No. 49.**

Subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further

37

identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 50.**

All Documents You relied upon to provide Your responses to any of the interrogatories in Technology Licensing Corporation's First Set of Interrogatories, served concurrently herewith.

**Response to Request No. 50.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Rational also objects to this production request as premature. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

38

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 51.**

All Documents, the identification of which is sought by TLC's First Set of Interrogatories.

**Response to Request No. 51.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Rational also objects to this production request as premature. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 52.**

All Documents Relating To any alternative designs explored, considered, proposed, or made by Rational but not implemented in the SCC products.

**Response to Request No. 52.**

See the general objections.  Rational objects to this production request as vague and ambiguous because the phrase "explored, considered, proposed, or made" is undefined and unclear. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents."  Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 53.**

All Documents that support, contradict or Relate To Rational's contention that each claim for relief in the Amended Complaint is barred for failure to state a claim upon which relief can be granted.

RLF1-3106381-1

**Response to Request No. 53.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 54.**

All Documents that support contradict or Relate To Rational's contention that it has not infringed, contributed to the infringement of, or induced the infringement of any claim of the '948 Patent, regardless of whether Rational contends that the claim is invalid or unenforceable.

**Response to Request No. 54.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and

subject to Delaware Local Rule 26.2, Rational further objects to this production request as it

requests the disclosure of confidential information and the parties have not yet agreed on a

protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to

represent TLC and have access to confidential information in this action.  Rational further

identifies an additional issue concerning Rory J. Radding's involvement and access to

confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

agreeable time and location responsive, relevant, non-privileged documents, to the extent any

exist.

**Request No. 55.**

All Documents that support contradict or Relate To Rational's contention that the '948
Patent is invalid.

**Response to Request No. 55.**

See the general objections.  Rational objects to this request as overly broad and unduly

burdensome to the extent it seeks "All Documents."  Rational also objects to this production

request as calling for documents protected from discovery by the attorney-client privilege, work-

product immunity, or both.  Rational further objects to this production request insofar as it

exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4).

Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production

request as it requests the disclosure of confidential information and the parties have not yet

agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G.

Ceste to represent TLC and have access to confidential information in this action.  Rational

further identifies an additional issue concerning Rory J. Radding's involvement and access to

confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 56.**

All Documents that support contradict or Relate To Rational's contention that the '948 Patent is unenforceable.

**Response to Request No. 56.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

43

**Request No. 57.**

All Documents that support contradict or Relate To Rational's contention that TLC's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Response to Request No. 57.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 58.**

All Documents that support contradict or Relate To Rational's contention that TLC's claims are barred, in whole or in part, by the doctrine of estoppel and laches.

**Response to Request No. 58.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production

request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4).  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 59.**

All Documents Related To United States Patent Number 4,162,381.

**Response to Request No. 59.**

See the general objections.  Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents."  Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4).  Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it

requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 60.**

All Documents Related To United States Patent Number 4,181,744.

**Response to Request No. 60.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to

46

confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 61.**

All Documents Related To United States Patent Number 4,281,022.

**Response to Request No. 61.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

RLF1-3106381-1

**Request No. 62.**

All Documents Related To United States Patent Number 4,351,999.

**Response to Request No. 62.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 63.**

All Documents Related To United States Patent Number 4,376,131.

**Response to Request No. 63.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 64.**

All Documents Related To United States Patent Number 4,379,964.

**Response to Request No. 64.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-

product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 65.**

All Documents Related To United States Patent Number 4,392,038,

**Response to Request No. 65.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and

50

subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 66.**

All Documents Related To United States Patent Number 4,426,923.

**Response to Request No. 66.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further

51

identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 67.**

All Documents Related To United States Patent Number 4,506,598.

**Response to Request No. 67.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

52

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 68.**

All Documents Related To United States Patent Number 4,688,475.

**Response to Request No. 68.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

53

**Request No. 69.**

All Documents Related To United States Patent Number 4,692,597.

**Response to Request No. 69.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 70.**

All Documents Related To United States Patent Number 4,742,455.

54

**Response to Request No. 70.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 71.**

All Documents Related To United States Patent Number 4,835,351.

**Response to Request No. 71.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-

product immunity, or both.  Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 72.**

All Documents Related To German Patent Number 27 33 362.

