IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-515 (JJF) |
| v. | ) ) | |
| RATIONAL COOKING SYSTEMS, INC., a Delaware corporation, | ) ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) | |

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY AND FOR A PROTECTIVE ORDER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff*

OF COUNSEL:
Rory J. Radding
James E. Hough
Colette A. Reiner
Angela T. Rella
MORRISON& FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8000

Original Filing Date: April 11, 2007

Redacted Filing Date: April 18, 2007

i

TABLE OF CONTENTS

<u>Page</u>

TABLE OF CITATIONS     iii

INTRODUCTION     1

NATURE AND STAGE OF PROCEEDINGS     2

SUMMARY OF ARGUMENT     3

STATEMENT OF FACTS     4

     A.    Rational Failed To Search For And Produce Documents From Rational A.G.     4

     B.    Rational Failed To Produce Documents Sufficient To Show The Operation Of The Accused Device.     6

     C.    Rational Failed To Provide Adequate Responses To TLC's Interrogatories.     7

         1.    Rational's Inadequate Infringement And Invalidity Contentions     8

         2.    Improper Confidentiality Designations     11

     D.    Rational Failed To Abide By Its Representations To The Court And TLC As To The Scope Of the Counsel Subpoenas.     12

ARGUMENT     14

     A.    Rational Should Be Ordered To Search For And Produce Documents In The Possession, Custody, And Control Of Rational A.G.     15

     B.    Rational Should Be Ordered To Produce Documents, Including Source Code, Sufficient To Show The Operation Of The Accused Device.     17

     C.    Rational Should Be Compelled To Provide Its Non-Infringement And Invalidity Contentions.     19

ii.

TABLE OF CONTENTS (continued)

Page

1.  Rational Should Be Required To Identify Facts And
    Materials In Support Of Its Non-Infringement
    Contentions.                                                    19

2.  Rational Should Be Compelled To Identify Its
    Bases For Asserting That The '948 Patent Is
    Invalid.                                                        20

3.  Rational Should Be Ordered To Produce Legible
    Copies Or Translations Of The Prior Art References
    On Which It Relies.                                             21

4.  The Court Should Strike The Confidentiality
    Designation   On   Rational's   Supplemental
    Interrogatory Responses.                                        22

D.  The Court Should Enter A Protective Order Limiting The
    Scope Of The Counsel Subpoenas In The Form Proposed
    By TLC.                                                         23

CONCLUSION                                                          25

iii

## TABLE OF CITATIONS

Page(s)

Cases

*Afros S.P.A. v. Krauss-Maffei Corp.*,
    113 F.R.D. 127 (D. Del. Nov. 24, 1986) — 15

*Babcock & Wilcox Co. v. Foster Wheeler Corp.*,
    54 F.R.D. 474 (D.N.J. 1971) — 21

*Bayer AG v. Sony Elecs., Inc.*,
    202 F.R.D. 404 (D. Del. 2001) — 20

*Bridgestone Sports Co. Ltd. v. Acushnet Co.*,
    Civil Action No. 05-132-JJF, 2007 U.S. Dist. LEXIS 11370
    (D. Del. Feb. 15, 2007) — 21

*Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*,
    138 F.R.D. 438 (D.N.J. 1991) — 15, 16

*Gerling Int'l Ins. Co. v. C.I.R.*,
    839 F.2d 131(3d Cir. 1988) — 17

*Glaxo v. Geneva*,
    C.A. Nos. 94-1921 & 94-4589 (NHP), 1995 U.S. Dist.
    LEXIS 21894 (D.N.J. May 9, 1995) — 15

*Pitney Bowes Inc. v. Stamps.com Inc.*,
    C.A. No. 99-381-JJF (D. Del. Dec. 13, 2001) — 18

*Playboy Entertain. Group, Inc. v. U.S.*,
    C.A. No. 96-94-JJF, 1997 U.S. Dist. LEXIS 22297
    (D. Del. Dec. 10, 1997) — 16

*Power Integrations, Inc. v. Fairchild Semiconducter Int'l, Inc.*,
    233 F.R.D. 143 (D. Del. Dec. 2, 2005) — 17

*Scovill Mfg. Co. v. Sunbeam Corp.*,
    61 F.R.D. 598 (D. Del. 1973) — 20

*Static Control Components, Inc. v. Lexmark Int'l, Inc.*,
    C.A. No. 04-84-KSF, 2006 U.S. Dist. LEXIS 22669
    (D. Ky. 2006) — 20

iv.

