IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-515(JJF) |
| RATIONAL COOKING SYSTEMS, INC., a Delaware corporation, | ) ) ) ) | REDACTED - PUBLIC VERSION |
| Defendant. | ) ) ) | |

**DECLARATION OF JAMES E. HOUGH IN SUPPORT OF
PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION
TO COMPEL DISCOVERY AND FOR A PROTECTIVE ORDER**

I, JAMES E. HOUGH, hereby declare as follows:

1.      I am a member of the law firm of Morrison & Foerster LLP, counsel for

plaintiff, Technology Licensing Corporation ("TLC"), in this action. I have been admitted *pro*

*hac vice* in this matter. I submit this declaration in support of Plaintiff's Opening Brief in

Support of its Motion to Compel Discovery. If called to testify, I could and would attest to the

matters set forth herein from my own personal knowledge.

<u>Background</u>

2.      Rational Cooking Systems, Inc. ("Rational") has served a number of

subpoenas, three of which were directed to TLC's outside counsel in this litigation, Mario G.

Ceste, Rory J. Radding, and Morrison & Foerster LLP (the "Counsel Subpoenas"). (True and

correct copies of the Counsel Subpoenas are attached hereto as Exhibits A, B, and C,

respectively.)

3.      Rational served responses and objections to TLC's discovery requests on

January 19, 2007. Rational objected to producing any confidential documents, and objected to

disclosing confidential information in its interrogatory responses, on the basis that "[t]here are ongoing disputes concerning the ability of Mario Ceste to represent TLC and have access to confidential information in this action." (Relevant excerpts from a true and correct copy of Rational's Responses to TLC's First Set of Requests for Production of Documents and TLC's First Set of Interrogatories are attached as Exhibits D and E, respectively).

4.    On February 6, 2007, TLC filed a Motion for Protective Order, seeking entry of a Protective Order that would permit all counsel of record access to confidential materials, and limit the scope of the Counsel Subpoenas. (D.I. 41; *see also* D.I. 46 (answering brief) and 50 (reply brief).)

5.    To date, TLC has produced 85 documents to Rational as well as a privilege log. In addition, FAST has produced approximately 571 documents, as well as two privilege logs.

6.    On February 28, 2007, Rational made its only document production to date, consisting of 37 documents.

## Rational A.G. Documents

7.    According to its 2006 Annual Report, Rational is the wholly-owned United States subsidiary of Rational A.G., a German corporation. Rational A.G.'s "sole activities have been the development, production and sale of professional cooking appliances for industrial kitchens," including the SelfCooking Center, the accused product, and "delivery of products to the subsidiaries [such as Rational]." Rational A.G. considers the Americas its "largest key strategic market," where it has "taken over as market leader, with a market share of over 30 percent." (Relevant excerpts from a true and correct copy of Rational's 2006 Annual Report, obtained from Rational A.G.'s website at www.rational-ag.com, are attached as Exhibit F.)

2

8.    Rational's Initial Disclosures indicated that discoverable information on which it may rely to support its claims or defenses resides with Rational A.G., including several witnesses (Peter Wiedemann, Michael Greiner, and Judith Imgram) employed by Rational A.G. (Relevant excerpts from a true and correct copy of Rational's Initial Disclosures are attached as Exhibit G.) Rational also identified these individuals in its response to Interrogatory No. 7. (Ex. E at 14.)

9.    TLC repeatedly requested that Rational confirm it would search for and produce documents in the possession, custody and control of Rational A.G.

10.    After Rational's counsel indicated that Rational would consider voluntarily producing documents of Rational A.G., in an effort to resolve the issue without motion practice, on January 26, 2007, TLC's counsel proposed production of nine categories of documents for production by Rational A.G. (A true and correct copy of Rory J. Radding's letter to Edgar H. Haug, dated January 26, 2007 is attached as Exhibit H.)

11.    After several exchanges, on February 19, 2007, TLC's counsel confirmed by email Rational's agreement in an earlier telephone call to produce Rational/Rational A.G. documents early the following week. (A true and correct copy of Rory J. Radding's email to Edgar H. Haug and Porter F. Fleming, dated February 19, 2007 is attached as Exhibit I.) As noted above, to date, Rational has produced only 37 documents.

12.    During a telephonic meet and confer session on March 6, 2007, Rational's counsel conceded that Rational A.G. had additional responsive documents, stating that some of those documents had already been collected, but that a trip to Germany was required to collect additional documents. Rational's counsel agreed to get back to TLC with a date when this production could be expected.

3

13.    To date, Rational has neither produced these documents from Rational A.G., nor provided a date by when such production will occur.

### Documents Sufficient to Show The Operation Of The Accused Device

14.    On December 5, 2006, TLC served document requests on Rational, seeking, among other things, source code and other information sufficient to show the operation of the accused device.  Rational agreed, subject to its objections, that it "will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist." (Ex. D at 13-16.)

15.    None of the 37 documents Rational has produced so far include source code or internal documents concerning the development or operation of the accused device.

## REDACTED

16.    On March 15, 2007, TLC requested that Rational confirm that it would produce source code and other documents sufficient to show the operation of the accused device. (A true and correct copy of my letter to Porter F. Fleming, dated March 15, 2007, is attached as Exhibit J.)

17.    Despite additional correspondence on the issue dated March 23, 2007, March 27, 2007, and April 4, 2007, Rational never provided the requested confirmation.  (True

and correct copies of this correspondence between Mr. Fleming and me are attached as Exhibits K-M.)

<u>Rational's Responses to TLC's Interrogatories</u>

18.    On December 5, 2006, TLC served its first set of interrogatories on Rational, which seeks, among other things, Rational's non-infringement and invalidity contentions.  Rational's original responses provided no substantive information.  (Ex. E at 7 and 8.)

19.    Under the Court's Rule 16 Scheduling Order, responses to contention interrogatories were due by March 16, 2007, but Rational requested and obtained from TLC an extension until March 23, 2007.

20.    Rational served its supplemental responses to Interrogatory Nos. 3 and 4 on March 23, 2007 (the "Supplemental Responses").  (A true and correct copy of the Supplemental Responses is attached as Exhibit N.)

21.    TLC advised Rational, on March 27, 2007, that its Supplemental Responses continued to be deficient in the following respects: (1) Rational did not identify facts or materials supporting its non-infringement contentions,

# REDACTED

(4) Rational designated its entire Supplemental Responses – which do not contain any information that could be considered even confidential – as Highly Confidential under the Protective Order. (Relevant excerpts of a true and correct of an

illegible German document that Rational produced in this litigation, bates-numbered RCSI 001015 – RCSI 001060, are attached as Exhibit X.)

22.    To date, Rational has not addressed TLC's request that Rational provide citations to facts or materials supporting Rational's infringement contentions.

23.    Rational refused to provide any further information about its invalidity contentions, stating that they are "detailed" and "extensive." (A true and correct copy of Porter F. Fleming's letter to me, dated April 5, 2007, is attached as Exhibit O.)

24.    On March 19, 2007, TLC requested legible replacement copies of the illegible documents produced by Rational. (A true and correct copy of my letter to Porter F. Fleming, dated March 19, 2007, is attached as Exhibit P.) On March 21, 2007, Rational responded that its copies were "of equal quality" to those Rational produced, and would "attempt to obtain better quality copies" to forward to TLC. Rational has not produced such copies. (A true and correct copy of Jonathan R. Wise's letter to me, dated March 21, 2007, is attached as Exhibit Q.)

25.    When TLC challenged Rational's designation of its Supplemental Responses as Highly Confidential, Rational's counsel initially stated that it did not intend to assert confidentiality for its invalidity contentions. I confirmed the statement by email. (A true and correct copy of my email to Porter F. Fleming, dated April 4, 2007, is attached as Exhibit R.)

26.    On April 4, 2007, Rational advised TLC that it would not de-designate any portion of its Supplemental Responses, because Rational considers its contentions regarding the prior art to be confidential. (Ex. M.)

27.    On April 5, 2007, TLC stated its disagreement, and requested that Rational specifically identify the portions of the Supplemental Responses that Rational considers

6

Confidential or Highly Confidential under the Protective Order. (A true and correct copy of my letter to Porter F. Fleming, dated April 5, 2007, is attached as Exhibit S.) Rational has not responded.

### Scope of the Counsel Subpoenas

28.     During a March 6, 2007 telephonic conference, Rational's counsel confirmed that, in response to the Counsel Subpoenas, Rational is not seeking production or privilege logs of: (1) any attorney work product; (2) litigation preparation materials, including any by non-testifying experts; or (3) communications among counsel of record. Rational's counsel also stated that Rational seeks only production of any non-privileged communications with third parties, not including potential experts or co-counsel, for the period from April through August 2006. The parties agreed that the Counsel Subpoenas do not impose an obligation to maintain a "litigation hold" on documents created after August 18, 2006.

29.     TLC sent Rational a draft proposed order that would limit the scope of the Counsel Subpoenas to documents generated before April 2006, except that, for the period from April 2006 to August 18, 2006, external communications between and among counsel of record and third parties (not including potential experts or other communications in preparation for litigation) would be produced or logged, to the extent not produced or logged in response to Rational's discovery requests to TLC or its subpoena to FAST. (A true and correct copy of my email to Porter F. Fleming, dated March 7, 2007, is attached as Exhibit T.)

30.     Nevertheless, on March 8, 2007, Rational's counsel sent TLC a revised order, that demanded that responsive documents to or from all third parties be produced or logged, with no exception for communications between and among counsel of record or between counsel of record, consultants, and potential expert witnesses. (A true and correct copy of Porter F. Fleming's letter to me, dated March 8, 2007, is attached as Exhibit U.)

31.    On March 13, 2007, TLC's counsel sent Rational's counsel a revised order adopting some of Rational's proposed language, but exempting communications among counsel of record, communications between counsel of record and potential co-counsel or experts, and other pre-litigation communications of counsel-of-record.  The proposed order also explicitly recited, as Rational requested, that communications to or from other third parties, including potential infringers and litigation funding sources, would be produced or logged.  In an attempt to resolve the issue, TLC's proposed order also included Rational's language that documents evidencing communications to or from TLC and/or FAST, from April 2006 to August 18, 2006, would also be produced or logged, if not produced or logged by TLC or FAST.  (A true and correct copy of Rory J. Radding's letter to Edgar H. Haug, dated March 13, 2007, is attached as Exhibit V.)

32.    On April 5, 2007, contrary to Rational's earlier representations, Rational stated its position "that all responsive, non-privileged documents including those from April to August 18, 2006 (filing of the complaint date) be produced." (Ex. O.)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 11th day of April, 2007, in New York, New York.

James E. Hough

792870

8

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 18, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Frederick L. Cottrell, III
>Richards, Layton & Finger

I also certify that copies were caused to be served on April 18, 2007 upon the following in the manner indicated:

### BY HAND

>Frederick L. Cottrell, III
>Richards, Layton & Finger
>One Rodney Square
>P.O. Box 551
>Wilmington, DE  19899

### BY FEDERAL EXPRESS

>Edgar H. Haug
>Porter F. Fleming
>Frommer Lawrence & Haug LLP
>745 Fifth Avenue
>New York, NY   10151

>*/s/ Karen Jacobs Louden*
>_____
>klouden@mnat.com

EXHIBIT A

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF

Rational Cooking Systems, Inc.
Defendant.

