IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TECHNOLOGY LICENSING CORPORATION,   )
a Florida corporation,   )
   )
                  Plaintiff,   )    C.A. No. 06-515 (JJF)
   )
              v.   )
   )
RATIONAL COOKING SYSTEMS, INC., a   )
Delaware corporation,   )
   )
               Defendant.   )

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the following subpoenas, attached as Exhibits 1-5,

are being served:

    1.     Subpoena directed to Porter F. Flemming;

    2.     Subpoena directed to Thomas I. Ross;

    3.     Subpoena directed to Fromer, Lawrence & Haug, LLP;

    4.     Subpoena directed to Edgar H. Haug; and

    5.     Subpoena directed to Marshall, Gerstein & Borun LLP

             MORRIS, NICHOLS, ARSHT & TUNNELL LLP

             */s/ Karen Jacobs Louden (#2881)*
             _____
             Jack B. Blumenfeld (#1014)
             Karen Jacobs Louden (#2881)
             klouden@mnat.com
             1201 N. Market Street
             P.O. Box 1347
             Wilmington, DE  19801
             (302) 658-9200
             Attorneys for plaintiff

OF COUNSEL:

Rory J. Radding
James E. Hough
Colette A. Reiner
Angela T. Rella
MORRISON& FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104-0050
(212) 468-8000

Mario G. Ceste
THE LAW OFFICES OF MARIO G. CESTE, LLC
P.O. Box 82
Wallingford, CT  06492
(203) 678-6418

May 11, 2007
825276

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that May 11, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Frederick L. Cottrell, III
> Richards, Layton & Finger

I also certify that copies were caused to be served on May 11, 2007 upon the following in the manner indicated:

### BY HAND

> Frederick L. Cottrell, III
> **Richards, Layton & Finger**
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899

### BY EMAIL

> Edgar H. Haug
> Porter F. Fleming
> **Frommer Lawrence & Haug LLP**
> 745 Fifth Avenue
> New York, NY  10151

> */s  Karen Jacobs Louden*
> klouden@mnat.com

# THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

### SUBPOENA IN A CIVIL CASE

Technology Licensing Corp.,
                    Plaintiff

            v.

Rational Cooking Systems, Inc.,
                    Defendant

CASE NUMBER:[1] 06-515-JJF
(Pending in U.S.D.C. Delaware)

TO:     Porter F. Flemming
        Frommer, Lawrence & Haug, LLP
        745 Fifth Avenue
        New York, NY 10151

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Morrison & Foerster<br>1290 Avenue of the Americas<br>New York, NY 10104 | DATE AND TIME<br>9:30 a.m., June 6, 2007 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE ATTACHMENT A.

| PLACE<br>Morrison & Foerster<br>1290 Avenue of the Americas<br>New York, NY 10104 | DATE AND TIME<br>May 25, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>ATTORNEY FOR PLAINTIFF: *James E. Hou* | DATE<br>May 11, 2007 |
|---|---|
| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER<br><br>James E. Hough, Esq. | Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY  10104<br>Tel:  (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1]     If action is pending in district other than district of issuance, state district under case number.

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

A.   "Marshall, Gerstein & Borun LLP" means the law firm of Marshall, Gerstein & Borun LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

B.   "Frommer Lawrence & Haug LLP" means the law firm of Frommer Lawrence & Haug LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

C.   "Rational" means Rational Cooking Systems, Inc. and/or Rational AG, its officers, directors, agents, employees, representatives, attorneys, and any and all predecessor or successor companies, joint ventures, partners, related corporations, or other related business entities, whether current or former.

D.   "'948 Patent" means United States Patent No. 4,920,948, entitled "Parameter control system for an oven."

E.   The "Opinion Letters" means the written opinion of Marshall, Gerstein & Borun LLP, dated April 5, 2007, together with its exhibits, and the letter from Thomas I. Ross to Chris Koehler, dated April 17, 2007.

F.   "Accused Device" means the products marketed by Rational under the name "SelfCooking Center®," including, but not limited to, the SelfCooking Center® model lines 61, 62, 101, 102, 201, 202, and any other products or accessories designed or marketed to function with any SelfCooking Center®.