**Response to Request No. 72.**

See the general objections.  Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents."  Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both.  Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and

RLF1-3106381-1

subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 73.**

All Documents Related To European Patent Number 0 233 535 A2.

**Response to Request No. 73.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further

57

identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 74.**

All Documents Related To Patent Abstracts of Japan Number 56-165836.

**Response to Request No. 74.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

58

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 75.**

All Documents Related To Patent Abstracts of Japan Number 61-265427.

**Response to Request No. 75.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

59

**Request No. 76.**

All Documents Related To the publication entitled: Prospekt der Firma H. Mauer + Sohne, Rauch-und Warmetechnik GmbH & Co. KG, D-7849 Reichenau ALLROUND-SYSTEM.

**Response to Request No. 76.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 77.**

All Documents Related To the publication entitled: Das BASTRAMAT-System mit neuen zukunftsweisenden Rauchertechnologien.

**Response to Request No. 77.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 78.**

All Documents Related To the publication entitled: Juno Air-O-Steam Electronic Handbuch.

**Response to Request No. 78.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-

61

product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

Of Counsel

Edgar H. Haug
Porter F. Fleming
Jonathan R. Wise
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Dated: January 19, 2007

_____
Frederick L. Cottrell, III (# 2555)
Cottrell@rlf.com
Gregory E. Stuhlman (# 4765)
Stuhlman@rlf.com
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Tel: (302) 651-7509
Fax: (302) 651-7701

*Attorneys for Rational Cooking Systems, Inc.*

62

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I served the foregoing on the following as noted:

### HAND DELIVERY

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19801

### FEDERAL EXPRESS

Rory J. Radding
Colette A. Reiner
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY   10101-0050

_____
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com

RLF1-3088071-1

EXHIBIT F

# FROMMER LAWRENCE & HAUG LLP

**745 Fifth Avenue**
**New York, New York 10151**
**Telephone: (212) 588-0800**
**Facsimile: (212) 588-0500**
**E-mail: Firm@flhlaw.com**

## MULTI-FACSIMILE COVER LETTER

| To: | James E. Hough, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
|---|---|---|---|---|---|
| cc: | Rory J. Radding, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | James M. Bergin, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | Angela T. Rella, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | Frederick L. Cottrell, III, Esq. | **Firm:** | Richards Layton & Finger | **Facsimile:** | 302-651-7701 |
| cc: | Jack B. Blumenfeld, Esq. | **Firm:** | Morris Nichols Arsht & Tunnell | **Facsimile:** | 212-468-7900 |
| cc: | Mario G. Ceste, Esq. | **Firm:** | The Law Offices of Mario G. Ceste, LLC | **Facsimile:** | 801-761-3314 |

**From:** Porter F. Fleming  **Date:** January 24, 2007

**Re:** *Technology Licensing Corporation v. Rational Cooking Systems, Inc.,*
Civil Action No. 06-515-JFF
FLH File No. 540621-501

**Number of Pages:**  2
(including cover page)

If you do not receive all pages or are unable to read the transmission, please call.

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

00424868.DOC

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                     www.flhlaw.com
745 Fifth Avenue
New York, NY 10151           Washington, DC
Telephone: (212) 588-0800    Tokyo
Fax: (212) 588-0500

Porter F. Fleming
PFleming@FLHlaw.com

January 24, 2007

**VIA FACSIMILE**

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

We are in the process of assessing your failure to respond to the questions posed in my January 19th letter, in conjunction with the "responses" received on Monday and Tuesday regarding the Mario Ceste, Rory Radding and Morrison & Foerster subpoenas. Today's scheduled conference call seems to be premature at best.

We are disappointed that you have chosen not to produce a single document in response to these subpoenas. Even though we will certainly take issue with your objections and refusals, when can we expect production of the documents you do intend to produce? Please provide us with that date, a date for when you will provide us with a written response to my December 19th questions, as well as, proposed dates to reschedule today's conference call.

Very truly yours,

Porter F. Fleming

PFF:ap

cc:    Jack B. Blumenfeld, Esq.
       Rory J. Radding, Esq.
       James M. Bergin, Esq.
       Angela T. Rella, Esq.
       Mario G. Ceste, Esq.
       Frederick L. Cottrell, III, Esq.