*Takeda Chem. Ind., Ltd. v. Mylan Labs., Inc.,*
    03 CIV. 8253 (DLC), 04 CIV. 1966 (DLC),
    2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007)          20

Statutes And Other Authorities

6 James W. Moore et. al., *Moore's Federal Practice* § 26.41[6] (3d
    ed. 2001)                                                     14

Fed. R. Civ. P. 26(b)(1)                                      14, 18

Fed. R. Civ. P. 37(a)(3)                                          15

1

## INTRODUCTION

This motion addresses two separate disputes:   (1) Rational's failure to comply with its discovery obligations; and (2) Rational's failure to agree to reasonable limitations to the unduly burdensome subpoenas served on TLC's outsisde trial counsel (the "Counsel Subpoenas").

Discovery.  Pursuant to Rules 33(b), 34(b) and 37 of the Federal Rules of Civil Procedure, Technology Licensing Corporation ("TLC") hereby moves to:

- o compel Rational Cooking Systems, Inc. ("Rational") to produce source code and other documents concerning the operation of the accused device and how its control system monitors and controls various parameters of the oven, including relevant documents in the possession of Rational's *parent* corporation, Rational A.G.; and

- o compel Rational to provide complete, adequate, and appropriately designated responses regarding its non-infringement and invalidity contentions in response to Interrogatory Nos. 3 and 4 of TLC's First Set of Interrogatories to Rational (the "Interrogatories").

Counsel Subpoenas.  Pursuant to Fed. R. Civ. P. 26, TLC seeks an order limiting the scope of the Counsel Subpoenas.  As explained below, this motion was originally heard on March 2, 2007, and the Parties were directed to discuss appropriate limitations.  Unfortunately, those efforts failed to result in an agreement.

A form of Plaintiff's proposed order is attached to Plaintiff's Motion for Entry of Order, submitted herewith.

## NATURE AND STAGE OF PROCEEDINGS

This is a patent case involving a single patent owned by TLC, and a single accused product – Rational's SelfCooking Center. The patent (U.S. Patent No. 4,920,948 or the "'948 patent") covers a parameter control system used in commercial ovens.

TLC filed its Complaint on August 18, 2006 (D.I. 1) and filed an Amended Complaint on August 31, 2006 (D.I. 8). Rational answered the Amended Complaint on September 29, 2006. (D.I. 14.)

The parties exchanged Initial Disclosures on December 22, 2006 (D.I. 27 and 28), followed by numerous non-party subpoenas served by Rational, three of which were directed to TLC's outside counsel in this litigation, Mario G. Ceste, Rory J. Radding, and Morrison & Foerster LLP. (Declaration of James E. Hough ("Hough Decl.") ¶2, Exs. A, B, and C.) Both parties also have served, and responded to, requests for production and interrogatories. (D.I. 20 and 22.)

On January 19, 2007, Rational served responses and objections to TLC's discovery requests. (D.I. 34.) Rational objected to producing any confidential documents, and objected to disclosing confidential information in its interrogatory responses, on the basis that "[t]here are ongoing disputes concerning the ability of Mario Ceste to represent TLC and have access to confidential information in this action." (See, e.g., Hough Decl. ¶3, Exs. D at 14 and E at 8.)

On February 6, 2007, TLC filed a Motion for Protective Order, seeking entry of a Protective Order that would permit all counsel of record access to confidential materials, and limit the scope of the Counsel Subpoenas. (D.I. 40; Hough Decl. ¶4.)

The Court granted TLC's Motion for Protective Order, but ruled that Mr. Ceste could not have access to confidential material. (D.I. 53.) The Court further

directed the parties to attempt to reach agreement on appropriate limitations to the Counsel Subpoenas.[1]

TLC has filed a motion to compel Rational to comply with its discovery obligations, and for a protective order against the subpoenas served on TLC's trial counsel. This is TLC's opening brief in support of that motion.

## SUMMARY OF ARGUMENT

Discovery. Rational seeks to hide the ball by failing to produce relevant documents and by providing conclusory responses to TLC's interrogatories seeking Rational's non-infringement and invalidity contentions.

In response to 78 document requests, Rational has produced only 37 documents, and no privilege log.[2] Rational has refused to tell TLC whether and, if so, when it will: (1) produce documents sufficient to show the operation of the accused device, that is, the control and monitoring of the various oven control cooking parameters; and (2) search for and produce requested documents possessed by its parent corporation, Rational A.G. Rational has also refused to adequately identify its non-infringement and invalidity contentions, and has abused the recently entered Protective Order by marking its entire Supplemental Responses as "HIGHLY CONFIDENTIAL," apparently in an attempt to limit Mr. Ceste's access to information about this case.

---

[1]    On March 28, 2007, the Court entered the Protective Order Regarding Confidentiality of Discovery Material (the "Protective Order") in a form agreed to by the parties. (D.I. 58.)

[2]    By contrast TLC and FAST have produced over 500 documents, as well as privilege logs. (Hough Decl. ¶5.)