Case pending in the District of Delaware

TO:    Mario G. Ceste
        Law Offices of Mario G. Ceste
        4 Turnberry Rd.
        Wallingford, CT 06492

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
| | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A, attached hereto.

| PLACE OF PRODUCTION Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | DATE AND TIME: 10:00 a.m., January 2, 2007 |
|---|---|

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) ATTORNEY FOR DEFENDANT: *[signature]* | Date: December 13, 2006 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

---

### PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00415040.DOC

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.    The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.    The phrases "SelfCooking Center®" or "SCC®" shall mean the product sold by Rational under the federally registered trademarks SelfCooking Center® and SCC®.

3.    The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

4.    The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

5.    The terms "you," and "your," shall mean and refer to Mario G. Ceste.

6.    The terms "all," "each," and "any" shall be construed as all and each and any.

7.    The term "document" shall have the comprehensive meaning, in the broadest

00414978.DOC

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Mario G. Ceste,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed.

2

R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

8.      The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

9.      The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

10.     The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

11.     The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

12.     The term "person" shall mean any natural person.

13.     The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

14.     The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

15.     The term "third party" shall mean any person, any organization, or any other

3

business entity not a party to this litigation.

16.    Any third party specifically referred to shall also include that third party's successors and predecessors.

17.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

18.    If Mario G. Ceste objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Mario G. Ceste provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

    (a)    Its date of creation;

    (b)    The identity of all persons who prepared and/or signed the document or thing;

    (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

    (d)    A summary of its contents, or the general subject matter of the document or thing;

    (e)    Its present location and the identity of its current custodian;

    (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

    (g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Mario G.

4

Ceste's assertion thereof.

19.   If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

20.   Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

21.   In responding to Rational's requests for documents and things, if Mario G. Ceste claims any ambiguity in interpreting either a request, a definition, or an instruction, Mario G. Ceste shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Mario G. Ceste shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

### Production Request No. 1

Each document or thing concerning the preparation and maintenance of the '948 patent.

5

**Production Request No. 2**

Each document or thing concerning your participation in inventing any subject matter claimed in the '948 patent.

**Production Request No. 3**

Each document or thing concerning any assertion of or threat of infringement of the '948 patent against any third party.

**Production Request No. 4**

Each document or thing concerning any FAST decision to assert or threaten infringement of the '948 patent against any third party.

**Production Request No. 5**

Each document or thing concerning any FAST decision to not assert infringement of the '948 patent against any third party.

**Production Request No. 6**

Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to not sue Rational Cooking Systems, Inc. ("Rational") or Rational AG following the May 1998 meeting with Rational AG in Germany.

**Production Request No. 7**

Each document or thing received by or sent by you concerning any meeting, conference, correspondence, communication, or telephone conversation regarding FAST's decision to file a complaint against Rational on August 18, 2006.

**Production Request No. 8**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 9**

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, and any judgments.

**Production Request No. 10**

Each document or correspondence received by or sent to you concerning the '948 patent.

**Production Request No. 11**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, FAST, or TLC regarding the '948 patent or U.S. patent application serial number 07/114,563.

**Production Request No. 12**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, FAST, or TLC regarding asserting the '948 patent against any third party.

**Production Request No. 13**

Each document or thing concerning any communication between you and any third party regarding asserting the '948 patent.

**Production Request No. 14**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational.

**Production Request No. 15**

Each document or thing concerning any communication between you and Bernard G. Koether, George F. Koether, Mario Pasquini, Rory J. Radding, FAST, or TLC regarding Rational AG (and its predecessors).

**Production Request No. 16**

Each document or thing concerning the '948 patent.

**Production Request No. 17**

Each document or thing concerning Rational.

**Production Request No. 18**

Each document or thing concerning Rational AG (and its predecessors).

**Production Request No. 19**

Each document or thing concerning your participation in the preparation and maintenance of the U.S. Patent No. 4,742,455 ("the '455 patent).

**Production Request No. 20**

Each document or thing concerning the '455 patent.

**Production Request No. 21**

Each document or thing concerning any meeting between FAST and Rational AG (and its predecessors) including, but not limited to, the May 1998 meeting in Germany.

**Production Request No. 22**

Each document or thing concerning your involvement in any license negotiation involving the '948 patent including, but not limited to, negotiations with TLC, United Electric Controls Company, TurboChef Technologies Incorporated, Rational, Rational AG (and its predecessors) or other third parties.

**Production Request No. 23**

Each document or thing concerning any analysis of Rational's SelfCooking Center®.

**Production Request No. 24**

Each document or thing concerning your past and present relationship with FAST including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 25**

Each document or thing concerning your past and present relationship with TLC including, but not limited to, any employment contract, agreements, understandings, obligations, ownership interests and positions held.

**Production Request No. 26**

Each document or thing concerning your financial interest in the '948 patent.

**Production Request No. 27**

Each document or thing concerning your financial interest in the case *Technology Licensing Corporation v. Rational Cooking Systems, Inc.*, No. 06-515-JJF (D.Del.).

**Production Request No. 28**

Each document or thing concerning your financial interest in any third party licenses regarding the '948 patent.

**Production Request No. 29**

Each document or thing concerning the determination of a reasonable royalty for licensing the '948 patent.

**Production Request No. 30**

Each document or thing concerning opinions regarding the validity or invalidity of any claim of the '948 patent.

**Production Request No. 31**

Each document or thing concerning opinions regarding the enforceability or unenforceability of the '948 patent.

**Production Request No. 32**

Each document or thing concerning the licensing of the '948 patent.

**Production Request No. 33**

Each document or thing concerning the licensing of any FAST patent including, but not limited to, the actual license agreements.

**Production Request No. 34**

Each document or thing concerning the licensing of any TLC patent including, but not limited to, the actual license agreements.

**Production Request No. 35**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of the '948 patent.

10

**Production Request No. 36**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of any FAST patent.

**Production Request No. 37**

Each document or thing concerning any royalties, payments or other compensation you have received as a result of any TLC patent or TLC's licenses of any FAST patent.

# EXHIBIT B

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

v.

Rational Cooking Systems, Inc.
Defendant.

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:** 06-515-JJF
Case pending in the District of Delaware

TO:     Rory J. Radding
        Morrison & Foerster LLP
        1290 Avenue of the Americas
        New York, NY 10104-0050

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 23, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) ATTORNEY FOR DEFENDANT: | Date: January 9, 2007 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00417925.DOC

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

or cost. On motion to compel discovery or to qua.... , the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.      The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.      The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

3.      The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

4.      The term "Rational AG" shall mean and include Rational AG, as well as any present or former officers, directors, predecessors or successors in interest, general partners, limited partners, employees, agents and representatives of Rational AG.

5.      The terms "you," and "your," shall mean and refer to Rory J. Radding.

6.      The terms "all," "each," and "any" shall be construed as all and each and any.

00417924

7.    The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Rory J. Radding,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

published material of any kind; annual reports, reports to shareholders or owners, and minutes or

reports of meetings of owners or directors or executive boards or committees; summaries of

negotiations or meetings; quality control, operating, service, repair, or maintenance manuals;

technical specifications or requirements; advertising and promotional material as well as sales

literature; labels and packaging; press releases and new product releases; engineering notebooks

and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files;

address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits,

2

declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

8.     The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

9.     The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

10.     The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

11.     The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control.

12.     The term "person" shall mean any natural person.

13.     The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

14.     The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

15.    The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

16.    Any third party specifically referred to shall also include that third party's successors and predecessors.

17.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

18.    If Rory J. Radding objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Rory J. Radding provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

       (a)    Its date of creation;

       (b)    The identity of all persons who prepared and/or signed the document or thing;

       (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

       (d)    A summary of its contents, or the general subject matter of the document or thing;

       (e)    Its present location and the identity of its current custodian;

       (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

(g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Rory J. Radding's assertion thereof.

19.    If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

20.    Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

21.    In responding to Rational's requests for documents and things, if Rory J. Radding claims any ambiguity in interpreting either a request, a definition, or an instruction, Rory J. Radding shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

5

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Rory J. Radding shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

### Production Request No. 1

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding the '948 patent.

### Production Request No. 2

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding any Rational AG product.

### Production Request No. 3

Each document or thing concerning any meeting that you attended with Rational AG (including its predecessors) including, but not limited to, the May 1998 meeting in Germany with Rational AG.

### Production Request No. 4

Each document or thing concerning any communication between you and any third party including, but not limited to, your communications with Brett A. Valiquet, John Foskett, Lawrence M. Green, attorneys for United Electric Controls Company, attorneys for TurboChef Technologies, Inc., attorneys for Athena Controls, Inc., attorneys for Blodgett Corporation and Hilmar Messerschmidt regarding enforceability, validity, infringement, claim construction, settlement or licensing of the '948 patent.

6

**Production Request No. 5**

Each document or thing concerning any assertion of or threat of infringement of the '948 patent to any third party.

**Production Request No. 6**

Each document or thing concerning the decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 7**

Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 8**

Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 9**

Each document or thing concerning the decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 10**

Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 11**

Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational AG.

*Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 17**

      All documents and things that you received from UEC or its counsel concerning the case

*Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D.

Mass. filed Dec. 8, 1995) including, but not limited to, "all documents possessed by UEC or by

its counsel in that case ([John Foskett] and Lawrence M. Green) which related to UEC's defenses

to FAST's claim, including work product and privileged documents...." *See* letter from

J. Foskett to W. Kuhne dated Jan. 5, 2007.

**Production Request No. 18**

      All documents and things that you received from Athena Controls, Inc. or its counsel

concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*,

No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 19**

      All documents and things that you received from Blodgett Corporation or its counsel

concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*,

No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 20**

      Each document or thing concerning the case *Technology Licensing Corp., et al. v.

Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to,

interrogatory answers, document production responses, pleadings, deposition transcripts, expert

reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all

documents concerning the settlement, all agreements between the parties, any judgments, and

any documents that you received from counsel for TurboChef Technologies, Inc.

**Production Request No. 21**

Each document or thing concerning your practice, policy, or procedure for the retention of documents.

**Production Request No. 22**

Each document or thing concerning your effort to comply with your duty to preserve documents and data when litigation was pending or reasonably foreseeable with respect to the '948 patent.

**Production Request No. 23**

Each document or thing concerning prior art brought to your attention by any third party that may bear on the validity, invalidity, enforceability or unenforceability of the '948 patent.

**Production Request No. 24**

To the extent any documents called for by Production Request Nos. 1 – 23 were destroyed, provide each document or thing concerning their destruction including the time, location, individuals involved and the associated requests to have them destroyed.

EXHIBIT C

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Technology Licensing Corporation
Plaintiff

**SUBPOENA IN A CIVIL CASE**

v.

**CASE NUMBER:** 06-515-JJF
Case pending in the District of Delaware

Rational Cooking Systems, Inc.
Defendant.

TO:     Morrison & Foerster LLP
        1290 Avenue of the Americas
        New York, NY 10104-0050

☐       YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME: |

☐       YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|
|  |  |

☒       YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A, attached hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 10:00 a.m., January 23, 2007 |

☐       YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
|---|---|
| ATTORNEY FOR DEFENDANT: | January 9, 2007 |

Issuing Officer's Name, Address, and Phone Number
Porter F. Fleming, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

00421348.DOC

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                      DATE                                      SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises--or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden

00421348.DOC

or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.    The phrases "the '948 patent" or "patent in suit" shall mean United States Patent No. 4,920,948 entitled "Parameter Control System for an Oven," which issued on May 1, 1990.