G.   "Asserted Claims" means claims 1, 2, 3, 4, 5, 6, 9, 10, and 11 of the '948 Patent.

H.   "Subjects of the Opinion Letters" means:  (a) the operation of the Accused Device; (b) claim constructions for the Asserted Claims; and (c) infringement or non-infringement of the Asserted Claims by the Accused Device.

I.  "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.  The terms "document" or "documents" shall include, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records, invoices, financial statements or calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, electronic mail, and all other writings and recordings of every kind.

J.  "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following:  (a) any written letter, memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

K.  "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the request.

L. "Any" or "each" should be understood to include and encompass "all." The term "any" includes both "any" and "every." "All" should be understood to include and encompass "any." Words in any gender shall include the other gender.

M. "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

N. "Including" means including without limitation.

O. Whenever necessary to bring within the scope of a particular request documents that might otherwise be construed to be outside the scope of the request: (a) the use of a verb in its singular form shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form.

## REQUESTS

<u>REQUEST NO. 1:</u>

All documents relating to, referring to, mentioning, containing, incorporating, discussing, describing, dealing with, or pertaining in any way to the Opinion Letters.

<u>REQUEST NO. 2:</u>

All documents referred to, reviewed, used, considered, relied on, or created in the preparation of the Opinion Letters.

<u>REQUEST NO. 3:</u>

All drafts of the Opinion Letters, including any recoverable deleted drafts.

REQUEST NO. 4:

All communications preceding, resulting in, or relating in any way to the decision to have an opinion of counsel rendered regarding the '948 Patent.

REQUEST NO. 5:

All communications to or from Thomas I. Ross and/or to, from, or within Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters.

REQUEST NO. 6:

All communications to or from Edgar H. Haug, to or from Porter F. Fleming, and/or to, from, or within Frommer Lawrence & Haug LLP on the Subjects as the Opinion Letter.

REQUEST NO. 7:

All communications between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 8:

All documents that discuss communications between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters, even if such documents were not shared with Rational.

REQUEST NO. 9:

All documents reflecting when oral communications concerning the Subjects of the Opinion Letters occurred between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP.

REQUEST NO. 10:

All agreements between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 11:

All communications between Frommer Lawrence & Haug LLP and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 12:

All agreements between Frommer Lawrence & Haug LLP and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 13:

All bills, billing records, and time records reflecting work done by any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 14:

All documents relating to any plans or decisions by Rational to take or not take any action as a result of the Opinion Letters.

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

### SUBPOENA IN A CIVIL CASE

Technology Licensing Corp.,
               Plaintiff

                                              CASE NUMBER:[1] 06-515-JJF
v.                                            (Pending in U.S.D.C. Delaware)

Rational Cooking Systems, Inc.,
               Defendant

TO:    Thomas I. Ross
       Marshall, Gerstein & Borun LLP
       6300 Sears Tower
       Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>At a mutually convenient location in the city of Chicago to be determined later | DATE AND TIME<br>9:30 a.m., June 4, 2007 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE ATTACHMENT A.

| PLACE<br>At a mutually convenient location in the city of Chicago to be determined later | DATE AND TIME<br>May 25, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDENT)<br>ATTORNEY FOR PLAINTIFF: | DATE<br>May 11, 2007 |
|---|---|

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

James E. Hough, Esq.                    Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104
                                        Tel: (212) 468-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

A.  "Marshall, Gerstein & Borun LLP" means the law firm of Marshall, Gerstein & Borun LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

B.  "Frommer Lawrence & Haug LLP" means the law firm of Frommer Lawrence & Haug LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

C.  "Rational" means Rational Cooking Systems, Inc. and/or Rational AG, its officers, directors, agents, employees, representatives, attorneys, and any and all predecessor or successor companies, joint ventures, partners, related corporations, or other related business entities, whether current or former.

D.  "'948 Patent" means United States Patent No. 4,920,948, entitled "Parameter control system for an oven."

E.  The "Opinion Letters" means the written opinion of Marshall, Gerstein & Borun LLP, dated April 5, 2007, together with its exhibits, and the letter from Thomas I. Ross to Chris Koehler, dated April 17, 2007.

F.  "Accused Device" means the products marketed by Rational under the name "SelfCooking Center®," including, but not limited to, the SelfCooking Center® model lines 61, 62, 101, 102, 201, 202, and any other products or accessories designed or marketed to function with any SelfCooking Center®.