00424848.DOC

| From: | Hough, James E. |
| Sent: | Wednesday, January 24, 2007 3:24 PM |
| To: | 'pfleming@flhlaw.com' |
| Cc: | Radding, Rory J.; Kuhne, William (Bill) J.; 'Blumenfeld, Jack' |

Porter:

I was very surprised to receive your letter when I returned from my lunch meeting. There has been no "failure to respond" to the issues raised in your January 19 letter. Instead, I proposed in my e-mail on Monday (without objection from you, until now) that we address those questions live, during the meet and confer call scheduled for today. Nor have we chosen not to produce documents in response to the multiple subpoenas you served. We intend to produce non-privileged responsive documents on a rolling basis, as is standard practice. We are working very hard on collecting and reviewing the documents, which involves a time-consuming and burdensome review for privilege given your decision to serve broad document requests on TLC's lawyers. We expect to provide a first batch within a short time. (I note that you also did not produce any documents with your discovery responses, and you have not given us any indication when your documents will be available.)

Your behavior suggests that you are not interested in a sincere effort to confer with opposing counsel to define and narrow the issues. There is no need to wait for our rolling production to begin before discussing the as yet undefined "issues" you perceive that arise from participation of Messers. Ceste and Radding as counsel for TLC. In the context of that discussion, we will be happy to share our views on whether, and if so when, we will make Mr. Radding available for deposition. With respect to your question regarding the Koether subpoenas, please refer to Mr. Radding's letter dated January 8, 2007, in which we stated we would accept service with a response date of February 9. We will not be able to respond by February 5.

Please reconsider your refusal to participate in the call scheduled for today. We will call you this afternoon at 4:30 p.m., and I hope you will take the call.

Regards,

Jim

1

# FROMMER LAWRENCE & HAUG LLP

**745 Fifth Avenue**
**New York, New York 10151**
**Telephone: (212) 588-0800**
**Facsimile: (212) 588-0500**
**E-mail: Firm@flhlaw.com**

## MULTI-FACSIMILE COVER LETTER

| To: | James E. Hough, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
|---|---|---|---|---|---|
| cc: | Rory J. Radding, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | James M. Bergin, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | Angela T. Rella, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | Frederick L. Cottrell, III, Esq. | **Firm:** | Richards Layton & Finger | **Facsimile:** | 302-651-7701 |
| cc: | Jack B. Blumenfeld, Esq. | **Firm:** | Morris Nichols Arsht & Tunnell | **Facsimile:** | 212-468-7900 |
| cc: | Mario G. Ceste, Esq. | **Firm:** | The Law Offices of Mario G. Ceste, LLC | **Facsimile:** | 801-761-3314 |

**From:** Porter F. Fleming          **Date:** January 25, 2007

**Re:** *Technology Licensing Corporation v. Rational Cooking Systems, Inc.,*
Civil Action No. 06-515-JFF
FLH File No. 540621-501

**Number of Pages:** 4
(including cover page)

---

If you do not receive all pages or are unable to read the transmission, please call.

---

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

00424808

01/25/2007 20:17 FAX 2125880500 4    FROMMER LAWRENCE & HAUG    002/004



**FROMMER LAWRENCE & HAUG** LLP

New York    www.flhlaw.com
745 Fifth Avenue
New York, NY 10151    Washington, DC
Telephone: (212) 588-0800    Tokyo
Fax: (212) 588-0500


Porter F. Fleming
PFleming@FLHlaw.com

January 25, 2007

**VIA FACSIMILE**

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

Thank you for your emails. A meaningful discussion on how we can resolve the issues regarding Mario Ceste's and Rory Radding's involvement in this case is certainly appropriate and necessary. The problem is that you and your partners have decided not to provide any responsive documents to the Ceste, Radding and Morrison & Foerster subpoenas. Such tactics make a meaningful <u>and</u> knowledgeable discussion difficult, if not impossible.

Despite raising this very subject, and specifically agreeing to set a conference call date <u>after</u> we were to have received the subpoena responses, you chose to not provide us with a single document. Further to your plan, instead of responding to my letter of January 19th, where I specifically requested that you confirm that there would be document productions — i.e., that we were not being set up — you chose not to answer my questions. Instead, you sent an email avoiding my questions and stating that you wished to discuss my letter during the call. Your strategy to date is fairly transparent. We hope these unnecessary and unproductive discovery tactics will end.