4

The requested documents and information are directly relevant to the claims and defenses in this litigation. Rational's conduct belies an effort to delay this litigation, and unnecessarily increase the burdens and costs on TLC. TLC respectfully requests that the Court order Rational to fully comply with its discovery obligations and produce the requested information, including from Rational A.G.

Counsel Subpoenas. On March 2, 2007, the Court ordered the parties to consult on the form of an order limiting the scope of the Counsel Subpoenas. Because Rational has refused to agree to the limits on the scope of the Counsel Subpoenas to which it previously agreed in Court and in subsequent conversations with TLC, TLC requests entry of an order imposing reasonable limits on the Counsel Subpoenas.

### STATEMENT OF FACTS

A.  Rational Failed To Search For And Produce
    Documents From Rational A.G.

Rational is the wholly-owned United States subsidiary of Rational A.G., a German corporation. (Hough Decl. ¶7, Ex. F at 18 and 79.) According to its 2006 Annual Report, Rational A.G.'s "sole activities have been the development, production and sale of professional cooking appliances for industrial kitchens," including the SelfCooking Center, the accused product, and "delivery of products to the subsidiaries [such as Rational]." (*Id.* at 76 and 111). Rational A.G. considers the Americas its "largest key strategic market," where it has "taken over as market leader, with a market share of over 30 percent." (*Id.* at 8.)

Not surprisingly, Rational's Initial Disclosures indicated that much of the information relevant to this case resides with Rational A.G., including several witnesses employed by Rational A.G. that Rational may seek to use to support its defenses or

5

counterclaims.[3]

REDACTED

TLC has repeatedly requested that Rational confirm it would search for and produce documents in the possession, custody or control of Rational A.G. (*Id.* ¶9.) After Rational's counsel indicated that Rational would consider voluntarily producing documents of Rational A.G., in an effort to resolve the issue without motion practice, on January 26, 2007, TLC's counsel proposed production of nine categories of documents for production by Rational A.G.[4] (*Id.* ¶10, Ex. H.) The parties did not reach agreement on these categories, but Rational's counsel indicated that it would produce at least some documents from Rational A.G.'s files. After several exchanges, on February 19, 2007, TLC's counsel confirmed Rational's agreement to produce Rational/Rational A.G. documents early the following week. (*Id.* ¶11, Ex. I.)

On February 28, 2007, Rational made its only document production to date, producing a mere 37 documents. (*Id.* ¶¶6 and 11.) During a telephonic meet and confer session on March 6, 2007, Rational's counsel conceded that there were additional responsive Rational A.G. documents, stating that some Rational A.G. materials already had been collected, but that a trip to Germany was required to collect additional

---

[3]    Peter Wiedemann, Michael Greiner, and Judith Imgram. (Hough Decl. ¶8, Ex. G at 3.) Mr. Wiedemann is Chief Technical Officer of Rational A.G. and a member of its Executive Board. (Hough Decl. ¶7, Ex. F at 115.)

[4]    The nine categories of documents TLC proposed for production by Rational A.G. included "[d]ocuments sufficient to describe how the SCC functions." (Hough Decl. ¶10, Ex. H.)

6

responsive documents. Rational's counsel agreed to get back to TLC with a date when this production could be expected. (*Id.* ¶12.) To date, however, Rational has neither produced these documents from Rational A.G., nor provided a date by when such production will occur. (*Id.* ¶13.)

B.    Rational Failed To Produce Documents Sufficient
To Show The Operation Of The Accused Device.

TLC served discovery requests on December 5, 2006, seeking, among other things, source code and other information sufficient to show the operation of the accused device. (Hough Decl. ¶¶3, 14, Ex. D at 13-16.) In response, Rational agreed, subject to its objections, that it "will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist." (*Id.* ¶14, Ex. D at 13-16.)

None of the 37 documents Rational has produced so far include source code or internal documents concerning the development and operation of the accused device.

# REDACTED

On March 15, 2007, TLC requested confirmation that Rational would produce source code and other documents sufficient to show the operation of the accused device. (*Id.* ¶16, Ex. J.) Despite additional correspondence on that issue dated March 23, 2007, March 27, 2007, and April 4, 2007, Rational never provided the requested confirmation. (*Id.* ¶17, Exs. K, L, and M.)

C.    Rational Failed To Provide Adequate Responses To
TLC's Interrogatories.

TLC served its first set of interrogatories on December 5, 2006, which seeks, among other things, Rational's non-infringement and invalidity contentions. Rational's January 19, 2007 responses provided no substantive information. (Hough Decl. ¶¶3, 18, Ex. E at 7 and 8.) Under the Court's Rule 16 Scheduling Order, responses to contention interrogatories were due by March 16, 2007, but Rational requested and obtained from TLC an extension until March 23, 2007. (D.I. 30; Hough Decl. ¶19.)