2.    The term "Technology Licensing Corporation" or "TLC" or "plaintiff" shall mean and include Technology Licensing Corporation, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with TLC, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of TLC or any affiliated corporation or business entity and any other persons under the control of TLC.

3.    The term "Food Automation-Service Techniques, Inc." or "FAST" shall mean and include Food Automation-Service Techniques, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with FAST, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of FAST or any affiliated corporation or business entity and any other persons under the control of FAST.

4.    The term "Rational AG" shall mean and include Rational AG, as well as any present or former officers, directors, predecessors or successors in interest, general partners, limited partners, employees, agents and representatives of Rational AG.

5.    The term "Morrison & Foerster LLP" or "Morrison & Foerster" shall mean and include the law firm of Morrison & Foerster LLP, as well as any present or former partners,

limited partners, associates, counsel, employees, agents and representatives of Morrison &

Foerster. Morrison & Foerster shall also mean and include the law firm previously known as

Pennie & Edmonds LLP, as well as any former partners, limited partners, associates, counsel,

employees, agents and representatives of Pennie & Edmonds LLP.

6. The terms "you," and "your," shall mean and refer to Morrison & Foerster LLP

("Morrison & Foerster").

7. The terms "all," "each," and "any" shall be construed as all and each and any.

8. The term "document" shall have the comprehensive meaning, in the broadest

sense available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and shall include

each handwritten, typed, printed or otherwise recorded material, whether an original or a copy of

an original bearing any notation or marking not appearing on the original (including but not

limited to notes and underscoring), in the possession, custody, or control of Morrison & Foerster,

including but not limited to letters, cables, wires, messages, telexes, telecopies, memoranda,

inter-office and intra-corporate communications, reports, notes, minutes, bulletins, circulars,

pamphlets, instructions, work assignments, notebooks, drafts, work sheets, appraisals,

advertisements, catalogs, brochures, flyers, invoices, purchase orders, acknowledgements, price

lists, proposals, quotations, solicitations, and bids; drawings, diagrams, blueprints, plans,

sketches, charts, graphs, tracings, photographs, audio tapes, videotapes, and motion pictures;

printouts, recordings, tapes, disks, ROMs, PROMs, EPROMs, data compilations, electronically

stored information, and other information from computers or other data storage and retrieval

systems; trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other official

documents and legal instruments; newspapers, magazines, books, periodicals, and other

2

published material of any kind; annual reports, reports to shareholders or owners, and minutes or reports of meetings of owners or directors or executive boards or committees; summaries of negotiations or meetings; quality control, operating, service, repair, or maintenance manuals; technical specifications or requirements; advertising and promotional material as well as sales literature; labels and packaging; press releases and new product releases; engineering notebooks and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files; address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits, declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions shall be considered to be separate original documents.

9.    The term "thing" shall mean any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

10.    The term "concerning" shall mean, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

11.    The term "communication" shall refer to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

12.    The terms "possession," "custody," and "control" are used in a comprehensive

3

sense and refer to possession, custody, or control.

13.    The term "person" shall mean any natural person.

14.    The term "organization" shall mean any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

15.    The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

16.    The term "third party" shall mean any person, any organization, or any other business entity not a party to this litigation.

17.    Any third party specifically referred to shall also include that third party's successors and predecessors.

18.    The terms "and" or "or" shall both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for documents and things. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

19.    If Morrison & Foerster objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Rational requests that Morrison & Foerster provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

(a)    Its date of creation;

(b)    The identity of all persons who prepared and/or signed the

4

document or thing;

(c)   The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

(d)   A summary of its contents, or the general subject matter of the document or thing;

(e)   Its present location and the identity of its current custodian;

(f)   A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

(g)   The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Morrison & Foerster's assertion thereof.

20.    If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

21.    Rational requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

22.    In responding to Rational's requests for documents and things, if Morrison & Foerster claims any ambiguity in interpreting either a request, a definition, or an instruction, Morrison & Foerster shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

5

## REQUESTS FOR DOCUMENTS AND THINGS

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Morrison & Foerster shall produce and permit inspection and copying of the following documents (including but not limited to electronic information or data contained on hard drives, diskettes, or tapes or in other storage media) and things:

**Production Request No. 1**

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding the '948 patent.

**Production Request No. 2**

Each document or thing concerning any communication between you and Rational AG (including its predecessors) regarding any Rational AG product.

**Production Request No. 3**

Each document or thing concerning any meeting that you attended with Rational AG (including its predecessors) including, but not limited to, the May 1998 meeting in Germany with Rational AG.

**Production Request No. 4**

Each document or thing concerning any communication between you and any third party including, but not limited to, your communications with Brett A. Valiquet, John Foskett, Lawrence M. Green, attorneys for United Electric Controls Company, attorneys for TurboChef Technologies, Inc., attorneys for Athena Controls, Inc., attorneys for Blodgett Corporation and Hilmar Messerschmidt regarding enforceability, validity, infringement, claim construction, settlement or licensing of the '948 patent.

6

**Production Request No. 5**

      Each document or thing concerning any assertion of or threat of infringement of the '948 patent to any third party.

**Production Request No. 6**

      Each document or thing concerning the decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 7**

      Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 8**

      Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational from 1998 through 2005.

**Production Request No. 9**

      Each document or thing concerning the decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 10**

      Each document or thing concerning FAST's decision not to pursue a patent infringement action against Rational AG.

**Production Request No. 11**

      Each document or thing concerning TLC's decision not to pursue a patent infringement action against Rational AG.

7

**Production Request No. 12**

Each document or thing concerning any communication or public disclosure describing

or discussing the lawsuit, *Technology Licensing Corp. v. Rational Cooking Systems, Inc.*, Civil

Action No.: 1:06-00515-JJF, with any third party.

**Production Request No. 13**

Each document or thing concerning any offer of license or attempt to license the '948

patent to any third party.

**Production Request No. 14**

Each document or thing concerning your involvement in the prosecution and/or

maintenance of the '948 patent, including any internal copies of the '948 patent file history.

**Production Request No. 15**

Each document or thing concerning the case *Food Automation-Service Techniques, Inc. v.*

*United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not

limited to, interrogatory answers, document production responses, pleadings, deposition

transcripts, expert reports, Markman briefs, correspondence with the court, communications with

any mediator, hearing transcripts, court orders, all documents concerning the settlement, all

agreements between the parties, any judgments, and any documents, files, work papers, United

Electric Control Company's work product, and prior art received from counsel for United

Electric Controls Company.

**Production Request No. 16**

Each document or thing concerning the reason(s) why you insisted that counsel for

United Electric Controls Company ("UEC") turn over to you all of their files, including UEC's

work product, attorneys' files and prior art regarding the case *Food Automation-Service*

*Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 17**

All documents and things that you received from UEC or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995) including, but not limited to, "all documents possessed by UEC or by its counsel in that case ([John Foskett] and Lawrence M. Green) which related to UEC's defenses to FAST's claim, including work product and privileged documents...." *See* letter from J. Foskett to W. Kuhne dated Jan. 5, 2007.

**Production Request No. 18**

All documents and things that you received from Athena Controls, Inc. or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 19**

All documents and things that you received from Blodgett Corporation or its counsel concerning the case *Food Automation-Service Techniques, Inc. v. United Electric Controls Co.*, No. 95-12663 (D. Mass. filed Dec. 8, 1995).

**Production Request No. 20**

Each document or thing concerning the case *Technology Licensing Corp., et al. v. Turbochef Tech. Inc.*, No. 05-01245 (D. Conn. filed Aug. 8, 2005) including, but not limited to, interrogatory answers, document production responses, pleadings, deposition transcripts, expert reports, Markman briefs, correspondence with the court, hearing transcripts, court orders, all documents concerning the settlement, all agreements between the parties, any judgments, and any documents that you received from counsel for TurboChef Technologies, Inc.

9

**Production Request No. 21**

Each document or thing concerning your practice, policy, or procedure for the retention of documents.

**Production Request No. 22**

Each document or thing concerning your effort to comply with your duty to preserve documents and data when litigation was pending or reasonably foreseeable with respect to the '948 patent.

**Production Request No. 23**

Each document or thing concerning prior art brought to your attention by any third party that may bear on the validity, invalidity, enforceability or unenforceability of the '948 patent.

**Production Request No. 24**

To the extent any documents called for by Production Request Nos. 1 – 23 were destroyed, provide each document or thing concerning their destruction including the time, location, individuals involved and the associated requests to have them destroyed.

10

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Florida corporation, | : : : : |
| Plaintiff, | : C.A. No. 06-515-JJF : |
| v. | : : |
| RATIONAL COOKING SYSTEMS, INC., a Delaware corporation, | : : : |
| Defendant. | : : |

## RATIONAL COOKING SYSTEMS, INC.'S RESPONSES TO TECHNOLOGY LICENSING CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

In accordance with Rule 34 of the Federal Rules of Civil Procedure, defendant Rational

Cooking Systems, Inc. ("Rational") responds as follows to the production requests in plaintiff

Technology Licensing Corporation's ("TLC") First Set of Requests for Production of

Documents.

### Comments and General Objections

A.    By offering to produce a document, Rational does not waive its right to withhold

any portion of the document that is privileged or immune from discovery.

B.    By offering to produce a document or by producing a document, Rational does

not admit that the document is relevant or admissible at a hearing or trial of this action, e.g., as

coming within an exception to the hearsay rule, Federal Rule of Evidence 802.

C.    Where Rational states in a specific response that it will produce documents or

things, that response should be construed to mean that Rational will produce properly

discoverable responsive documents or things if they are found to exist after a search in logical

this request as overly broad and unduly burdensome to the extent it seeks "All Documents." Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Rational further objects to this production request because the discovery sought is unreasonably cumulative or duplicative, or is obtainable from a source other than Rational that is more convenient, less burdensome, or less expensive. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 12.**

Documents sufficient to describe fully the design and operation of the SCC products.

**Response to Request No. 12.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "design and operation" is undefined and unclear. Rational also objects to this production request as calling for documents protected from discovery by the attorney-client privilege, work-product immunity, or both. Rational additionally objects to this production

13

request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 13.**

All computer source code comprising, operating, or Relating To the SCC products, in both machine readable electronic form and printed hard copy.

**Response to Request No. 13.**

See the general objections. Rational objects to this request as overly broad and unduly burdensome to the extent it seeks "All computer source code." Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually

14

agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 14.**

Documents sufficient to identify each model or version of the SCC products.

**Response to Request No. 14.**

Subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 15.**

Documents sufficient to fully describe the specifications and design of the SCC products, including but not limited to any work done by or involving Third Parties.

**Response to Request No. 15.**

See the general objections. Rational objects to this production request as vague and ambiguous because the phrase "any work done by or involving Third Parties" is undefined and unclear. Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a

protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

**Request No. 16.**

Documents sufficient to fully describe all steps in the manufacture of the SCC products, including but not limited to any steps done by or involving Third Parties.

**Response to Request No. 16.**

See the general objections.  Rational objects to this production request as vague and ambiguous because the phrases "steps in the manufacture" and "any steps done by or involving Third Parties" are undefined and unclear.  Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order.  There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action.  Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

16

product immunity, or both. Rational further objects to this production request insofar as it exceeds the scope of discovery established by Rule 26(a)(2), Rule 26(b)(3), and Rule 26(b)(4). Rational additionally objects to this production request as calling for documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover and subject to Delaware Local Rule 26.2, Rational further objects to this production request as it requests the disclosure of confidential information and the parties have not yet agreed on a protective order. There are ongoing disputes concerning the ability of Mario G. Ceste to represent TLC and have access to confidential information in this action. Rational further identifies an additional issue concerning Rory J. Radding's involvement and access to confidential documents in this case.