G.  "Asserted Claims" means claims 1, 2, 3, 4, 5, 6, 9, 10, and 11 of the '948 Patent.

H.  "Subjects of the Opinion Letters" means:  (a) the operation of the Accused Device; (b) claim constructions for the Asserted Claims; and (c) infringement or non-infringement of the Asserted Claims by the Accused Device.

I.  "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.  The terms "document" or "documents" shall include, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records, invoices, financial statements or calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, electronic mail, and all other writings and recordings of every kind.

J.  "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following:  (a) any written letter, memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

K.  "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the request.

L.  "Any" or "each" should be understood to include and encompass "all."  The term "any" includes both "any" and "every."  "All" should be understood to include and encompass "any."  Words in any gender shall include the other gender.

M.  "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

N.  "Including" means including without limitation.

O.  Whenever necessary to bring within the scope of a particular request documents that might otherwise be construed to be outside the scope of the request:  (a) the use of a verb in its singular form shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form.

## REQUESTS

<u>REQUEST NO. 1:</u>

All documents relating to, referring to, mentioning, containing, incorporating, discussing, describing, dealing with, or pertaining in any way to the Opinion Letters.

<u>REQUEST NO. 2:</u>

All documents referred to, reviewed, used, considered, relied on, or created in the preparation of the Opinion Letters.

<u>REQUEST NO. 3:</u>

All drafts of the Opinion Letters, including any recoverable deleted drafts.

REQUEST NO. 4:

All communications preceding, resulting in, or relating in any way to the decision to have an opinion of counsel rendered regarding the '948 Patent.

REQUEST NO. 5:

All communications to or from Thomas I. Ross and/or to, from, or within Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters.

REQUEST NO. 6:

All communications between Rational and Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters.

REQUEST NO. 7:

All documents that discuss a communication between Rational and Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters, even if such documents were not shared with Rational.

REQUEST NO. 8:

All documents reflecting when oral communications concerning the Subjects of the Opinion Letters occurred between Rational and Marshall, Gerstein & Borun LLP.

REQUEST NO. 9:

All agreements between Marshall, Gerstein & Borun LLP and Rational.

REQUEST NO. 10:

All communications between Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP on the Subjects of the Opinion Letters.

REQUEST NO. 11:

All agreements between Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP.

REQUEST NO. 12:

All bills, billing records, and time records reflecting work done by Marshall, Gerstein & Borun LLP relating to the Subjects of the Opinion Letters.

REQUEST NO. 13:

All documents relating to any plans or decisions by Rational to take or not take any action as a result of the Opinion Letters.

# THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

### SUBPOENA IN A CIVIL CASE

Technology Licensing Corp.,
                    Plaintiff

                v.

Rational Cooking Systems, Inc.,
                    Defendant

CASE NUMBER:[1] 06-515-JJF
(Pending in U.S.D.C. Delaware)

TO:   Frommer, Lawrence & Haug, LLP
      745 Fifth Avenue
      New York, NY 10151

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE ATTACHMENT A.

| PLACE | DATE AND TIME |
|---|---|
| Morrison & Foerster 1290 Avenue of the Americas New York, NY 10104 | May 25, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) ATTORNEY FOR PLAINTIFF: _James E. Hough_ | DATE May 11, 2007 |
|---|---|

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

James E. Hough, Esq.

Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY  10104
Tel:  (212) 468-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]   If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|

SERVED

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

A.  "Marshall, Gerstein & Borun LLP" means the law firm of Marshall, Gerstein & Borun LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

B.  "Frommer Lawrence & Haug LLP" means the law firm of Frommer Lawrence & Haug LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

C.  "Rational" means Rational Cooking Systems, Inc. and/or Rational AG, its officers, directors, agents, employees, representatives, attorneys, and any and all predecessor or successor companies, joint ventures, partners, related corporations, or other related business entities, whether current or former.

D.  "'948 Patent" means United States Patent No. 4,920,948, entitled "Parameter control system for an oven."

E.  The "Opinion Letters" means the written opinion of Marshall, Gerstein & Borun LLP, dated April 5, 2007, together with its exhibits, and the letter from Thomas I. Ross to Chris Koehler, dated April 17, 2007.