How can we have a meaningful discussion when you continue to refuse to produce properly discoverable material? In response to my letter of January 24th, you now inform us that you will provide some undisclosed material on a "rolling basis." If this was your intention all along (you refer to it as your "standard practice"), you should have told us that prior to setting a date for the call. Does a conference call where <u>you</u> have the benefit of all the facts and documents and we don't make sense? Please provide us with a date when you will provide these requested documents.

00425113

James E. Hough, Esq.
Morrison & Foerster LLP
January 25, 2007
Page 2

Your January 24th email confirms that you will "respond" to the FAST and Koether subpoenas on February 9th. Thank you. By then, you will have had these subpoenas for over 30 days — copies were sent to Jack Blumenfeld and Rory Radding on January 4th. Please confirm that in addition to any written response, you will also provide the requested documents. If you do not intend to produce documents on February 9th, please let us know that now so we can proceed accordingly.

It is important to point out that despite earlier and numerous representations to the Court that TLC and FAST are "sister" companies, "family-owned companies that work together," both being "part of the Koether group of companies" and having a "symbiotic relationship," now that we are seeking discovery, your new position is that FAST is not a party and thus a means to avoid your discovery obligations. This flip-flop is confirmed by TLC's responses and objections. You have objected and refused to produce materials from FAST. You have also stated in some responses that TLC does not have any of the requested documents. We are left to assume that FAST and the Koethers do possess these materials. Are we wrong?

Based on your objections and refusals to produce clearly relevant and discoverable information, the subpoenas to FAST and the Koethers are clearly necessary despite your numerous objections and unsupported assertions of harassment and duplicity. As apparent counsel to both TLC and FAST, please end these cat and mouse antics of which entity has the documents and just produce the requested materials.

Similarly, we are puzzled by your objections to our definition of Morrison & Foerster. Rory Radding was a partner at Pennie & Edmonds. I am not sure whether you, or involved attorneys Kuhne, Bergin, Rella and Reiner also had a previous association with Pennie & Edmonds. We certainly appreciate that Pennie & Edmonds no longer exists. To the extent Mr. Radding or others at your firm have documents from Pennie & Edmonds including for example, the previous case between FAST and United Electric Controls Co.—Rory Radding and Pennie & Edmonds were counsel in that case—these requested, responsive materials should be provided. If the files did not go with Mr. Radding or others to Morrison & Foerster, please tell us where they are. Likewise, if they have been destroyed, please let us know.

Other issues we have with your responses include your terminology of "presently unaware" and "unaware." Are we to assume there is a difference? For those responses in which you state that you are "presently unaware," does that mean you have (i) not yet searched, (ii) are continuing to search or (iii) completed your search for these documents? Will these responses change as a result of some further activity on your part? Please enlighten us.

Certainly one of the issues with Mario Ceste is his present engagement / retainer / contingency / relationship or fee agreement(s) with TLC and/or FAST. Your objections and failure or unwillingness to produce any documents at this time, for example, to Request Nos. 24, 25, 26,

00425113

James F. Hough, Esq.
Morrison & Foerster LLP
January 25, 2007
Page 3

27, 35, 36 and 37 do not clarify the situation. Please explain any financial or other arrangement/interest Mr. Ceste has as counsel or otherwise with TLC, FAST, this lawsuit and any TLC or FAST patent? Do you plan to provide us with the requested agreements and documents? Your numerous privilege objections do not help to resolve the situation. When will you provide us with a log of the documents you assert are privileged?

You have also repeatedly objected to certain requests because TLC is the "party." Are you prepared to represent to us that TLC will be producing those documents for which you have objected on this basis? Are you willing to represent that these documents are the same as those in TLC's possession? I don't think you can. We are entitled to the documents from all sources that may have them. We request that you provide us with a date when you will produce these materials.

Further, your objections to our requests for documents from Ceste, Radding and Morrison & Foerster as "premature," make no sense. We thought that you were in agreement with us that these open issues should be resolved expeditiously. Your continued unwillingness to provide relevant, discoverable and requested documents does nothing to further the process.