Rational served its supplemental responses to Interrogatory Nos. 3 and 4 on March 23, 2007 (the "Supplemental Responses"). (Hough Decl. ¶20, Ex. N.) As TLC advised Rational on March 27, 2007, Rational's Supplemental Response continued to be deficient in the following respects: (1) Rational did not identify any facts or materials supporting its non-infringement contentions,

REDACTED

and (4) Rational improperly designated its entire Supplemental Responses – which do not contain any information that could be considered even confidential – as Highly Confidential under the Protective Order. (*Id.* ¶¶17, 21, Ex. L.)

8

1.    Rational's Inadequate Infringement And
        Invalidity Contentions

**REDACTED**

| Claim Element | Rational's Response |
|---|---|
| "second digitally programmed means, having a predetermined volumetric control algorithm" | REDACTED |

**REDACTED**

To date, Rational has not addressed TLC's request that Rational provide citations to facts or materials supporting these conclusory infringement contentions. (*Id.* ¶17, 21-22, Ex. L.)

**REDACTED**

An example of an illegible document is set forth below:



(*Id.* ¶21, Ex. X at RCSI 001029.)

On March 19, 2007, TLC requested legible replacement copies of these documents. (*Id.* ¶24, Ex. P.) Rational responded on March 21 that its copies were "of equal quality" to those Rational produced, and would "attempt to obtain better quality copies" for TLC. Rational has not produced such copies. (*Id.* ¶24, Ex. Q.)

REDACTED

11

2.    Improper Confidentiality Designations

Rational designated **each page** of its entire Supplemental Responses as "HIGHLY CONFIDENTIAL," notwithstanding that Rational's non-infringement and invalidity contentions are so conclusory that they cannot be considered even Confidential under the Protective Order.

# REDACTED

When TLC challenged this designation, which prevents Mr. Ceste from having any access to the Supplemental Responses, Rational initially stated that it did not intend to assert confidentiality for its invalidity contentions. (*Id.* ¶25, Ex. R.) On April 4, 2007, however, Rational did an about-face, and advised TLC that it would not de-designate any portion of its Supplemental Responses, because Rational considers its contentions regarding the prior art to be confidential. (*Id.* ¶¶17 and 26, Ex. M.) On April 5, 2007, TLC stated its disagreement, and requested that Rational specifically identify the portions of the Supplemental Responses Rational considers Confidential or Highly Confidential under the Protective Order. Rational has not responded. (*Id.* ¶27, Ex. S.)

Under the Protective Order, discovery material may be designated "CONFIDENTIAL" **only** if it falls into one of the following categories:

> (i) sensitive technical information that is not publicly available and that is not expressly contained in public information; and (ii) sensitive business or financial information that is not publicly available and that is not expressly contained in public information.

12

(D.I. 58 at 2.) Discovery material may be designated as "HIGHLY CONFIDENTIAL"

**only** if it falls into one of the following categories:

> (i) proprietary research and development and/or extremely
> sensitive technical information that is not publicly
> available; (ii) highly sensitive business-related financial or
> commercial information that is not publicly available and
> that is not expressly contained in public information; (iii)
> trade secrets; or (iv) unpublished patent applications and
> patent prosecution documents that are not available upon
> request from the U.S. Patent and Trademark Office or any
> other patent office.

(*Id.*) In addition, disclosure must create a substantial risk of serious injury for material to

be designated "HIGHLY CONFIDENTIAL." (*Id.*)

        D.     Rational Failed To Abide By Its Representations To
               The Court And TLC As To The Scope Of the
               Counsel Subpoenas.

        On February 6, 2007, TLC filed a motion for a protective order seeking to

limit the scope of the Counsel Subpoenas to materials generated before counsel were

retained for this action in April, 2006. At the March 2, 2007 Motion Hearing, Rational's

counsel represented that Rational sought <u>only</u> "a privilege log for communications

between Mr. Radding and his law firm with third parties," for the period of April to

August 2006. (D.I. 53 at 16:11-18.) Counsel stated:

> All I'm looking for are documents that they say are being
> withheld on privilege that are between the law firm, and
> Mr. Radding, and third parties. If we get it through TLC
> and Fast, well, that's fine. Then they don't have to do
> anything.

(*Id.* at 17:2-7.) TLC had asked that the Counsel Subpoenas "be limited in time to when

the lawyers got involved in this litigation, which was the spring of 2006." (*Id.* at 15:21.)

In response, the Court indicated that both parties' positions appeared reasonable, and

directed them to attempt to work out the form of an appropriate order limiting the Counsel Subpoenas. (*Id.* at 18:13-21.)