Subject to and without waiving any objections, Rational will produce at a mutually agreeable time and location responsive, relevant, non-privileged documents, to the extent any exist.

Of Counsel

Edgar H. Haug
Porter F. Fleming
Jonathan R. Wise
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Dated: January 19, 2007

Frederick L. Cottrell, III (# 2555)
Cottrell@rlf.com
Gregory E. Stuhlman (# 4765)
Stuhlman@rlf.com
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Tel: (302) 651-7509
Fax: (302) 651-7701

*Attorneys for Rational Cooking Systems, Inc.*

62

RLF1-3106381-1

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I served the foregoing on the following as noted:

### HAND DELIVERY

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19801

### FEDERAL EXPRESS

Rory J. Radding
Colette A. Reiner
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10101-0050

_____
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com

RLF1-3088071-1

# EXHIBIT E

REDACTED

# EXHIBIT F



Annual Report 2006



F

## Disproportionate growth in future markets

Once again, the outstanding growth drivers in 2006 were RATIONAL's own sales companies, especially those in Russia and the Americas. The successful example of Russia vindicates in no uncertain terms our strategy of applying our own sales organisation to systematically concentrate on the markets exhibiting the greatest potential. The Russian team was honoured as RATIONAL branch of the year in recognition of its successful work.



RATIONAL Russia,
branch of the year

We were also able to further ramp up our rate of growth in the largest key strategic market of the Americas, where we have since taken over as market leader, with a market share of over 30 percent.

And there are no signs of slowdown in our home market of Germany, where we have enjoyed more than 30 years of success-ful marketing, easily keeping pace with the leading group in our global growth markets. With over 5,800 appliances sold in 2006 alone, Germany's growth has reached double digits and remains for us the market in the world with by far the strongest sales. At the same time, the long-term German success story also highlights the enormous sales potential for RATIONAL technology in other countries in other parts of the world.

## Global market share expands to 53 percent

With its above-average growth, RATIONAL was able to further expand its global market share from 52 to 53 percent in 2006. This year too, the critical success factors were the fact that RATIONAL continued to concentrate its resources in countries with the greatest potential and the superior product technology as well as the systematic implementation of the global RATIONAL sales and marketing process.

## SelfCooking Center® replaces 50 percent of all cooking appliances

The SelfCooking Center® technology replaces about 50 percent of all traditional cooking appliances in a professional kitchen. Heat is ideally transferred by hot, fast-flowing gases. As we continue to make regular innovative quantum leaps in technology, we are in a better position to render obsolete the large stocks of traditional cooking appliances in terms of cost-effectiveness as well as quality – while clearly enhancing customer benefit. Thus for example in Germany the combi-steamer replaced conventional hot-air ovens years ago, and now in turn is being superseded by the SelfCooking Center®. Regular progress in innovative technology is offering stable opportunities for growth.

Foreword by the Executive Board

F

# ... always better: through maximising customer benefit

**Customer satisfaction exceeds all expectations**

In a sample customer satisfaction survey conducted in Germany by the renowned market research institute TNS Infratest in 2006, a resounding vote of confidence was given by SelfCooking Center® owners: RATIONAL is ranked in the top 10 percent of the best German companies across all sectors, achieving the highest customer satisfaction ever recorded by Infratest. The SelfCooking Center® itself achieved the top score of 96 index points.

The Infratest analysis is a clear indicator that the new SelfCooking Center® optimally meets the needs of its users. As the survey shows, 88 percent of respondents use the unique intelligent cooking processes daily. Users simply select the food, define the result they want and that's it. The SelfCooking Center® guarantees perfect cooking – for perfect repeatable results each and every time.

The satisfaction level of customers who also own and use a competitor appliance in addition to the SelfCooking Center® only scored 23 index points. From a customer's perspective, they can derive up to four times as much benefit from the SelfCooking Center® than with a competitor's combi-steamer. Even more impressively, we are clearly achieving our overriding corporate goal:

> **"We offer the people working in commercial kitchens the most beneficial solution to their cooking tasks."**



SelfCooking Center®: highest score in customer satisfaction and customer loyalty

# Corporate Governance Report

## Basic structural conditions

RATIONAL AG is an Aktiengesellschaft (public limited company) under German law with its registered headquarters in Landsberg am Lech. It has been listed on the stock exchange since March 2000. The company is administered by an Executive Board and a Supervisory Board.

The members of the Executive Board of RATIONAL AG as at December 31, 2006 are Dr. Günter Blaschke (Chief Executive Officer), Peter Wiedemann (Chief Technology Officer), Erich Baumgärtner



(Chief Financial Officer) and Thomas Polonyi (Chief Sales and Marketing Officer). Mr Polonyi joined the Executive Board of RATIONAL AG on February 1, 2006.

The composition of the Supervisory Board is unchanged since last year, consisting of Siegfried Meister (Chairman of the Supervisory Board), Walter Kurtz (Deputy Chairman of the Supervisory Board) and Roland Poczka (Member of the Supervisory Board). Since the Supervisory Board comprises just three members, no committees are formed.

The Executive Board submits detailed reports to the Supervisory Board each month about the current business situation and the strategic orientation of the business. Five regular meetings of the Supervisory Board were held in 2006 in addition to numerous individual discussions.

## Remuneration report

For the performance of their tasks, the Executive Board of RATIONAL AG received remuneration totalling 5,177 thousand euros (previous year: 2,244 thousand euros), of which 1,230 thousand euros were paid out as a performance-related, variable component (previous year: 1,228 thousand euros). The total remuneration also includes the entitlement of the Executive Board from the second tranche under the stock option scheme dated February 3, 2000, which was drawn on in the form of a cash settlement amounting to 2,623 thousand euros. This second tranche was issued by the Supervisory Board on January 28, 2004, comprising options on 34.500 shares in RATIONAL AG. Option rights were linked to RATIONAL shares meeting specific performance targets measured against the SDAX Performance Index. The waiting period was for two years, ending in the first quarter of 2006.

F

### Description and explanation of business activities

RATIONAL AG is a public limited company under German law with its registered offices at Iglinger Strasse 62, Landsberg am Lech, entered in the Augsburg Commercial Register under number 2001. RATIONAL is the worldwide market and technology leader in the field of thermal preparation of food in professional kitchens. Since its formation in 1973, the company's sole activities have been the development, production and sale of professional cooking appliances for industrial kitchens. In 2004, RATIONAL AG replaced its existing combi-steamer technology with the world's first SelfCooking Center®. In addition to the SelfCooking Center®, we also offer a basic model, the Combi-Master®. Our appliances and accessories are sold worldwide by both our own subsidiaries and independent business partners.

In parallel with the SelfCooking Center® our French subsidiary FRIMA developed an entirely new complementary product in the guise of the VarioCooking Center®, which it successfully launched in selected European test markets in 2005. Whereas the SelfCooking Center® is used for cooking all foods for which the ideal cooking process is the transfer of heat by hot, fast-flowing gases, the new VarioCooking Center® can be used to cook all the other products found in a professional kitchen, i.e. those that are cooked in liquid or in direct contact heat.

The shares of the company, which has been listed on the German Stock Exchange since March 2000, have been admitted to the Prime Standard, and are traded on the organised market in the SDAX segment. RATIONAL is also listed on the German Stock Exchange CDAX, Classic All Share, Prime All Share and GEX selective indices as well as on BayX30 on the Munich Stock Exchange.

### Presentation of financial statements

The functional currency and the currency used in the consolidated financial statements is the euro. For the sake of clarity, figures are shown in thousands of euros. The structure of the balance sheet complies with the IAS 1 specifications regarding classification and format. The presentation for the financial year 2006 and the previous year defines maturities of "below 12 months" as short-term and those of "over 12 months" as long-term. The former sub-total "Fixed assets" has been dispensed, the item "Cash in hand and cash in bank accounts" has been renamed "Cash and cash equivalents", and current liabilities from income tax, which were formerly shown as a "Provision for taxation", are now shown under "Liabilities from current tax".

Based on the operational and strategic bases for decisions also available to management, the notes to the consolidated financial statements of RATIONAL AG allow a full assessment of the company's net assets, financial position and results of operations, as well as of the opportunities open to it and the risks to which it is exposed. For RATIONAL AG, the key components of its annual consolidated financial statements are the income statement, the balance sheet, the cash flow statement, the statement of changes in equity and the segments statement. The specific notes are based on the individual items within those components. Information on accounting and consolidation methods can be found under "Fundamental accounting principles", "Consolidation methods" and "Accounting and valuation methods".The significance of financial instruments is explained in the section entitled "Notes on financial instruments", and general information not related to specific items in the financial statements can be found in the "Other Notes" section.

The consolidated financial statements were released for publication by the management of RATIONAL AG on February 16, 2007.

Non-consolidated subsidiaries are recorded at acquisition cost or applicable value if lower.

The effects of all group-internal business transactions are eliminated. Receivables and liabilities between the included companies are consolidated, intercompany profits in the inventories are eliminated and group-internal income is offset against the corresponding expenses. The tax accruals and deferrals required by IAS 12 are created on the basis of temporary differences arising from consolidation measures.

The consolidation methods remain unchanged from those used last year.

## Consolidated companies

In compliance with the specifications of IAS 27, as at the balance sheet date of December 31, 2006, the consolidated financial statements of RATIONAL AG include four domestic and fifteen foreign subsidiaries, in addition to the parent company. The composition of the RATIONAL AG group has not changed since last year, and as at December 31, 2006 comprised the following consolidated companies:

| Name and registered office of consolidated companies | % capital shares and % voting shares |
|---|---|
| **Domestic** | |
| LechMetall Landsberg GmbH, Landsberg am Lech, Germany | 100.0 |
| RATIONAL Großküchentechnik GmbH, Landsberg am Lech, Germany | 100.0 |
| RATIONAL Technical Services GmbH, Landsberg am Lech, Germany | 100.0 |
| | |
| **Europe\*** | |
| RATIONAL Scandinavia AB, Lund, Sweden | 100.0 |
| RATIONAL UK Limited, Luton, United Kingdom | 100.0 |
| FRIMA S.A., Wittenheim, France | 99.9 |
| RATIONAL Schweiz AG, Balsthal, Switzerland | 100.0 |
| RATIONAL Iberica Cooking Systems, SL, Barcelona, Spain | 100.0 |
| RATIONAL Italia s.r.l., Marcon, Italy | 100.0 |
| RATIONAL International AG, Balgach, Switzerland | 100.0 |
| RATIONAL Polen sp.zo.o., Warschau, Poland | 100.0 |
| RATIONAL Austria GmbH, Salzburg, Austria | 100.0 |
| RATIONAL France SAS, Noisiel, France | 100.0 |
| FRIMA International AG, Balgach, Switzerland | 100.0 |
| FRIMA Deutschland GmbH, Frankfurt am Main, Germany | 100.0 |
| FRIMA France SAS, Wittenheim, France | 100.0 |
| | |
| **America** | |
| RATIONAL Cooking Systems Inc., Schaumburg, USA | 100.0 |
| RATIONAL Canada Inc., Vaughan, Canada | 100.0 |
| | |
| **Asien** | |
| RATIONAL Japan Co. Ltd., Tokyo, Japan | 100.0 |

\* For the description of consolidated companies, FRIMA Deutschland GmbH, registered office in Germany, is shown under region "Europe" as a subsidiary of FRIMA International AG.