F.  "Accused Device" means the products marketed by Rational under the name "SelfCooking Center®," including, but not limited to, the SelfCooking Center® model lines 61, 62, 101, 102, 201, 202, and any other products or accessories designed or marketed to function with any SelfCooking Center®.

G.  "Asserted Claims" means claims 1, 2, 3, 4, 5, 6, 9, 10, and 11 of the '948 Patent.

H.  "Subjects of the Opinion Letters" means:  (a) the operation of the Accused Device; (b) claim constructions for the Asserted Claims; and (c) infringement or non-infringement of the Asserted Claims by the Accused Device.

I.  "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.  The terms "document" or "documents" shall include, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records, invoices, financial statements or calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, electronic mail, and all other writings and recordings of every kind.

J.  "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following:  (a) any written letter, memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

K.  "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the request.

L.  "Any" or "each" should be understood to include and encompass "all."  The term "any" includes both "any" and "every."  "All" should be understood to include and encompass "any."  Words in any gender shall include the other gender.

M.  "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

N.  "Including" means including without limitation.

O.  Whenever necessary to bring within the scope of a particular request documents that might otherwise be construed to be outside the scope of the request:  (a) the use of a verb in its singular form shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form.

## REQUESTS

REQUEST NO. 1:

All documents relating to, referring to, mentioning, containing, incorporating, discussing, describing, dealing with, or pertaining in any way to the Opinion Letters.

REQUEST NO. 2:

All documents referred to, reviewed, used, considered, relied on, or created in the preparation of the Opinion Letters.

REQUEST NO. 3:

All drafts of the Opinion Letters, including any recoverable deleted drafts.

REQUEST NO. 4:

All communications preceding, resulting in, or relating in any way to the decision to have an opinion of counsel rendered regarding the '948 Patent.

REQUEST NO. 5:

All communications to or from Thomas I. Ross and/or to, from, or within Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters.

REQUEST NO. 6:

All communications to or from Edgar H. Haug, to or from Porter F. Fleming, and/or to, from, or within Frommer Lawrence & Haug LLP on the Subjects as the Opinion Letter.

REQUEST NO. 7:

All communications between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 8:

All documents that discuss communications between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters, even if such documents were not shared with Rational.

REQUEST NO. 9:

All documents reflecting when oral communications concerning the Subjects of the Opinion Letters occurred between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP.

REQUEST NO. 10:

All agreements between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 11:

All communications between Frommer Lawrence & Haug LLP and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 12:

All agreements between Frommer Lawrence & Haug LLP and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 13:

All bills, billing records, and time records reflecting work done by any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 14:

All documents relating to any plans or decisions by Rational to take or not take any action as a result of the Opinion Letters.

# THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

## SUBPOENA IN A CIVIL CASE

Technology Licensing Corp.,
                        Plaintiff

                v.

Rational Cooking Systems, Inc.,
                        Defendant

CASE NUMBER:[1] 06-515-JJF
(Pending in U.S.D.C. Delaware)

TO:     Edgar H. Haug
        Frommer, Lawrence & Haug, LLP
        745 Fifth Avenue
        New York, NY 10151

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Morrison & Foerster<br>1290 Avenue of the Americas<br>New York, NY 10104 | DATE AND TIME<br>9:30 a.m., June 5, 2007 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE ATTACHMENT A.

| PLACE<br>Morrison & Foerster<br>1290 Avenue of the Americas<br>New York, NY 10104 | DATE AND TIME<br>May 25, 2007 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>ATTORNEY FOR PLAINTIFF: *James C. Hon* | DATE<br>May 11, 2007 |
|---|---|
| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER<br><br>   James E. Hough, Esq. | Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY  10104<br>Tel:  (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]     If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

A. "Marshall, Gerstein & Borun LLP" means the law firm of Marshall, Gerstein & Borun LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

B. "Frommer Lawrence & Haug LLP" means the law firm of Frommer Lawrence & Haug LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

C. "Rational" means Rational Cooking Systems, Inc. and/or Rational AG, its officers, directors, agents, employees, representatives, attorneys, and any and all predecessor or successor companies, joint ventures, partners, related corporations, or other related business entities, whether current or former.