Finally, there remains the unanswered question posed in my January 19th letter concerning whether you will agree to make Rory Radding available for his deposition. You have avoided answering my request by merely offering to "share your views." Please let us know whether you will or will not permit the Radding deposition to go forward.

We look forward to your responses, document productions, privilege logs and a resolution of the Ceste and Radding issues.

Very truly yours,

Porter F. Fleming

PFF:ap/id

cc:    Jack B. Blumenfeld, Esq.
       Rory J. Radding, Esq.
       James M. Bergin, Esq.
       Angela T. Rella, Esq.
       Mario G. Ceste, Esq.
       Frederick L. Cottrell, III, Esq.

00425113

MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

**To:**

| NAME: | FACSIMILE: |
|---|---|
| Porter F. Fleming<br>Frommer Lawrence & Haug LLP | 212-588-0500 |
| Frederick L. Cottrell, III Esq.<br>Richards Layton & Finger | 302-651-7701 |
| Jack B. Blumenfeld, Esq.<br>Morris Nichols Arsht & Tunnell | 302-425-3012 |
| Mario G. Ceste, Esq.<br>The Law Offices of Mario G. Ceste, LLC | 801-761-3314 |

**FROM:**    James E. Hough          **DATE:**          January 26, 2007

| Number of pages<br>with cover page: | 23 | |
|---|---|---|

Preparer of this slip has confirmed that facsimile number given is correct:
**MCJ1/5992/MCJ1**

**Comments:**

| |
|---|

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with requirements imposed by the United States Internal Revenue Service, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this facsimile (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CAUTION - CONFIDENTIAL**

This facsimile contains confidential information that may also be privileged. Unless you are the addressee (or authorized to receive for the addressee); you may not copy, use, or distribute it. If you have received it in error, please advise Morrison & Foerster LLP immediately by telephone or facsimile and return it promptly by mail.

NY-733985

**MORRISON** | **FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 26, 2007

Writer's Direct Contact
212.468.8158
JHough@mofo.com

VIA FACSIMILE

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151

Re:  Technology Licensing Corp. v. Rational Cooking Systems, Inc.
     Civil Action No.: 1:06-cv-00515-JJF

Dear Porter:

Your January 25, 2007 letter is inaccurate, and does not reflect a meaningful effort to define
and narrow the issues. All of the issues you raise would be easier and quicker to address in a
phone call. Your refusal to speak with us on the phone on Wednesday, as we had agreed to
do, was unprofessional, and your posturing letters add nothing but burden and expense to the
litigation.

We have no "plan" other than to try our best to have an open dialogue with you on routine
discovery matters. If you did not agree with my suggestion to address the topics raised in
your January 19 letter in our scheduled call on January 24, you could and should have picked
up the phone and told me so. We are not hiding anything.

We have made our positions on Messers. Ceste and Radding very clear, while your position
is still a mystery. Do you (a) believe you presently have a sufficient basis to prevent them
from seeing confidential information, or (b) believe you need document discovery and
deposition testimony before you can make that determination? Your position on these points
has changed over time.

In contrast, our position has remained the same. We do not believe the facts concerning Mr.
Ceste's current involvement with FAST or TLC warrant excluding him from access to
Rational's or Rational AG's confidential information. We offered his deposition on this
limited subject so that you could fully understand the scope of his present work for FAST
and TLC, but you did not accept that offer. The only relevant issue with respect to Mr.

ny-733865

MORRISON | FOERSTER

Porter F. Fleming, Esq.
January 26, 2007
Page Two

Ceste's access to confidential information is whether he is involved in competitive decision making for FAST or TLC. He is not, as you would have learned from the offered deposition.

We do not believe the time is ripe for consideration of fact depositions of trial counsel. The law in this area is well developed; depositions of trial counsel are disfavored, and are permitted only if special circumstances exist. One of the factors to be considered is whether alternative sources of information exist. Since others were involved in all meetings attended by Mr. Ceste, and the sole basis you have identified for wanting Mr. Radding's deposition is a letter he wrote that speaks for itself, we think it is clear you will never be able to meet your burden of showing that alternative sources of information do not exist.