During a March 6, 2007 telephonic conference, Rational's counsel confirmed that Rational was not seeking production or privilege logs of: (1) any attorney work product; (2) litigation preparation materials, including any by non-testifying experts; or (3) communications among counsel of record. Also, just as he did on the record at the March 2 hearing, Rational's counsel stated that Rational seeks <u>only</u> production of any non-privileged communications with third parties, not including potential experts or co-counsel, for the period from April through August 2006. The parties agreed that the Counsel Subpoenas do not impose an obligation to maintain a "litigation hold" on documents created after August 18, 2006. (*Id.* at 17:2-7; Hough Decl. ¶28.)

TLC sent Rational a draft proposed order that would limit the scope of the Counsel Subpoenas to documents generated before April 2006, except that, for the period from April 2006 to August 18, 2006, external communications between and among counsel of record and third parties (not including potential experts or other communications in preparation for litigation) would be produced or logged, to the extent not produced or logged in response to Rational's discovery requests to TLC or its subpoena to FAST. (Hough Decl. ¶29, Ex. T.) On March 8, 2007, Rational's counsel sent TLC a revised order that was contrary to its representations to the Court and to TLC, demanding that responsive documents to or from *all* third parties be produced or logged, with no exception for communications between and among counsel of record or between counsel of record, consultants, and potential expert witnesses. (*Id.* ¶30, Ex. U.)

On March 13, 2007, TLC's counsel sent Rational's counsel a revised order adopting some of Rational's proposed language but exempting communications among counsel of record, communications between counsel of record and potential co-counsel or experts, and other pre-litigation communications of counsel-of-record. The proposed order also explicitly recited, as Rational requested, that communications to or from other third parties, including potential infringers and litigation funding sources, would be produced or logged. In an attempt to resolve the issue, TLC's proposed order also included Rational's language that documents evidencing communications to or from TLC and/or FAST, from April 2006 to August 18, 2006, would also be produced or logged, if not produced or logged by TLC or FAST. (*Id.* ¶31, Ex. V.)

Rational did not respond until April 5, 2007. (*Id.* ¶32.) At that time, contrary to Rational's earlier representations, Rational demanded "that all responsive, non-privileged documents including those from April to August 18, 2006 (filing of the complaint date) be produced." (*Id.* ¶¶23 and 33, Ex. O.)

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding *any matter*, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevance is interpreted broadly and liberally, *see* 6 James W. Moore et. al., *Moore's Federal Practice* § 26.41[6] (3d ed. 2001), and encompasses not only information that would be admissible at trial, but also information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). TLC's Interrogatories and Document Requests at issue here— seeking disclosure of Rational's contentions on infringement and invalidity—plainly seek

discovery fairly directed to the parties' claims and defenses, as well as Rational's counterclaims.

Under Fed. R. Civ. P. 37(a), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). As the party resisting discovery, Rational bears the burden of clarifying, explaining, and supporting its objections. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

> A.    Rational Should Be Ordered To Search For And Produce Documents In The Possession, Custody, And Control Of Rational A.G.

Fed. R. Civ. P. 34 requires a party to produce documents in its possession, custody or control. The word "control" is broadly construed for purposes of discovery. *See Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438, 441 (D.N.J. 1991) (compelling wholly-owned subsidiary to produce documents of parent).

A subsidiary may be ordered to produce documents that are in the custody or control of its non-litigating parent. *See Glaxo v. Geneva*, C.A. Nos. 94-1921 & 94-4589 (NHP), 1995 U.S. Dist. LEXIS 21894, *3-4 (D.N.J. May 9, 1995); *Camden*, 138 F.R.D. at 441-44; *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127 (D. Del. Nov. 24, 1986) (compelling wholly-owned subsidiary to produce documents of German parent). In such a situation:

> determination of control turns upon whether the intracorporate relationship establishes some legal right, authority, **or ability** to obtain the requested documents on demand. Evidence considered by the courts includes the degree of ownership and control exercised by the parent over the subsidiary, a showing that the two entities operated as one, demonstrated access to documents in the ordinary course of business, and an agency relationship.

*Camden*, 138 F.R.D. at 442 (emphasis added).

      The relationship between Rational and Rational A.G. clearly meets this test. Rational is a wholly-owned subsidiary of Rational A.G., the German parent company that developed and makes the product at issue in this litigation. (Hough Decl. ¶7, Ex. F at 76, 79, and 111.) Rational is Rational A.G.'s U.S. agent, established for the sole purpose of selling and servicing Rational A.G.'s products in the United States, an area Rational A.G. considers to be its "largest key strategic market." (*Id.* ¶7, Ex. F at 8 and 111.)

      Moreover, Rational has represented that it intends to rely on information in the possession of Rational A.G. in this litigation, and, thus, has demonstrated its ability to obtain such information on demand. *See Camden*, 138 F.R.D. at 441. Rational has identified three Rational A.G. employees, one of whom is Rational A.G.'s Chief Technical Officer, as individuals likely to have discoverable information that Rational may use to support its defenses or counterclaims. (Hough Decl. ¶¶3, 7-8, Ex. G at 3, Ex. E at 14, and Ex. F at 115.) In fact, Rational cited the necessity of discovery relating to Rational A.G. as a basis for opposing the expedited schedule TLC sought in this litigation. (D.I. 10 at 4-5 and 7-9.)