**34 Other financial obligations**

As at December 31, 2006, in addition to provisions, liabilities and contingent liabilities, other finan-cial liabilities amounted to 7,417 thousand euros, 2,908 thousand euros of which will become due within the next twelve months. Liabilities to the value of 39 thousand euros have due dates of more than five years; these primarily represent future payments resulting from long-term development, rental, transport and leasing agreements.

The leasing agreements, which are treated as operating leases in accordance with IAS 17, are pre-dominantly for the long-term use of production facilities, vehicles, IT and miscellaneous office machinery. The agreements do not have fixed terms, but provide for future minimum lease payments within the next 12 months of 1,935 thousand euros, and of 1,727 thousand euros for the years 2008 to 2011 (1-5 years). No leasing payments are due after that date. Insurance against loss or destruc-tion of the objects leased is generally covered by policies taken out by the RATIONAL-Group. The leasing agreements contain no restrictions relating to, for example, dividends, additional debts or further leasing agreements. Leasing expenses recognised in net income for the financial year 2006 amount to 777 thousand euros (previous year: 988 thousand euros).

151 thousand euros is payable to former employees for agreed restraints on competition.

**35 Segment reporting**

RATIONAL AG's activities are focused on one business segment: the development, production and sale of appliances used in the thermal preparation of food in industrial kitchens. It does not currently carry any other significant independent product lines that would be reported as segments internally. For this reason, the primary and only segment reporting format is geographical.

For segment reporting purposes, RATIONAL therefore groups its subsidiaries on the basis of their various geographical regions, in accordance with the stipulation of IAS 14.13 governing the apportion-ment of assets by location. We distinguish between the following five segments. a) subsidiaries in Germany, b) subsidiaries in Europe excluding Germany, c) subsidiaries in the Americas, d) subsidiaries in Asia and e) the activities of the parent company, with RATIONAL AG, LechMetall and RATIONAL Technical Services GmbH, all of whose registered offices are in Landsberg am Lech, Germany, being grouped together in one segment.

FRIMA Deutschland GmbH, with its registered offices in Frankfurt, was shown in the "Europe" segment in 2005 because it is a subsidiary of FRIMA International AG, which is based in Switzerland. Management has now decided, however, that as of 2006 FRIMA Deutschland GmbH is to be shown in the "Germany" segment, rather than in "Europe excluding Germany". This is in line with manage-ment's espousal of the principle that it is the subsidiary's place of business that counts in such cases. The previous year's figures have been adjusted accordingly. The shifts between these segments have not been presented separately, as it was decided that the amounts involved were not sufficiently material. "Europe excluding Germany" thus now includes the companies in the UK, France, Italy, Austria, Switzerland, Poland, Spain (sales activities in Portugal and Spain) and Sweden (sales ac-tivities in the whole of Scandinavia). The Americas segment includes the activities of our subsidiaries in the US and Canada. The subsidiary in Japan represents the Asia segment.

The parent company's activities involve the development, production and delivery of products to the subsidiaries on an intercompany basis. Moreover, the parent company supplies both partners in foreign markets that are not covered by any one subsidiary and OEM customers around the world.

In February 2006 Mr. Thomas Polonyi was appointed to the Executive Board as a new member. The composition of the Executive Board is therefore now as follows:

- Dr. Günter Blaschke, Dipl.-Kaufmann     Chief Executive Officer
- Erich Baumgärtner, Dipl.-Betriebswirt     Chief Financial Officer
- Peter Wiedemann, Dipl.-Ingenieur     Chief Technical Officer
- Thomas Polonyi, Dipl.-Kaufmann     Chief Sales and Marketing Officer

At the shareholders' meeting on May 17, 2006, a resolution was passed in compliance with Section 314 Para. 2 Sub-para. 2 of the German Commercial Code dispensing with the individualised publication of the Executive Board members' remuneration.

The total remuneration of the members of the Executive Board for the performance of their functions in the parent company and its subsidiaries amounted to 5,177 thousand euros in the financial year 2006 (previous year: 2,224 thousand euros). This sum includes a performance-related salary component of 1,230 thousand euros (previous year: 1,228 thousand euros) and a cash settlement relating to stock options on 34,500 shares issued in 2004 under a stock option scheme, from which 2,623 thousand euros was paid out in 2006.

As at the balance sheet date, the members of the Executive Baord hold a total of 10,383 shares in RATIONAL AG (previous year: 8,033 shares).

None of the members of the Executive Board sits on the supervisory board of a non-RATIONAL-Group company.

**39 Stock option scheme**

On February 3, 2000, RATIONAL AG launched a stock option scheme for the company's Executive Board members. The scheme is designed to offer Board members additional incentives to secure the company's economic success in the medium and long-term and, in the interests of the shareholders, to work towards increasing the value of the company.

It was decided initially to grant beneficiaries of the scheme the option to buy a total of 200,000 registered shares in the company in up to five annual tranches, representing a theoretical share of the company's share capital of 200,000 thousand euros. Only the Supervisory Board is competent to conclude option agreements, and is also responsible for deciding the precise group of beneficiaries from among members of the Executive Board.

The option rights may have terms of up to five years from the dates of issue for the individual tranches. The option rights themselves may be exercised two years after issue at the earliest. The Supervisory Board can ordain that portions of the option rights may only be exercised after a longer waiting period. When individual waiting periods expire, the option rights are only exercisable within certain periods. The periods during which rights are exercisable start in each case on the 2nd and end on the 6th trading day following a regular shareholders' meeting of the company or the presentation of a quarterly report.

The exercise price for option rights issued before the company's shares were first listed on the Frankfurt Stock Exchange when the company was first floated in 2000 corresponds to the placing price per share set then. For option rights issued at a later date, the exercise price corresponds to the average (arithmetical middle) closing price of the company's shares on the Frankfurt Stock Exchange on the last five trading days prior to the Supervisory Board's resolution to issue the particular portion of option rights.

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Florida corporation, | : : : | |
| Plaintiff, | : : | C.A. No. 06-515-JJF |
| v. | : : | |
| RATIONAL COOKING SYSTEMS, INC., a Delaware corporation, | : : : | |
| Defendant. | : : | |

**DEFENDANT RATIONAL COOKING SYSTEMS, INC.'S
INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant Rational Cooking Systems, Inc. ("Rational") provides the following disclosures to plaintiff Technology Licensing Corporation ("TLC") based on information now reasonably available to Rational. Rational reserves the right to supplement, amend, or modify these disclosures as it obtains information through discovery or otherwise and becomes aware of additional documents, data compilations, or things. Rational also reserves the right to object to the use of these disclosures, in whole or in part, at any time (including at trial of this or any other action) and for any purpose on the grounds of relevancy, competency, materiality, admissibility, hearsay, privilege, work-product immunity, or for any other reason. Further, Rational provides these disclosures without waiving in any way any claim of privilege or work-product immunity.

By making these disclosures, Rational does not represent that it is identifying every witness, document, data compilation, or thing that it may use to support its defenses or counterclaims. Rather, these disclosures represent a good-faith effort to furnish information

falling within the scope of Rule 26(a)(1).   Accordingly, these disclosures do not include information that may be used for impeachment.

All of the disclosures set forth below are made subject to the above objections and qualifications.

**A.    Identification of Individuals Likely
to Have Discoverable Information**

Based upon information reasonably available at this time, Rational identifies the following individuals (and their addresses and telephone numbers, if known) who are likely to have discoverable information that Rational may use to support its defenses or counterclaims. Since discovery has not yet begun, Rational is not in a position to identify all TLC or third party employees, agents, or attorneys who may have discoverable information that Rational may use to support its case.  Rational reserves the right to identify additional persons if it learns that another has knowledge or information that it may use to support its defenses or counterclaims.

By identifying the following individuals, however, Rational does not authorize TLC or anyone acting on its behalf to (a) contact or otherwise communicate with Rational's current or former officers or employees—who may have privileged information—or (b) take any action prohibited by any rules of professional conduct.

| NAME | CONTACT INFORMATION | TOPIC AREAS |
|---|---|---|
| Chris Koehler | Rational Cooking Systems, Inc.<br>455 E. State Pkwy., #101<br>Schaumburg, IL 60173<br>Phone: (847) 273-5000 | Sales and marketing of Rational's SCC® product. |

2

| Bernard G. Koether | Technology Licensing Corporation 757 SE 17th Street, Suite 1074 Fort Lauderdale, FL 33316<br><br>Food Automation – Service Techniques, Inc. 905 Honeyspot Road Stratford, CT 06615 | Patent-in-suit; TLC's claims; Prior art; Royalties; Rational's defenses and counterclaims including, but not limited to, laches, invalidity, and unenforceability. |
|---|---|---|
| Mario Pasquini | Food Automation – Service Techniques, Inc. 905 Honeyspot Road Stratford, CT 06615 | Patent-in-suit; Prior art; Rational's defenses and counterclaims including, but not limited to, invalidity and unenforceability. |
| Peter Wiedemann | Rational AG Iglinger Strasse 62 86899 Landsberg a. Lech, Germany | Rational's SCC® product; Rational's defenses and counterclaims. |
| Michael Greiner | Rational AG Iglinger Strasse 62 86899 Landsberg a. Lech, Germany | Rational's SCC® product; Rational's defenses and counterclaims. |
| Judith Imgram | Rational AG Iglinger Strasse 62 86899 Landsberg a. Lech, Germany | Rational's SCC® product; Rational's defenses and counterclaims. |
| George F. Koether | Food Automation – Service Techniques, Inc. 905 Honeyspot Road Stratford, CT 06615 | Patent-in-suit; Prior art; Royalties; Rational's defenses and counterclaims including, but not limited to, laches, invalidity, and unenforceability. |
| William M. Schreyer | Food Automation – Service Techniques, Inc. 905 Honeyspot Road Stratford, CT 06615 | Patent-in-suit; Prior art; Rational's defenses and counterclaims including, but not limited to, invalidity and unenforceability. |
| Hilmar Messerschmidt | Paracelsusweg 18 44801 Bochum, Germany | Patent-in-suit; Rational's defenses and counterclaims including, but not limited to, laches and invalidity. |
| Mario G. Ceste | The Law Offices of Mario G. Ceste P.O. Box 82 Wallingford, CT 06492 Phone: (203) 678-6418<br><br>Food Automation – Service Techniques, Inc. 905 Honeyspot Road Stratford, CT 06615 | Patent-in-suit; Prior art; Royalties; Rational's defenses and counterclaims including, but not limited to, laches, invalidity, and unenforceability. |

**C.    Statement as to Damages**
     **Pursuant to Rule 26(a)(1)(C)**

Rational seeks an award of attorneys' fees under 35 U.S.C. § 285, the costs of this suit, and such other and further relief as the Court deems just and proper. It is our understanding that TLC does not make, use, or sell any product covered by the '948 patent. Should TLC succeed on the issue of infringement, it would only be entitled to a royalty pursuant to 35 U.S.C. § 284. There has been no discovery on the appropriate royalty rate to date. Likewise, the amount of attorneys' fees and costs, should they be awarded to Rational, is not presently known. Rational reserves the right to supplement this response as additional information becomes available.