D. "'948 Patent" means United States Patent No. 4,920,948, entitled "Parameter control system for an oven."

E. The "Opinion Letters" means the written opinion of Marshall, Gerstein & Borun LLP, dated April 5, 2007, together with its exhibits, and the letter from Thomas I. Ross to Chris Koehler, dated April 17, 2007.

F. "Accused Device" means the products marketed by Rational under the name "SelfCooking Center®," including, but not limited to, the SelfCooking Center® model lines 61, 62, 101, 102, 201, 202, and any other products or accessories designed or marketed to function with any SelfCooking Center®.

G. "Asserted Claims" means claims 1, 2, 3, 4, 5, 6, 9, 10, and 11 of the '948 Patent.

H. "Subjects of the Opinion Letters" means: (a) the operation of the Accused Device; (b) claim constructions for the Asserted Claims; and (c) infringement or non-infringement of the Asserted Claims by the Accused Device.

I.  "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.  The terms "document" or "documents" shall include, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records, invoices, financial statements or calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, electronic mail, and all other writings and recordings of every kind.

J.  "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following:  (a) any written letter, memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

K.  "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the request.

L. "Any" or "each" should be understood to include and encompass "all." The term "any" includes both "any" and "every." "All" should be understood to include and encompass "any." Words in any gender shall include the other gender.

M. "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

N. "Including" means including without limitation.

O. Whenever necessary to bring within the scope of a particular request documents that might otherwise be construed to be outside the scope of the request: (a) the use of a verb in its singular form shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form.

## REQUESTS

REQUEST NO. 1:

All documents relating to, referring to, mentioning, containing, incorporating, discussing, describing, dealing with, or pertaining in any way to the Opinion Letters.

REQUEST NO. 2:

All documents referred to, reviewed, used, considered, relied on, or created in the preparation of the Opinion Letters.

REQUEST NO. 3:

All drafts of the Opinion Letters, including any recoverable deleted drafts.

REQUEST NO. 4:

All communications preceding, resulting in, or relating in any way to the decision to have an opinion of counsel rendered regarding the '948 Patent.

REQUEST NO. 5:

All communications to or from Thomas I. Ross and/or to, from, or within Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters.

REQUEST NO. 6:

All communications to or from Edgar H. Haug, to or from Porter F. Fleming, and/or to, from, or within Frommer Lawrence & Haug LLP on the Subjects as the Opinion Letter.

REQUEST NO. 7:

All communications between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 8:

All documents that discuss communications between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion Letters, even if such documents were not shared with Rational.

REQUEST NO. 9:

All documents reflecting when oral communications concerning the Subjects of the Opinion Letters occurred between Rational and any attorneys, including, but not limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP.

REQUEST NO. 10:

All agreements between Rational and any attorneys, including, but not limited to, Marshall,

Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects of the Opinion

Letters.

REQUEST NO. 11:

All communications between Frommer Lawrence & Haug LLP and any attorneys, including, but

not limited to, Marshall, Gerstein & Borun LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 12:

All agreements between Frommer Lawrence & Haug LLP and any attorneys, including, but not

limited to, Marshall, Gerstein & Borun LLP, relating to the Subjects of the Opinion Letters.

REQUEST NO. 13:

All bills, billing records, and time records reflecting work done by any attorneys, including, but not

limited to, Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP, relating to the Subjects

of the Opinion Letters.

REQUEST NO. 14:

All documents relating to any plans or decisions by Rational to take or not take any action as a result of the

Opinion Letters.

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

### SUBPOENA IN A CIVIL CASE

Technology Licensing Corp.,
                    Plaintiff

                    v.

Rational Cooking Systems, Inc.,
                    Defendant

CASE NUMBER:[1] 06-515-JJF
(Pending in U.S.D.C. Delaware)

TO:    Marshall, Gerstein & Borun LLP
       6300 Sears Tower
       Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  SEE ATTACHMENT A.

| PLACE | DATE AND TIME |
|---|---|
| At a mutually convenient location in the city of Chicago to be determined later | May 25, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) ATTORNEY FOR PLAINTIFF: | DATE |
|---|---|
|  | May 11, 2007 |

| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| James E. Hough, Esq. | Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104  Tel:  (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED

| | | | | |
|---|---|---|---|---|
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE | |

| | | | | |
|---|---|---|---|---|
| SERVED BY (PRINT NAME) | | | TITLE | |

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)  fails to allow reasonable time for compliance;
        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)  subjects a person to undue burden.