We have never refused to produce any documents, and we are not playing any "cat and mouse games." We expect to begin production next week, beginning with the Ceste production, and we will continue to diligently review and produce the requested documents as promptly as possible. You will receive responsive, non-privileged documents from FAST, and from the Koethers. I do not believe the documents will be ready on February 9, 2007, but that is a function of the voluminous and repetitive demands you have made, not of our unwillingness to produce them. If Morrison & Foerster has any responsive, non-privileged documents that were once in Pennie & Edmonds' possession you will get them.

Following the December 12 phone call about the draft Protective Order, you were supposed to circulate a revised version. You did not, so we have prepared the enclosed revised version. As you will see, this version incorporates most of the changes you suggested in your December 12 redline. Please let me know if you have any objections to the enclosed draft Protective Order other than the fact that it will permit Messers. Ceste and Radding to have access to Confidential and Highly Confidential information. We believe that issue is best raised in a motion for entry of a protective order, and we intend to so move in time for the motion to be heard on March 2, 2007. If you believe there is a better way to raise this issue with the Court, please let us know.

ny-733865

MORRISON | FOERSTER

Porter F. Fleming, Esq.
January 26, 2007
Page Three

Are Rational's documents ready for our review?  If so, please let us know when and where
we may review them.

Sincerely,

James E. Hough

cc:    Rory J. Radding, Esq.
       Angela T. Rella, Esq.
       James M. Bergin, Esq.
       Colette Reiner, Esq.
       Jack B. Blumenfeld, Esq.
       Mario G. Ceste, Esq.
       Frederick L. Cottrell, III, Esq.

# FROMMER LAWRENCE & HAUG LLP

**745 Fifth Avenue**
**New York, New York 10151**
**Telephone: (212) 588-0800**
**Facsimile: (212) 588-0500**
**E-mail: Firm@flhlaw.com**

## MULTI-FACSIMILE COVER LETTER

| | | | | | |
|---|---|---|---|---|---|
| **To:** | James E. Hough, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | Rory J. Radding, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| cc: | Frederick L. Cottrell, III, Esq. | **Firm:** | Richards Layton & Finger | **Facsimile:** | 302-651-7701 |
| cc: | Jack B. Blumenfeld, Esq. | **Firm:** | Morris Nichols Arsht & Tunnell | **Facsimile:** | 212-468-7900 |
| cc: | Mario G. Ceste, Esq. | **Firm:** | The Law Offices of Mario G. Ceste, LLC | **Facsimile:** | 801-761-3314 |

**From:** Porter F. Fleming          **Date:** February 2, 2007

**Re:** *Technology Licensing Corporation v. Rational Cooking Systems, Inc.*,
Civil Action No. 06-515-JFF
FLH File No. 540621-501

**Number of Pages:** 4
(including cover page)

---

If you do not receive all pages or are unable to read the transmission, please call.

---

**CONFIDENTIALITY NOTICE**

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

00427100.DOC



**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

Porter F. Fleming
PFleming@FLHlaw.com

February 2, 2007

**VIA FACSIMILE**

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Re:  Technology Licensing Corp. v. Rational Cooking Systems, Inc.
     Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

Thank you for your January 26, 2007 letter. We appreciate your representation that you will begin producing documents this week. As of this writing, we have not received any materials from you. The requested third-party documents and associated depositions of Messrs. Ceste and Radding are necessary, prerequisite events to resolve the pending issues.

Contrary to your assertion, our position with regard to Mario Ceste has been clear and consistent. We have objected on multiple occasions to Mr. Ceste's involvement in this case as an attorney with access to our client's confidential information. Although you were not a participant, we raised this very issue during the Rule 26 conference call on December 1, 2006 with your partner Rory Radding. We also informed you on a number of occasions that we wanted to review the Ceste, FAST and Koether document productions before deposing Mr. Ceste. You tried to limit us to a premature deposition, force us to accept your scope of deposition topics to which Mr. Ceste would be permitted to testify, and all of this was to transpire before we had a full and fair opportunity to review any/all of the documents that may address Mr. Ceste's past and present roles at TLC and FAST. You proposed a February 2nd deposition date. As of that very day, today, we still have not received a single document from Mr. Ceste, FAST, the Koethers, Mr. Radding or Morrison & Foerster. Mr. Ceste's past and present relationship with TLC, FAST, the Koethers, and his involvement in the food, control and oven industries, is certainly relevant and of concern to our client. Until you produce the documents and we arrive at a mutually agreeable Ceste deposition date, without unilateral deposition scope limitations, this will continue to be an open issue. Full disclosure is necessary for us to reach a resolution or properly brief the matter to the Court.