      Because Rational has demonstrated that it can gain access to Rational A.G. information upon demand, this situation is distinguishable from *Playboy Entertain. Group, Inc. v. U.S.*, C.A. No. 96-94-JJF, 1997 U.S. Dist. LEXIS 22297, *11-12 (D. Del. Dec. 10, 1997), where the Court did not compel discovery from a parent corporation

based on a failure to demonstrate that a subsidiary could access the documents in the ordinary course of business on demand.[5]

Rational cannot have it both ways:  if it has access to Rational A.G.'s information for defensive purposes, it is required to produce Rational A.G. information in response to Rule 34 discovery requests. *See Gerling In'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 141 (3d Cir. 1988) ("Where the relationship is such that the agent-subsidiary can secure documents of the principal-parent to meet its own business needs and documents helpful for use in the litigation, the courts will not permit the agent-subsidiary to deny control for purposes of discovery by an opposing party.").

Cherry picking the corporate parent's information is not permitted.  Since Rational clearly intends to rely on selected Rational A.G. information for its defenses, TLC requests that the Court order Rational to search for and produce documents in the possession, custody and control of Rational A.G. responsive to TLC's discovery.

> B.   Rational Should Be Ordered To Produce Documents, Including Source Code, Sufficient To Show The Operation Of The Accused Device.

TLC has repeatedly requested documents sufficient to show the operation of the accused device (*see, e.g.,* Hough Decl. ¶¶3, 16, Ex. D at 13-16, and Ex. J), and Rational promised to produce "at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist," responsive to these requests

---

[5]     Nor does the Court's decision in *Power Integrations, Inc. v. Fairchild Semiconducter Int'l, Inc.*, 233 F.R.D. 143 (D. Del. Dec. 2, 2005), apply here.  In that case, the plaintiff attempted to compel a U.S. subsidiary to provide documents from its corporate parent in response to a non-party subpoena.  As the Court correctly noted, such a situation is not analogous to the situation here, where TLC requests that the Court exercise its authority over a party-litigant. *Id.* at *8-9.

18

(*Id.* ¶¶3, 14, and Ex. D at 13-16). Despite its promises, and obligations, Rational has still failed to produce such documents.

REDACTED

Rational has not produced documents that describe the internal functionality of the accused product.

There is no dispute that the requested documents are relevant to the claims and defenses in this litigation, and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Source code, product schematics, and functional specifications, none of which have been produced, are relevant to the functionality of the accused product. Rational touts the accused product as using "intelligent cooking processes" (Hough Decl. ¶7, Ex. F at 12) and TLC believes these "intelligent processes" infringe the asserted claims of the '948 patent. Rational's source code is unquestionably relevant to understand the "intelligent processes" the accused product employs. For example, source code is needed to determine, at least, whether the accused product meets the element of a "predetermined temperature control algorithm."

Accordingly, TLC requests that Rational be ordered to produce documents, including source code in machine readable form, in response to Request Nos. 12-15. *See Pitney Bowes Inc. v. Stamps.com Inc.*, C.A. No. 99-381-JJF (D. Del. Dec. 13, 2001) (Ex. A) (order granting motion to compel defendant to produce source code in machine readable form).

C.     Rational Should Be Compelled To Provide Its Non-Infringement And Invalidity Contentions.

     1.     Rational Should Be Required To Identify Facts And Materials In Support Of Its Non-Infringement Contentions.

Rational has provided almost no information to illuminate its contention that the accused device does not infringe the '948 patent.

REDACTED

Although it would be redundant to catalog each instance of Rational's conclusory responses, an illustrative example follows.

| Claim Element | Rational's Response |
| --- | --- |
| "second digitally programmed means, having a predetermined volumetric control algorithm" | REDACTED |

REDACTED

TLC asked for — and is entitled to receive — an explanation of Rational's contention that the accused device does not infringe the '948 patent. Specific and detailed responses are necessary to avoid a situation where a party increases the cost and burden of litigation through shifting theories of attack. *See Takeda Chem. Ind., Ltd. v.*

*Mylan Labs., Inc.*, 03 CIV. 8253 (DLC), 04 CIV. 1966 (DLC), 2007 U.S. Dist. LEXIS 19614, *37-38 (S.D.N.Y. Mar. 21, 2007). Rational should be required to provide in detail the basis for its position that Rational does not infringe each element of the asserted claims of the '948 patent, or be precluded from contesting infringement at trial. *See Bayer AG v. Sony Elecs., Inc.*, 202 F.R.D. 404, 407 (D. Del. 2001) (compelling production of, among other information, documents pertaining to non-infringement contentions); *see also Static Control Components, Inc. v. Lexmark Int'l, Inc.*, C.A. No. 04-84-KSF, 2006 U.S. Dist. LEXIS 22669 (D. Ky. 2006) (compelling counterclaim defendants to respond fully to interrogatories regarding their invalidity and non-infringement contentions by providing the factual or legal basis for their claims of non-infringement and invalidity).