**D.    Statement as to Insurance Agreements**
     **Pursuant to Rule 26(a)(1)(D)**

Rational is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Of Counsel

Edgar H. Haug
Porter F. Fleming
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Dated: December 22, 2006

Frederick L. Cottrell, III (# 2555)
Cottrell@rlf.com
Gregory E. Stuhlman (# 4765)
Stuhlman@rlf.com
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Tel: (302) 651-7509
Fax: (302) 651-7701

Attorneys for Rational Cooking Systems, Inc.

# EXHIBIT H

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 26, 2007

Writer's Direct Contact
212.468.8146
RRadding@mofo.com

Via E-Mail

Edgar H. Haug, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:    *Technology Licensing Corporation v. Rational Cooking Systems, Inc.*

Dear Ed:

Several times you have mentioned that Rational AG would consider voluntarily producing documents in this litigation if TLC were to propose categories of documents narrower than those requested in its document requests to Rational Cooking Systems, Inc. We believe Rational Cooking Systems is obligated to provide responsive documents possessed by Rational AG, but in the interests of resolving this issue without resorting to motion practice, TLC proposes the following categories of documents[1]:

1.    A copy of repair manuals for the SCC.

2.    A copy of training manuals and training documents for the SCC.

3.    Documents sufficient to describe how the SCC functions, including without limitation, functional specifications for the software.

4.    Documents sufficient to describe total sales of the SCC to any entity within the U.S., including Rational Cooking Systems, Inc.

5.    Documents sufficient to describe the development of the SCC.

6.    All documents relating to FAST and/or TLC.

7.    All documents relating to the '948 Patent.

---

[1] By proposing these categories, TLC does not agree with Rational that the original categories of documents requested in its first set of document requests were overly broad. Nor does TLC waive the right to seek broader discovery from Rational AG by other appropriate means.

ny-733815

**MORRISON** | **FOERSTER**

Edgar H. Haug, Esq.
January 26, 2007
Page Two

8.   All documents concerning receipt and analysis of any FAST controller for
     combi-ovens.

9.   English language marketing documents for the SCC.

We look forward to discussing this further with you.

Sincerely,

Rory J. Radding

cc:   Frederick L. Cottrell III, Esq.
      Porter F. Fleming, Esq.
      Jack B. Blumenfeld, Esq.
      James E. Hough, Esq.
      Mario G. Ceste, Esq.

ny-733815

# EXHIBIT I

**From:**       Radding, Rory J.
**Sent:**       Monday, February 19, 2007 12:41 PM
**To:**         'ehaug@flhlaw.com'; 'PFleming@flhlaw.com'
**Cc:**         Hough, James E.; McFarland, Sally A.
**Subject:**    Today's conference call

Dear Ed and Porter,
I believe our call today was productive.
1. I will await receipt of your opposition and will consider your position on the Radding issues.

2.  Also I await your decision on the inclusion of a FAST employee on the protective order in addition to Ben Koether since you would like to include  Rational AG on the protective order.

3.I will check on the FAST controller and whether the prototype exists. I will also see whether we need a Rational controller and /or oven.

   4.As I mentioned I need to check with my associates on communications between MoFo / Radding and TLC between April and August 2006 concerning your suggestion of limiting production/privilege log to only those communications between the period between April and August 2006 for the MoFo and Radding subpoenas. I think your suggestion should be acceptable, but I will let you know tomorrow.Please confirm that my understanding of your suggestion is correct.

5.Finally, I want to confirm my understanding that  you will be producing Rational/Rational AG documents early next week. Regards, Rory
--------------------------
Sent from my BlackBerry Wireless Handheld

1

# EXHIBIT J

**MORRISON** | **FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 15, 2007

Writer's Direct Contact
212.468.8158
JHough@mofo.com

Via E-Mail

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Porter:

I write concerning Rational's continuing failures to provide adequate discovery responses.

A.  *Invalidity and Non-Infringement Contentions*

Thank you for agreeing, in your March 8, 2007 letter, to supplement Rational's responses to Interrogatories No. 3 and No. 4. As you know, the parties agreed and the Court ordered to exchange contentions by today, March 16, 2007. Please confirm that you will provide Rational's supplemental responses before the close of business today.

You are correct that my March 6, 2007 letter contained a misstatement. Neither TLC nor Rational has provided a claim construction analysis. The parties' claim construction positions will be set out in the briefing that precedes the Markman hearing scheduled for September 14, 2007.

If you seek to excuse your failure to provide a claims chart in response to Interrogatory No. 4 due to the lack of our claim construction analysis, please let me know immediately so that we may move to compel a more complete response. Rational has identified a large number of seemingly irrelevant and cumulative prior art references. By doing so, Rational implicitly asserts that it has a good faith basis to believe the asserted references are relevant to one or more elements of the asserted claims. You do not need our claim construction position to provide us with the requested element-by-element analysis of your contentions regarding why the prior art references you have asserted are relevant to the asserted claims.

ny-742054

MORRISON | FOERSTER

Porter F. Fleming, Esq.
March 15, 2007
Page Two

B. *Willfulness*

Your response to Interrogatory No. 6 fails to indicate whether Rational intends to assert a reliance on advice of counsel defense to TLC's claim of willful infringement. Please let us know by March 16, 2007 whether Rational intends to assert an advice of counsel defense. If Rational intends to assert an advice of counsel defense, we expect that any opinions of counsel will be produced in response to TLC's Request No. 5. If you do not intend to produce the relevant opinions, please let me know immediately.

C. *SCC Development and Operation*

As you know, we provided a claim chart with our interrogatory responses that details our infringement analysis based on publicly available information. We would like to supplement this chart as soon as possible, but, to date, Rational has failed to make any meaningful production of documents or other information that could be the basis of a supplemental infringement analysis. By way of example, Rational has failed to provide any training materials or other documents that could explain the operation of the accused device. TLC's requests for production specifically call for such documents. *See e.g.* TLC's Requests Nos. 12, 13, 15, 23, 24.

Please confirm that you will provide documents sufficient to show the operation of the accused device, including the functional specifications and the source code for any software (embedded or otherwise) used in the device. TLC specifically requested source code in Request No. 13, and functional specifications in Request No. 24.

Please also confirm that you will produce responsive, non-privileged documents from files maintained by or accessible to Peter Wiedemann, Michael Greiner, and Judith Imgram. As you know, these are the only people Rational has identified as being knowledgeable about the development and operation of the accused device.

D. *Privilege Log*

Rational has not yet produced a privilege log. You should have provided a log two weeks after Rational's initial production, with a rolling update two weeks following each subsequent production. Please let us know when you will produce the first installment of Rational's privilege log.

E. *Identification of Documents*

Rational's responses to Interrogatories No.s 9-12 state that Rational will produce documents pursuant to Fed. R. Civ. P. 33(d) in lieu of providing a narrative response. As you know,

ny-742054

**MORRISON | FOERSTER**

Porter F. Fleming, Esq.
March 15, 2007
Page Three

Rule 33(d) requires Rational to identify any such documents in sufficient detail to permit us to readily locate them among the documents produced.  Please propose a date for the parties to simultaneously exchange bates numbers for the Rule 33(d) documents.

Sincerely,

James E. Hough

cc:  Rory J. Radding, Esq.
     Jack B. Blumenfeld, Esq.
     Mario G. Ceste, Esq.
     Frederick L. Cottrell, III, Esq.

# EXHIBIT K

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                           www.flhlaw.com
745 Fifth Avenue
New York, NY 10151                 Washington, DC
Telephone: (212) 588-0800          Tokyo
Fax: (212) 588-0500

Porter F. Fleming
PFleming@FLHlaw.com

March 23, 2007

**VIA FACSIMILE**

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

This letter responds to your letters dated March 15, 2007.

We continue to note that TLC has failed to provide its proposed claim constructions. It is
unclear why TLC needs RCSI documents before it can state its contentions as to the
constructions for the claims that TLC has asserted against RCSI in this case. We are not asking
for legal conclusions but merely seeking your contentions. They should be provided without
need for any additional discovery. Accordingly, please supplement your response to contention
Interrogatory No. 2.

Nevertheless, as agreed, we will be providing RCSI's supplemental responses to TLC
Interrogatories Nos. 3 and 4 under separate cover today.

As for your additional complaints concerning RCSI's production to date, RCSI has already
produced non-privileged, relevant and responsive documents. This production included SCC®
manuals, SCC® specification sheets, SCC® installation options, SCC® parts lists, SCC® operating
instructions, SCC® brochures and SCC® cookbooks. To the extent we find additional
documents, which we expect we will, they will be produced on a rolling basis. As for your
request regarding a privilege log, we will provide a privilege log when we withhold any
documents based on attorney-client privilege and/or work-product doctrine.

You have also raised the issue concerning when RCSI will produce any opinion that it may be
relying upon as a defense to your willfulness claim. RCSI's response to Interrogatory No. 6 is
appropriate. We have objected to this interrogatory on a number of bases including that it is
premature. As you know, we do not even yet have TLC's claim constructions. We will revisit
this subject at an appropriate time upon having received a full disclosure of TLC's infringement
contentions.

00438509.DOC

James E. Hough, Esq.
Morrison & Foerster LLP
March 23, 2007
Page 2

Further, in an apparent flip flop of previous positions, you now seem to seek documents that you previously stated you were not interested in. In correspondence from Rory Radding dated January 26, 2007 and during a follow-up February 19th conference call, in which I believe you participated, Rory stated he was interested in summaries and not source code materials. Please confirm what your position is on this subject. We will respond accordingly.

Finally, and in response to another of your requests, we will agree to exchange bates ranges for the identified Rule 33(d) documents.

Very truly yours,

Porter F. Fleming
PFF:ap

cc:     Rory J. Radding, Esq.
        Mario G. Ceste, Esq.
        Jack B. Blumenfeld, Esq.
        Frederick L. Cottrell, III, Esq.

00438509.DOC

# EXHIBIT L

MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK, NY  10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 27, 2007

Writer's Direct Contact
212.468.8158
JHough@mofo.com

*Via E-Mail*

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:    *Technology Licensing Corp. v. Rational Cooking Systems, Inc.,*
       Civ. No.1:06-cv-00515-JJF

Dear Porter:

This letter responds to your letter dated March 23, 2007.

Claim Construction Contentions

We will agree to a simultaneous exchange of claim construction contentions. We believe that exchange should take place in the context of preparations for the claim construction hearing scheduled for September 14, 2007. When are you available to discuss an appropriate schedule for exchange and briefing on claim construction?

Rational's March 23, 2007 Supplemental Interrogatory Responses

Rational designated its March 23, 2007 supplemental contentions as "HIGHLY CONFIDENTIAL." We believe that this designation is improper as none of the information, especially the invalidity contentions, falls into the categories of information that may be designated as "HIGHLY CONFIDENTIAL," or even "CONFIDENTIAL," under the protective order agreed to by the parties. Will you agree to remove this designation? If not, please let us know the basis for your refusal to agree.

Rational has not provided TLC with citations to any materials supporting Rational's infringement contentions. When do you intend to do so? We do not believe that the documents produced by Rational to date provide sufficient information to support Rational's infringement contentions. If Rational intends to rely on materials not yet produced to TLC, please let us know what these materials are and when you intend to produce them.

ny-744065

MORRISON | FOERSTER

Porter F. Fleming, Esq.
March 27, 2007
Page Two

Regarding Rational's invalidity contentions, page 14 of your supplemental responses includes a list of 13 alleged prior art references without any analysis of your contentions. As we have told you before, this information is long overdue. When will you provide this analysis? If you do not agree to provide a substantive response soon, we will be forced to move to compel.