    (B)  If a subpoena

        (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

A.  "Marshall, Gerstein & Borun LLP" means the law firm of Marshall, Gerstein & Borun LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

B.  "Frommer Lawrence & Haug LLP" means the law firm of Frommer Lawrence & Haug LLP and each of its employees, partners, shareholders, agents, consultants, representatives, attorneys, successors, predecessors, related entities, secretaries, assistants, and anyone else acting on its behalf.

C.  "Rational" means Rational Cooking Systems, Inc. and/or Rational AG, its officers, directors, agents, employees, representatives, attorneys, and any and all predecessor or successor companies, joint ventures, partners, related corporations, or other related business entities, whether current or former.

D.  "'948 Patent" means United States Patent No. 4,920,948, entitled "Parameter control system for an oven."

E.  The "Opinion Letters" means the written opinion of Marshall, Gerstein & Borun LLP, dated April 5, 2007, together with its exhibits, and the letter from Thomas I. Ross to Chris Koehler, dated April 17, 2007.

F.  "Accused Device" means the products marketed by Rational under the name "SelfCooking Center®," including, but not limited to, the SelfCooking Center® model lines 61, 62, 101, 102, 201, 202, and any other products or accessories designed or marketed to function with any SelfCooking Center®.

G.  "Asserted Claims" means claims 1, 2, 3, 4, 5, 6, 9, 10, and 11 of the '948 Patent.

H.  "Subjects of the Opinion Letters" means:  (a) the operation of the Accused Device; (b) claim constructions for the Asserted Claims; and (c) infringement or non-infringement of the Asserted Claims by the Accused Device.

I.  "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.  The terms "document" or "documents" shall include, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records, invoices, financial statements or calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, electronic mail, and all other writings and recordings of every kind.

J.  "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following:  (a) any written letter, memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

K.  "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the request.

L.  "Any" or "each" should be understood to include and encompass "all."  The term "any" includes both "any" and "every."  "All" should be understood to include and encompass "any."  Words in any gender shall include the other gender.

M.  "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

N.  "Including" means including without limitation.

O.  Whenever necessary to bring within the scope of a particular request documents that might otherwise be construed to be outside the scope of the request:  (a) the use of a verb in its singular form shall be construed as the use of that verb in all other tenses; (b) the use of a word in its singular form shall be deemed to include within its use the plural form; and (c) the use of a word in its plural form shall be deemed to include within its use the singular form.

## REQUESTS

REQUEST NO. 1:

All documents relating to, referring to, mentioning, containing, incorporating, discussing, describing, dealing with, or pertaining in any way to the Opinion Letters.

REQUEST NO. 2:

All documents referred to, reviewed, used, considered, relied on, or created in the preparation of the Opinion Letters.

REQUEST NO. 3:

All drafts of the Opinion Letters, including any recoverable deleted drafts.

REQUEST NO. 4:

    All communications preceding, resulting in, or relating in any way to the decision to have an opinion of counsel rendered regarding the '948 Patent.

REQUEST NO. 5:

    All communications to or from Thomas I. Ross and/or to, from, or within Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters.

REQUEST NO. 6:

    All communications between Rational and Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters.

REQUEST NO. 7:

    All documents that discuss a communication between Rational and Marshall, Gerstein & Borun LLP on the Subjects of the Opinion Letters, even if such documents were not shared with Rational.

REQUEST NO. 8:

    All documents reflecting when oral communications concerning the Subjects of the Opinion Letters occurred between Rational and Marshall, Gerstein & Borun LLP.

REQUEST NO. 9:

    All agreements between Marshall, Gerstein & Borun LLP and Rational.

REQUEST NO. 10:

    All communications between Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP on the Subjects of the Opinion Letters.

REQUEST NO. 11:

    All agreements between Marshall, Gerstein & Borun LLP and Frommer Lawrence & Haug LLP.

REQUEST NO. 12:

All bills, billing records, and time records reflecting work done by Marshall, Gerstein & Borun LLP relating to the Subjects of the Opinion Letters.

REQUEST NO. 13:

All documents relating to any plans or decisions by Rational to take or not take any action as a result of the Opinion Letters.