Likewise, our position with regard to Rory Radding has also been clear. As you know, Mr. Radding was an author, recipient and participant in significant events involving TLC, FAST,

00426654.DOC

James E. Hough, Esq.
Morrison & Foerster LLP
February 2, 2007
Page 2

Rational and the '948 patent. Mr. Radding also received key documents from a previous litigation concerning the '948 patent, *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663. As a noteworthy example how additional issues <u>do</u> arise when documents are produced, the production from United Electric Controls Co. ("UEC") included an agreement stating that the UEC documents from the case, including documents relating to UEC's defenses (e.g., invalidity), were <u>required</u> as part of the settlement to be sent directly to Rory Radding. Mr. Radding will be a necessary fact witness as to the existence of these documents, the prior art raised, the invalidity positions taken, as well as, the events dictating that the materials be sent to him. These types of participation and factual involvement call into question Mr. Radding's ability to act as trial counsel in this case. Accordingly, Mr. Radding should not be on the protective order as counsel with access to our client's confidential information. Your continued attempts to include both Messrs. Ceste and Radding as counsel under the protective order are inappropriate.

We also disagree with your position that the participation of Messrs. Ceste and Radding at trial is not ripe for consideration at this time. This issue should be resolved now so that you and your client cannot later claim that disqualification would cause substantial hardship. Both individuals have unique information. You suggest that others will have the same knowledge. We do not believe this to be the case. We expect that the documents, when produced, will show even more involvement and factual participation creating additional conflict issues for these attorneys to act as both necessary witnesses and as trial counsel. For example, Mr. Ceste had significant responsibilities as President and COO of FAST. Similarly, Mr. Radding was clearly the key individual with respect to communications relating directly to certain of our defenses and counterclaims. Moreover, the unusual circumstances whereby Mr. Radding required UEC to turn over all of its documents, including UEC's attorneys' work product files to <u>him</u>, as part of the FAST/UEC settlement is further evidence that he has unique information on this topic and likely others. It is expected that third-party document production will shed additional light on Ceste's and Radding's involvement and necessary testimony.

Further, the draft protective order you sent to us with your January 26, 2007 letter, did not incorporate all of our suggestions and revisions discussed during the December 18, 2006 conference call. During that call, Rory Radding agreed with our request to remove the language "or sought to be retained," in paragraphs 13(c) and 14(c). Moreover, there was agreement that Bernard Koether would not have access to Confidential or Highly Confidential materials, as stated in paragraphs 15 and 19 of the redlined protective order. Your proposed, revised protective order is clearly inconsistent with the conference call and prior representations made by Mr. Radding. We also note that you did not accept our proposed paragraph 28 in the redlined version, which addresses third parties requiring additional safeguards. Please let us know why these provisions were not included.

00426654.DOC

James E. Hough, Esq.
Morrison & Foerster LLP
February 2, 2007
Page 3

Finally, please provide us with proposed dates for the Ceste and Radding depositions, again the dates should follow the production of the third-party documents we seek. We look forward to your document productions, your response to our suggestions to the protective order, responses to yet unanswered questions posed in my January 25th letter, and an amicable resolution of the Ceste and Radding issues.

Very truly yours,

Porter F. Fleming

PFF:ap

cc:    Jack B. Blumenfeld, Esq.
       Rory J. Radding, Esq.
       Mario G. Ceste, Esq.
       Frederick L. Cottrell, III, Esq.