2.    Rational Should Be Compelled To Identify Its Bases For Asserting That The '948 Patent Is Invalid.

REDACTED

This failure to specify the alleged combinations of references that would render the '948 patent obvious unfairly permits Rational to keep its options open, change its theories of attack, and increase the cost and burden of litigation on TLC. *See Takeda,* 2007 U.S. Dist. LEXIS 19614 at *37-38.

REDACTED

*See Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601 (D. Del. 1973)

21

(compelling the accused infringer to state the bases for its invalidity contentions and to set forth the prior art supporting such contentions)." "[P]articularity in answers is especially required where the defendant pleads the invalidity of plaintiff's patent . . . ." *Babcock & Wilcox Co. v. Foster Wheeler Corp.*, 54 F.R.D. 474, 478 (D.N.J. 1971).

Accordingly, TLC respectfully requests that the Court order Rational to identify the basis on which the identified references allegedly render the '948 patent invalid.[6]

        3.     Rational Should Be Ordered To Produce Legible Copies And Translations Of The Prior <u>Art References On Which It Relies.</u>

**REDACTED**

---

[6] If Rational continues to refuse to identify the basis for its invalidity contentions, TLC may seek to preclude Rational from relying on invalidity arguments based, in whole or in part, on references for which its contentions have not been adequately explained,

                    Preclusion is appropriate where a party seeks to assert invalidity arguments on insufficiently disclosed prior art references. *See Bridgestone Sports Co. Ltd. v. Acushnet Co.*, Civil Action No. 05-132-JJF, 2007 U.S. Dist. LEXIS 11370 (D. Del. Feb. 15, 2007) (granting motion to preclude use of prior art references disclosed four months after the deadline set by the Court).



REDACTED

4.    The Court Should Strike The Confidentiality
       Designation On Rational's Supplemental
       Interrogatory Responses.

Having succeeded in precluding Mr. Ceste from reviewing Confidential or

Highly Confidential material, Rational now seeks further to hinder his participation in the

case by over-designating its Supplemental Responses, which Rational has designated as

"HIGHLY CONFIDENTIAL" in their entirety.  (Hough Decl. ¶20, Ex. N .)  None of the

information contained in the Supplemental Responses, however, can be considered

Highly Confidential, or even Confidential, under the Protective Order.

For discovery material to be designated Highly Confidential, the material

must be proprietary research; extremely sensitive technical information; highly sensitive

financial or commercial information; trade secrets; or unavailable, unpublished patent

applications and prosecution documents.  (D.I. 58 at 2.)  Rational's contentions as to why

it believes that the '948 patent is invalid based on alleged prior art references that are in

the public domain simply cannot constitute this type of highly sensitive information.  Nor

do these contentions fall into a category that may properly be designated as Confidential,

which is defined as non-public, sensitive technical, business, or financial information.

(D.I. 58 at 2.)                                                REDACTED

Rational's alleged descriptions of publicly available patents are not confidential.

The confidentiality designations are also improper for Rational's non-infringement contentions.   REDACTED

Because Rational provides no information as to how the accused product functions, its responses cannot be Highly Confidential, or even Confidential.

Rational's over-designation is an attempt to prevent TLC's counsel, Mr. Ceste, from participating in this litigation. Rational's conclusory contentions are not the type of information that should be withheld from Mr. Ceste based on his alleged status as a "competitor" of Rational.[7] Accordingly, TLC requests that the Court strike Rational's confidentiality designation from its Supplemental Responses.

> D.   The Court Should Enter A Protective Order Limiting The Scope Of The Counsel Subpoenas In The Form Proposed By TLC.

At the March 2, 2007 hearing, Rational agreed that the Counsel Subpoenas it served on TLC's counsel should be limited in scope as to documents created in and after April 2006:

> All I'm looking for are documents that they say are being withheld on privilege that are between the law firm, and Mr. Radding, and third parties. If we get it through TLC and Fast, well, that's fine. Then they don't have to do anything.

(D.I. 53 at 17:2-7.) TLC had asked that the Counsel Subpoenas "be limited in time to when the lawyers got involved in this litigation, which was the spring of 2006." (*Id.* at

---

[7]   TLC continues to assert that Mr. Ceste is not a competitor of Rational. (*See, e.g.*, D.I. 41 at 11; D.I. 50 at 6.)