Source Code

Rory Radding's January 26, 2007 letter and the subsequent conversation on February 19, 2007 explicitly did not modify our existing discovery requests. Those communications were part of an effort to reach agreement on production of information from Rational A.G. as soon as possible. Since we have not received adequate information, we continue to seek production of source code, as specifically requested in Document Request No. 13 to Rational.

Rational's Document Production

Rational designated the following documents in its document production as "CONFIDENTIAL":

- Description, Features and Specifications for Rational's SelfCooking Center (RCSI 000001-RCSI 000042)

- Installation Manual (RCSI 000043-RCSI 000078)

- Installation Manual Options (RCSI 000079-RCSI 000094)

- Installation Manual (RCSI 000095-RCSI 000141)

- Manual for SelfCooking Center (RCSI 000142-RCSI 000213)

- Manual for SelfCooking Center (RCSI 000214-RCSI 000289)

- Basic Manual for SCC Line (RCSI 000290-RCSI 000369)

- Application Manual for SelfCooking Center (RCSI 000370-RCSI 000447)

- Operating Instructions for SelfCooking Center (RCSI 000448-RCSI 000523)

- Cookbook for SelfCooking Center (RCSI 000524-RCSI 000603)

- Cookbook for SelfCooking Center (RCSI 000604-RCSI 000683)

- Material Safety Datasheets for SelfCooking Center (RCSI 000684-RCSI 000693)

- Rational's Parts Distributor and Service Agency Listing (RCSI 000694-RCSI 000714)

ny-744065

MORRISON | FOERSTER

Porter F. Fleming, Esq.
March 27, 2007
Page Three

We believe that these designations are improper under the protective order agreed to by the parties, as these documents are manuals, operating instructions, and other public documents. Will you agree to remove these designations?  If not, please let us know the basis for your refusal to agree.

Yours truly,

James E. Hough

cc:    Rory J. Radding, Esq.
       Jack Blumenfeld, Esq.
       Edgar H. Haug, Esq.
       Jonathan R. Wise, Esq.
       Frederick Cottrell, III, Esq.
       Mario Ceste, Esq.

ny-744065

# EXHIBIT M

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York                    www.flhlaw.com
745 Fifth Avenue
New York, NY 10151          Washington, DC
Telephone: (212) 588-0800   Tokyo
Fax: (212) 588-0500

Porter F. Fleming
PFleming@FLHlaw.com

April 4, 2007

<u>VIA FACSIMILE</u>

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

This letter follows our April 2, 2007 phone conversation and your March 27, 2007 letter.

We are willing to discuss a schedule for the Markman briefing. However, an agreed upon briefing schedule does not absolve TLC of its obligations to respond to RCSI's contention interrogatories. In particular, we expect to receive a supplemental response to RCSI Interrogatory No. 2, which requested among other things, that TLC set forth its contentions regarding the meaning of each claim limitation in the form of a claim chart. You failed to provide TLC's contentions in your January 16th response. You again refused to supplement TLC's response following my March 13th letter to Rory Radding. We again request that you reconsider your position or you will leave us with no choice but to proceed accordingly.

During our call we also discussed our designation of RCSI's supplemental interrogatory responses as Highly Confidential. RCSI's supplemental response to Interrogatory No. 3 does contain extremely sensitive technical information that is not publicly available and is properly designated "Highly Confidential." I did agree during the call that prior art such as publicly available patents, articles and brochures are generally not confidential. To this point, many of the references cited in response to Interrogatory No. 4 have been produced to you and were not marked confidential. Likewise, we will be producing additional references cited and they too will not be marked confidential. However, it is our position that the response itself, to the extent it sets forth non-public information concerning RCSI's contentions regarding invalidity, assessments of the prior art and related analysis, is confidential and properly designated as "Confidential" under the Protective Order. We trust you will maintain RCSI's responses accordingly.

00441452.DOC

James E. Hough, Esq.
Morrison & Foerster LLP
April 4, 2007
Page 2

I know you have raised a number of other issues in your recent correspondence which I intend to
respond to.  However, in view of your email of earlier today, I wanted to address the above
points immediately.  I will address your other requests shortly.

Very truly yours,

Porter F. Fleming
PFF:ap

cc:     Rory J. Radding, Esq.
        Mario G. Ceste, Esq.
        Jack B. Blumenfeld, Esq.
        Frederick L. Cottrell, III, Esq.

00441452.DOC

# EXHIBIT N

REDACTED

# EXHIBIT O

**FLH FROMMER LAWRENCE & HAUG LLP**

New York    www.flhlaw.com
745 Fifth Avenue
New York, NY 10151    Washington, DC
Telephone: (212) 588-0800    Tokyo
Fax: (212) 588-0500

Porter F. Fleming
PFleming@FLHlaw.com

April 5, 2007

<u>**VIA FACSIMILE**</u>

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

This letter follows my April 4, 2007 correspondence and addresses many of the issues you and
Rory Radding have raised recently.

With respect to your inquiry regarding the form of our proposed order addressing the scope of
the third-party subpoenas to Radding, Ceste and Morrison & Foerster, we continue to maintain
that all responsive, non-privileged documents including those from April to August 18, 2006
(filing of the complaint date) be produced. Further, to the extent documents are withheld based
on privilege, they must be logged. We have also agreed, as an accommodation to you and your
clients, that responsive internal communications at Morrison & Foerster need not be logged.

Despite our efforts to reach a compromise on this issue, you have proposed an order that is much
broader than we are willing to accept. Your proposed order would permit your clients to not
produce relevant and non-privileged documents. Your order would also relieve your clients of
any obligations of logging documents which are withheld from production based on a claim of
privileged. We discussed this previously. You and Rory have attempted to justify the breadth of
your order based on discussions with Ed Haug. I have confirmed with him that he did not
propose nor did he agree to the terms you have set forth. Your continued efforts to
mischaracterize telephone discussions with RCSI counsel are unnecessary and unproductive.
Please end this practice. We are unwilling to accept your attempts to prevent discovery on these
matters.

You have also prematurely objected to our supplemental interrogatory responses. Interrogatory
Response No. 4 is detailed and provides extensive analysis of the §102 and §103 prior art. To
the extent we uncover additional §102 and §103 prior art, we will supplement our responses as
appropriate. As I pointed out in my April 4th letter, you have not provided your claim
construction in response to RCSI Interrogatory No. 2. Surely, you can appreciate that TLC's
claim construction(s) could affect our invalidity analysis. In view of this, we again encourage

00441672.DOC

James E. Hough, Esq.
Morrison & Foerster LLP
April 5, 2007
Page 2

you to respond to RCSI Interrogatory No. 2 immediately. We assume that you must have had a claim construction in mind when you brought this case and you must have a claim construction today to maintain the case. We are entitled to your contentions.

You also questioned whether there are additional documents we may rely upon regarding our supplemental response to TLC Interrogatory No. 3. We believe that there may be additional documents and if so, they will be produced. Accordingly, we will also supplement our responses at that time, if necessary.

You also raised the issue of identifying responsive documents by bates numbers. We are willing to discuss such an exchange assuming you will provide reciprocal disclosures for TLC, FAST, Ceste, Radding, G. Koether, B. Koether and Morrison & Foerster.

You have also questioned whether certain documents produced by RCSI should have been marked Confidential. We are considering and investigating your request and will respond in due course. As for further productions, which we discussed this week, we are continuing to review documents and anticipate further productions. We are also waiting for FAST's subsequent production(s) which you indicated is also in the works.

We look forward to resolving these matters. And, on a personal note, we wish you and your family a Happy Easter.

Very truly yours,

Porter F. Fleming
PFF:ap

cc:    Rory J. Radding, Esq.
       Mario G. Ceste, Esq.
       Jack B. Blumenfeld, Esq.
       Frederick L. Cottrell, III, Esq.

00441672.DOC

EXHIBIT P

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 19, 2007

Writer's Direct Contact
212.468.8158
JHough@mofo.com

Via E-Mail

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York  10151

Re:     Technology Licensing Corp. v. Rational Cooking Systems, Inc.
        Civil Action No.: 1:06-cv-00515-JJF

Dear Porter:

The following documents Rational has produced to date are completely or partially illegible:
RSCI 296, 359-360 and 995-1060.

Please provide legible replacement copies immediately.

Sincerely,

James E. Hough

cc:     Rory J. Radding, Esq.
        Jack B. Blumenfeld, Esq.
        Mario G. Ceste, Esq.
        Frederick L. Cottrell, III, Esq.

ny-742748

# EXHIBIT Q

03/21/2007 11:04 FAX  12125880500        FROMMER LAWRENCE & HAUG                          002/002

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York                          www.flhlaw.com
745 Fifth Avenue
New York, NY 10151               Washington, DC
Telephone: (212) 588-0800        Tokyo
Fax: (212) 588-0500

Jonathan R. Wise
JWise@flhlaw.com

March 21, 2007

**VIA FACSIMILE**

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York  10101-0050

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

This responds to your letter of March 19, 2007 regarding a request for replacement copies of
certain RCSI production documents.

It appears that our copies are of equal quality to those we produced.  We will attempt to obtain
better quality copies and if we are successful, we will forward them to you.

As an additional point, please add me as a copy recipient (jwise@flhlaw.com) to any further
emails you may send to Ed and/or Porter.  Thank you.

Very truly yours,

*Jonathan R. Wise*

Jonathan R. Wise
JRW:ap

cc:    Rory J. Radding, Esq.
       Mario G. Ceste, Esq.
       Jack B. Blumenfeld, Esq.
       Frederick L. Cottrell, III, Esq.

00438157.DOC

# EXHIBIT R

**From:**          Hough, James E.
**Sent:**          Wednesday, April 04, 2007 10:55 AM
**To:**            'pfleming@flhlaw.com'
**Cc:**            Radding, Rory J.
**Subject:**        Follow up

Porter:

During our phone call on Monday you agreed that Rational did not intend to assert confidentiality over its invalidity contentions, and you also agreed to provide a written confirmation of that fact, along with a written response to the proposed Order we provided several weeks ago, and to the other issues raised in my recent letters.  Please provide your written response promptly.

Jim

# EXHIBIT S

MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

April 5, 2007

Writer's Direct Contact

212.468.8158
JHough@mofo.com

*Via E-Mail*

Porter F. Fleming, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:     *Technology Licensing Corp. v. Rational Cooking Systems, Inc.,*
        Civ. No.1:06-cv-00515-JJF

Dear Porter:

This letter responds to your April 4, 2007 letter.

Your description of our April 2 conversation is incorrect. During our phone call, you said the March 23, 2007 Supplemental Responses were marked with a Highly Confidential header because you believe your supplemental response on infringement contentions contains confidential information. You said you did not intend to claim confidentiality protection for the invalidity contentions contained in the same document, and I asked you to confirm that position in writing.

We do not agree that any of the information in the Supplemental Responses can be properly designated as either Confidential or Highly Confidential under the Protective Order. Please provide us with a version of the Supplemental Response that specifically identifies the materials you consider Confidential or Highly Confidential so that we can understand specifically your position.

Regarding our claim construction contentions, we have properly objected to the Interrogatory as premature. We cannot know which claim terms will require construction until we obtain substantive information from you about the accused product and, as noted in my earlier correspondence, your discovery responses on that subject have been inadequate.