00426654.DOC

MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

**To:**

| NAME: | FACSIMILE: |
|---|---|
| Porter F. Fleming<br>Frommer Lawrence & Haug LLP | 212-588-0500 |
| Frederick L. Cottrell, III Esq.<br>Richards Layton & Finger | 302-651-7701 |
| Jack B. Blumenfeld, Esq.<br>Morris Nichols Arsht & Tunnell | 302-425-3012 |
| Mario G. Ceste, Esq.<br>The Law Offices of Mario G. Ceste, LLC | 801-761-3314 |

**FROM:**    James E. Hough          **DATE:**    February 2, 2007

| Number of pages<br>with cover page: | 23 | |
|---|---|---|

Preparer of this slip has confirmed that facsimile number given is correct:
**MCJ1/5992/MCJ1**

**Comments:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with requirements imposed by the United States Internal Revenue Service, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this facsimile (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CAUTION - CONFIDENTIAL**

This facsimile contains confidential information that may also be privileged. Unless you are the addressee (or authorized to receive for the addressee); you may not copy, use, or distribute it. If you have received it in error, please advise Morrison & Foerster LLP immediately by telephone or facsimile and return it promptly by mail.

NY-733985

**MORRISON** | **FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

February 2, 2007

Writer's Direct Contact
212.468.8158
JHough@mofo.com

<u>VIA FACSIMILE</u>

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
        Civil Action No.: 1:06-cv-00515-JJF

Dear Porter:

I appreciate your effort to respond to my January 26, 2007 letter, but your response was not complete.

You ignore my request for a date on which Rational will produce or make documents available.

You also continue to ignore your obligation to produce confidential material pursuant to Local Delaware Rule 26.2, and you fail to explain a permissible basis for your actions. Your contentions that Messrs. Ceste and Radding might one day be witnesses at trial have no bearing on their ability to assist in pre-trial matters, and thus to view confidential information. And while it is true that I did not participate in the conversations in December, it is not true that your position about Mr. Radding was the same then as it is now. You never raised any concern about Mr. Radding's access to confidential information until you served Rational's discovery responses in January. Your characterization of Mr. Ceste's past role at FAST is inaccurate, and none of the items you raise with respect to either Mr. Ceste or Mr. Radding (even if they were all correct, which they are not) suffice to show that their deposition testimony – let alone their trial testimony – will be permitted or required.

We offered to make Mr. Ceste available for a deposition for the limited purpose of addressing your concern about his access to confidential information. Had you accepted the offer, you would have learned that he is not involved in competitive decision making at FAST, and if you have conducted any legal research on the subject you already know that is the only relevant issue involved when a party seeks to withhold confidential information

ny-735069

**MORRISON** | **FOERSTER**

Porter F. Fleming, Esq.
February 2, 2007
Page Two

from an opposing party's counsel. You have no legitimate need for full blown document discovery to be completed before taking a deposition on this narrow issue. Your refusal to proceed in a reasonable way to resolve this point underscores the fact that your position is based on tactics, not principle.

Regarding the draft Protective Order, we have now made the changes you requested to paragraphs 13(c) and 14(c). A revised draft Protective Order is enclosed. Your recollection concerning your proposed paragraph 28 is incorrect. While Mr. Radding initially agreed to the inclusion of that paragraph, at the end of the December 18 call he made clear we were not ready to agree to that paragraph because you were not able to articulate the reasons for shifting the burden from the non-party seeking greater protections to the party opposing such increased protections. The call concluded with both sides agreeing to think more about that proposed paragraph. Since you have still failed to articulate a basis for shifting the burden, we remain unwilling to agree to include that provision.

We have reconsidered our position regarding Mr. Koether due to the unreasonably vexatious and burdensome approach you have taken towards discovery. Your unnecessarily contentious attitude towards opposing counsel (refusing to take or return phone calls) and your strategy of serving hundreds of duplicative document subpoenas on corporate officers and attorneys of record, among others, has considerably increased the expense and burden of the litigation. As a result, TLC is no longer willing to agree to the exclusion of Mr. Koether you proposed. Paragraphs 15 and 19 are carefully drafted to permit only summaries of confidential information to be disclosed to a party representative, and we believe these are appropriate provisions.

ny-735069

**MORRISON | FOERSTER**

Porter F. Fleming, Esq.
February 2, 2007
Page Three


Regarding production of documents, once we have your agreement to the matters set out in Ms. Rella's February 2, 2007 letter, we will begin to produce and/or make documents available.


Sincerely,

James E. Hough

cc:    Rory J. Radding, Esq.
       Angela T. Rella, Esq.
       James M. Bergin, Esq.
       Colette Reiner, Esq.
       Jack B. Blumenfeld, Esq.
       Mario G. Ceste, Esq.
       Frederick L. Cottrell, III, Esq.