15:21.) The Court indicated that both parties' positions appeared reasonable and the parties should be able to agree on the form of an appropriate order limiting the Counsel Subpoenas. (*Id.* at 18:13-21.) Rational made a similar representation to TLC on March 6, 2007. (Hough Decl. ¶28.) Rational should not be permitted to change positions now to demand "all responsive, non-privileged documents including those from April to August 18, 2006 (filing of the complaint date) be produced." (*Id.* ¶¶23, 32, and Ex. O.)

The Counsel Subpoenas are unduly burdensome and pointless. Limiting the scope of the Counsel Subpoenas to communications with third parties (not including potential experts or co-counsel, or other pre-litigation communications by counsel of record) would not deprive Rational of any relevant documents, but only would relieve TLC's trial counsel of the burden and expense of logging hundreds of privileged documents relating to, for example the preparations to bring this lawsuit. For this reason, TLC asks that the Court limit the scope of the Counsel Subpoenas, for the period of April to August 18, 2006, to communications with third parties (not including potential experts or co-counsel, or other pre-litigation communications by counsel of record), not otherwise produced or logged in response to the discovery requests to TLC or the subpoena to FAST.[8]

---

[8]    TLC's latest draft proposed order accepted Rational's language that documents evidencing communications to or from TLC and/or FAST, from April 2006 to August 18, 2006, would also be produced or logged, if not produced or logged by TLC or FAST. (*Id.* ¶31, Ex. V.)  TLC accepted this proposal by Rational only in an attempt to reach agreement on the scope of the Counsel Subpoenas, which Rational refused to do.  Because requiring attorneys to log communications with their clients is unduly burdensome, TLC requests that this requirement be omitted from the Court's order regarding the scope of the Counsel Subpoenas.

<u>CONCLUSION</u>

For the foregoing reasons, TLC respectfully requests that its motion to compel and for a protective order be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
 Attorneys for plaintiff

OF COUNSEL:

Rory J. Radding
James E. Hough
Colette A. Reiner
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8000

April 11, 2007
792152

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PITNEY BOWES INC., a Delaware      :
Corporation,      :
         Plaintiff,      :

         v.      :    Civil Action No. 99-381-JJF
     :

STAMPS.COM INC., a Delaware      :
Corporation,      :
     :
         Defendant.      :

### MEMORANDUM ORDER

       Plaintiff, Pitney Bowes, has filed a Motion to Compel Defendant to Produce Source Code in Machine Readable Form (D.I. 86). In support of its motion, Plaintiff cites decisions by Judges Robinson and McKelvie of this Court asserting that these decisions set forth Plaintiff's entitlement to an appropriate method of production of Defendant's source code in machine readable form.

       Defendant, Stamps.com, agrees that its source code as requested in machine readable form by Plaintiff is discoverable but argues that greater protection than that available under the protective order entered in this case should be required for technology information as valuable as a litigant's source code. To resolve the issue, Defendant proposes the use of a software escrow agent which Plaintiff objects to for various reasons. Plaintiff argues that the sanctions available under the protective order upon any violation are more than sufficient to address the concerns of the Defendant.

       I agree with the decisions of Judges Robinson and McKelvie with some modification to comport with the facts presented here.

In resolving this dispute, I make the following findings:

1.    Plaintiff needs Defendant's source code to prove its claim of infringement.

2.    Defendant, like any litigant, should be afforded the utmost protection, within reason, when required to disclose proprietary material.

3.    Each such dispute is fact sensitive.  In this case, because computer technology is involved I believe, as the Defendant has argued, that there is a high risk of inadvertent acquisition or disclosure by and to third parties.

4.    Plaintiff's needs can be met by employing a software escrow agent with no undue hardship to Plaintiff, although perhaps some inconvenience.  In reaching this finding, I have considered the access to the source code required by Plaintiff's expert and find that the expert's work will not be impeded by the employment of an escrow agent.

In sum, I conclude that litigants are entitled to reasonable protection when required to produce proprietary material to an adversary in litigation.  The inquiry as to what is reasonable is fact sensitive and case specific requiring a court to protect the disclosure without undue hardship to the requestor.  In my view, these considerations will be balanced in this case by the production of the source code in machine readable form through an escrow agent.

NOW THEREFORE, FOR THE REASONS DISCUSSED, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Defendant to Produce Source Code in Machine Readable Form (D.I. 86) is **GRANTED**.  IT IS FURTHER ORDERED that the production by Defendant shall be through a software escrow agent.

12/13/01
DATE

UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on April 18, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell, III
> Richards, Layton & Finger

I also certify that copies were caused to be served on April 18, 2007 upon the following in the manner indicated:

### BY HAND

Frederick L. Cottrell, III
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

### BY FEDERAL EXPRESS

Edgar H. Haug
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY  10151


*/s/ Karen Jacobs Louden (#2881)*
klouden@mnat.com