We note that you have also not provided any claim construction contentions. We continue to believe that a simultaneous exchange of claim construction contentions is sensible and fair. Perhaps the first step in that exchange could be preparation of a list of terms that the parties believe require construction. Please propose a date for that exchange.

ny-746196 v2

MORRISON | FOERSTER

Potter Flemming
April 5, 2007
Page Two

Finally, Rational's response to Rory Radding's March 13, 2007 letter is long overdue.
Please provide one as soon as possible.

Sincerely,

James F. Hough

cc:    Rory J. Radding, Esq
       Jack Blumenfeld, Esq
       Edgar H. Haug, Esq.
       Jonathan R. Wise, Esq.
       Frederick Cottrell, III, Esq.
       Marie Ceste, Esq.

# EXHIBIT T

| From: | Hough, James E. |
|---|---|
| Sent: | Wednesday, March 07, 2007 3:53 PM |
| To: | 'Fleming, Porter' |
| Cc: | 'Haug, Ed'; Radding, Rory J. |
| Subject: | Protective order |



proposed order re
protective o...

Porter:

I see you called.  I have a call at 4 pm, and I will call you following that call.

In the interim, please consider the attached draft order.  Also, in addition to making clear that Mario Ceste should be able to see information designated with the lower level of confidentiality (you were going to get back to me on that point), we would like the following added to paragraph 27 at the end ",unless otherwise agreed to by the non-party with the entry of a separate Protective Order."

Jim

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION,    )
a Florida corporation,                             )
                                                            )
                                 Plaintiff,             )          C.A. No. 06-515 (JJF)
                                                            )
             v.                                            )
                                                            )
RATIONAL COOKING SYSTEMS, INC., a      )
Delaware corporation,                             )
                                                            )
                                 Defendant.          )

## ORDER

The Court having considered plaintiff's Motion For Entry Of Protective Order, and having held a hearing on plaintiff's Motion for Entry of Protective Order on March 2, 2007, IT IS HEREBY ORDERED this _____ day of _____, 2007 that:

1.    The Protective Order in the form of Exhibit A hereto is hereby entered;

2.    The Subpoenas directed to Rory J. Radding, Morrison & Foerster LLP and Mario G. Ceste are hereby limited in scope to documents created or received before April 2006, except that, for the period from April 2006 to August 18, 2006 (the filing date of this Action), to the extent that the following information is not produced to defendant in response to its discovery requests to plaintiff or its Subpoena to F.A.S.T., external communications between counsel of record in this Action and third parties (not including potential experts or other communications in preparation for litigation) (1) will be produced if the communications are non-privileged and (2) will be logged if the communications are privileged; and

3. Rory J. Radding, Morrison & Foerster LLP, and Mario G. Ceste are under no obligation to maintain a "litigation hold" on documents created during or after August 2006.

_____
J. Farnan

EXHIBIT U



**FLH FROMMER LAWRENCE & HAUG LLP**

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

Porter F. Fleming
PFleming@FLHlaw.com

March 8, 2007

**VIA FACSIMILE**

James E. Hough, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10101-0050

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Jim:

I was disappointed to receive your letter of today as you continue to feel compelled to make accusatory and unnecessary allegations.

We did discuss the Protective Order yesterday. I did incorporate your changes. You had no further revisions. Instead, it appears that you do not like the fact that the Court has ruled that Mario Ceste cannot see Confidential or Highly Confidential materials/information in this case.

We did disagree yesterday as to whether the Protective Order and your Proposed Order needed to be filed together. I told you our position was that they did not need to be coupled, that we intended to discuss the matter with our local counsel and proceed accordingly. I also encouraged you to discuss the matter with your local counsel, Jack Blumenfeld. Our efforts today to move forward with the Protective Order are totally consistent with what you and I discussed yesterday.

Although I still believe that we can proceed immediately with the Protective Order on its own, I have attached a revised version of your Order regarding the subpoenas and the April to August 18, 2006 time period. If you are willing to agree to this Order, we can submit it and the Protective Order to the Court tomorrow.

Very truly yours,

Porter F. Fleming
PFF:ap

Enc.

00435329

James E. Hough, Esq.
Morrison & Foerster LLP
March 8, 2007
Page 2

cc:    Jack B. Blumenfeld, Esq.
        Rory J. Radding, Esq.
        Mario G. Ceste, Esq.
        Frederick L. Cottrell, III, Esq.
        Gregory E. Stuhlman, Esq.

00435329

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION,  )
a Florida corporation,                              )
                                                             )
                                  Plaintiff,            )          C.A. No. 06-515 (JJF)
                                                             )
                    v.                                     )
                                                             )
RATIONAL COOKING SYSTEMS, INC., a   )
Delaware corporation,                             )
                                                             )
                                  Defendant.         )

## ORDER

The Court having considered plaintiff's Motion For Entry Of Protective Order, and having held a hearing on plaintiff's Motion for Entry of Protective Order on March 2, 2007, IT IS HEREBY ORDERED this _____ day of _____, 2007 that:

1.      The Protective Order in the form of Exhibit A hereto is hereby entered;

2.      Mario G. Ceste will not be permitted to see or have access to any documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in this matter;

3.      The Subpoenas directed to Rory J. Radding, Morrison & Foerster LLP and Mario G. Cesté are hereby limited in scope to documents created or received on or before August 18, 2006. Responsive documents to these subpoenas that are withheld from production based on claims of privilege will be logged on respective privilege logs. For the time period of April 2006 to August 18, 2006, it will not be necessary to log responsive internal law firm correspondence at Morrison & Foerster LLP. Responsive documents to or from third parties will be produced, if not, they will be logged. Responsive documents to or from TLC and/or FAST from April 2006

to August 18, 2006, if not produced, will be included on TLC's and/or FAST's respective privilege logs; and

      4.    Rory J. Radding, Morrison & Foerster LLP, and Mario G. Ceste are under no obligation to maintain a "litigation hold" on documents created after August 18, 2006.

 

 

_____

                      J. Farnan

# FROMMER LAWRENCE & HAUG LLP
### 745 Fifth Avenue
### New York, New York 10151
### Telephone: (212) 588-0800
### Facsimile: (212) 588-0500
### E-mail: Firm@flhlaw.com

## MULTI-FACSIMILE COVER LETTER

| | | | | | |
|---|---|---|---|---|---|
| **To:** | James E. Hough, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| **cc:** | Rory J. Radding, Esq. | **Firm:** | Morrison & Foerster LLP | **Facsimile:** | 212-468-7900 |
| **cc:** | Mario G. Ceste, Esq. | **Firm:** | The Law Offices of Mario G. Ceste, LLC | **Facsimile:** | 801-761-3314 |
| **cc:** | Jack B. Blumenfeld, Esq. | **Firm:** | Morris Nichols Arsht & Tunnell | **Facsimile:** | 302-425-3012 |
| **cc:** | Frederick L. Cottrell, III, Esq. Gregory E. Stuhlman, Esq. | **Firm:** | Richards Layton & Finger | **Facsimile:** | 302-651-7701 |

**From:** Porter F. Fleming          **Date:** March 8, 2007

**Re:** *Technology Licensing Corporation v. Rational Cooking Systems, Inc.,*
Civil Action No. 06-515-JJF
FLH File No. 540621-501

**Number of Pages:** 5
(including cover page)

If you do not receive all pages or are unable to read the transmission, please call (212) 588-0800.

### CONFIDENTIALITY NOTICE

The documents accompanying this transmission contain confidential information intended for a specific individual and purpose. The information is private, and is legally protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this facsimile is strictly prohibited.

00423872

03/08/2007 THU 19:19 [TX/RX NO 6734] ☑001

EXHIBIT V

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

March 13, 2007

Writer's Direct Contact
212.468.8146
RRadding@mofo.com

By E-mail and First Class Mail

Edgar H. Haug, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:    Technology Licensing Corp. v. Rational Cooking Systems, Inc.
       Civil Action No.: 1:06-cv-00515-JJF

Dear Ed:

I write in response to Porter Fleming's March 13, 2007 letter to Jim Hough.

Porter was not involved in our conversation of March 5, during which we discussed appropriate limitations on the subpoenas Rational served on TLC's counsel. In that conversation, we discussed what you meant by your on-the-record statement that Rational is interested only production or log entries for counsel's communications with "third parties" during the period from April 2006 to August 18, 2006.

In our phone conversation you agreed that pre-litigation communications by counsel of record, internal law firm communications and communications among co-counsel need not be produced or logged, and that communications between counsel and experts or potential experts need not be produced or logged. We agreed that any communications with other potential infringers would be produced or logged.

In subsequent communications with my partner, Jim Hough, Porter suggested that counsel's communications with "third parties" should also include communications with potential litigation funding sources. We agreed to produce or log such communications, if they exist.

Porter has proposed an Order that does not reflect the agreements we reached during our March 5 discussion. I have attached a revised draft of our proposed Order that includes the matters you agreed to on March 5, and the additional agreement Jim reached with Porter regarding communications with potential funding sources. If you will not agree to entry of this proposed Order, please give me a call to explain your position.

ny-741887

MORRISON | FOERSTER

Edgar H. Haug, Esq.
March 13, 2007
Page Two

With respect to the Ceste issue, we have decided not to pursue the matter further at this time.
We will advise local counsel to execute the Protective Order.

Sincerely,

Rory J. Radding

Enclosure

cc:    Frederick L. Cottrell III, Esq.
       Porter F. Fleming, Esq.
       Jack B. Blumenfeld, Esq.
       James E. Hough, Esq.
       Mario G. Ceste, Esq.

ny-741887

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOLOGY LICENSING CORPORATION, a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 06-515 (JJF) |
| v. | ) ) | |
| RATIONAL COOKING SYSTEMS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

## ORDER

The Court having considered plaintiff's Motion For Entry Of Protective Order, and having held a hearing on plaintiff's Motion for Entry of Protective Order on March 2, 2007, IT IS HEREBY ORDERED this _____ day of _____, 2007 that:

1.     The Protective Order in the form of Exhibit A hereto is hereby entered;

2.     The Subpoenas directed to Rory J. Radding, Morrison & Foerster LLP and Mario G. Ceste are hereby limited in scope to documents created or received on or before August 18, 2006. Responsive documents to these subpoenas that are withheld from production based on claims of privilege will be logged on respective privilege logs. For the time period of April, 2006 to August 18, 2006, it will not be necessary to produce or log responsive documents evidencing communications among counsel of record, between counsel of record and potential co-counsel or expert consultants, or other pre-litigation communications by counsel of record. Responsive documents evidencing communications to or from third parties, including potential infringers of the patent-in-suit, and potential litigation funding sources, if any, will be produced or logged. Responsive documents evidencing communications to or from TLC and/or FAST

ny-741884

from April, 2006 to August 18, 2006, if not produced, will be included on TLC's and/or FAST's respective privilege logs; and

       4.    Rory J. Radding, Morrison & Foerster LLP, and Mario G. Ceste are under no obligation to maintain a "litigation hold" on documents created after August 18, 2006.

_____
J. Farnan

# EXHIBIT W

REDACTED

# EXHIBIT X

Prospekt-Nr. 100D

# Spitzentechnik



## Das BASTRAMAT-System

### mit neuen zukunftsweisenden Räuchertechnologien



EXHIBIT
1A



RCSI 001015

RCSI 001029